# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 02/02/2023 02:18 PM
Case Number CVSW2301085 0000047782214 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Evelin Hernandez, Clerk

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE

| | |
|---|---|
| EDGAR SOLIS,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: CVSW2301085<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Fourth Amendment—Excessive Force (42 U.S.C. §1983)<br>2.  Municipal Liability—Ratification (42 U.S.C. §1983)<br>3.  Municipal Liability—Inadequate Training (42 U.S.C. §1983)<br>4.  Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)<br>5.  Battery<br>6.  Negligence<br>7.  Violation of Cal. Civil Code §52.1<br><br>**DEMAND FOR JURY TRIAL** |

02/28/2023

**COMPLAINT FOR DAMAGES**

COME NOW, Plaintiff EDGAR SOLIS, for his Complaint against Defendants COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; DEPUTY SALVADOR WALTERMIRE; and DOES 1-10, inclusive, and allege as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the present matter because, as delineated herein, the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

2.     Venue is proper in this Court under Section 395(a) of the California Code of Civil Procedure because Defendants reside in the County of Riverside and all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

**INTRODUCTION**

3.     This civil rights and state tort action arises out of the March 2, 2022, use of excessive and unreasonable force, including deadly force, on Plaintiff EDGAR SOLIS by Defendant Deputy SALVADOR WALTERMIRE, a COUNTY OF RIVERSIDE Sheriff's Deputy, and Defendant DOES 7-10, STATE OF CALIFORNIA Highway Patrol Officers. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to Plaintiff by the Bill of Rights, the United States Constitution, the California Constitution, and the laws of the State of California.

4.     Defendants SALVADOR WALTERMIRE and DOES 1-10, inclusive, caused various injuries by directly shooting Plaintiff who was not an immediate threat of death or serious bodily injury as described herein, and/or by integrally participating or failing to intervene in the use of excessive and unreasonable force used against Plaintiff.

02/28/2023

1    5.    This action is in the public interest as Plaintiff seeks by means of this

2    action to hold accountable those responsible for the shooting, and serious bodily

3    injury inflicted by Defendants.

4

5                                    **PARTIES**

6    6.    At all relevant times, Plaintiff EDGAR SOLIS ("SOLIS") is and was an

7    individual residing in the County of Riverside, California.

8    7.    At all relevant times, Defendant COUNTY OF RIVERSIDE

9    ("COUNTY") is and was a municipal corporation existing under the laws of the State

10   of California. COUNTY is a chartered subdivision of the State of California with the

11   capacity to be sued. COUNTY is responsible for the actions, omissions, policies,

12   procedures, practices, and customs of its various agents and agencies, including the

13   Riverside County Sheriff's Department ("RCSD") and its agents and employees. At

14   all relevant times, Defendant COUNTY was responsible for assuring that the actions,

15   omissions, policies, procedures, practices, and customs of the RCSD and its

16   employees and agents complied with the laws of the United States and of the State of

17   California. At all relevant times, COUNTY was the employer of Defendant DEPUTY

18   WALTERMIRE and DOES 1-4, inclusive. As set forth below, Plaintiff SOLIS

19   alleges that Defendant COUNTY is directly liable for compensatory damages under

20   federal law pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978) and

21   its progeny. Plaintiff SOLIS further alleges that Defendant COUNTY is vicariously

22   liable for compensatory damages under Plaintiff's state law claims, given Plaintiff's

23   allegations that the officers who committed the acts and omissions complained of

24   herein were acting in the course and scope of their employment at the time that the

25   acts and omissions occurred. Plaintiff makes no claim for punitive damages against

26   the Defendant COUNTY.

27   8.    At all relevant times, Defendant SALVADOR WALTERMIRE

28   ("WALTERMIRE") was a duly appointed COUNTY Sheriff's Deputy and/or

02/28/2023

1 | employee or agent of COUNTY, subject to the oversight and supervision of
2 | COUNTY'S elected and non-elected officials. At all relevant times, Defendant
3 | WALTERMIRE acted under color of law, to wit, under the color of the statutes,
4 | ordinances, regulations, policies, customs, and usages of Defendant COUNTY, the
5 | RCSD, and under the color of the statutes and regulations of the State of California.
6 | At all relevant times, Defendant WALTERMIRE acted within the course and scope
7 | of his employment as a CITY police officer. On information and belief, Defendant
8 | WALTERMIRE is and was at all relevant times a resident of this judicial district.
9 | Defendant WALTERMIRE used excessive and unreasonable deadly force against
10 | Plaintiff SOLIS.

11 |     9.     At all relevant times, Defendants DOES 1-4 ("DOE DEPUTIES") are
12 | Sheriff's Deputies for the RCSD, including but not limited to patrol deputies, crisis
13 | negotiations officers, corporals, sergeants, field training officers, dispatchers, and
14 | other deputies and agent of RCSD. DOE DEPUTIES were acting under color of law
15 | within the course and scope of their duties as officers for the RCSD. DOE
16 | DEPUTIES were acting with complete authority and ratification of their principal,
17 | Defendant COUNTY.

18 |     10.     Defendants DOES 5-6 ("DOE SUPERVISORS") are supervisory
19 | officers, officials, agents, and/or employees for the RCSD who were acting under
20 | color of law within the course and scope of their duties as officials for the RCSD.
21 | DOE SUPERVISORS were acting with complete authority and ratification of their
22 | principal, Defendant COUNTY. Defendants DOE SUPERVISORS are managerial,
23 | supervisorial, and policymaking employees of the RCSD, who were acting under
24 | color of law within the course and scope of their duties as managerial, supervisorial,
25 | and policymaking employees for the RCSD. DOE SUPERVISORS were acting with
26 | complete authority and ratification of their principal, Defendant COUNTY.

