# EXHIBIT G

Electronically FILED by Superior Court of California, County of Riverside on 03/21/2023 04:46 PM
Case Number CVSW2301085 0000052745045 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Megan Lopez, Clerk

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
 E-Mail: Tony.Sain@lewisbrisbois.com
ABIGAIL J. R. McLAUGHLIN, SB# 313208
 E-Mail: Abigail.McLaughlin@lewisbrisbois.com
ALEXANDER S. RYNERSON, SB# 329956
 E-Mail: Alexander.Rynerson@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants,
COUNTY OF RIVERSIDE and SALVADOR WALTERMIRE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE, MURRIETA SOUTHWEST JUSTICE CENTER

| | |
|---|---|
| EDGAR SOLIS,<br><br>  Plaintiff,<br><br>  vs.<br><br>COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. CVSW2301085<br>[*Assigned for All Purposes to:*<br>*Hon. Raquel A. Marquez, Dept. S303*]<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS COUNTY OF RIVERSIDE AND SALVADOR WALTERMIRE**<br><br>Action Filed:  February 10, 2023<br>Trial Date:  None Set |

Defendants COUNTY OF RIVERSIDE and SALVADOR WALTERMIRE (collectively "County Defendants") hereby Answer Plaintiff Edgar Solis' ("Plaintiff") operative Complaint (filed February 2, 2023 and served on Defendant COUNTY OF RIVERSIDE on or about February 24, 2023 and Defendant SALVADOR WALTERMIRE on or about March 1, 2023) and County Defendants hereby admit, deny, and allege as follows:

### ANSWER

1. Pursuant to Code of Civil Procedure section 431. 30, County Defendants deny generally and specifically each and every allegation in Plaintiff's Complaint and deny liability as to each and every cause of action alleged therein. Defendants further deny that Plaintiff has been

92209346.1

1

ANSWER TO PLTF'S COMPLAINT BY DEFTS COUNTY & WALTERMIRE

damaged in the sum alleged in the Complaint, or any other sum, or at all, by any named defendant's actions or omissions.

2. Further answering Plaintiff's Complaint on file herein, and the whole thereof, County Defendants deny that the Plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of the County Defendants for which the County Defendants may be liable. To the extent Plaintiff asserts any other claims or contentions not specifically addressed herein above, County Defendants generally and specifically deny each and every allegation and/or claim.

## AFFIRMATIVE DEFENSES

3. As separate and affirmative defenses, County Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (State of Limitations)

4. Plaintiff's Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted.

5. Plaintiff's Complaint also fails to state a claim against any defendant in this action.

6. Plaintiff's claims are time-barred by the operative statute(s) of limitations (including, but not limited to, Code of Civil Procedure Section 335.1).

### SECOND AFFIRMATIVE DEFENSE
### (Tort Claims Act Violation)

7. This action is barred by the Plaintiff's failure to comply with the government tort claims presentation requirements, Government Code Sections 900, *et seq.*, including, but not limited to, Sections 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 950.2, and 950.6, to the extent applicable.

8. The Complaint is barred based on Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.

9. Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to, Government Code Sections 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

10. Plaintiff's recovery is barred because the causes of action stated in the Complaint do not correspond with the legal claims asserted in Plaintiff's written claim. The Complaint thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Unclean Hands)

11. County Defendants allege that Plaintiff's action is barred by reason of conduct, actions and inactions of Plaintiff which amounts to and constitutes a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop Plaintiff from recovery in this action, including, but not limited to, the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

12. Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate Plaintiff's injuries or damages, if there were any. Plaintiff has failed to mitigate the damages, if any, which Plaintiff sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE
### (Contributory and/or Comparative Liability)

13. Plaintiff's claims are barred or limited by Plaintiff's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any Plaintiff suffered any injury or damages, it was the result of Plaintiff's own negligent or deliberate actions or omissions.

14. Plaintiff's recovery is barred because any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties. The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the County Defendants on account of such conduct.

