1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   Marcel F. Sincich, Esq. (SBN 319508)
3  msincich@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA 91367
   Tel:   (818) 347-3333
5  Fax:   (818) 347-4118

6  **LAW OFFICES OF GRECH & PACKER**
   Trenton C. Packer (SBN 241057)
7  tpacker@grechpackerlaw.com
   7095 Indiana Ave Ste 200
8  Riverside, CA 92506
   Tel:   (951) 682-9311
9
   *Attorneys for Plaintiff*
10

11

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13

14
   EDGAR SOLIS,                          | Case No.: 5:23−cv−00515−HDV−JPR
15
              Plaintiff,                 | Assigned to:
16                                       | *Hon. Hernán D. Vera*
                                         | *Hon. Jean P. Rosenbluth*
17      vs.
                                         | **FIRST AMENDED COMPLAINT**
18  COUNTY OF RIVERSIDE; STATE           | **FOR DAMAGES**
    OF CALIFORNIA; SALVADOR
19  WALTERMIRE; MICHAEL BELL,            | 1.   Fourth Amendment—Excessive
    and DOES 1-10, inclusive,            |      Force (42 U.S.C. §1983)
20                                       | 2.   Municipal Liability—Ratification
              Defendants.                |      (42 U.S.C. §1983)
21                                       | 3.   Municipal Liability—Inadequate
                                         |      Training (42 U.S.C. §1983)
22                                       | 4.   Municipal Liability—
                                         |      Unconstitutional Custom, Practice,
23                                       |      or Policy (42 U.S.C. §1983)
                                         | 5.   Battery
24                                       | 6.   Negligence
                                         | 7.   Violation of Cal. Civil Code §52.1
25
                                         | **DEMAND FOR JURY TRIAL**
26

27

28

_____

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff EDGAR SOLIS, for his Complaint against Defendants COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; DEPUTY SALVADOR WALTERMIRE; OFFICER MICHAEL BELL; and DOES 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the present matter because, as delineated herein, the nature of the claims and the amount in controversy meet the requirements for jurisdiction in the Superior Court of the State of California.

2.    Venue is proper in this Court under Section 395(a) of the California Code of Civil Procedure because Defendants reside in the County of Riverside and all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

## INTRODUCTION

3.    This civil rights and state tort action arises out of the March 2, 2022, use of excessive and unreasonable force, including deadly force, on Plaintiff EDGAR SOLIS by Defendant Deputy SALVADOR WALTERMIRE, a COUNTY OF RIVERSIDE Sheriff's Deputy, and Officer MICHAEL BELL, a STATE OF CALIFORNIA Highway Patrol Officer. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to Plaintiff by the Bill of Rights, the United States Constitution, the California Constitution, and the laws of the State of California.

4.    Defendants SALVADOR WALTERMIRE, MICHAEL BELL, and DOES 1-10, inclusive, caused various injuries by directly shooting Plaintiff who was not an immediate threat of death or serious bodily injury as described herein, and/or by integrally participating or failing to intervene in the use of excessive and

-1-

1  unreasonable force used against Plaintiff.

2      5.      This action is in the public interest as Plaintiff seeks by means of this

3  action to hold accountable those responsible for the shooting, and serious bodily

4  injury inflicted by Defendants.

5

6                                    **PARTIES**

7      6.      At all relevant times, Plaintiff EDGAR SOLIS ("SOLIS") is and was an

8  individual residing in the County of Riverside, California.

9      7.      At all relevant times, Defendant COUNTY OF RIVERSIDE

10 ("COUNTY") is and was a municipal corporation existing under the laws of the State

11 of California. COUNTY is a chartered subdivision of the State of California with the

12 capacity to be sued. COUNTY is responsible for the actions, omissions, policies,

13 procedures, practices, and customs of its various agents and agencies, including the

14 Riverside County Sheriff's Department ("RCSD") and its agents and employees. At

15 all relevant times, Defendant COUNTY was responsible for assuring that the actions,

16 omissions, policies, procedures, practices, and customs of the RCSD and its

17 employees and agents complied with the laws of the United States and of the State of

18 California. At all relevant times, COUNTY was the employer of Defendant DEPUTY

19 WALTERMIRE and DOES 1-4, inclusive. As set forth below, Plaintiff SOLIS

20 alleges that Defendant COUNTY is directly liable for compensatory damages under

21 federal law pursuant to *Monell v. Department of Soc. Svcs*., 436 U.S. 658 (1978) and

22 its progeny. Plaintiff SOLIS further alleges that Defendant COUNTY is vicariously

23 liable for compensatory damages under Plaintiff's state law claims, given Plaintiff's

24 allegations that the officers who committed the acts and omissions complained of

25 herein were acting in the course and scope of their employment at the time that the

26 acts and omissions occurred. Plaintiff makes no claim for punitive damages against

27 the Defendant COUNTY.

