**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9567
  Fax: (619) 645-2581
  E-mail: David.Klehm@doj.ca.gov

*Attorneys for Defendant* STATE OF CALIFORNIA and MICHAEL BELL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR SOLIS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; MICHAEL BELL; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**JOINT STIPULATION TO MODIFY THE SCHEDULING ORDER**<br><br>**Jury Trial**<br>Date: Tuesday, October 29, 2023<br>Time: 09:00 a.m.<br>Ctrm: 5B<br>    350 West 1st Street, 6th Floor<br>    Los Angeles, California 90012 |

1 **TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR**
2 **ATTORNEYS OF RECORD**:
3     By and through their counsel of record in this action, Plaintiff EDGAR
4 SOLIS, and STATE OF CALIFORNIA (by and through California Highway
5 Patrol), and MICHAEL BELL (collectively "Defendants") (Plaintiff and
6 Defendants together called "the parties") hereby submit the following Joint
7 Stipulation to Modify the Scheduling Order (Doc. 25):
8     1.    This civil rights, officer-involved shooting case and involves
9 Plaintiff's claims under 42 U.S.C. §1983 and state law regarding an incident
10 between Plaintiff, Deputy Waltermire, and Officer Bell where deadly force was
11 used against Plaintiff. Specifically, Plaintiff brings claims for a. Fourth
12 Amendment – Excessive Force; b. Municipal Liability – Ratification; c. Municipal
13 Liability – Inadequate Training; d. Municipal Liability – Unconstitutional
14 Custom, Practice, or Policy; e. Battery; f. Negligence; and g. Violation of Cal.
15 Civil Code § 52.1. (Doc. 1-1.) Plaintiff initially filed his Complaint in Riverside
16 County Superior Court on February 2, 2023, and Defendants removed the action
17 to this Court on March 24, 2023. (Doc. 1.)
18     2.    On January 17, 2024, the Parties filed their Stipulated Request for
19 Court Order Allowing Deposition of Incarcerated Plaintiff, for January 31, 2024.
20     3.    On January 31, 2024, the day of Plaintiff's originally scheduled
21 deposition, Plaintiff leaned that morning that on December 27, 2023, the County
22 of Riverside District Attorney's Office filed charges against Plaintiff related to
23 this incident. Plaintiff had no prior notice of these charges and Plaintiff's counsel
24 did not have an opportunity to discuss the issues with Plaintiff prior to the
25 deposition. Thus, Plaintiff notified Defendants that he would exercise his Fifth
26 Amendment rights regarding anything related to the new criminal charges filed
27 against him. Ultimately, the parties agreed to suspend the deposition to allow
28 Plaintiff time to confer with counsel.

4. On February 14, 2024, Plaintiff and Defendants County and Deputy Waltermire reached an agreement to settle Plaintiff's claims as to the County Defendants only. On February 16, 2024, Defendants County and Deputy Waltermire filed their Notice of Settlement as to Riverside County Defendants' Only. (Doc. 41.)

5. Additionally, on March 1, 2024, the new Deputy Attorney General was assigned to this matter as counsel for the State Defendants, CHP, and Officer Bell, and required some time to familiarize himself with this matter prior to proceeding to with the deposition of Officer Bell and other matters.

6. Therefore, on March 7, 2024, the Parties filed a stipulation to modify the Scheduling Order to allow the Parties with sufficient time to assess the status of the pending criminal matter, to stay discovery on Plaintiff during that time, and to see if there is a possibility for mediation with the State Defendants.

7. On April 12, 2023, the Court found that good cause was not shown in the Parties prior stipulation and denied the Parties' request. (Doc. 44.) At that time there was one month remaining prior to the May 10, 2024, discovery cut-off. (Doc. 25.)

8. Thereafter, the Parties scheduled the deposition of Plaintiff for the only remaining time prior to the discovery cut-off that the facility had available, May 3, 2024. The parties also scheduled Defendant Officer Bell's deposition for May 8, 2024, and subpoenaed the depositions of the Hemet Police Department partner officers, Sgt. Paez and Det. Sobaszek, for May 6, 2024.

