**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>  Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br><u>**Hearing on Motions *in Limine***</u>:<br>October 1, 2024 at 09:00 a.m.<br><u>**Final Pretrial Conference**</u>:<br>October 8, 2024 at 10:00 a.m.<br><u>**Jury Trial**</u><br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff EDGAR SOLIS hereby moves *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to **any Information Unknown to Defendant Officer Michael Bell** at the time of his use of excessive and unreasonable deadly force, including:

a) <u>Substance Use History (drug, tobacco, or alcohol use or possession)</u> by Plaintiff at any time, including on the date of the shooting and prior to the date of the shooting, assumptions or opinions of or based on past drug use based on behavior; and the post-incident toxicology results.

b) <u>Criminal History</u> of Plaintiff, including prior arrests; prior convictions; prior and post-incident charges filed not resulting in conviction; post-incident charges filed resulting in conviction; any other contacts with law enforcement; any times in custody or incarcerated; and any criminal history including detail about unrelated incidents not listed in the BOLO report.

c) <u>Other Wrongs or "Bad Acts"</u> character evidence of Plaintiff, including any inference to gang affiliation; any unrelated wrongs from other individuals such as other incidents in the area or neighborhood; and any criminal history of Plaintiff's brother.

d) <u>After-Acquired Investigatory Reports and Information</u> obtained by law enforcement after the incident, that was not known to Officer Bell at the time of his use of excessive and unreasonable force, including hearsay CHP, RCSD and RCDA reports related to investigation of incident; CHP, RCSD and RCDA findings regarding whether the force was within policy or whether to press criminal charges; OIS briefing audio and report; AGO 1-496; County 9-64 – unless for impeachment or refresh; and whether the gun was loaded or had an expended round.

|   |   |   |
|---|---|---|
| 1 | e) | <u>Speculative Statements of Plaintiff's Intent and Thoughts</u> cannot be known to any other person, it is inherently speculative. Plaintiff's perceived conduct is relevant, not what Defendant thinks Plaintiff was thinking. Further, Officer Bell admitted that he did not know what Solis was thinking (Exh. A, Bell Depo 19:18-23) and Mr. Meyer admitted that he does not know what was thinking and does not know Solis' intent (Exh. K, Meyer Depo 38:15-23; 45:2-4). |

Plaintiff will suffer specific and unfair prejudice if this Motion *in Limine* is not granted because the above information was undisputedly unknown to Defendant Bell at the time of the incident. Despite it admittedly being information unknown, Defendants intend to admit this information as "corroborating evidence" – in other words, to unfairly bolster testimony with inadmissible evidence. The above categories of information are irrelevant to liability and damages; and even if remotely relevant have such minimal probative value that there is a substantial risk of confusing the jury, presenting cumulative evidence, unnecessarily consuming time and misleading the jury in their task of determining whether Defendant Bell is liable, presenting unfair prejudice to Plaintiff; and importantly, including impermissible character evidence and hearsay without exception. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801, 802, 805 and the longstanding and binding Ninth Circuit prohibition of hindsight evidence in an excessive force case pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* Nos. 1-5 and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on August 29, 2024 and September 5, 2024, during which Plaintiff understood a partial resolution was reached. Present at the conference were Dale K. Galipo (in the earlier) and Marcel F. Sincich for the Plaintiff and David Klehm for the Defendants. The conference took place over Zoom and telephonically. Defendants plan on presenting the information identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion. (Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶¶2, 3.)

Respectfully submitted,

Dated: September 10, 2024,   **LAW OFFICE OF DALE K. GALIPO**
                                            **LAW OFFICES OF GRECH & PACKER**

                                            By _____/s/_____Marcel F. Sincich_____
                                              Dale K. Galipo
                                              Trenton C. Packer
                                              Marcel F. Sincich
                                              *Attorneys for Plaintiff* EDGAR SOLIS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Plaintiff Edgar Solis by State of California Highway Patrol ("CHP") Officer Michael Bell. By this Motion *in Limine*, Plaintiff moves to exclude from testimony, exhibits, and argument at trial any information unknown to Bell at the time of his use of excessive force against Solis, including: **(A)** <u>Substance Use History</u> (drug, tobacco, alcohol use or possession at any time, including prior to and on the date of the shooting, any assumptions or opinions of or based on drug use, and the post-incident toxicology results; **(B)** <u>Criminal History</u>, including prior law enforcement contacts, arrests and convictions, prior and post-incident charges filed, incarceration history, and any criminal history including detail about unrelated incidents not listed in the BOLO report; **(C)** <u>Other Wrongs or "Bad Acts"</u> character evidence of Plaintiff, including any inference to gang affiliation, any unrelated wrongs from other individuals such as other incidents in the area or neighborhood, and any criminal history of Plaintiff's brother; **(D)** <u>After-Acquired Investigatory Reports and Information</u> that was not known to Bell at the time of his excessive use of deadly force, including hearsay CHP, Sheriff's and District Attorney reports related to investigation of incident; CHP, Sheriff's and District Attorney findings regarding whether the force was within policy or whether to press criminal charges; OIS briefing audio and report; AGO 1-496; County 9-64 – unless for impeachment or refresh; and whether the subject gun was loaded or had an expended round; and **(E)** Testimony of Solis' subjective state of mind, thoughts, and intentions.

