# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>            Plaintiff,<br><br>   vs.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>            Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN**<br><br>**Hearing on Motions *in Limine***:<br>October 1, 2024 at 09:00 a.m.<br>**Final Pretrial Conference**:<br>October 8, 2024 at 10:00 a.m.<br>**Jury Trial**<br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 1 to Exclude Information Unknown, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information unknown to Defendant Officer Michael Bell at the time of his uses of deadly force, including:

a) <u>Substance Use History (drug, tobacco, or alcohol use or possession)</u> by Plaintiff at any time, including on the date of the shooting and prior to the date of the shooting, assumptions or opinions of or based on past drug use based on behavior; and the post-incident toxicology results.

b) <u>Criminal History</u> of Plaintiff, including prior arrests; prior convictions; prior and post-incident charges filed not resulting in conviction; post-incident charges filed resulting in conviction; any other contacts with law enforcement; any times in custody or incarcerated; and any criminal history including detail about unrelated incidents not listed in the BOLO report.

c) <u>Other Wrongs or "Bad Acts"</u> character evidence of Plaintiff, including any inference to gang affiliation; any unrelated wrongs from other individuals such as other incidents in the area or neighborhood; and any criminal history of Plaintiff's brother.

d) <u>After-Acquired Investigatory Reports and Information</u> obtained by law enforcement after the incident, that was not known to Officer Bell at the time of his use of excessive and unreasonable force, including hearsay CHP, RCSD and RCDA reports related to investigation of incident; CHP, RCSD and RCDA findings regarding whether the force was within policy or whether to press criminal charges; OIS briefing audio and report; AGO 1-496; County 9-64 – unless for impeachment or refresh; and whether the gun was loaded or had an expended round.

The basis for this order is that this and any other information unknown to Defendant Officer Bell at the time of his use of deadly force is irrelevant to the analysis as impermissible hindsight evidence; any probative value it may have is substnatially outweighed by the substnatial risk of unfair prejudice, confusing the issues, wasting time, and misleading the jury; this information constitutes improper character evidence and inadmissible hearsay. Federal Rules of Evidence, Rules 401, 403, 404, 801; *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED:_____                    _____

Honorable Hernán D. Vera

United States District Judge