# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>             Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>             Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 2 TO EXCLUDE SPECULATIVE AND PREJUDICIAL INFORMATION**<br><br>**Hearing on Motions *in Limine*:**<br>October 1, 2024 at 09:00 a.m.<br>**Final Pretrial Conference**:<br>October 8, 2024 at 10:00 a.m.<br>**Jury Trial**<br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 2 to Exclude Speculative and Prejudicial Information, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information related to the following:

   a) <u>Any inference that Plaintiff shot at Defendant Bell</u>. Defendant Bell made no inference to Plaintiff pointing a gun at him or that Plaintiff fired a weapon at Officer Bell. Defendants discovered post-incident that the subject gun was loaded and had an expended round was unknown to Officer Bell at the time. Further, Officer Bell did not see any shots being fired at him and did not hear any shots being fired at him. Defendants cannot point out any person who saw or heard Plaintiff shoot a shot at Officer Bell.

   b) <u>Defense video expert</u>, Parris Ward's, opinion that "It is possible that he may have fired one of the shots heard in the synchronized videos"; Mr. Ward's Opinion No. 9; and information unknown related to subject gun.

   c) <u>Gang Task Force Information</u>, including the following: general tasks, mission, unrelated incidents, and unrelated subjects; reference to the unit as "Gang Task Force" and instead it may be referred to as an "Interagency Team"; kidnapping investigations/calls; dealings with unrelated high-risk people; dealing with "the bad of the bad guys"; and "pursuing people to take a hostage."

   d) <u>Unrelated use of force incidents where officers were shot</u>.

The basis for this order is that information specified herein is irrelevant to liability and damages, and/or unknown to Defendant Officer Bell; or otherwise any probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, wasting time, and misleading the jury; this information constitutes improper character evidence; would call for speculation; and would be a

produce of improper opinion. Federal Rules of Evidence, Rules 401, 403, 404, 602, 701, 702; *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED:_____          _____

                                            Honorable Hernán D. Vera
                                            United States District Judge