**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR SOLIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>　　　　　Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 3 TO EXCLUDE SPECULATIVE AND UNREASONABLE SUBJECTIVE FEARS**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br><u>**Hearing on Motions *in Limine***</u>:<br>October 1, 2024 at 09:00 a.m.<br><u>**Final Pretrial Conference**</u>:<br>October 8, 2024 at 10:00 a.m.<br><u>**Jury Trial**</u><br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff EDGAR SOLIS hereby moves *in limine* for an order excluding any evidence, testimony, argument, or reference at trial as to Defendant Michael Bell's speculative beliefs and subjective fears, including: (1) whether Plaintiff was fleeing from a felony that threatened death or serious bodily injury, and (2) whether some unknown bystander in some unknown location would potentially be threatened at some unknown time in the future.

Plaintiff will suffer specific and extreme prejudice if this Motion *in Limine* is not granted because admission of the above information was not part of the circumstances confronting Defendant Bell at the time of the incident and irrelevant; further has such minimal probative value it substantial risks unfair prejudice, confusing the jury, presentation of cumulative evidence, unnecessarily consuming time and misleading the jury in their task of determining whether the Defendant Bell is liable based on Ninth Circuit Model Jury Instruction 9.25; and importantly, includes impermissible character evidence. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 701, 702 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* Nos. 1-5 and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on August 29, 2024 and September 5, 2024, during which Plaintiff understood a partial resolution was

reached. Present at the conference were Dale K. Galipo (in the earlier) and Marcel F. Sincich for the Plaintiff and David Klehm for the Defendants. The conference took place over Zoom and telephonically. Defendants plan on presenting the information identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion. (Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶¶2, 3.)

Respectfully submitted,

Dated: September 10, 2024,     **LAW OFFICE OF DALE K. GALIPO**
                                **LAW OFFICES OF GRECH & PACKER**

By _____/s/_____Marcel F. Sincich_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff* EDGAR SOLIS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Plaintiff Edgar Solis by State of California Highway Patrol ("CHP") Officer Michael Bell. By this Motion *in Limine*, Plaintiff moves to exclude from testimony, exhibits, and argument at trial any information that has no foundation, because it is information that Bell was not confronted with, and testimony and opinion based on speculation and unreasonable subjective fears that (1) Plaintiff had ever engaged in a felony that involved the infliction or threatened infliction of death or serious bodily injury; and (2) any subjective fears that some unknown person may possibly be harmed in some unknown way, by Plaintiff, at some unknown time, in some unknown location and some unknown manner.

Defendant Bell fired two volleys of shots during this incident; both from different locations; both for different reasons – none of which include defense of others – primarily because no "other" person was in the area. For his first volley, Bell argues 'defense of self' to justify his use of deadly force. Specifically, Bell first stated that Solis was slouched down facing him, behind the concealment of a fence, with a firearm in front of him that Bell could not make out. (Exh. B, Bell Statement 27:2-6.) Because of this description of "lying in wait" Bell fired his first volley. Later Bell added to the story that Solis pointed the gun at him as justification for his force, yet still a self-defense theory. (Exh. A, Bell Depo 80:11-19.) For his second volley, Bell still argues defense of self to justify his use of deadly force. Specifically, Bell testified that Solis was holding the gun and "in a swinging motion turning towards my direction with the gun again." (Exh. A, Bell Depo 90:17-23.)

These fall into the category of, "a peace officer is justified in using deadly force upon another person only when the officer reasonably believes, based on the totality of the circumstances, that such force is necessary … [t]o defend against an imminent threat of death or serious bodily injury to the officer…." Pen. Code §835a(C)(1)(A).

1  Not a threat "to another person" nor fleeing from a "felony that threatened or resulted
2  in death or serious bodily injury, if the officer reasonably believes that the person will
3  cause death or serious bodily injury to another unless immediately apprehended." Pen.
4  Code §835a(C)(1).
5      When Plaintiff refers to undisputed facts, he references Defendant's testimony.
6  <u>Bell never met Solis before:</u>
7      Q.   Okay. And prior to the day of the incident, had you ever met Mr. Solis before?
8      A.   It's possible, but I don't recall.
9      Q.   Is it fair to say that at the time that you used deadly force, you don't recall ever meeting Mr. Solis before?
10     A.   Yes, I don't recall.
11     Q.   What I mean is at the time you used deadly force, that you didn't recall meeting Mr. Solis before?
12     A.   That's what I'm saying. Yes, I don't recall ever meeting him before. (Exh. A, Bell Depo 46:18-47:3.)
13
14 <u>Bell had no information to suspect Solis of having harmed or going to harm anyone,</u>
15 <u>and had no information about the details of the crimes that were subject to the</u>
16 <u>warrants:</u>
17     Q.   Do you know if anyone got hurt during any of those crimes?
       MR. KLEHM:   Objection. Calls for speculation. Lacks foundation.
18     THE WITNESS:   I don't have any details regarding his other cases.
19     Q.   BY MR. SINCICH:   Okay. On the day of the incident, did you have any information that anyone was harmed by Mr. Solis that day?
20
21     A.   No.
22     Q.   Did you have any information that Mr. Solis had verbally threatened anyone that day?
23     A.   No. (Exh. A, Bell Depo 48:7-19.)
24     Q.   While you were in the backyard prior to firing your first shot all the way up to your last shot, did Mr. Solis say anything to you?
25     A.   I don't recall him saying anything or hearing anything. (Exh. A, Bell Depo 93:19-23.)
26
27 <u>Bell never saw Solis attempt to take a hostage or physically harm anyone; Bell never</u>
28 <u>saw Solis attempt to go into anyone's house during the incident, either through a</u>

