**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

| | |
|---|---|
| EDGAR SOLIS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>　　　　Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 5 TO EXCLUDE OPINIONS OF DEFENSE EXPERT GREG MEYER**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br><u>**Hearing on Motions *in Limine***</u>:<br>October 1, 2024 at 09:00 a.m.<br><u>**Final Pretrial Conference**</u>:<br>October 8, 2024 at 10:00 a.m.<br><u>**Jury Trial**</u><br>October 20, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff EDGAR SOLIS hereby moves *in limine* for an order excluding the testimony of Defendants' retained police practices expert Greg Meyer on the following grounds:

1. Mr. Meyer's fails to have a reliable methodology for rendering opinions regarding whether the deadly force conformed with contemporary law enforcement training and procedures. The inquiry, by policy, training, and law, is based on "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (Sincich Decl ¶15, Exh. L, Meyer Report at 16.) Nevertheless, Mr. Meyer relies on information unknown to Defendant Bell including the toxicology results and whether the subject weapon was loaded and had an expended bullet. Further, such information is irrelevant to this matter and to Mr. Meyer's opinions.

2. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to what would have happened if circumstances were different. Specifically, the statement, "Had Mr. Solis merely obeyed the law and surrendered when Officer Bell attempted to detain and arrest him, the shooting incident would not have occurred." (Exh. L, Meyer Report at 17.)

3. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to whether Solis shot at Bell. Such an inference is by speculation and should be excluded. Further, such information is irrelevant to Mr. Meyer's opinions.

4. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to whether Bell had auditory exclusion.

5. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to the effect of drugs on Solis.

      6.     Any opinion regarding whether Solis was fleeing from a felony that threatened death or serious bodily injury or a threat to some unknown bystander, both not based on sufficient facts and data.

      7.     Mr. Meyer's opinion regarding the use of deadly force in this matter should be excluded as inconsistent with the law. Allowing Defendants to illicit Mr. Meyer's primary opinion substantially risks juror error, confusion, misleading the issues, and a verdict that is incompatible with the law. Mr. Meyer opines that it would be appropriate to use deadly force against Solis merely because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to get into someone's home, no pointing of the gun – just running away with a gun in hand according to Mr. Meyer would constitute a reasonable perception of an imminent threat of death or serious bodily injury. (Sincich Decl ¶14, Exh. K, Meyer Depo 52:8-53:4.)

      8.     Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to perception reaction.

Plaintiffs make this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 702, 703, and 802.

Plaintiffs base this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiffs' Motions *in Limine* Nos. 1-5 and Exhibits attached thereto, Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on August 29, 2024 and September 5, 2024, during which Plaintiff understood a partial resolution was reached. Present at the conference were Dale K. Galipo (in the earlier) and Marcel F. Sincich for the Plaintiff and David Klehm for the Defendants. The conference

took place over Zoom and telephonically. Defendants plan on presenting the information identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶¶2, 3.)

Respectfully submitted,

Dated: September 10, 2024,    **LAW OFFICE OF DALE K. GALIPO**
                                        **LAW OFFICES OF GRECH & PACKER**

                                        By _____/s/_____ *Marcel F. Sincich*_____
                                          Dale K. Galipo
                                          Trenton C. Packer
                                          Marcel F. Sincich
                                            *Attorneys for Plaintiff* EDGAR SOLIS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Michael Bell unjustifiably shot Plaintiff Edgar Solis including to the back merely because he was running away and reportedly had a gun in his hand. Bell had no information about whether Solis had ever committed a felony that threatened death or serious bodily injury; no information about whether Solis was under the influence of drugs; no information as to whether Solis harmed anyone that day, threatened anyone that day, or even committed a crime that day. Solis was stopped in his car praying with a friend who had recently lost a family member when officers approached Solis, yelled commands, followed by Solis raising his hands, then officers began the physical assault on Solis by reaching in the car and striking the windshield with a baton. Scared, Solis drove slowly in reverse, away from the officers' assault and not endangering anyone. With officers now in pursuit, Solis fled on foot into the backyard of 614 Hillmer Dr. There, Defendant Bell shot Solis merely for fleeing while reportedly having a gun in his hand. The additions to Bell's story, i.e., whether Solis ever pointed the gun at Bell, even Defendants' own police practices expert, Greg Meyer, agrees has credibility issues. Thus, Mr. Meyer opines, inconsistent with the law, that mere flight with a gun in hand is sufficient to be an imminent threat of death or serious bodily injury – thus appropriate to use deadly force. By way of the instant Motion, Plaintiff moves to exclude the opinions of Defendants' retained police practices expert Greg Meyer, on the grounds that his opinions and testimony are unreliable, not helpful to the jury, outside of his expertise, not supported by sufficient facts and data, and based on speculative theory, ipse dixit, and not facts relevant to this matter. Thus, Plaintiff seeks to exclude Mr. Meyer's opinions from trial.

