1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>    Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 5 TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERT GREG MEYER**<br><br>**Hearing on Motions *in Limine*:**<br>October 1, 2024 at 09:00 a.m.<br>**Final Pretrial Conference**:<br>October 8, 2024 at 10:00 a.m.<br>**Jury Trial**<br>October 20, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 5 to Exclude Opinions of Defendants' Expert Greg Meyer, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded excluding the testimony of Defendants' retained police practices expert Greg Meyer pertaining to the following opinions and on the following grounds:

1. Mr. Meyer's fails to have a reliable methodology for rendering opinions regarding whether the deadly force conformed with contemporary law enforcement training and procedures. The inquiry, by policy, training, and law, is based on "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Nevertheless, Mr. Meyer relies on information unknown to Defendant Bell including the toxicology results and whether the subject weapon was loaded and had an expended bullet. Further, such information is irrelevant to this matter and to Mr. Meyer's opinions.

2. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to what would have happened if circumstances were different. Specifically, the statement and second opinion, "Had Mr. Solis merely obeyed the law and surrendered when Officer Bell attempted to detain and arrest him, the shooting incident would not have occurred."

3. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to whether Mr. Solis shot at Officer Bell. Such an inference is by speculation and should be excluded. Further, such information is irrelevant to Mr. Meyer's opinions.

4. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to whether Officer Bell had auditory exclusion.

5. Mr. Meyer has no methodology, no facts and data, and no expertise to provide an opinion as to the effect of drugs on Mr. Solis.

6. Any opinion regarding whether Mr. Solis was fleeing from a felony that threatened death or serious bodily injury or a threat to some unknown bystander, both not based on sufficient facts and data.

7. Mr. Meyer's first opinion regarding the use of deadly force in this matter is excluded as inconsistent with the law. Mr. Meyer's primary opinion substantially risks juror error, confusion, misleading the issues, and a verdict that is incompatible with the law. Mr. Meyer opines that it would be appropriate to use deadly force against Mr. Solis merely because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to get into someone's home, no pointing of the gun – merely running away with a gun in hand according to Mr. Meyer would constitute a reasonable perception of an imminent threat of death or serious bodily injury. The Court finds that this statement is inconsistent with longstanding Supreme Court and Ninth Circuit authority.

8. Mr. Meyer has no methodology, and insufficient facts and data to provide an opinion as to perception reaction.

9. Provided that both of Mr. Meyer's opinions are inadmissible at trial, the Court shall allow Mr. Meyer to testify to identify officer training in relation to the circumstances Defendant Officer Bell was facing at the time of the incident. However, Mr. Meyer may not provide opinions as to whether Officer Bell's conduct conformed with that training or whether a reasonable officer would perform similar to Officer Bell under similar circumstances.

The basis for this order is that the above referenced opinions are not helpful to the jury, usurp the province of the jury, usurp the province of the Court, outside of Mr. Meyer's expertise, have an unsupported basis without sufficient facts and data, unreliable methodology, and based on speculative theory, ipse dixit, and not facts relevant to this matter. Fed. R. Evid. 402, 403, 404, 702, 703; Fed. R. Civ. P. 26(a)(2).

**IT IS SO ORDERED.**

DATED:_____                    _____

                                                                                                   Honorable Hernán D. Vera
                                                                                                   United States District Judge