# EXHIBIT N

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

ROB BONTA, Attorney General of California
RHONDA L. MALLORY, Supervising Deputy Attorney General
DAVID KLEHM, Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
E-mail: David.Klehm@doj.ca.gov

*Attorneys for Defendant* STATE OF CALIFORNIA and MICHAEL BELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>　　　　Defendants. | Case No.: 5:23-cv-00515-HDV-JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**JOINT STIPULATION REGARDING EVIDENCE AT TRIAL AND MOTIONS *IN LIMINE***<br><br>[(Proposed) Order; *filed concurrently herewith*] |

**TO THIS HONORABLE COURT**:

COMES NOW, collectively the parties, Plaintiff Edgar Solis, and Defendants State of California and Michael Bell ("Defendants"), by and through their respective attorneys of record (together called the "Parties"), hereby present this Joint Stipulation regarding Evidence at Trial and Motions *in Limine* upon the following good cause:

WHEREAS, on August 29 and September 5, 2024, including with additional pre and post conference correspondences, the Parties meet and conferred pursuant to L.R. 7-3 regarding anticipated Motions *in Limine*.

WHEREAS, the Parties reached an agreement as to the following and therefore will not file a motion *in limine* to exclude such information.

WHEREAS, the Parties have agreed and hereby stipulate that there shall be no evidence, testimony, or reference at trial, in any phase, to any of the following information:

1. Plaintiff's substance use history (specifically any information not contained within the BOLO report and the toxicology results) including prior to the date of the incident. (The BOLO report and toxicology results will be subject to motion and objection by Plaintiff).

2. Plaintiff's criminal history (specifically any information not contained within the BOLO report) including prior arrests; any times in custody or incarcerated; and any criminal history including detail about unrelated incidents not listed in the BOLO report.

3. Other wrongs or bad acts character evidence of Plaintiff, including any inference to gang affiliation; any unrelated wrongs from other individuals such as other incidents in the area or neighborhood; any criminal history of Plaintiff's brother; and any bad acts by other family members.

4. Plaintiff's medical history from prior to the incident.

5. Any findings or conclusions by the State of California (by and through California Highway Patrol) as to whether the force was reasonable, or proportionate.

6. Any findings or conclusions by the County of Riverside Sheriff's Department as to whether the force was reasonable, or proportionate.

7. Any findings or conclusions by the County of Riverside District Attorney's officer as to whether the force was reasonable, or proportionate.

8. Defense expert Greg Meyer testimony that "Had Mr. Solis merely obeyed the law and surrendered when Officer Bell attempted to detain and arrest him, the shooting incident would not have occurred."

9. Defense expert Parris Ward opinion that (referring to Plaintiff), "It is possible that he may have fired one of the shots heard in the synchronized videos. It is also possible that additional shot sounds were not captured due to the limitations of the security camera recordings."

10. Opinions not included in expert reports or depositions.

11. Officer Bell's personnel records unless the door is opened by the defense.

12. Legal conclusions, which are the province of the Court.

13. Credibility determinations, which are the province of the jury.

14. The Parties agree to bifurcate the amount of punitive damages into Phase II with the predicate question of punitive damages asked in Phase I.

WHEREAS, the above agreement and stipulation does not apply to information in which the opposing party opens the door to such information, and/or if such information is used for impeachment purposes only. If a party believes the door is opened or if the party believes information may be used for impeachment, that party must hold a side bar with the Court and counsel prior to the attempted admission of any evidence.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: September 10, 2024,  **LAW OFFICE OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By _____/s/_____
   Dale K. Galipo
   Trenton C. Packer
   Marcel F. Sincich
   *Attorneys for Plaintiff* EDGAR SOLIS

DATED:  September 10, 2024    ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General


By:    /s/_____
DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendant* State of California (by and through the California Highway Patrol)