27 |     11.     At all relevant times, Defendant STATE OF CALIFORNIA ("STATE")
28 | has the capacity to be sued. STATE is responsible for the actions, omissions, policies,

-3-
PLAINTIFF SOLIS' COMPLAINT FOR DAMAGES

02/28/2023

1  procedures, practices, and customs of its various agents and agencies, including the
2  California Highway Patrol ("CHP") and its agents and employees. At all relevant
3  times, Defendant STATE was responsible for assuring that the actions, omissions,
4  policies, procedures, practices, and customs of the CHP and its employees and agents
5  complied with the laws of the United States and of the State of California. At all
6  relevant times, STATE was the employer of Defendant DOES 7-10, inclusive.
7  Defendant STATE and CHP are not being sued individually or directly by this action
8  but are parties to this action under the theory of respondeat superior as Defendant
9  STATE is vicariously liable for the actions of its CHP officers.

10       12.    At all relevant times, Defendant DOES 7-10 ("DOE OFFICERS") were
11  and are duly appointed CHP officers and/or employees or agents of Defendant
12  STATE, including but not limited to patrol officers, crisis negotiations officers,
13  corporals, sergeants, and field training officers, subject to the oversight and
14  supervision of STATE'S elected and non-elected officials. At all relevant times, DOE
15  OFFICERS acted under color of law, to wit, under the color of the statutes,
16  ordinances, regulations, policies, customs, and usages of Defendant STATE, the
17  CHP, and under the color of the statutes and regulations of the State of California. At
18  all relevant times, DOE OFFICERS acted within the course and scope of his
19  employment as a STATE officer. On information and belief, DOE OFFICERS are
20  and were at all relevant times residents of this judicial district. Defendant DOE
21  OFFICERS used excessive and unreasonable deadly force against Plaintiff SOLIS.
22  This action is being brought against Defendant DOE OFFICERS in their individual
23  capacity only.

24       13.    The true names and capacities, whether individual, corporate,
25  association or otherwise of Defendants DOES 1-10, inclusive, are unknown to
26  Plaintiff, who otherwise sue these Defendants by such fictitious names. Plaintiff will
27  seek leave to amend this complaint to show the true names and capacity of these
28  Defendants when they have been ascertained. Each of the fictitiously named

02/28/2023

1  Defendants is responsible in some manner for the conduct or liabilities alleged
2  herein.

3       14.    At all times mentioned herein, each and every defendant was the agent
4  of each and every other defendant and had the legal duty to oversee and supervise the
5  hiring, conduct, and employment of each and every defendant.

6       15.    All the acts complained of herein by Plaintiff against Defendants were
7  done and performed by said Defendants by and through their authorized agents,
8  servants, and/or employees, all of whom at all relevant times herein were acting
9  within the course, purpose, and scope of said agency, service, and/or employment
10  capacity. Also, Defendants and their agents ratified all the acts complained herein.

11       16.    All Defendants who are natural persons, including Defendants
12  WALTERMIRE and DOES 1-10, inclusive, are sued in their individual capacity, and
13  punitive damages are only being requested as to these Defendants only, and not
14  Defendants COUNTY or STATE.

15       17.    Pursuant to Cal. Govt. Code §815.2(a), Defendants COUNTY and
16  STATE are vicariously liable for the nonfeasance and malfeasance of the individual
17  Defendants, including Defendants WALTERMIRE and DOES 1-10, inclusive, as
18  alleged by Plaintiff's state law claims. ("A public entity is liable for injury
19  proximately caused by an act or omission of an employee of the public entity within
20  the scope of his employment if the act or omission would, apart from this section,
21  have given rise to a cause of action against that employee or his personal
22  representative."). The individual Defendants, including Defendants WALTERMIRE
23  and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant
24  to Cal. Civ. Code §820(a). Defendant COUNTY and STATE are also liable pursuant
25  to Cal. Govt. Code §815.6.

26       18.    On or about July 22, 2022, Plaintiff served a comprehensive and timely
27  government tort claim for damages with COUNTY and STATE pursuant to
28  applicable sections of the California Government Code.

02/28/2023

1      19.    The COUNTY denied Plaintiff's claim on August 15, 2022. The STATE

2  failed to respond to Plaintiff's claim and therefore it was deemed rejected by

3  operation of law on September 5, 2022.

4

5                **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6      20.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

7  through 19 of this Complaint with the same force and effect as if fully set forth

8  herein.

9      21.    On March 2, 2022, at approximately 4:09 p.m., at or around the 600

10  block of Hillmer Drive, in the City of Hemet, County of Riverside, California,

11  Defendants WALTERMIRE and DOES 1-10 used deadly force against Plaintiff

12  SOLIS.

13      22.    The use of deadly force against Plaintiff SOLIS by Defendants

14  WALTERMIRE and DOES 1-10 was excessive and unreasonable because at the

15  time deadly force was used, Plaintiff SOLIS was not an immediate threat of death or

16  serious bodily injury to any person, no deadly force warning was given prior to the

17  use of deadly force, and there were reasonable less-intrusive alternatives to the use

18  of deadly force available to said Defendants.

19      23.    Upon information and belief, Defendants WALTERMIRE, DOES 1-10

20  were not responding to a serious or violent crime, the Defendants did not have any

21  information that Plaintiff SOLIS had just committed or was about to commit a

22  serious or violent crime and had no information that Plaintiff SOLIS had just

23  harmed or was threatening to harm any person or law enforcement officer.

24      24.    Upon information and belief, Plaintiff SOLIS was shot in the back by

25  Defendant DOE OFFICERS.

26      25.    The use of deadly force against Plaintiff SOLIS by Defendant DOE

27  OFFICERS was excessive and unreasonable because immediately prior to and at the

28  time of the use of deadly force: Plaintiff SOLIS was not an immediate threat of

02/28/2023

1   death or serious bodily injury to any person; Plaintiff SOLIS was not given a verbal

2   warning that deadly force was going to be used; and Defendant DOE OFFICERS

3   had reasonable, less-intrusive alternatives to the use of deadly force at the time

4   available to them, and failed to use those alternatives, and failed to exhaust those

5   alternatives.

6        26.   After he was shot, Plaintiff SOLIS fell to the floor, surrendered, and sat

7   against a wall as he was severely wounded.