## SIXTH AFFIRMATIVE DEFENSE

**(Public Entity/Employee Immunity for Others' Torts)**

15. Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

16. County Defendants are informed and believe and thereon allege that if Plaintiff sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct or other defendants and/or entities or persons other than County Defendants. To the extent that Plaintiff's damages were so caused, any recovery by Plaintiff as against the County Defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## SEVENTH AFFIRMATIVE DEFENSE

**(Public Entity/Employee Immunity for Discretionary Acts)**

17. There is no liability for any injury or damages, if there were any, resulting from an exercise of discretion vested in a public employee, whether or not such discretion was abused. Gov. Code §§ 815.2, 820.2, 820.4, 820.8, 820 *et seq.*

18. Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

19. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension, or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended, or revoked, pursuant to Government Code Sections 818.2, 818.4, 818.8, 821, and 821.2. Based thereon, County Defendants are immune from liability for any injuries claimed by Plaintiff, herein.

20. County Defendants are immune from any detriment resulting from any of their actions or omissions at the time of the incident of which Plaintiff complains pursuant to Government

Code Sections 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, Sections 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code Sections 854, *et seq.*, including but not limited to, Sections 845.6, 854.6, 854.8(a)(2), and Sections 855.4, 855.6, 855.8, and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

21. To the extent that the Complaint attempts to predicate liability upon any public entity defendants or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code section 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710, and by the lack of any duty running to any plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. Cty. of San Diego*, 156 Cal. App. 4th 238, 251-253, 255-256 (2007).

22. County Defendants may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Gov. Code §§ 844.6, 845.6; Civ. Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Dep't of Soc. Servs. of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris* (1989) 489 U.S. 378, 388-389; *City of Los Angeles v. Heller* (1986) 475 U.S. 796.

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

23. County Defendants and their agents or officers, if any, at all times relevant to this action acted reasonably and prudently under the circumstances. County Defendants therefore assert Qualified Immunity from liability to the fullest extent applicable.

24. County Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. County Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. County Defendants are immune from liability under the Federal Civil Rights Act because his conduct did not violate clearly established rights. County Defendants are also immune from liability under the doctrine of Qualified Immunity.

25. At all relevant times, County Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Gov. Code §§ 815. 2 and 820. 2.

**TENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

26. At the time and place referred to in the Complaint, and before such event, Plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which Plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury or lawful deprivation of right(s).

**RESERVATION OF AFFIRMATIVE DEFENSES**

27. Because the Complaint is couched in vague and conclusory terms, County Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, County Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/ or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any plaintiff's claims, or elements thereof.

## PRAYER FOR RELIEF

WHEREFORE, the answering Defendants pray as follows:

1. That Plaintiff take nothing by this action;
2. That Defendants be awarded attorneys' fees and costs of this suit and costs of proof; and
3. That Defendant be awarded such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial before jury on all issues presented by Plaintiff's operative Complaint that are or may be triable to a jury.

DATED: March 21, 2023        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *Abigail McLaughlin*
TONY M. SAIN
ALEXANDER S. RYNERSON
ABIGAIL J. R. McLAUGHLIN
Attorneys for Defendants,
COUNTY OF RIVERSIDE and SALVADOR WALTERMIRE

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Solis v County of Riverside
Case No. CVSVV2301085

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On March 21, 2023, I served true copies of the following document(s): ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS COUNTY OF RIVERSIDE AND SALVADOR WALTERMIRE

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☐ Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 21, 2023, at Los Angeles, California.

/s/ Corinne Taylor
Corinne Taylor

**SERVICE LIST**
**Solis v County of Riverside**
**Case No. CVSVV2301085**

| | |
|---|---|
| **LAW OFFICES OF DALE K. GALIPO**<br>Dale K. Galipo, Esq.<br>Marcel F. Sincich, Esq.<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, CA 91367 | Attorneys for Plaintiff, EDGAR SOLIS<br><br>Telephone:   818-347-3333<br>Facsimile:    818-347-4118<br>E-mail:   dalekgalipo@yahoo.com<br>msincich@galipolaw.com |
| **LAW OFFICES OF GRECH & PACKER**<br>Trenton C. Packer, Esq.<br>7095 Indiana Avenue, Suite 200<br>Riverside, CA 92506 | Attorney for Plaintiff, EDGAR SOLIS<br><br>Telephone:   818-951-682-9311 |