28 / / /

8.      At all relevant times, Defendant SALVADOR WALTERMIRE ("WALTERMIRE") was a duly appointed COUNTY Sheriff's Deputy and/or employee or agent of COUNTY, subject to the oversight and supervision of COUNTY'S elected and non-elected officials. At all relevant times, Defendant WALTERMIRE acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY, the RCSD, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant WALTERMIRE acted within the course and scope of his employment as a COUNTY Sheriff's Deputy. On information and belief, Defendant WALTERMIRE is and was at all relevant times a resident of this judicial district. Defendant WALTERMIRE used excessive and unreasonable deadly force against Plaintiff SOLIS.

9.      At all relevant times, Defendants DOES 1-4 ("DOE DEPUTIES") are Sheriff's Deputies for the RCSD, including but not limited to patrol deputies, crisis negotiations officers, corporals, sergeants, field training officers, dispatchers, and other deputies and agent of RCSD. DOE DEPUTIES were acting under color of law within the course and scope of their duties as officers for the RCSD. DOE DEPUTIES were acting with complete authority and ratification of their principal, Defendant COUNTY.

10.     Defendants DOES 5-6 ("DOE SUPERVISORS") are supervisory officers, officials, agents, and/or employees for the RCSD who were acting under color of law within the course and scope of their duties as officials for the RCSD. DOE SUPERVISORS were acting with complete authority and ratification of their principal, Defendant COUNTY. Defendants DOE SUPERVISORS are managerial, supervisorial, and policymaking employees of the RCSD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the RCSD. DOE SUPERVISORS were acting with complete authority and ratification of their principal, Defendant COUNTY.

11.    At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") has the capacity to be sued. STATE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees. At all relevant times, Defendant STATE was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CHP and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, STATE was the employer of Defendants MICHAEL BELL and DOES 8-10, inclusive. Defendant STATE and CHP are not being sued individually or directly by this action but are parties to this action under the theory of respondeat superior as Defendant STATE is vicariously liable for the actions of its CHP officers.

12.    At all relevant times, Defendant MICHAEL BELL ("BELL") was a duly appointed CHP Officer and/or employee or agent of STATE via CHP, subject to the oversight and supervision of STATE'S and CHP'S elected and non-elected officials. At all relevant times, Defendant BELL acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant STATE, CHP, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant BELL acted within the course and scope of his employment as a STATE CHP officer. On information and belief, Defendant BELL is and was at all relevant times a resident of this judicial district. Defendant BELL used excessive and unreasonable deadly force against Plaintiff SOLIS.

13.    At all relevant times, Defendant DOES 8-10 ("DOE OFFICERS") were and are duly appointed CHP officers and/or employees or agents of Defendant STATE, including but not limited to patrol officers, crisis negotiations officers, corporals, sergeants, and field training officers, subject to the oversight and supervision of STATE'S elected and non-elected officials. At all relevant times, DOE OFFICERS acted under color of law, to wit, under the color of the statutes,

-4-

ordinances, regulations, policies, customs, and usages of Defendant STATE, the CHP, and under the color of the statutes and regulations of the State of California. At all relevant times, DOE OFFICERS acted within the course and scope of his employment as a STATE officer. On information and belief, DOE OFFICERS are and were at all relevant times residents of this judicial district. Defendant DOE OFFICERS used excessive and unreasonable deadly force against Plaintiff SOLIS. This action is being brought against Defendant DOE OFFICERS in their individual capacity only.

14.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

16.    All the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Also, Defendants and their agents ratified all the acts complained herein.

17.    All Defendants who are natural persons, including Defendants WALTERMIRE, BELL and DOES 1-10, inclusive, are sued in their individual capacities, and punitive damages are only being requested as to these Defendants only, and not Defendants COUNTY or STATE.

/ / /

18.    Pursuant to Cal. Govt. Code §815.2(a), Defendants COUNTY and STATE are vicariously liable for the nonfeasance and malfeasance of the individual Defendants, including Defendants WALTERMIRE, BELL and DOES 1-10, inclusive, as alleged by Plaintiff's state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). The individual Defendants, including Defendants WALTERMIRE, BELL and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant COUNTY and STATE are also liable pursuant to Cal. Govt. Code §815.6.

19.    On or about July 22, 2022, Plaintiff served a comprehensive and timely government tort claim for damages with COUNTY and STATE pursuant to applicable sections of the California Government Code.

20.    The COUNTY denied Plaintiff's claim on August 15, 2022. The STATE failed to respond to Plaintiff's claim and therefore it was deemed rejected by operation of law on September 5, 2022.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.    On March 2, 2022, at approximately 4:09 p.m., at or around the 600 block of Hillmer Drive, in the City of Hemet, County of Riverside, California, Defendants BELL, WALTERMIRE and DOES 1-10 used deadly force against Plaintiff SOLIS.