9. In late April, the Parties discovered that Sgt. Paez was in a training course without access to be deposed from May 6 to 10, 2024, but would be available for deposition on May 15, 2024.

10. During Plaintiff's May 3, 2024 deposition, Plaintiff was asked a serious of questions related to the incident which had a direct implication on his active criminal matter, and Plaintiff raised his Fifth Amendment right during the

1 deposition and was instructed by counsel not to answer. Plaintiff's damages were
2 discussed at length at the deposition as well as Plaintiff's background.
3     11.    On May 6, 2024, the parties were present for the deposition of Det.
4 Sobaszek and waited 20 minutes for him to appear. During that time, Plaintiff's
5 counsel contacted counsel for Det. Sobaszek and learned that he mistakenly
6 believed his deposition was rescheduled because he too is currently in a training
7 course. Then, the parties also learned that Det. Sobaszek is available for
8 deposition on the morning of May 15, 2024.
9     12.    The parties wish to take the deposition of Det. Sobaszek and Sgt.
10 Paez without unnecessarily interfering with their training schedules and patrol
11 assignments. Both Det. Sobaszek and Sgt. Paez are available for deposition, with
12 the Court's permission, on May 15, 2024, and the parties' counsel is also available
13 at that time.
14     13.    The parties have agreed and hereby stipulate that if the Court allows
15 the parties to extend the discovery cut-off by twelve days, for the limited purpose
16 of allowing the parties to take the deposition of Det. Sobaszek and Sgt. Paez on
17 May 15, 2024, then Defendant Officer Bell's deposition can be re-scheduled for
18 the next date available to the parties, on May 22, 2024.
19     14.    If the Court does not grant this stipulation by May 7, 2024, the
20 parties will proceed with Officer Bell's deposition on May 8, 2024, as currently
21 scheduled, and suspend this agreement. Further, if this agreement is suspended,
22 Plaintiff believes it will be necessary to file an *ex parte* application to allow the
23 depositions of Det. Sobaszek and Sgt. Paez on May 15, 2024.
24     15.    However, if the Court grants this stipulation by May 7, 2024, the
25 parties will conduct the depositions of Det. Sobaszek and Sgt. Paez on May 15,
26 2024, and the deposition of Officer Bell on May 22, 2024.
27     16.    Provided that the Defendant Officer's deposition will not be
28 completed until May 22, 2024, the parties believe it is in the best interest of this

matter as well as economy of the parties and court to extend the expert discovery dates by approximately two (2) weeks to accommodate for these depositions.

17. No other dates and deadlines will be affected by granting this Stipulation.

18. This is the Parties <u>second</u> request for any modification to the scheduling order in this action.

**STIPULATION FOR CONTINUANCE:**

19. Accordingly, in light of the foregoing, and in order to facilitate the interests of all parties to this action, by and through their counsel of record in this action, the Parties hereby Stipulate that **Good Cause** exists, and the parties respectfully request that the Court **modify the Scheduling Order as follows:**

- To continue the **Discovery Cut-off** by twelve (12) days, from May 10, 2024 to **May 22, 2024**, for the limited purpose of allowing the parties to take the deposition of Det. Sobaszek and Sgt. Paez on May 15, 2024, and the deposition of Officer Bell on May 22, 2024.
- To continue the **Initial Expert Disclosure** date from May 14, 2024 to **May 31, 2024**.
- To continue the Rebuttal Expert Disclosure date from May 28, 2024 to **June 14, 2024**.
- To continue the Expert Discovery Cut-off date from June 11, 2024 to **June 28, 2024**.

**IT IS SO STIPULATED.**

Respectfully Submitted,
DATED: May 6, 2024

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: _____/s/_____Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorney for Plaintiff*

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 | DATED: May 6, 2024 | ROB BONTA<br>Attorney General of California<br>RHONDA L. MALLORY<br>Supervising Deputy Attorney General |

By:  /s/   *David Klehm*
DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendant* State of California (by and through the California Highway Patrol)