The central issue in this case is whether the deadly force used against Solis by Bell was excessive. The analysis is limited to information known to Bell at the time the force was used. Defendants' attempt to use unknown information is a distraction to the jury intended to inflame the passions of the jury and should be excluded. Plaintiff anticipates Defendants will make every effort to insert criminal history, PCP,

and methamphetamine into every witness's testimony as "corroborating evidence" to support their speculative theories and opinions that people on drugs act violently and do not feel pain in their attempt to argue that Solis acted violently and did not feel pain – in other words, Defendants will attempt to introduce impermissible propensity evidence. Defendants will also attempt to argue, inconsistent with the law, that Solis' criminal history, both *convictions unknown* and mere allegations known make him a deadly threat. Defendants' theories require leaps in logic and serve as nothing more than a smear campaign to prejudice Solis to make this a trial of his character instead of Bell's unconstitutional conduct. The law is clear -- Defendants are not permitted to use after-acquired information to bolster their case.

It is undisputed: Bell knew nothing about Plaintiff's substance use history and certainly did not know the post-incident toxicology results; Bell knew nothing about Plaintiff's arrest or conviction history (besides it including a felony), including prior arrests, convictions, charges, contacts, or incarcerations; Bell had the BOLO report only, and knew no details about the then alleged crimes under investigation; Bell knew nothing of Plaintiff's prior wrongs or bad acts; and Bell clearly did not have the post-incident investigation reports, including post-incident discovery that the subject gun was loaded or that it had an expended round therein. It is well-settled and binding law that information unknown is not relevant to the analysis and should be excluded.

Defendants' evidence is hearsay, speculative, irrelevant, unduly prejudicial, and impermissible character evidence designed to taint the jury's perspective of Plaintiff, distract them from their true task, and deprive Plaintiff of a fair trial. Thus, Plaintiff respectfully request the Court issue an order excluding information unknown to Bell at the time of his use of excessive and unreasonable deadly force from this trial.

## II. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. <u>Rules</u> 401, 402. Since the Supreme Court

first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). In *Glenn*, unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. Rejecting the "suggestion that…these statements provide uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement," the Ninth Circuit reiterated, "**[w]e cannot consider evidence of which the officers were unaware**…" *Id.* at 873, n.8, citing *Graham*, 490 U.S. at 396 (emphasis added). Accordingly, juries are instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id*.; Ninth Circuit Model Jury Inst. 9.25.

Considering how the jury will be instructed and given the great weight of authority on this issue, permitting the jury to learn about facts and circumstances *that Bell was not confronted with* or that were otherwise unknown to him at the time he used deadly force against Solis would be highly improper. Evidence unknown to Bell at the time of his excessive use of deadly force—including any evidence of **(A)** Substance Use History including on the date of and prior to the shooting, and the post-incident toxicology results; **(B)** Criminal History including prior police contacts,

arrests and convictions, prior and post-incident charges filed, incarceration history, and any criminal history including detail about unrelated incidents not listed in the BOLO report; **(C)** <u>Other Wrongs or "Bad Acts"</u> character evidence of Plaintiff, including bad acts of other individuals unrelated to this incident; **(D)** <u>After-Acquired Investigatory Reports and Information</u> that were not known to Bell at the time of his use of excessive and unreasonable force, including hearsay reports and information that the subject gun was loaded or had an expended round; and **(E)** Testimony of Solis' subjective state of mind, thoughts, and intentions, are irrelevant and inadmissible because it was not part of the "totality of the circumstances" facing Bell at the time of his use of deadly force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) (excluding drug evidence because it was unknown to defendants).

   Here, the only information Bell knew was from a brief review of the BOLO report and his own observations during the incident. Pre-incident conduct and post-incident hindsight evidence that was unknown to Bell are obviously irrelevant to liability in this matter.