<u>window or door; and Bell never saw a single person who could even potentially be threatened by Solis during the incident</u>:

> Q. Did you ever see Mr. Solis attempt to take a hostage?
> A. No.
> Q. Did you ever see Mr. Solis physically harm anyone during the incident?
> A. No.
> Q. Did you ever see Mr. Solis attempt to punch, kick or grab anybody during the incident?
> A. No.
> Q. Did you ever see Mr. Solis attempt to open a window to any home?
> A. No.
> Q. Did you ever see him attempt to enter a home through a window?
> A. No.
> Q. Did you ever see him attempt to open a door to any home?
> A. No.
> Q. Did you ever see him try to go through the door to any home during the incident?
> A. Not that I recall.
> Q. Is it fair to say that Mr. Solis was in the vicinity of at least three homes during the incident?
> A. Yes, that's fair.
> Q. And out of all those three homes, he never tried to go through any door or window?
> A. As far as I can recall. (Exh. A, Bell Depo 99:2-100:3.)

Defendant Bell simply has no personal knowledge, to which he could testify without speculation, that Solis ever fled from a felony that threatened death or serious bodily injury, or that Solis was an imminent threat of death or serious bodily injury to some other person or a threat of death of serious bodily injury to some other unknown person at time unknown time in the future if not immediately apprehended. This testimony is merely another opportunity for Defendants to speculate that the entire public's life was at risk for some unknown reason to wrongfully justify Bell's use of unreasonable force. For the following reasons, Plaintiff respectfully requests the Court exclude speculative testimony and subjective fears from trial.

## II. THERE WAS NO "OTHER" PERSON THREATENED BY SOLIS, AND NO FELONY THREATENING DEATH COMMITTED, THUS TESTIMONY ABOUT IT IS IRRELEVANT AND SPECULATIVE

There is no felony committed by Plaintiff that threatened death or serious bodily injury to another, certainly none that Defendant Bell knew of, and none that Plaintiff was in the process of fleeing from. Further, there is no bystander that was threatened by Solis in any way, certainly none that Defendant Bell knew of at the time of his use of excessive and unreasonable deadly force. Testimony in this regard, pertaining to details or assumptions about past incidents, and fear for the life of some unknown and unseen persons, does not apply to the circumstances of his case and is therefore irrelevant under Rule 401 and 402. As stated above, Defendant Bell's testimony relates to 'defense of self' in defense of the claims related to his use of excessive and unreasonable force. "[T]o determine the constitutionality of the use of deadly force to prevent the escape of [a] felon[,] [w]e conclude that such force may not be used unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Tennessee v. Garner*, 471 U.S. 1, 3 (1985). "Where the suspect poses no immediate threat to … others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so." *Id.* at 11.

As applicable here, there is no evidence, outside of Defendant's speculation and assumption, that Solis was not an immediate threat of death or serious bodily injury to others. Testimony about how unknown "others" may possibly have been harmed is therefore irrelevant to the analysis.

In order to use deadly force against a fleeing person, in part, the person must be fleeing from a felony that threatened or resulted in death or serious bodily injury. Plaintiff was not: Solis was not fleeing from the alleged crimes in the warrants; and Solis' flight in the vehicle and on foot does not apply, even with a gun in hand, cannot logically be the felony from which the subject is fleeing. There is no triggering felony

1  prior to any of Bell's shots that threatened death or serious bodily injury to any person
2  applicable to his matter. Thus, no testimony about dangerous or deadly felonies
3  should be permissible at trial.
4      In order to use deadly force against a fleeing person, in part, the officer must
5  reasonably believe that the person will cause death or serious bodily injury to another
6  if not immediately apprehended. Although it would be a jury question as to whether
7  Bell's beliefs are reasonable, the Court may still grant this motion and exclude
8  testimony that is irrelevant, confusing, and prejudicial and because no reasonable jury
9  could find that a person was threatened by Solis given the undisputed facts of the
10 case. Solis never verbally threatened any person; Solis never physically harmed any
11 person; and Solis never attempted to go inside another person's home. Further, Bell
12 never saw a bystander threatened in any backyard; and never saw a bystander
13 threatened in any home. Bell did not see any person, and did not know of any person
14 in the area to which he could possibly believe would be threatened by Solis. There is
15 no information that Solis held a grudge against some unknown person in the area to
16 which he was going to kill or seriously injury if not immediately apprehended. The
17 evidence is that Solis had friends in the area, not enemies. Nevertheless, Bell had and
18 still has no information that would lead any reasonable officer to believe that Solis
19 was going to attempt to kill a random unknown person, that no one knew was in the
20 area, for an unknown reason, at an unknown time, and in an unknown location. *See*
21 Pen. Code §835a(C)(1)(B). All Bell knew was that Solis fled from the police with a
22 gun. Under Defendants' erroneous and unreasonable subjective beliefs which led to
23 his use of excessive force, every time a person flees with a gun, they can be shot in
24 the back, even if they are not threatening an actual person – just by the mere fact that
25 they could potentially threaten some unknown person in the future.
26     Given that Solis was not fleeing from a felony that threatened or resulted in
27 death or serious bodily injury and there was no known person that any officer could
28 reasonably have believed was threatened by Solis if not immediately apprehended,