## II. LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). To be admissible, expert

testimony must generally satisfy a two-prong test, reliability, and relevance. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended sub nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) (footnote omitted). The proponent of the expert testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("[i]t is the proponent of the expert who has the burden of proving admissibility"); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("the party presenting the expert must show that the expert's findings are based on sound science").

To establish reliability, the testimony must be derived from valid scientific knowledge, the witness must possess sufficient expertise, and the state of pertinent scientific knowledge must permit the assertion of a reasonable opinion. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Testimony is grounded in valid knowledge if it is "based on the methods and procedures of science [or other expertise] rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief." *Reger v. A.I. DuPont Hosp. for Children of Nemours Foundation*, 259 Fed.Appx. 499, 500, 2008 WL 84540, 1 (3rd Cir. 2008) (quoting *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003), and *Daubert*, 509 U.S. at 590. Federal Rule of Evidence 702 allows opinion testimony by an expert only if the expert is qualified by knowledge, skill, experience, training, or education and only if the expert: (a) has specialized knowledge to help the jury understand the evidence or determine a fact; (b) testifies based on sufficient facts or data; (c) testifies based on reliable principles and methods; and (d) reliably applied the principles and methods to the facts of the case. The first question for the Court is whether his proffered testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." The next question is whether there is a reliable methodology applied to reach the opinions offered.

/ / /

## III. MR. MEYER'S OPINIONS SHOULD BE EXCLUDED FROM TRIAL

### A. Mr. Meyer's Opinions that are Unreliable and Not Based on Sufficient Facts and Data Should Be Excluded

First, Mr. Meyer should be excluded from being used as a backdoor to admit inadmissible evidence regarding information unknown to Defendant Bell. Mr. Meyer should be excluded from testifying as to the toxicology results and information related to whether the subject gun was loaded and had an expended round contained within. This evidence is undisputedly information unknown and should be excluded. (*See* Plaintiff's Motion *in Limine* No. 1, to Exclude Information Unknown, filed concurrently herewith.) Mr. Meyer admits in his report that the inquiry by law is based on "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (Exh. L, Meyer Report at 16.) Thus, reliance on hindsight evidence in order to render an opinion regarding the appropriateness of the use of deadly force is an unreliable methodology. It directly suggests to that the jury should consider information unknown because an experienced police officer did.

Second, Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to what would have happened if circumstances were different. Specifically, second opinion is, "Had Mr. Solis merely obeyed the law and surrendered when Officer Bell attempted to detain and arrest him, the shooting incident would not have occurred." (Exh. L, Meyer Report at 17.) This opinion should be excluded under Rule 403 and 702. This is not an opinion any person can make. Nevertheless, demonstrates the extent to which Mr. Meyer is willing to go to render an opinion that supports the defense. In fact, the opposite is actually seen in this case. When Solis was not fleeing, unarmed with his hands up, sitting down, and surrendered, he was still shot several times.

Third, Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to whether Solis shot at Bell. (*See* Plaintiff's Motion *in Limine* No. 2, to Exclude Speculative and Prejudicial Information, filed concurrently

herewith.) Such an inference is by speculation and should be excluded. Further, such information is irrelevant to Mr. Meyer's opinions.

> Q   For the purposes of your opinion, do you believe that Mr. Solis attempted to shoot Officer Bell?
> A   I do not know.
> Q   Does that matter to your analysis at all?
> A   No.
> Q   For the purposes of your opinions, do you believe, based on your review of the facts, that Mr. Solis pointed a gun at Officer Bell?
> A   That's a question of fact that has to do with Officer Bell's credibility that the jury will have to decide if Officer Bell in various formats articulated threat in different ways. (Exh. K, Meyer Depo 60:23-61:9.)