8        27.   Thereafter, Defendants WALTERMIRE and DOE DEPUTIES charged

9   through a fence gate, and Defendant WALTERMIRE dropped to the ground and

10  immediately and indiscriminately fired rounds at Plaintiff SOLIS, striking him

11  several times.

12       28.   The use of deadly force against Plaintiff SOLIS by Defendant

13  WALTERMIRE was excessive and unreasonable because immediately prior to and

14  at the time of the use of deadly force: Plaintiff SOLIS was not an immediate threat

15  of death or serious bodily injury to any person; Plaintiff SOLIS was not given a

16  verbal warning that deadly force was going to be used; and Defendant

17  WALTERMIRE had reasonable, less-intrusive alternatives to the use of deadly

18  force at the time available to him, failed to use those alternatives, and failed to

19  exhaust those alternatives.

20       29.   Defendants unreasonably escalated the situation when they began using

21  deadly force against Plaintiff SOLIS, causing him great fear, pain, and harm.

22       30.   Throughout the incident, the Defendants displayed negligent tactics,

23  prior to, during, and after their uses of deadly force, including, but not limited to

24  their: positioning, planning, communication, use of force, escalating the situation,

25  and failing to de-escalate the situation.

26       31.   Further, Defendants' actions and inactions were unreasonable and in

27  violation of basic officer training.

28

02/28/2023

32.     As a direct and proximate result of the individual Defendants' actions, omissions, misjudgments, including their use of excessive and unreasonable force, Plaintiff SOLIS was caused to suffer great physical and mental pain and suffering, harm, injury, damages, loss of enjoyment of life, and permanent injury.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. §1983)

(Plaintiff against Defendant WALTERMIRE and DOES 1-10)

33.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     The Defendant WALTERMIRE and DOES 1-10 were acting under the color of state law and within the course and scope of their employment.

35.     Defendants WALTERMIRE and DOES 1-10 used excessive force against Plaintiff SOLIS when they fired lethal rounds, striking Plaintiff SOLIS. Defendants' unjustified shooting and other uses of force, deprived Plaintiff SOLIS of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff SOLIS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.     Defendants violated Plaintiff SOLIS' Fourth Amendment rights when they used excessive and unreasonable force against Plaintiff SOLIS, firing several lethal rounds at him, when Plaintiff SOLIS was not an immediate threat of death or serious bodily injury at the time, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given prior to the shots that deadly force would be used.

37.     As a result of the foregoing, Plaintiff SOLIS suffered great physical and mental pain and suffering, loss of enjoyment of life, and permanent injury.

02/28/2023

38.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff SOLIS, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

39.     As a result of their misconduct, Defendants are liable for Plaintiff SOLIS' injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

40.     Plaintiff SOLIS seeks compensatory and punitive damages.

41.     Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### Municipal Liability – Ratification (42 U.S.C. § 1983)
(Plaintiff against Defendants COUNTY and DOE SUPERVISORS)

42.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     The Defendant WALTERMIRE, DOE DEPUTIES, and DOE SUPERVISORS were acting under the color of state law and within the course and scope of their employment with Defendant COUNTY and RCSD.

44.     The acts of Defendants deprived Plaintiff SOLIS of his particular rights under the United States Constitution as alleged herein.

45.     Upon information and belief, a final policymaker, including DOE SUPERVISORS, ratified Defendants acts and the bases for their actions. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' conduct and the bases for them, including their actions and inactions, pre-shooting tactics, and use of deadly force.

46.     Upon information and belief, the written policies and basic officer training with respect to the incident include that law enforcement officers are not to use deadly force against an individual unless the individual poses an immediate risk

02/28/2023

1  of death or serious bodily injury to the officers or others. The Defendants' actions

2  deviated from these written policies and basic law enforcement training because

3  Plaintiff SOLIS did not pose an immediate threat of death or serious bodily injury to

4  the involved law enforcement officers or anyone else.

5      47.    Upon information and belief, a final policymaker has determined (or will

6  determine) that the acts of Defendants were "within policy," and have ratified

7  multiple prior incidents of the use of excessive force, including excessive less-lethal

8  force and deadly force.

9      48.    Upon information and belief, the Defendant COUNTY approved of the

10  Defendant WALTERMIRE and DOE DEPUTIES' actions and inactions, after which

11  Defendant COUNTY officials, including DOE SUPERVISORS, found the

12  Defendants' conduct was within the official policies of the Defendant COUNTY

13  and/or consistent with COUNTY deputies' basic training. On information and belief,

14  the basis for such approval was based on the Defendants' self-serving statements,

15  despite evidence that Plaintiff SOLIS was not an immediate threat of death or serious

16  bodily injury to anyone at the time the excessive force was used, reasonable

17  alternatives were available, and no warning was given.

18      49.    Upon information and belief, after this incident, Defendant

19  WALTERMIRE and DOE DEPUTIES were not disciplined, reprimanded, retrained,

20  provided additional training, suspended, or otherwise penalized in connection with

21  their conduct in this incident.

22      50.    Upon information and belief, the following are only a few examples of

23  cases where the RCSD deputies were not disciplined, reprimanded, retrained,

24  suspended, or otherwise penalized in connection with the underlying acts giving rise

25  to the below lawsuits, which indicates that the COUNTY routinely ratifies such

26  behavior:

27          a.   In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-

28             01603, Defendant COUNTY settled with the family of a man who

02/28/2023

1    was attacked by a K-9 and shot by COUNTY sheriff's deputies.

2    b. In *Howard v. County of Riverside, et al.*, case number 5:12-cv-

3    00700, Defendant COUNTY argued that the use of deadly force

4    against an unarmed individual was reasonable; a federal jury found

5    otherwise and returned a verdict in favor of plaintiff, an unarmed

6    man who suffered a severe brain injury and partial paralysis after a

7    use of force by a COUNTY sheriff's deputy.

8    c. In *Travillion v. County of Riverside*, case number EDCV 14-0003

9    VAP (DTBx), the COUNTY settled with the family of a man who

10   was killed as a result of a use of force by a COUNTY Sheriff's

11   deputy.