23.    The use of deadly force against Plaintiff SOLIS by Defendants BELL, WALTERMIRE and DOES 1-10 was excessive and unreasonable because at the

time deadly force was used, Plaintiff SOLIS was not an immediate threat of death or serious bodily injury to any person, no deadly force warning was given prior to the use of deadly force, and there were reasonable less-intrusive alternatives to the use of deadly force available to said Defendants.

24.    Upon information and belief, Defendants BELL, WALTERMIRE, DOES 1-10 were not responding to a serious or violent crime, the Defendants did not have any information that Plaintiff SOLIS had just committed or was about to commit a serious or violent crime and had no information that Plaintiff SOLIS had just harmed or was threatening to harm any person or law enforcement officer.

25.    Upon information and belief, Plaintiff SOLIS was shot in the back by Defendant BELL.

26.    The use of deadly force against Plaintiff SOLIS by Defendant BELL was excessive and unreasonable because immediately prior to and at the time of the use of deadly force: Plaintiff SOLIS was not an immediate threat of death or serious bodily injury to any person; Plaintiff SOLIS was not given a verbal warning that deadly force was going to be used; and Defendant BELL had reasonable, less-intrusive alternatives to the use of deadly force at the time available to them, and failed to use those alternatives, and failed to exhaust those alternatives.

27.    After he was shot, Plaintiff SOLIS fell to the floor, surrendered, and sat against a wall as he was severely wounded.

28.    Thereafter, Defendants WALTERMIRE and DOE DEPUTIES charged through a fence gate, and Defendant WALTERMIRE dropped to the ground and immediately and indiscriminately fired rounds at Plaintiff SOLIS, striking him several times.

29.    The use of deadly force against Plaintiff SOLIS by Defendant WALTERMIRE was excessive and unreasonable because immediately prior to and at the time of the use of deadly force: Plaintiff SOLIS was not an immediate threat of death or serious bodily injury to any person; Plaintiff SOLIS was not given a

1  verbal warning that deadly force was going to be used; and Defendant
2  WALTERMIRE had reasonable, less-intrusive alternatives to the use of deadly
3  force at the time available to him, failed to use those alternatives, and failed to
4  exhaust those alternatives.

5      30.    Defendants unreasonably escalated the situation when they began using
6  deadly force against Plaintiff SOLIS, causing him great fear, pain, and harm.

7      31.    Throughout the incident, the Defendants displayed negligent tactics,
8  prior to, during, and after their uses of deadly force, including, but not limited to
9  their: positioning, planning, communication, use of force, escalating the situation,
10  and failing to de-escalate the situation.

11      32.    Further, Defendants' actions and inactions were unreasonable and in
12  violation of basic officer training.

13      33.    As a direct and proximate result of the individual Defendants' actions,
14  omissions, misjudgments, including their use of excessive and unreasonable force,
15  Plaintiff SOLIS was caused to suffer great physical and mental pain and suffering,
16  harm, injury, damages, loss of enjoyment of life, and permanent injury.

17

18  ### **FIRST CLAIM FOR RELIEF**

19  **Fourth Amendment —Excessive Force (42 U.S.C. §1983)**

20  (Plaintiff against Defendant BELL, WALTERMIRE and DOES 1-10)

21      34.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1
22  through 33 of this Complaint with the same force and effect as if fully set forth
23  herein.

24      35.    The Defendants BELL, WALTERMIRE and DOES 1-10 were acting
25  under the color of state law and within the course and scope of their employment.

26      36.    Defendants BELL, WALTERMIRE and DOES 1-10 used excessive
27  force against Plaintiff SOLIS when they fired lethal rounds, striking Plaintiff
28  SOLIS. Defendants' unjustified shooting and other uses of force, deprived Plaintiff

-8-

SOLIS of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff SOLIS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.    Defendants violated Plaintiff SOLIS' Fourth Amendment rights when they used excessive and unreasonable force against Plaintiff SOLIS, firing several lethal rounds at him, when Plaintiff SOLIS was not an immediate threat of death or serious bodily injury at the time, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given prior to the shots that deadly force would be used.

38.    As a result of the foregoing, Plaintiff SOLIS suffered great physical and mental pain and suffering, loss of enjoyment of life, and permanent injury.

39.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff SOLIS, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

40.    As a result of their misconduct, Defendants are liable for Plaintiff SOLIS' injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

41.    Plaintiff SOLIS seeks compensatory and punitive damages.

42.    Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Plaintiff against Defendants COUNTY and DOE SUPERVISORS)

43.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44.    The Defendant WALTERMIRE, DOE DEPUTIES, and DOE SUPERVISORS were acting under the color of state law and within the course and

-9-

1  scope of their employment with Defendant COUNTY and RCSD.