> Q. And around that time frame, is that when you received the BOLO related to Mr. Solis?
> A. No. I had seen the BOLO prior to leaving the office.
> Q. Okay. Did you do any kind of research on Mr. Solis prior to leaving the office?
> A. I learned that he had several felony warrants for, one for a car jacking crime and then one for a robbery. I can't remember what the other incidents were for. I believe that he's considered dangerous, possibly armed, and that he was driving like a lime green colored Mustang. And then I was able to see his picture on the BOLO.

Q. Did you know anything else about Mr. Solis at that time?
A. Not that I recall. (Sincich Decl ¶4, Exh. A, Bell Depo 44:9-24.)
Q. What I mean is at the time you used deadly force, that you didn't recall meeting Mr. Solis before?
A. That's what I'm saying. Yes, I don't recall ever meeting him before. (Exh. A, Bell Depo 46:25-47:3.)
Q. Did you have any specific information about whether or not Mr. Solis had ever used drugs or alcohol prior to the incident?
A. I recall some information possibly associated with that BOLO that he had a drug charge or something or some charge associated with drugs, but nothing beyond that.
Q. Did you have any specific information as to whether or not Mr. Solis was under the influence of drugs or alcohol at the time?
A. No. (Exh. A, Bell Depo 47:13-23.)
THE WITNESS: I don't have any details regarding his other cases. (Exh. A, Bell Depo 48:11-12.)

Further, Officer Bell admitted that he did not know what Solis was thinking (Exh. A, Bell Depo 19:18-23) and Mr. Meyer admitted that he does not know what was thinking and does not know Solis' intent (Exh. K, Meyer Depo 38:15-23; 45:2-4). Bell had no information about Solis' history, no information about whether Solis had ever been violent with any person in the past and did not know everything about Solis's criminal history or prior police contacts, and no information about drugs. That is because Bell only knew what he saw on the BOLO. Bell obviously did not have any information from post-incident investigative findings and reports including the toxicology report and forensics related to the subject gun. Despite being clearly irrelevant, by opposing this Motion, it is clear that Bell intends to admit information he did know to implicate Solis as a bad character and attempt to justify his unreasonable use of deadly force. Information unknown did not play in the totality of circumstances confronting Bell when he used deadly force. Therefore, the information unknown to Bell at the time of his use of excessive deadly force should be excluded as impermissible hindsight evidence.

## III. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Under Rule 404, the foregoing items of evidence Plaintiff seeks to exclude cannot be used to prove that Solis acted in some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). <u>Character is not an essential element to this matter</u>. For example, testimony regarding information gathered after the incident relating to any unknown history, or investigative findings poses a danger that the jury will (1) improperly infer that Bell knew this information, (2) improperly infer that Solis had the propensity to act violently towards Bell, and (3) will reach a verdict that does not reflect the circumstances facing Bell at the time.

Defendants intend to use information unknown as evidence of a propensity for violence. "Corroborating" evidence is "Propensity" evidence. The above referenced material cannot be used to show Solis' character or that he acted in conformity therewith. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of the information unknown, including as listed herein, is an impermissible backdoor attempt to tarnish Solis' character and pollute the jury against him. The argument that this evidence is admissible under Rule 404(b)(2) or 406 is inconceivable. The listed specific instances of conduct are not a permitted method of proving character. Rule 405 (Adv. Comm. Notes, specific instances of conduct possess the greatest capacity to arouse prejudice, confusion, surprise, and consume time). Thus, this impermissible character evidence should be excluded.

## IV. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL

Information unknown should be excluded under Rule 403 since any probative value it may have, is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, waste of time, and needlessly presenting cumulative evidence. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the [decedent]...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the [decedent's] culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler*, 2008 WL 2954179, at *5; *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008). The information Defendants intend to introduce as indicated herein has minimal if any probative value at all. Yet Defendants seek to repeatedly introduce prejudicial information unknown to Bell. Defendants must not be permitted to needlessly present witnesses and documents all to repeat the same or similar information that Bell cannot even testify to from personal knowledge at the time. The jury should not be misled to believe that Solis' past conduct is at issue—the jury should properly remain focused on Bell's conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police).

Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Any testimony offered by the defense regarding unrelated crimes, drug use, bad acts, or statements about Solis' state of mind, will lack foundation and call for speculation. Fed. R. Evid. 602.