and no behavior by Solis that shows a willingness to harm a bystander for no reason, testimony inferring a deadly felony or a threat to another is irrelevant to this matter. In this case, Bell fired out of an unreasonable belief that he had to protect his own life. Thus, there was no possibility that defense of others should apply. Speculative testimony is not relevant in helping the jury decide the facts of this case and should be excluded under Rules 401, 402, and 602.

### III.   TESTIMONY OR ARGUMENT REGARDING FLIGHT FROM A FELONY THREATENING PHYSICAL HARM AND THE SUBJECTIVE BELIEF THAT UNKNOWN PERSONS MAY BE THREATENED, SUBSTANTIALLY RISKS UNFAIR PREJUDICE, CONFUSING THE ISSUES, AND MISLEADING THE JURY

Testimony that has a substantial risk for unfair prejudice, confusing the issues, misleading the jury, and wasting time should be excluded. Fed. R. Evid. 403. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). Plaintiff contends that testimony without foundation that Plaintiff was a threat to some unknown person's if not immediately shot in the back, will risk such an emotional response in the jury that it deprives Plaintiff of a fair trial, and at the very least confuse and mislead the jury. Likewise, testimony that Plaintiff was fleeing or had ever committed a crime involving the infliction or threatened infliction of serious physical harm, is argumentative, has no foundation, unknown to Bell at the time, and should be excluded under Rule 403.

The factors to assist the jury in their determination of whether the force was excessive or unreasonable are listed in Ninth Circuit Model Jury Instruction No. 9.25. Logically, the jury will be looking for facts that help them assess those factors. For instance, where individuals were at the time of the shots, what was said, what was

seen, how many shots were fired and in what direction. However, testimony about some unknown threat to some unknown persons at some unknown time serves only to distract the jury, confuse the issues, and risks the jury not being able to make a unanimous decision based on lack of clarity.

Defendants should not be permitted to elicit testimony that has no factual basis but based on mere assumptions and pure speculation. Yes, Plaintiff can vigorously cross-examine, impeach, and argue the opposite. But there would remain a substantial risk that the bell cannot be unrung. The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1. This speculative testimony will waste time and expense and risk an unjust result.

Bell's attempt to prejudice the jury against Solis through statements of his subjective fears about some unsubstantiated future harm without any foundation is inadmissible. *See Deorle, v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001) ("a simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern.") Additionally, a law witness may not provide an opinion based on speculation, hearsay, interpretation of unambiguous statements. *United States v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015); Fed. R. Evid. 602, 701. An expert may not provide an opinion without specialized knowledge, and they must have a basis for the opinion. *Id.* at 1155; Fed. R. Evid. 702; *Garcia v. Vitus Energy, LLC*, 605 F. Supp. 3d 1179, 1184 (D. Alaska 2022) (excluding "opinions [that] are impermissibly based on 'subjective belief or unsupported speculation.'").

The jury should not be misled to accept possible circumstances as opposed to the actual circumstances confronting Bell or be misled to believe Defendants knew what happened in the past or what would have happened in the future. The jury should properly remain focused on Bell's conduct and the actual circumstances he was presented with. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014),

cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police).

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992). The central factual dispute in this case is whether Bell used excessive deadly force against by shooting Solis in the back. Refuting the inferences based on speculation about what possibly could have happened—yet never did—will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. Accordingly, Plaintiff respectfully requests that the Court also exclude evidence, reference, and argument regarding speculative statements and subjective fears under Rule 403.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to issue an order excluding from testimony, exhibits, and argument at trial regarding (1) whether Plaintiff had ever engaged in a felony that involved the infliction or threatened infliction of death or serious bodily injury; and (2) any subjective fears that some unknown person may possible be harmed in some unknown way, by Plaintiff, at some unknown time, in some unknown location and some unknown manner.

Respectfully submitted,

Dated: September 10, 2024,   **LAW OFFICE OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By _____/s/_____ *Marcel F. Sincich*_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich, *Attorneys for Plaintiff*

-8-   Case No.: 5:23−cv−00515−HDV−JPR
PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – TO EXCLUDE
SPECULATIVE AND UNREASONABLE SUBJECTIVE FEARS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs certify that this brief contains 2,729 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: September 10, 2024,   **LAW OFFICE OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By _____/s/_____Marcel F. Sincich_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff* EDGAR SOLIS