Fourth, Mr. Meyer is a police practices expert. His education and experience revolve around law enforcement activities. Yet, Defendants seeks to illicit medical testimony from Mr. Meyer regarding auditory exclusion and the effects of drugs on Solis. Initially, giving further credence to Plaintiff's Motion *in Limine* No. 1 to exclude the toxicology results and drug evidence, the information is irrelevant to Mr. Meyer's testimony. Mr. Meyer does not know if Solis was actually feeling the effects of drugs during the incident. (Exh. K, Meyer Depo 82:24-83:2.) Additionally:

> Q   If all the facts in this case were exactly the same, except Mr. Solis was not under the influence of methamphetamine, amphetamine and PCP, would it change your opinion at all?
> A   No. (Exh. K, Meyer Depo 68:19-23.)

Fifth, Mr. Meyer should be precluded from testifying as to any opinions regarding whether Solis was fleeing from a felony that threatened death or serious bodily injury or a threat to some unknown bystander, both not based on sufficient facts and data. (*See* Plaintiff's Motion *in Limine* No. 3, to Exclude Speculative and Prejudicial Information, filed concurrently herewith.) In his report, Mr. Meyer admits, "[a]n imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm" pursuant to Penal Code Section 835a(e)(2). (Exh. L, Meyer Report at 13.) Mr. Meyer also admitted that

pursuant to the training, an officer's subjective fear alone is insufficient to use deadly force. (Exh. K, Meyer Depo 26:10-15.) Clearly, subjective fear that some unknown bystander, in some unknown area, may be harmed at some unknown time in the future, is irrelevant to the analysis and substantially risks unfair prejudice and confusion. Fed. R. Evid. 401, 403.

Finally, any testimony or argument regarding fleeing a felony would be illogical, confusing and misleading. Bell's testimony reflects his (unreasonable) belief that Solis was a threat to him. There is no facts and data in this matter for a reasonable officer to believe that Solis would cause death or serious bodily injury to some unknown person if not *immediately* apprehended.

The law has long been established by the Supreme Court of the United States, "there can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). The Court does not deny the practical difficulty in attempting to assess the suspect's dangerousness, but difficult judgments must be made by the police. *Id.* at 20. "To determine the constitutionality of a seizure 'we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Id.* at 8. This case should remain focused on the reasonableness of Bell's conduct, not whether there was a felony committed sometime in the past or whether some unknown hypothetical bystanders were being threatened.

"'An expert's opinions that are without factual basis and are based on speculation or conjecture'" are inappropriate. *California ex rel. Brown v. Safeway, Inc.*, 615 F.3d 1171, 1181 (9th Cir. 2010), *on reh'g en banc sub nom. California ex rel. Harris v. Safeway, Inc.*, F.3d 118 (9th Cir. 2011) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs."

*Guidroz-Brault v. Missouri P.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Mr. Meyer's opinion fleeing felon testimony is not based on identifiable facts in evidence, but on a string of his own and Bell's speculations.

"[A]n expert's opinion that something could be true if certain assumed facts are true, without any foundation for concluding those assumed facts exist in the case before the jury, does not provide assistance to the jury because the jury is charged with determining what occurred in the case before it, not hypothetical possibilities." *Cooper v. Takeda Pharms. Am., Inc.*, 239 Cal. App. 4th 555, 577 (2015); *Johnson v. Memphis Light Gas & Water Div.*, 695 F. App'x 131, 137 (6th Cir. 2017); *McCoy v. Whirlpool Corp.*, 287 F. App'x 669, 677 (10th Cir. 2008); *Zuchowicz v. United States*, 140 F.3d 381, 389 (2d Cir. 1998); *Richardson by Richardson v. Richardson-Merrell, Inc.*, 857 F.2d 823, 829 (D.C. Cir. 1988); *Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1137 (5th Cir. 1985).

"When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993). Accordingly, Mr. Meyer's fleeing from a deadly felony testimony should be excluded from trial.

Admission of this evidence through Mr. Meyer risks unfair prejudice, is irrelevant, impermissible character evidence, and results in unreliable expert opinion. See Fed. R. Evid. 401, 403, 404, 702. Thus, Mr. Meyer's identified testimony and opinions should be excluded as irrelevant, posing a substantial danger of unfair prejudice, confusing the issues, and misleading the jury, unreliable and unhelpful.