12   d. In *Bosch v. County of Riverside*, case number EDCV 13-02352

13   (SVW) (FFM), the COUNTY settled with the family of an unarmed

14   man who was killed by a use of force by a COUNTY Sheriff's

15   deputy.

16   e. In *Castillo v. County of Riverside*, case number EDCV 13-00789

17   VAP (SPx), the COUNTY settled with the family of a man who was

18   killed by a use of force by a COUNTY sheriff's deputy.

19   f. In *Munoz v. County of Riverside*, case number RIC120794, plaintiff

20   argued that the involved COUNTY Sheriff's deputy used deadly

21   force against her son at a time when he posed no immediate threat.

22   The jury in that case returned a verdict in favor of plaintiff.

23   g. In *L.R., et al. v. County of Riverside, et al.*, case number 15-cv-

24   1767, Defendant COUNTY settled with the family of an unarmed

25   man who was killed by a use of force by a COUNTY Sheriff

26   deputy.

27   51.    Upon information and belief, Defendant COUNTY, through its officials,

28   had either actual or constructive knowledge of the deficient policies, practices and

02/28/2023

1  customs alleged herein. Despite having knowledge as stated herein, these Defendant

2  COUNTY officials condoned, tolerated and through actions and inactions thereby

3  ratified such deficient policies. In doing so, said Defendant COUNTY officials acted

4  with deliberate indifference to the foreseeable effects and consequences of these

5  deficient policies, including their policy of ratification, with respect to the

6  constitutional rights of Plaintiff SOLIS and other individuals similarly situated.

7      52.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous

8  conduct and other wrongful acts, Defendant COUNTY officials acted with

9  intentional, reckless, and callous disregard for the life and rights of Plaintiff SOLIS.

10  Furthermore, the policies, practices, and customs implemented, maintained, and still

11  tolerated by Defendant COUNTY and its officials were affirmatively linked to and

12  were a significantly influential force behind the injuries of Plaintiff SOLIS.

13      53.   Accordingly, Defendants COUNTY and each are liable to Plaintiff for

14  compensatory damages under 42 U.S.C. §1983.

15      54.   The conduct of the Defendant DOE SUPERVISORS was willful,

16  wanton, malicious, and done with reckless disregard for the rights and safety of

17  Plaintiff SOLIS, and therefore warrants the imposition of exemplary and punitive

18  damages as to the Defendant SUPERVISORS.

19      55.   Plaintiff SOLIS seeks compensatory and punitive damages.

20      56.   Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs.

21

22  **THIRD CLAIM FOR RELIEF**

23  **Municipal Liability – Failure to Train (42 U.S.C. §1983)**

24  (Plaintiff against Defendants COUNTY and DOE SUPERVISORS)

25      57.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

26  through 56 of this Complaint with the same force and effect as if fully set forth

27  herein.

28      58.   The Defendant WALTERMIRE, DOE DEPUTIES, and DOE

02/28/2023

1   SUPERVISORS were acting under the color of state law and within the course and

2   scope of their employment with Defendant COUNTY and RCSD.

3       59.   The acts of Defendants deprived Plaintiff SOLIS of his particular rights

4   under the United States Constitution as alleged herein.

5       60.   The training policies of Defendants COUNTY were not adequate to train

6   its deputies to handle the usual and recurring situations with which they must deal.

7   This includes training with respect to tactics, the use of force, including deadly force,

8   de-escalation techniques, controlling deputy emotions and fears, inappropriate

9   "shoot/don't shoot" scenarios in training that promote the use of unreasonable force,

10  and continually assessing a situation to justify every shot fired. In addition to failing

11  to train deputies to safely handle obvious, recurring situations, Defendant COUNTY

12  affirmatively chose a policy it knew was likely to lead to, and in fact had previously

13  led to, deprivations of constitutional rights including unreasonable seizures in

14  violation of the Fourth Amendment.

15      61.   Defendants COUNTY and DOE SUPERVISORS were deliberately

16  indifferent to the obvious consequences of its failure to train its deputies adequately,

17  including training with respect to tactics, the use of force, including deadly force, and

18  de-escalation techniques.

19      62.   The failure of Defendant COUNTY to provide adequate training caused

20  the deprivation of Plaintiff SOLIS' rights by Defendants; that is, Defendants' failure

21  to train is so closely related to the deprivation of Plaintiff SOLIS' rights as to be the

22  moving force that caused the ultimate injury.

23      63.   On information and belief, Defendant COUNTY failed to train

24  Defendants properly and adequately, including regarding the following:

25          a. Not providing adequate time and resources for deputies to train

26             when the training does exist, so that the deputies can rely on that

27             training during incidents.

28          b. Not enforcing the basic training standards, when they do exist, that

-13-
PLAINTIFF SOLIS' COMPLAINT FOR DAMAGES

02/28/2023

1   are designed to prevent deputies from using excessive and
2   unreasonable force.

c.  Not adequately providing recurring training so that deputies do not
    lose necessary perishable skills, and not re-training deputies who
    have used force in the field.

d.  Effective communication to enable deputies to gain cooperation and
    voluntary compliance in stressful situations.

e.  Effective communication as a basic element of the use of force; the
    goal of which to gain voluntary compliance without resorting to
    physical force, especially deadly force.

f.  That the use of deadly force is the most serious decision a peace
    officer may ever have to make, and such a decision should be
    guided by the reverence for human life and used only when other
    means of control are unreasonable or have been exhausted.

g.  Reverence for life as the foundation on which the use of deadly
    force rests. Deadly force is always the last resort to be used in the
    direst of circumstances. The authority to use deadly force is an
    awesome responsibility given to peace officers by the people who
    expect them to exercise that authority judiciously. In the law
    enforcement/community partnership, the expectation that peace
    officers are self-disciplined and accountable.

h.  Self-control as one of a peace officer's greatest assets in dealing
    with a person or a situation.

i.  Unreasonable fear includes overreactions to true potential threats as
    well as reactions to unreal threats based on prejudice or poor
    application of experience.

j.  Unreasonable fear can be responsible for inappropriate responses
    such as a failure to respond or responding inappropriately (using

02/28/2023

1   unreasonable force).