2      45.    The acts of Defendants deprived Plaintiff SOLIS of his particular rights

3  under the United States Constitution as alleged herein.

4      46.    Upon information and belief, a final policymaker, including DOE

5  SUPERVISORS, ratified Defendants acts and the bases for their actions. Upon

6  information and belief, the final policymaker knew of and specifically approved of

7  Defendants' conduct and the bases for them, including their actions and inactions,

8  pre-shooting tactics, and use of deadly force.

9      47.    Upon information and belief, the written policies and basic officer

10 training with respect to the incident include that law enforcement officers are not to

11 use deadly force against an individual unless the individual poses an immediate risk

12 of death or serious bodily injury to the officers or others. The Defendants' actions

13 deviated from these written policies and basic law enforcement training because

14 Plaintiff SOLIS did not pose an immediate threat of death or serious bodily injury to

15 the involved law enforcement officers or anyone else.

16     48.    Upon information and belief, a final policymaker has determined (or will

17 determine) that the acts of Defendants were "within policy," and have ratified

18 multiple prior incidents of the use of excessive force, including excessive less-lethal

19 force and deadly force.

20     49.    Upon information and belief, the Defendant COUNTY approved of the

21 Defendant WALTERMIRE and DOE DEPUTIES' actions and inactions, after which

22 Defendant COUNTY officials, including DOE SUPERVISORS, found the

23 Defendants' conduct was within the official policies of the Defendant COUNTY

24 and/or consistent with COUNTY deputies' basic training. On information and belief,

25 the basis for such approval was based on the Defendants' self-serving statements,

26 despite evidence that Plaintiff SOLIS was not an immediate threat of death or serious

27 bodily injury to anyone at the time the excessive force was used, reasonable

28 alternatives were available, and no warning was given.

50.    Upon information and belief, after this incident, Defendant WALTERMIRE and DOE DEPUTIES were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with their conduct in this incident.

51.    Upon information and belief, the following are only a few examples of cases where the RCSD deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the COUNTY routinely ratifies such behavior:

a.    In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies.

b.    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy.

c.    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy.

d.    In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW) (FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy.

e.    In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was

-11-

killed by a use of force by a COUNTY sheriff's deputy.

    f.  In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat. The jury in that case returned a verdict in favor of plaintiff.

    g.  In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

52.    Upon information and belief, Defendant COUNTY, through its officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated herein, these Defendant COUNTY officials condoned, tolerated and through actions and inactions thereby ratified such deficient policies. In doing so, said Defendant COUNTY officials acted with deliberate indifference to the foreseeable effects and consequences of these deficient policies, including their policy of ratification, with respect to the constitutional rights of Plaintiff SOLIS and other individuals similarly situated.

53.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant COUNTY officials acted with intentional, reckless, and callous disregard for the life and rights of Plaintiff SOLIS. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant COUNTY and its officials were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff SOLIS.

54.    Accordingly, Defendants COUNTY and each are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

55.    The conduct of the Defendant DOE SUPERVISORS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff SOLIS, and therefore warrants the imposition of exemplary and punitive

1  damages as to the Defendant SUPERVISORS.

2       56.     Plaintiff SOLIS seeks compensatory and punitive damages.

3       57.     Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs.

4

5  **THIRD CLAIM FOR RELIEF**

6  **Municipal Liability – Failure to Train (42 U.S.C. §1983)**

7  (Plaintiff against Defendants COUNTY and DOE SUPERVISORS)

8       58.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

9  through 57 of this Complaint with the same force and effect as if fully set forth

10  herein.

11       59.     The Defendant WALTERMIRE, DOE DEPUTIES, and DOE

12  SUPERVISORS were acting under the color of state law and within the course and

13  scope of their employment with Defendant COUNTY and RCSD.

14       60.     The acts of Defendants deprived Plaintiff SOLIS of his particular rights

15  under the United States Constitution as alleged herein.

16       61.     The training policies of Defendants COUNTY were not adequate to train

17  its deputies to handle the usual and recurring situations with which they must deal.

18  This includes training with respect to tactics, the use of force, including deadly force,

19  de-escalation techniques, controlling deputy emotions and fears, inappropriate

20  "shoot/don't shoot" scenarios in training that promote the use of unreasonable force,

21  and continually assessing a situation to justify every shot fired. In addition to failing

22  to train deputies to safely handle obvious, recurring situations, Defendant COUNTY

23  affirmatively chose a policy it knew was likely to lead to, and in fact had previously

24  led to, deprivations of constitutional rights including unreasonable seizures in

25  violation of the Fourth Amendment.