1  Plaintiff's concern is that Defendants will attempt to take every opportunity to insert
2  the dangerous propensity of the methamphetamine and PCP user, or the dangerous
3  propensities of the person with a criminal history, having nothing to do with this
4  incident and unknown to Bell, into as many witnesses testimony as possible to
5  inflame the passions of the jury against Plaintiff, depriving him of a fair trial. "[E]ven
6  a murderer has a right to be free from [civil rights violations] and the correlative right
7  to present his claim[s] of [violations] to a jury that has not been whipped into a frenzy
8  of hatred." *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993). Evidence of
9  drugs and bad acts can only serve to unjustly inflame a jury's passions and prejudices
10  against Plaintiff. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016);
11  *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting motion
12  *in limine* in an excessive force case to exclude drug paraphernalia officers discovered
13  after the alleged excessive force occurred, because it was irrelevant and unduly
14  prejudicial under Rule 403); *cf. Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir.
15  1986) (affirming exclusion of excessive force decedent's mental health history, even
16  though officers knew about his past suicide attempt and mental illness history and
17  argued it justified their actions in subduing him, because of danger jury would
18  conclude subduing was reasonable based on status rather than conduct at the time);
19  *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("whether
20  Plaintiff smoked [] marijuana [] three hours before the incident is no more probative
21  than whether the officers drank coffee before the incident. The introduction of expert
22  testimony or testimony concerning facts unrelated to the physical encounter would
23  merely divert the jury from the relevant inquiry.... [Drugs] play[] no part in this
24  inquiry and the introduction of such evidence serves no purpose other than to make a
25  general character attack on Plaintiff."). This inflammatory evidence will mislead or
26  confuse the jury into reaching a verdict that reflects its consideration of unrelated
27  conduct and post-incident hindsight evidence, as a reason justifying the unreasonable
28  use of deadly force or improperly limiting Plaintiff's damages.

The following inflammatory evidence was not known by Bell; thus, its probative value is minimal if there is any at all, and substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (Fed. R. Evid. 403): **(A)** <u>Substance Use History</u> (including prior to and on the date of the shooting, any assumptions or opinions of or based on drug use, and the post-incident toxicology results; **(B)** <u>Criminal History</u>, including prior contacts, arrests and convictions, prior and post-incident charges filed, incarceration history, and any criminal history including detail about unrelated incidents not listed in the BOLO report; **(C)** <u>Other Wrongs or "Bad Acts"</u> character evidence, including inference to gang affiliation, unrelated wrongs from others such as other incidents in the area or neighborhood; **(D)** <u>After-Acquired Investigatory Reports and Information</u> that was not known to Bell at the time of his excessive use of deadly force, including hearsay reports related to investigation of incident; findings regarding whether the force was within policy or whether to press criminal charges; OIS briefing audio and report; AGO 1-496; County 9-64; and whether the subject gun was loaded or had an expended round; and **(E)** <u>Testimony of Solis' subjective state of mind, thoughts, and intentions</u>.

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Bell used excessive deadly force against Solis by shooting him to the back. Refuting the inferences of violence, drugs, and bad character, that Defendants intend to raise despite being unknown, will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. Trying several mini trials to rebut Defendants' character evidence, Plaintiff will be forced to call several witnesses to show his true

character and rehabilitate the jurors view of him taking potentially days to conduct. As a result, it will unduly consume this Court's and the jury's time and resources. Accordingly, Plaintiff respectfully request that the Court also exclude evidence, reference, and argument regarding information unknown under Rule 403.

## V. THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude the identified testimony, recordings and reports as having multiple layers of hearsay without any exception under Federal Rule of Evidence 801, 802, and 805. Given that this present Motion pertains to information unknown, Bell cannot testify to this information based on personal knowledge. Fed. R. Evid. 602. Thus, to the extent that the information Defendants intend to introduce would be through admission of hearsay statements and documents, it should also be excluded. Investigative documents from CHP, Sheriff and District Attorney, the toxicology report, criminal history, and unrelated bad acts records were all made from out of this court, and Defendants impermissibly intend to offer them for the truth of the matter asserted, and the to speculatively infer something nefarious.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial to the above categories of information that was unknown to Defendant Bell at the time of his use of deadly force.

Respectfully submitted,

Dated: September 10, 2024,   **LAW OFFICE OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By _____/s/_____Marcel F. Sincich_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff* EDGAR SOLIS

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Plaintiff certify that this brief contains 3,460 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: September 10, 2024,   **LAW OFFICE OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By      /s/      Marcel F. Sincich
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff* EDGAR SOLIS