### B. Mr. Meyer's Ultimate Opinion Is Inconsistent with the Law, Based on Speculation and Should Be Excluded

Mr. Meyer's primary opinion in this matter, regarding whether the use of deadly force in this matter conformed with contemporary law enforcement training and procedures, should be excluded as inconsistent with the law and speculative.

Allowing Defendants to illicit Mr. Meyer's primary opinion substantially risks juror error, confusion, misleading the issues, and a verdict that is incompatible with the law. Fed. R. Evid. 403. Mr. Meyer opines that it would be appropriate to use deadly force against Solis merely because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to get into someone's home, not pointing the gun – just running away with a gun in hand according to Mr. Meyer would constitute a reasonable perception of an imminent threat of death or serious bodily injury. (Exh. K, Meyer Depo 52:8-53:4.)

The crux of Mr. Meyer's speculative opinion is as follows: a man running away from the police with a gun in hand *could possibly* turn and face the officer and fire the weapon at the officer *faster* than the officer could react to the deadly threat (perception/reaction), thus, the officer may lawfully *eliminate the possibility* of the threat before it occurs by shooting the subject in the back.

> Q    By running away with a gun in your hand, how does that constitute an imminent threat with nothing more to Officer Bell? ...
> THE WITNESS    Because a suspect with a semi - - sorry, a suspect with a hand gun in their hand can point the gun and shoot the officer in a quarter second or less, even while they're running and that's proven by empirical research over and over again, and that's faster than any officer can react to the deadly threat, therefore, it's an imminent deadly threat presented by the suspect that needs to be countered immediately.
> Q    Even if the suspect doesn't make any movement that threatens the shooting of an officer? …
> THE WITNESS    Yes. The officer cannot wait for the suspect with a gun in the hand to turn on him or make some kind of another furtive movement that indicates that the suspect might shoot the officer….
> (Exh. K, Meyer Depo 53:23-54:13.)

Therefore, under Defendants' dangerous theory – every time the police encounter a person with a gun, just because the person *could choose* to raise the gun to shoot at the officer, the officer can use deadly force potentially killing the person even if the person makes no movement that would indicate a willingness to raise the gun and shoot the officer. This is dangerous proposition that seriously threatens

1 future violations of the Second and Fourth Amendments of the United States
2 Constitution and leading to the unnecessary death of undeserving persons.
3     Defendants' speculative anticipated perception/reaction testimony is their
4 theory given that Solis was shot in the back while running away to wrongfully
5 excuse Bell's egregious conduct when no threat was present. Further, Mr. Meyer's
6 testimony related to perception/reaction takes no expertise at all and Mr. Meyer is
7 not qualified to provide anything more than common knowledge, which is
8 impermissible under Rule 702. First, Mr. Meyer does not offer an actual opinion
9 regarding perception/reaction of Bell in this matter. Mr. Meyer's sole argument
10 relates to what an average person might be able to do, not what Solis or Bell was
11 capable of. Understanding perception/reaction in general requires no special
12 knowledge, skill, experience, training or education. Thus, Mr. Meyer lack of
13 specialized expertise will not be helpful the jury to understand Bell's
14 perception/reaction time to Solis' hypothetical conduct. See Fed. R. Evid. 702.
15     Mr. Meyer's opinions are also contradicted by his own testimony. Mr. Meyer
16 testified: "yes, sure, the subjective impressions or perceptions [of an officer] can be
17 incorrect…, there have to be facts and circumstances to lead to whether their
18 perception was reasonable or not." (Exh. K, Meyer Depo 20:5-9.)

> Q    Is it fair to say that officers can only use deadly force if there is an imminent threat of death or serious bodily injury?
> A    Yes.
> Q    Based on the training, and I believe you mentioned something to this effect earlier, are officers trained that their subjective fear alone is insufficient to use deadly force. …
> A    Yes. They have to have objectively reasonable perceptions or beliefs that would have them believe that there is an imminent threat of death or serious bodily injury in order form them to use deadly force. (Exh. K, Meyer Depo 26:6-27:5.)
> Q    Are officers trained that unreasonable fear could include an over-reaction to a potential threat?
> A    Yes. (Exh. K, Meyer Depo 29:14-16.)
> Q    Would you agree that if there was no objectively reasonable