2   k.  Unreasonable force occurs when the type, degree, and duration of

3       force employed was neither necessary nor appropriate.

4   l.  The community expects that its peace officers will use only

5       reasonable amounts of force and only use deadly force when

6       absolutely necessary. Likewise, it expects that someone, including

7       peace officers, will intervene if reasonable force is exceeded.

8   m.  Use of other techniques to the use of deadly force including but are

9       not limited to de-escalation, communication, conflict resolution,

10      defensive tactics, less-lethal force, and use of time and distance.

11  n.  That a deputies' subjective fear of future harm alone is insufficient

12      as an imminent threat. An imminent threat is one that requires

13      instant attention.

14  o.  Training with respect to tactics.

15  p.  Training with respect assessing when it is appropriate to use of

16      force, including deadly force, and training on how much force is

17      appropriate even when some force is appropriate.

18  64.   Upon information and belief, the following are only a few examples of

19  cases where the involved deputies were not disciplined, reprimanded, retrained,

20  suspended, or otherwise penalized in connection with the underlying acts giving rise

21  to the below lawsuits, which indicates that the County of Riverside failed to

22  adequately train its deputies with regard to the use of force:

23  a.  In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-

24      01603, Defendant COUNTY settled with the family of a man who

25      was attacked by a K-9 and shot by COUNTY sheriff's deputies.

26  b.  In *Howard v. County of Riverside, et al.*, case number 5:12-cv-

27      00700, Defendant COUNTY argued that the use of deadly force

28      against an unarmed individual was reasonable; a federal jury found

02/28/2023

1    otherwise and returned a verdict in favor of plaintiff, an unarmed

2    man who suffered a severe brain injury and partial paralysis after a

3    use of force by a COUNTY sheriff's deputy.

4    c. In *Travillion v. County of Riverside*, case number EDCV 14-0003

5    VAP (DTBx), the COUNTY settled with the family of a man who

6    was killed as a result of a use of force by a COUNTY Sheriff's

7    deputy.

8    d. In *Bosch v. County of Riverside*, case number EDCV 13-02352

9    (SVW)(FFM), the COUNTY settled with the family of an unarmed

10   man who was killed by a use of force by a COUNTY Sheriff's

11   deputy.

12   e. In *Castillo v. County of Riverside*, case number EDCV 13-00789

13   VAP (SPx), the COUNTY settled with the family of a man who

14   killed by a use of force by a COUNTY sheriff's deputy.

15   f. In *Munoz v. County of Riverside*, case number RIC120794, plaintiff

16   argued that the involved COUNTY Sheriff's deputy used deadly

17   force against her son at a time when he posed no immediate threat.

18   The jury in that case returned a verdict in favor of plaintiff.

19   g. In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-

20   1767, Defendant COUNTY settled with the family of an unarmed

21   man who was killed by a use of force by a COUNTY Sheriff

22   deputy.

23   65.   By reason of the aforementioned acts and omissions, Plaintiff SOLIS has

24   suffered past and future pain and suffering, loss of enjoyment of life, and permanent

25   injury.

26   66.   Upon information and belief, Defendant COUNTY, through its officials,

27   had either actual or constructive knowledge of the deficient training policies,

28   practices and customs alleged herein. Despite having knowledge as stated herein,

02/28/2023

1 | these Defendant COUNTY officials condoned, tolerated and through actions and
2 | inactions thereby ratified such deficient training. In doing so, Defendant COUNTY
3 | officials acted with deliberate indifference to the foreseeable effects and
4 | consequences of such deficient training with respect to the constitutional rights of
5 | Plaintiff SOLIS and other individuals similarly situated.

6 |     67.    Through its deficient training, Defendant COUNTY officials acted with
7 | intentional, reckless, and callous disregard for the life and rights of Plaintiff SOLIS.
8 | Furthermore, the deficient training tolerated by Defendant COUNTY and its officials
9 | were affirmatively linked to and was a significantly influential force behind the
10 | injuries of Plaintiff SOLIS.

11 |     68.    Accordingly, Defendant COUNTY is liable to Plaintiff for
12 | compensatory damages under 42 U.S.C. §1983.

13 |     69.    The conduct of the Defendant DOE SUPERVISORS in condoning,
14 | maintaining, and providing deficient training was willful, wanton, malicious, and
15 | done with reckless disregard for the rights and safety of Plaintiff SOLIS, and
16 | therefore warrants the imposition of exemplary and punitive damages as to the
17 | Defendant SUPERVISORS.

18 |     70.    Plaintiff SOLIS seeks compensatory and punitive damages.

19 |     71.    Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs

20 |

21 | **FOURTH CLAIM FOR RELIEF**

22 | **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

23 | (Plaintiff against Defendants COUNTY and DOE SUPERVISORS)

24 |     72.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1
25 | through 71 of this Complaint with the same force and effect as if fully set forth
26 | herein.

27 |     73.    Defendants WALTERMIRE, DOE DEPUTIES, and DOE
28 | SUPERVISORS were acting under the color of state law and within the course and

02/28/2023

1  scope of their employment with Defendant COUNTY and RCSD.

2      74.    Defendants acted pursuant to an expressly adopted official policy or a

3  longstanding practice or custom of Defendant COUNTY.

4      75.    On information and belief, Defendants were not disciplined,

5  reprimanded, retrained, suspended, or otherwise penalized in connection with

6  Plaintiff SOLIS' harm.

7      76.    Upon information and belief, in addition to those policies alleged above,

8  Defendants COUNTY and DOE SUPERVISORS maintained, inter alia, the

9  following unconstitutional customs, practices, and policies:

10      a.  Using excessive force, including excessive deadly force.

11      b.  Providing inadequate training regarding the use of deadly force.

12      c.  Employing and retaining as employees Defendants WALTERMIRE

13          and DOE DEPUTIES, who Defendant COUNTY at all times

14          material herein knew or reasonably should have known used

15          excessive force.