26       62.     Defendants COUNTY and DOE SUPERVISORS were deliberately

27  indifferent to the obvious consequences of its failure to train its deputies adequately,

28  including training with respect to tactics, the use of force, including deadly force, and

1   de-escalation techniques.

2       63.    The failure of Defendant COUNTY to provide adequate training caused

3   the deprivation of Plaintiff SOLIS' rights by Defendants; that is, Defendants' failure

4   to train is so closely related to the deprivation of Plaintiff SOLIS' rights as to be the

5   moving force that caused the ultimate injury.

6       64.    On information and belief, Defendant COUNTY failed to train

7   Defendants properly and adequately, including regarding the following:

8           a.  Not providing adequate time and resources for deputies to train

9               when the training does exist, so that the deputies can rely on that

10              training during incidents.

11          b.  Not enforcing the basic training standards, when they do exist, that

12              are designed to prevent deputies from using excessive and

13              unreasonable force.

14          c.  Not adequately providing recurring training so that deputies do not

15              lose necessary perishable skills, and not re-training deputies who

16              have used force in the field.

17          d.  Effective communication to enable deputies to gain cooperation and

18              voluntary compliance in stressful situations.

19          e.  Effective communication as a basic element of the use of force; the

20              goal of which to gain voluntary compliance without resorting to

21              physical force, especially deadly force.

22          f.  That the use of deadly force is the most serious decision a peace

23              officer may ever have to make, and such a decision should be

24              guided by the reverence for human life and used only when other

25              means of control are unreasonable or have been exhausted.

26          g.  Reverence for life as the foundation on which the use of deadly

27              force rests. Deadly force is always the last resort to be used in the

28              direst of circumstances. The authority to use deadly force is an

-14-

awesome responsibility given to peace officers by the people who expect them to exercise that authority judiciously. In the law enforcement/community partnership, the expectation that peace officers are self-disciplined and accountable.

h. Self-control as one of a peace officer's greatest assets in dealing with a person or a situation.

i. Unreasonable fear includes overreactions to true potential threats as well as reactions to unreal threats based on prejudice or poor application of experience.

j. Unreasonable fear can be responsible for inappropriate responses such as a failure to respond or responding inappropriately (using unreasonable force).

k. Unreasonable force occurs when the type, degree, and duration of force employed was neither necessary nor appropriate.

l. The community expects that its peace officers will use only reasonable amounts of force and only use deadly force when absolutely necessary. Likewise, it expects that someone, including peace officers, will intervene if reasonable force is exceeded.

m. Use of other techniques to the use of deadly force including but are not limited to de-escalation, communication, conflict resolution, defensive tactics, less-lethal force, and use of time and distance.

n. That a deputies' subjective fear of future harm alone is insufficient as an imminent threat. An imminent threat is one that requires instant attention.

o. Training with respect to tactics.

p. Training with respect assessing when it is appropriate to use of force, including deadly force, and training on how much force is appropriate even when some force is appropriate.

-15-

65.    Upon information and belief, the following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of Riverside failed to adequately train its deputies with regard to the use of force:

a.    In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies.

b.    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy.

c.    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy.

d.    In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff's deputy.

e.    In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy.

f.    In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat.

-16-

The jury in that case returned a verdict in favor of plaintiff.

    g.  In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

66.    By reason of the aforementioned acts and omissions, Plaintiff SOLIS has suffered past and future pain and suffering, loss of enjoyment of life, and permanent injury.

67.    Upon information and belief, Defendant COUNTY, through its officials, had either actual or constructive knowledge of the deficient training policies, practices and customs alleged herein. Despite having knowledge as stated herein, these Defendant COUNTY officials condoned, tolerated and through actions and inactions thereby ratified such deficient training. In doing so, Defendant COUNTY officials acted with deliberate indifference to the foreseeable effects and consequences of such deficient training with respect to the constitutional rights of Plaintiff SOLIS and other individuals similarly situated.

68.    Through its deficient training, Defendant COUNTY officials acted with intentional, reckless, and callous disregard for the life and rights of Plaintiff SOLIS. Furthermore, the deficient training tolerated by Defendant COUNTY and its officials were affirmatively linked to and was a significantly influential force behind the injuries of Plaintiff SOLIS.

69.    Accordingly, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

70.    The conduct of the Defendant DOE SUPERVISORS in condoning, maintaining, and providing deficient training was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff SOLIS, and therefore warrants the imposition of exemplary and punitive damages as to the Defendant SUPERVISORS.

71.    Plaintiff SOLIS seeks compensatory and punitive damages.

72.    Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs

## FOURTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Plaintiff against Defendants COUNTY and DOE SUPERVISORS)

73.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.    Defendants WALTERMIRE, DOE DEPUTIES, and DOE SUPERVISORS were acting under the color of state law and within the course and scope of their employment with Defendant COUNTY and RCSD.