|   |   |
|---|---|
| 1 | perception, that Mr. Solis was [a]n immediate threat of death of serious |
| 2 | bodily injury, that deadly force would not conform to contemporary law enforcement training and procedures? … |
| 3 | A     I'd say yes…. (Exh. K, Meyer Depo 30:25-31:12.) |
| 4 | [Mr. Meyer:]     "I don't really know anything about Mr. Solis' subjective state of mind. He's running away with a gun in his hand but I |
| 5 | don't know what he's thinking." (Exh. K, Meyer Depo 38:15-23.) |
| 6 | Q     And we don't know what Mr. Solis's intent was in this case, right? |
| 7 | A     I do not. (Exh. K, Meyer Depo 45:2-4.) |

Mr. Meyer even believes that if Bell merely believed Solis had a gun in hand, even if he could not see Solis or if he actually had a gun in hand, it would be appropriate to use deadly force shooting through whatever was concealing his view. (Exh. K, Meyer Depo 62:2-14.) Yet, Mr. Meyer has never run any scientific tests on officers' perception/reaction time. (*Id.* 63:5-8.) Mr. Meyer himself had never been the subject participating in one of those scientific tests. (*Id.* 63:24-64:2.) Mr. Meyer does not know if Officer Bell has ever been subject to a perception/reaction test. (*Id.* 64:4-6.) Mr. Meyer admits that everybody's perception/reaction time is different, "[s]ome people are faster, some people are slower. That's why we have professional athletes and then the rest of us." (*Id.* 64:19-23.) Meaning, a person who is trained for a specific type of encounter (i.e., Officer Bell) is going to have a faster reaction time than the untrained individual. (*Id.* 64:24-65:5.)

The Court specified that the calculous of reasonableness embodies the allowance for the fact that police officers are often forced to make split-second judgments, in tense and rapidly evolving situations. *Graham v. Connor*, 490 U.S. 386, 397 (1989). It does not state that merely because something *could happen* in a split second that use of deadly force is reasonable, which is what Defendants propose. Solis was not an immediate threat of death or serious bodily injury to any person at the time of the shooting because Solis was not displaying any assaultive or aggressive behavior, was not physically resisting, and never made any verbal threats prior to the use of excessive force. *See Lopez v. Gelhaus*, 871 F.3d 998, 1008 (9th

Cir. 2017). An "incidental movement alone would not compel a jury to conclude that [Solis] faced imminent danger given the starting position of the gun." *Id*. Defendants theory is inconsistent with Ninth Circuit and Supreme Court authority and cannot be permitted at trial. The fact that a suspect has a deadly weapon does not render the use of deadly force reasonable. *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *Glenn v. Washington County*, 673 F.3d 864, 872-73 (9th Cir. 2011); *see also Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997) ("Law enforcement officials may not kill suspects who do not pose an immediate threat to their safety or to the safety of others simply because they are armed."); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991) (holding that deadly force was unreasonable where the decedent possessed a gun but was not pointing it at the officers and was not facing the officers when they shot him).

Given that a verdict based on Defendants would be inconsistent with the law, it should be excluded. Mr. Meyer offers no helpful opinions but speculates and relies on information unknown. Mr. Meyer's anticipated testimony is unreliable and based on insufficient facts and data. Additionally, the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, and misleading the jury. See Fed. R. Evid. 403, 702.

## IV.   CONCLUSION

Defense expert Greg Meyer's stated opinions will not help the jury in resolving the issues, are not based on sufficient facts, nor are they the product of reliable principles and methods, and risk unfair prejudice. Therefore, they should be excluded from trial.

Respectfully submitted,

Dated: September 10, 2024,   **LAW OFFICE OF DALE K. GALIPO**
  **LAW OFFICES OF GRECH & PACKER**
  By _____/s/_____ *Marcel F. Sincich*_____
     Dale K. Galipo, Trenton C. Packer
     Marcel F. Sincich, *Attorneys for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff certifies that this brief contains 3,479 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: September 10, 2024,   **LAW OFFICE OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By _____/s/_____ Marcel F. Sincich_____
   Dale K. Galipo
   Trenton C. Packer
   Marcel F. Sincich
   *Attorneys for Plaintiff* EDGAR SOLIS