16      d.  Inadequately supervising, training, controlling, assigning, and

17          disciplining COUNTY deputies, and other personnel, including

18          Defendants WALTERMIRE and DOE DEPUTIES, who Defendant

19          COUNTY knew or in the exercise of reasonable care should have

20          known had the propensities to use excessive force.

21      e.  Maintaining grossly inadequate procedures for reporting,

22          supervising, investigating, reviewing, disciplining, and controlling

23          misconduct by COUNTY officials, Defendants WALTERMIRE and

24          DOE DEPUTIES.

25      f.  Failing to adequately discipline COUNTY deputies, including

26          Defendants WALTERMIRE and DOE DEPUTIES, for the above-

27          referenced categories of misconduct, including "slaps on the wrist,"

28          discipline that is so slight as to be out of proportion to the

02/28/2023

magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

g. Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional.

h. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved.

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officials do not report other officials' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another official, while following the code, the official being questioned will claim ignorance of the other officials' wrongdoing.

j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officials for criminal prosecution who participate in unreasonable shootings.

k. Upon information and belief, COUNTY, including but not limited to RCSD, has an unofficial policy, practice and/or custom of finding almost all—if not all—of its deputy involved shootings to be within policy, of not disciplining its deputies involved in shootings, not retraining or firing deputies involved in shootings, and of not recommending criminal charges against their deputies involved in excessive and unreasonable deputy-involved shootings. As a result, deputies involved in excessive uses of deadly force are allowed back to patrol the streets even though COUNTY knew, or should have

02/28/2023

known, that these deputies have a propensity for using excessive deadly force against the citizens that the deputies are supposed to protect and serve, especially against minorities and the mentally ill.

l.  Upon information and belief, as a result of COUNTY policy, custom and/or practices, RCSD deputies know that if they use deadly excessive force against someone, they will not be disciplined and their use of force will be found within policy, which results in a significant number of COUNTY deputies being involved in numerous shootings. This policy, custom and/or practice was established by supervising and managerial employees of COUNTY, specifically, those employees tasked with determining whether deputy-involved shootings fall within policy, those employees responsible for disciplining, retraining, and firing employees who use excessive force, and for those employees responsible for making recommendations of criminal charges being filed against deputies who use excessive deadly force; and

m. Upon information and belief, this policy, custom and/or practice long lasting and persistent, and existed well before Plaintiff SOLIS was shot by Defendants WALTERMIRE and DOE DEPUTIES. This policy, custom and/or practice was established so that COUNTY deputies do not bear the responsibility for the people that they use excessive deadly force against. This policy, custom and/or practice exists so that the public does not have such a negative perception of COUNTY and its sheriff's department and so that COUNTY can avoid the repercussions associated with its deputies' use of excessive deadly force against citizens, including negative publicity, avoiding criminal prosecution, and avoiding civil liability. A significant reason that this policy, custom and/or practice was

-20-
PLAINTIFF SOLIS' COMPLAINT FOR DAMAGES

1    established was to avoid COUNTY being liable, under a theory of
2    vicarious liability, for the uses of excessive and unreasonable deadly
3    force by its employees. In other words, there is a large financial
4    incentive for COUNTY to erroneously determine that most, if not
5    all, of its deputies' uses of deadly force are within policy. If
6    COUNTY, through its policymakers and supervisors, would admit
7    that their deputies were at fault for using excessive and
8    unreasonable deadly force, then COUNTY is aware of how much
9    they would have to pay for any associated litigation.

10       77.   Defendants COUNTY and DOE SUPERVISORS, together with various
11   other officials, whether named or unnamed, had either actual or constructive
12   knowledge of the deficient policies, practices and customs alleged in the paragraphs
13   above. Despite having knowledge as stated above, these Defendants condoned,
14   tolerated and through actions and inactions thereby ratified such policies. Said
15   Defendants also acted with deliberate indifference to the foreseeable effects and
16   consequences of these policies with respect to the constitutional rights of Plaintiff
17   SOLIS and other individuals similarly situated.

18       78.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous
19   conduct and other wrongful acts, DOE SUPERVISORS acted with intentional,
20   reckless, and callous disregard for the life of Plaintiff SOLIS and for Plaintiff SOLIS'
21   constitutional rights. Furthermore, the policies, practices, and customs implemented,
22   maintained, and still tolerated by Defendants COUNTY and DOE SUPERVISORS
23   were affirmatively linked to and were a significantly influential force behind the
24   injuries of Plaintiff SOLIS.

25       79.   Based on information and belief, the following are only a few examples
26   of cases evidencing Defendant COUNTY'S unconstitutional policies, where the
27   involved deputies were not disciplined, reprimanded, retrained, suspended, or
28   otherwise penalized in connection with the underlying acts giving rise to the below

02/28/2023

1   lawsuits, which indicates that the County of Riverside routinely ratifies such behavior

2   and maintains a practice of allowing such behavior:

3       a. In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-

4           01603, Defendant COUNTY settled with the family of a man who

5           was attacked by a K-9 and shot by COUNTY sheriff's deputies.

6       b. In *Howard v. County of Riverside, et al.*, case number 5:12-cv-

7           00700, Defendant COUNTY argued that the use of deadly force

8           against an unarmed individual was reasonable; a federal jury found

9           otherwise and returned a verdict in favor of plaintiff, an unarmed

10          man who suffered a severe brain injury and partial paralysis after a

11          use of force by a COUNTY sheriff's deputy.

12      c. In *Travillion v. County of Riverside*, case number EDCV 14-0003

13          VAP (DTBx), the COUNTY settled with the family of a man who

14          was killed as a result of a use of force by a COUNTY Sheriff's

15          deputy.

16      d. In *Bosch v. County of Riverside*, case number EDCV 13-02352

17          (SVW)(FFM), the COUNTY settled with the family of an unarmed

18          man who was killed by a use of force by a COUNTY Sheriff's

19          deputy.

20      e. In *Castillo v. County of Riverside*, case number EDCV 13-00789

21          VAP (SPx), the COUNTY settled with the family of a man who was

22          killed by a use of force by a COUNTY sheriff's deputy.