75.    Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY.

76.    On information and belief, Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff SOLIS' harm.

77.    Upon information and belief, in addition to those policies alleged above, Defendants COUNTY and DOE SUPERVISORS maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a.  Using excessive force, including excessive deadly force.

    b.  Providing inadequate training regarding the use of deadly force.

    c.  Employing and retaining as employees Defendants WALTERMIRE and DOE DEPUTIES, who Defendant COUNTY at all times material herein knew or reasonably should have known used excessive force.

    d.  Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including

-18-

Defendants WALTERMIRE and DOE DEPUTIES, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the propensities to use excessive force.

e.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by COUNTY officials, Defendants WALTERMIRE and DOE DEPUTIES.

f.  Failing to adequately discipline COUNTY deputies, including Defendants WALTERMIRE and DOE DEPUTIES, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

g.  Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional.

h.  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved.

i.  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officials do not report other officials' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another official, while following the code, the official being questioned will claim ignorance of the other officials' wrongdoing.

j.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement shootings, including by failing to discipline, retrain, investigate, terminate, and

-19-

recommend officials for criminal prosecution who participate in
unreasonable shootings.

k.  Upon information and belief, COUNTY, including but not limited
to RCSD, has an unofficial policy, practice and/or custom of finding
almost all—if not all—of its deputy involved shootings to be within
policy, of not disciplining its deputies involved in shootings, not
retraining or firing deputies involved in shootings, and of not
recommending criminal charges against their deputies involved in
excessive and unreasonable deputy-involved shootings. As a result,
deputies involved in excessive uses of deadly force are allowed back
to patrol the streets even though COUNTY knew, or should have
known, that these deputies have a propensity for using excessive
deadly force against the citizens that the deputies are supposed to
protect and serve, especially against minorities and the mentally ill.

l.  Upon information and belief, as a result of COUNTY policy,
custom and/or practices, RCSD deputies know that if they use
deadly excessive force against someone, they will not be disciplined
and their use of force will be found within policy, which results in a
significant number of COUNTY deputies being involved in
numerous shootings. This policy, custom and/or practice was
established by supervising and managerial employees of COUNTY,
specifically, those employees tasked with determining whether
deputy-involved shootings fall within policy, those employees
responsible for disciplining, retraining, and firing employees who
use excessive force, and for those employees responsible for making
recommendations of criminal charges being filed against deputies
who use excessive deadly force; and

m. Upon information and belief, this policy, custom and/or practice is

-20-

long lasting and persistent, and existed well before Plaintiff SOLIS was shot by Defendants WALTERMIRE and DOE DEPUTIES. This policy, custom and/or practice was established so that COUNTY deputies do not bear the responsibility for the people that they use excessive deadly force against. This policy, custom and/or practice exists so that the public does not have such a negative perception of COUNTY and its sheriff's department and so that COUNTY can avoid the repercussions associated with its deputies' use of excessive deadly force against citizens, including negative publicity, avoiding criminal prosecution, and avoiding civil liability. A significant reason that this policy, custom and/or practice was established was to avoid COUNTY being liable, under a theory of vicarious liability, for the uses of excessive and unreasonable deadly force by its employees. In other words, there is a large financial incentive for COUNTY to erroneously determine that most, if not all, of its deputies' uses of deadly force are within policy. If COUNTY, through its policymakers and supervisors, would admit that their deputies were at fault for using excessive and unreasonable deadly force, then COUNTY is aware of how much they would have to pay for any associated litigation.

78.    Defendants COUNTY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff SOLIS and other individuals similarly situated.

79.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, DOE SUPERVISORS acted with intentional, reckless, and callous disregard for the life of Plaintiff SOLIS and for Plaintiff SOLIS' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff SOLIS.

80.     Based on information and belief, the following are only a few examples of cases evidencing Defendant COUNTY'S unconstitutional policies, where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of Riverside routinely ratifies such behavior and maintains a practice of allowing such behavior:

a.   In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603, Defendant COUNTY settled with the family of a man who was attacked by a K-9 and shot by COUNTY sheriff's deputies.

b.   In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700, Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy.

c.   In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), the COUNTY settled with the family of a man who was killed as a result of a use of force by a COUNTY Sheriff's deputy.

d.   In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), the COUNTY settled with the family of an unarmed

man who was killed by a use of force by a COUNTY Sheriff's deputy.

e.  In *Castillo v. County of Riverside*, case number EDCV 13-00789 VAP (SPx), the COUNTY settled with the family of a man who was killed by a use of force by a COUNTY sheriff's deputy.

f.  In *Munoz v. County of Riverside*, case number RIC120794, plaintiff argued that the involved COUNTY Sheriff's deputy used deadly force against her son at a time when he posed no immediate threat. The jury in that case returned a verdict in favor of the plaintiff.

g.  In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-1767, Defendant COUNTY settled with the family of an unarmed man who was killed by a use of force by a COUNTY Sheriff deputy.

h.  In *Arocha v. County of Riverside, et al.*, case number 18-CV-01585, Defendant COUNTY settled with an unarmed man who was beaten unconscious and suffered a traumatic brain injury as a result of force by COUNTY Sheriff's deputies.