23      f. In *Munoz v. County of Riverside*, case number RIC120794, plaintiff

24          argued that the involved COUNTY Sheriff's deputy used deadly

25          force against her son at a time when he posed no immediate threat.

26          The jury in that case returned a verdict in favor of the plaintiff.

27      g. In *L.R., et al. v. County of Riverside, et al.*, case number 15-cv-

28          1767, Defendant COUNTY settled with the family of an unarmed

-22-
PLAINTIFF SOLIS' COMPLAINT FOR DAMAGES

1         man who was killed by a use of force by a COUNTY Sheriff

2         deputy.

3       h. In *Arocha v. County of Riverside, et al.*, case number 18-CV-01585,

4         Defendant COUNTY settled with an unarmed man who was beaten

5         unconscious and suffered a traumatic brain injury as a result of force

6         by COUNTY Sheriff's deputies.

7    80.    By reason of the aforementioned acts and omissions, Plaintiff SOLIS has

8 suffered past and future pain and suffering, loss of enjoyment of life, and permanent

9 injury.

10    81.    Accordingly, Defendant COUNTY is liable to Plaintiff for

11 compensatory damages under 42 U.S.C. §1983.

12    82.    The conduct of the Defendant DOE SUPERVISORS in condoning,

13 maintaining, and providing these longstanding unconstitutional policies, customs,

14 and/or practices was willful, wanton, malicious, and done with reckless disregard for

15 the rights and safety of Plaintiff SOLIS, and therefore warrants the imposition of

16 exemplary and punitive damages as to the Defendant SUPERVISORS.

17    83.    Plaintiff SOLIS seeks compensatory and punitive damages.

18    84.    Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs

19

20           **FIFTH CLAIM FOR RELIEF**

21     **Battery (Cal. Govt. Code §820 and California Common Law)**

22   (Plaintiff against Defendants WALTERMIRE, DOE DEPUTIES, and DOE

23   OFFICERS in their individual capacity, directly; and Defendants COUNTY and

24            STATE vicariously)

25    85.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

26 through 84 of this Complaint with the same force and effect as if fully set forth

27 herein.

28

02/28/2023

86.     Defendants WALTERMIRE, DOE DEPUTIES, and DOE OFFICERS, while working as officials for the RCSD and CHP respectively and acting within the course and scope of their duties, intentionally shot Plaintiff SOLIS multiple times and used unreasonable and excessive force against him.

87.     The use of deadly force against Plaintiff SOLIS by Defendants was unreasonable because Plaintiff SOLIS did not pose an immediate threat of death or serious bodily harm to any person any the time, there were less lethal alternatives, and no verbal warning was given.

88.     At all relevant times, Plaintiff SOLIS was not an immediate threat of bodily injury to anyone, including Defendants.

89.     Plaintiff SOLIS never consented to the use of force used against him by Defendants.

90.     Plaintiff SOLIS was harmed when he was shot multiple times, and experienced severe pain and suffering, injury, and damages.

91.     The Defendants' use of unreasonable force, including deadly force, was the direct cause, proximate cause, and only cause of Plaintiff SOLIS' pain and suffering, injury, harm, and damages. In other words, the unreasonable force was at least a substantial factor in causing Plaintiff SOLIS' pain and suffering, injury, harm, and damages.

92.     Defendants caused various injuries as mentioned herein and are liable either because they directly harmed Plaintiff SOLIS or integrally participated in or failed to intervene in the incident, and engaged in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Plaintiff SOLIS.

93.     Defendants are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

94.     Defendants COUNTY and STATE are vicariously liable for the wrongful acts of their employees, including Defendants WALTERMIRE, DOE

02/28/2023

1   DEPUTIES, and DOE OFFICERS pursuant to section 815.2(a) of the California

2   Government Code, which provides that a public entity is liable for the injuries caused

3   by its employees within the scope of the employment if the employee's act would

4   subject him or her to liability.

5      95.    The conduct of Defendants WALTERMIRE, DOE DEPUTIES, and

6   DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a

7   conscious disregard for the rights of Plaintiff, entitling Plaintiff SOLIS to an award of

8   exemplary and punitive damages as to these Defendants.

9      96.    Plaintiff SOLIS seeks compensatory damages, and punitive damages.

10

11              **SIXTH CLAIM FOR RELIEF**

12   **Negligence (Cal. Govt. Code §820 and California Common Law)**

13   (Plaintiff against Defendants WALTERMIRE, DOE DEPUTIES, and DOE

14   OFFICERS in their individual capacity, directly; and Defendants COUNTY and

15                STATE vicariously)

16      97.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

17   through 96 of this Complaint with the same force and effect as if fully set forth

18   herein.

19      98.    At all relevant times, Defendants WALTERMIRE, DOE DEPUTIES,

20   and DOE OFFICERS, were working as officials for the RCSD and CHP,

21   respectively, and acting under color of state law and within the course and scope of

22   their duties.

23      99.    Peace officers, including Defendants, have a duty to use reasonable care

24   to prevent harm or injury to others. This duty includes using appropriate tactics,

25   giving appropriate commands, giving warnings, and not using any force unless

26   necessary, using less than lethal options, and only using deadly force as a last resort.

27   These duties also include providing proper training and equipment to officials so that

28   they may perform their duties in accordance with the department policies, properly

02/28/2023

1  investigate use of force incidents, and punish, re-train, terminate, and/or prosecute

2  violators of those policies and the law.

3      100.   Defendants WALTERMIRE, DOE DEPUTIES, and DOE OFFICERS

4  breached their duty of care by their conduct as alleged herein. Upon information and

5  belief, the actions and inactions of Defendants were negligent and reckless, including

6  but not limited to:

7          a.  The failure to properly and adequately assess the need to use force

8             or deadly force against Plaintiff SOLIS.

9          b.  The negligent tactics and handling of the situation with Plaintiff

10             SOLIS, including pre-shooting negligence.

11          c.  The failure to properly train and supervise employees, both

12             professional and non-professional, including Defendants

13             WALTERMIRE and DOES 1-10.

14          d.  The negligent handling of evidence and witnesses.