81.   By reason of the aforementioned acts and omissions, Plaintiff SOLIS has suffered past and future pain and suffering, loss of enjoyment of life, and permanent injury.

82.   Accordingly, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

83.   The conduct of the Defendant DOE SUPERVISORS in condoning, maintaining, and providing these longstanding unconstitutional policies, customs, and/or practices was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff SOLIS, and therefore warrants the imposition of exemplary and punitive damages as to the Defendant SUPERVISORS.

84.   Plaintiff SOLIS seeks compensatory and punitive damages.

85.    Plaintiff SOLIS also seeks reasonable stautory attorneys' fees and costs

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(Plaintiff against Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE OFFICERS in their individual capacity, directly; and Defendants COUNTY and STATE vicariously)

86.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87.    Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE OFFICERS, while working as officials for the RCSD and CHP respectively and acting within the course and scope of their duties, intentionally shot Plaintiff SOLIS multiple times and used unreasonable and excessive force against him.

88.    The use of deadly force against Plaintiff SOLIS by Defendants was unreasonable because Plaintiff SOLIS did not pose an immediate threat of death or serious bodily harm to any person any the time, there were less lethal alternatives, and no verbal warning was given.

89.    At all relevant times, Plaintiff SOLIS was not an immediate threat of bodily injury to anyone, including Defendants.

90.    Plaintiff SOLIS never consented to the use of force used against him by Defendants.

91.    Plaintiff SOLIS was harmed when he was shot multiple times, and experienced severe pain and suffering, injury, and damages.

92.    The Defendants' use of unreasonable force, including deadly force, was the direct cause, proximate cause, and only cause of Plaintiff SOLIS' pain and suffering, injury, harm, and damages. In other words, the unreasonable force was at least a substantial factor in causing Plaintiff SOLIS' pain and suffering, injury, harm,

-24-

and damages.

93.    Defendants caused various injuries as mentioned herein and are liable either because they directly harmed Plaintiff SOLIS or integrally participated in or failed to intervene in the incident, and engaged in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Plaintiff SOLIS.

94.    Defendants are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

95.    Defendants COUNTY and STATE are vicariously liable for the wrongful acts of their employees, including Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96.    The conduct of Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff SOLIS to an award of exemplary and punitive damages as to these Defendants.

97.    Plaintiff SOLIS seeks compensatory damages, and punitive damages.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code §820 and California Common Law)**

(Plaintiff against Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE OFFICERS in their individual capacity, directly; and Defendants COUNTY and STATE vicariously)

98.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99.    At all relevant times, Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE OFFICERS, were working as officials for the RCSD and CHP, respectively, and acting under color of state law and within the course and scope of their duties.

100.    Peace officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officials so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

101.    Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE OFFICERS breached their duty of care by their conduct as alleged herein. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

    a.  The failure to properly and adequately assess the need to use force or deadly force against Plaintiff SOLIS.

    b.  The negligent tactics and handling of the situation with Plaintiff SOLIS, including pre-shooting negligence.

    c.  The failure to properly train and supervise employees, both professional and non-professional, including Defendants BELL, WALTERMIRE and DOES 1-10.

    d.  The negligent handling of evidence and witnesses.

    e.  The negligent communication of information during the incident.

102.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff SOLIS was caused to suffer severe pain and suffering. In other words, the Defendants' negligence was at

-26-

least a substantial factor in causing Plaintiff SOLIS' harm, injury, and damages.

103.   At all relevant times, Plaintiff SOLIS was not an immediate threat of death or serious bodily injury to anyone, including Defendants, no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to Defendants.

104.   Further, Plaintiff SOLIS' harm, specifically being shot by the Defendants when Plaintiff SOLIS was not an immediate threat of death or serious bodily injury to anyone, ordinarily would not have happened unless Defendants were negligent.

105.   The harm inflicted by Defendants was caused by something that only the Defendants controlled. The Defendants had control over their firearms, as well as control over the tactical decisions made during the incident.

106.   As a result of their misconduct, Defendants BELL, WALTERMIRE and DOES 1-10 are liable for Plaintiff SOLIS' injuries, either because they were integral participants in their negligence, or because they failed to intervene to prevent these violations.

107.   Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

108.   Defendants COUNTY and STATE are vicariously liable for the wrongful acts of Defendants BELL, WALTERMIRE and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Defendants COUNTY and STATE are vicariously liable under California law and the doctrine of *respondeat superior*.