15          e.  The negligent communication of information during the incident.

16      101.  As a direct and proximate result of Defendants' conduct as alleged

17  above, and other undiscovered negligent conduct, Plaintiff SOLIS was caused to

18  suffer severe pain and suffering. In other words, the Defendants' negligence was at

19  least a substantial factor in causing Plaintiff SOLIS' harm, injury, and damages.

20      102.  At all relevant times, Plaintiff SOLIS was not an immediate threat of

21  death or serious bodily injury to anyone, including Defendants, no warning was given

22  that deadly force was going to be used prior to the use of deadly force, and less than

23  lethal alternatives were available to Defendants.

24      103.  Further, Plaintiff SOLIS' harm, specifically being shot by the

25  Defendants when Plaintiff SOLIS was not an immediate threat of death or serious

26  bodily injury to anyone, ordinarily would not have happened unless Defendants were

27  negligent.

28

02/28/2023

1    104.   The harm inflicted by Defendants was caused by something that only the

2   Defendants controlled. The Defendants had control over their firearms, as well as

3   control over the tactical decisions made during the incident.

4    105.   As a result of their misconduct, Defendants WALTERMIRE and DOES

5   1-10 are liable for Plaintiff SOLIS' injuries, either because they were integral

6   participants in their negligence, or because they failed to intervene to prevent these

7   violations.

8    106.   Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for

9   injury caused by his act or omission to the same extent as a private person."

10    107.   Defendants COUNTY and STATE are vicariously liable for the

11   wrongful acts of Defendants WALTERMIRE and DOES 1-10 pursuant to section

12   815.2(a) of the California Government Code, which provides that a public entity is

13   liable for the injuries caused by its employees within the scope of the employment if

14   the employee's act would subject him or her to liability. Defendants COUNTY and

15   STATE are vicariously liable under California law and the doctrine of *respondeat*

16   *superior*.

17    108.   Plaintiff seeks attorneys' fees under this claim pursuant to Cal. Code of

18   Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest

19   that Plaintiff, and those similarly situated, to be free from intimidation and physical

20   assault by law enforcement as described herein.

21    109.   Plaintiff SOLIS seeks compensatory damages, including general and

22   special damages in an amount to be proven at trial.

23

24   / / /

25

26   / / /

27

28   / / /

02/28/2023

## SEVENTH CLAIM FOR RELIEF

### Bane Act (Violation of Cal. Civil Code §52.1)

(Plaintiff against Defendants WALTERMIRE, DOE DEPUTIES, and DOE OFFICERS in their individual capacity, directly; and Defendants COUNTY and STATE vicariously)

110. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 109 of this Complaint with the same force and effect as if fully set forth herein.

111. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using or attempting to use violent acts, threats, intimidation, or coercion to interfere with the exercise or enjoyment by any individuals' rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state in retaliation against another person for exercising that person's constitutional rights.

112. On information and belief, Defendants WALTERMIRE and DOES 1-10, while working for COUNTY and STATE and acting within the course and scope of their duties, intentionally committed, and attempted to commit acts of violence against Plaintiff SOLIS, including by shooting him without justification or excuse, and by integrally participating and failing to intervene in the above violence.

113. When Defendants used excessive and unreasonable force against Plaintiff SOLIS, they intentionally interfered with his civil rights to be free from excessive force.

114. Further, the Defendants used excessive and unreasonable force in violation of the Constitution with intent to deprive Plaintiff SOLIS of his Constitutional rights to be free from excessive force.

115. On information and belief, Defendants intentionally violated Plaintiff SOLIS' rights to be free from excessive force by demonstrating reckless disregard for his rights when Defendants shot Plaintiff SOLIS.

02/28/2023

116.   Defendants violated Plaintiff SOLIS' Constitutional right to be free from excessive and unreasonable force by peace officers. Defendants intended to violate Plaintiff SOLIS' rights and/or acted with reckless disregard with regard to Plaintiff SOLIS' Constitutional rights, which is evidence that they intended to violate Plaintiff SOLIS' rights.

117.   The conduct of Defendants was a substantial factor in causing Plaintiff SOLIS' harms, losses, injuries, and damages.

118.   Defendants COUNTY and STATE are vicariously liable for the wrongful acts of Defendants WALTERMIRE and DOES 1-10, their respective employees, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Defendants COUNTY and STATE are vicariously liable under California law and the doctrine of *respondeat superior*.

119.   The conduct of the individual Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff SOLIS' rights, justifying an award of exemplary and punitive damages as to those Defendants.

120.   Plaintiff SOLIS seeks compensatory damages, punitive damages, costs, attorneys' fees, and treble damages under this claim.

/ / /

/ / /

/ / /

/ / /

/ / /

02/28/2023

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDGAR SOLIS requests entry of judgment in his favor and against Defendants COUNTY OF RIVERSIDE, SALVADOR WALTERMIRE, STATE OF CALIFORNIA, and DOES 1-10, inclusive, as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, under federal and state law.

C.    For punitive and exemplary damages against the individual defendants in an amount to be proven at trial.

D.    For statutory damages.

F.    For reasonable attorneys' fees, and treble damages, including litigation expenses.

G.    For interests and costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:    January 30, 2023      **LAW OFFICES OF DALE K. GALIPO**
                                   **LAW OFFICES OF GRECH & PACKER**

                                 By:       */s/ Marcel F. Sincich*

                                     Dale K. Galipo
                                     Trenton C. Packer
                                     Marcel F. Sincich
                                     *Attorneys for Plaintiff*

02/28/2023

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff SOLIS hereby submits this demand that this action be tried in front

3    of a jury.

4

5    DATED:        January 30, 2023        **LAW OFFICES OF DALE K. GALIPO**

6                                          **LAW OFFICES OF GRECH & PACKER**

7                                          By:        */s/ Marcel F. Sincich*

8
                                                   Dale K. Galipo
9                                                  Trenton C. Packer
                                                   Marcel F. Sincich
10                                                 *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-31-

02/28/2023