109.   Plaintiff seeks attorneys' fees under this claim pursuant to Cal. Code of Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest that Plaintiff, and those similarly situated, to be free from intimidation and physical

1   assault by law enforcement as described herein.

2       110.   Plaintiff SOLIS seeks compensatory damages, including general and

3   special damages in an amount to be proven at trial.

4

5   ## SEVENTH CLAIM FOR RELIEF

6   ### Bane Act (Violation of Cal. Civil Code §52.1)

7   (Plaintiff against Defendants WALTERMIRE, DOE DEPUTIES, BELL and DOE

8       OFFICERS in their individual capacity, directly; and Defendants COUNTY and

9               STATE vicariously)

10      111.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

11  through 110 of this Complaint with the same force and effect as if fully set forth

12  herein.

13      112.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person

14  from using or attempting to use violent acts, threats, intimidation, or coercion to

15  interfere with the exercise or enjoyment by any individuals' rights secured by the

16  Constitution or laws of the United States, or of the rights secured by the Constitution

17  or laws of this state in retaliation against another person for exercising that person's

18  constitutional rights.

19      113.   On information and belief, Defendants BELL, WALTERMIRE and

20  DOES 1-10, while working for COUNTY and STATE and acting within the course

21  and scope of their duties, intentionally committed, and attempted to commit acts of

22  violence against Plaintiff SOLIS, including by shooting him without justification or

23  excuse, and by integrally participating and failing to intervene in the above violence.

24      114.   When Defendants used excessive and unreasonable force against

25  Plaintiff SOLIS, they intentionally interfered with his civil rights to be free from

26  excessive force.

27      115.   Further, the Defendants used excessive and unreasonable force in

28  violation of the Constitution with intent to deprive Plaintiff SOLIS of his

-28-

1  Constitutional rights to be free from excessive force.

2     116.   On information and belief, Defendants intentionally violated Plaintiff

3  SOLIS' rights to be free from excessive force by demonstrating reckless disregard for

4  his rights when Defendants shot Plaintiff SOLIS.

5     117.   Defendants violated Plaintiff SOLIS' Constitutional right to be free from

6  excessive and unreasonable force by peace officers. Defendants intended to violate

7  Plaintiff SOLIS' rights and/or acted with reckless disregard with regard to Plaintiff

8  SOLIS' Constitutional rights, which is evidence that they intended to violate Plaintiff

9  SOLIS' rights.

10    118.   The conduct of Defendants was a substantial factor in causing Plaintiff

11 SOLIS' harms, losses, injuries, and damages.

12    119.   Defendants COUNTY and STATE are vicariously liable for the

13 wrongful acts of Defendants BELL, WALTERMIRE and DOES 1-10, their

14 respective employees, pursuant to section 815.2(a) of the California Government

15 Code, which provides that a public entity is liable for the injuries caused by its

16 employees within the scope of the employment if the employee's act would subject

17 him or her to liability. Defendants COUNTY and STATE are vicariously liable under

18 California law and the doctrine of *respondeat superior*.

19    120.   The conduct of the individual Defendants was malicious, wanton,

20 oppressive, and accomplished with a conscious disregard for Plaintiff SOLIS' rights,

21 justifying an award of exemplary and punitive damages as to those Defendants.

22    121.   Plaintiff SOLIS seeks compensatory damages, punitive damages, costs,

23 attorneys' fees, and treble damages under this claim.

24

25

26

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff EDGAR SOLIS requests entry of judgment in his favor and against Defendants COUNTY OF RIVERSIDE, SALVADOR WALTERMIRE, STATE OF CALIFORNIA, MICHAEL BELL, and DOES 1-10, inclusive, as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, under federal and state law.

C.    For punitive and exemplary damages against the individual defendants in an amount to be proven at trial.

D.    For statutory damages.

F.    For reasonable attorneys' fees, and treble damages, including litigation expenses.

G.    For interests and costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:    July 31, 2023        **LAW OFFICES OF DALE K. GALIPO**
                               **LAW OFFICES OF GRECH & PACKER**

                               By: _____*/s/ Marcel F. Sincich*_____
                               Dale K. Galipo
                               Trenton C. Packer
                               Marcel F. Sincich
                               *Attorneys for Plaintiff*

-30-

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff SOLIS hereby submits this demand that this action be tried in front

3  of a jury.

4

5  DATED:      July 31, 2023          **LAW OFFICES OF DALE K. GALIPO**
                                      **LAW OFFICES OF GRECH & PACKER**

6

7                                     By: _____*/s/ Marcel F. Sincich*_____

8                                          Dale K. Galipo
                                           Trenton C. Packer
                                           Marcel F. Sincich
9                                          *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28