ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9733
  Fax: (619) 645-2581
  E-mail: David.Klehm@doj.ca.gov

*Attorneys for Defendant State of California
(by and through the California Highway Patrol)
[erroneously sued as "State of California"]
and Michael Bell*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDGAR SOLIS,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE; and DOES 1-10, inclusive,**<br><br>　　　　　　　　　　Defendants. | 5:23-cv-00515-HDV-JPR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OFFICERS' PERSONNEL RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　　October 1, 2024<br>Time:　　　　10 a.m.<br>Courtroom:　 5B<br>Judge:　　　 *Honorable Hernán D. Vera*<br>Trial Date:　 October 29, 2024<br>Action Filed: 2/02/2023 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN: PLEASE TAKE NOTICE THAT** on October 1, 2024, at 10:00 a.m. or as soon thereafter as counsel may be heard in in Courtroom 5B of the United States District Court located at 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, California, State of California (by and through the California Highway Patrol) *and* Michael Bell will and hereby do move the Court for an order in limine precluding plaintiffs and plaintiffs' counsel, and through them, each and every one of their witnesses from mentioning, or in any other manner convey to the jury any testimony relating to personnel matters, prior complaints concerning job performance, or prior disciplinary issues regarding Defendant Bell or any officer who testifies in this matter on the grounds that such evidence is privileged, not relevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403, and 404.

    This motion is based upon this notice of motion, the attached memorandum of points and authorities, the attached declaration of David Klehm, all pleadings and records on file in this action, and on such further authority, evidence, or argument as may be presented at or before the time of any hearing on this motion.

    This Motion is made following a conference of counsel pursuant to L.R. 7-3 and L.R. 16-2.6, which took place on September 5, 2024.

Dated: September 10, 2024 _                    Respectfully submitted,

                                                            ROB BONTA
                                                            Attorney General of California
                                                            NORMAN D. MORRISON
                                                            Supervising Deputy Attorney General

                                                           /s/ David Klehm

                                                           DAVID KLEHM
                                                          Deputy Attorney General
                                                           *Attorneys for Defendants*
                                                           *State of California and Andrew Ornelas*

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

This lawsuit arises out of the shooting of Plaintiff Edgar Solis by California Highway Patrol (CHP) Officer Michael Bell. The central issue in this case is whether Defendant Bell was justified in using deadly force when Plaintiff unlawfully evaded lawful arrest and pointed his gun at Officer Bell. Defendants request that the court exclude evidence regarding the officers' personnel records on the grounds that such evidence is not relevant and is unduly prejudicial and confusing. Fed. R. Evid. 401, 402, 403, and 404.

## ARGUMENT

### I. THE COURT HAS THE POWER TO GRANT THIS MOTION IN LIMINE BASED UPON ITS INHERENT POWER TO MANAGE THE COURSE OF TRIALS

Motions in limine are recognized as a proper pretrial request, both in practice and by case law. *See, Ohler v. United States,* 529 U.S. 753, 758 (2000); and *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir. 1979). Authority for these motions is also derived from the Court's inherent power to manage the course of trials. *See, Luce v. United States,* 469 U.S. 38, 41 (1984). Pursuant to the arguments set forth below, defendants request that this Court grant their motion and exclude the evidence at issue.

### II. EVIDENCE REGARDING OFFICERS' PERSONNEL RECORDS SHOULD BE EXCLUDED BECAUSE IT IS PRIVILEGED, IRRELEVANT AND PREJUDICIAL TO DEFENDANTS

Defendants request that this Court preclude any questioning and testimony regarding the officers' personnel matters, prior complaints concerning job performance, or prior disciplinary issues. Further, defendants request that the Court preclude such questions and testimony regarding any officer who testifies in this matter.

Although federal courts are not bound by state statutes or privileges, federal common law recognizes an "official information" privilege that embraces records or information compiled for law enforcement purposes not otherwise available to

1  the public pursuant to 5 U.S.C. § 552(b)(7). *Kerr v. United States Dist. Court for*
2  *Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of*
3  *Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Miller v. Pancucci*, 141 F.R.D.
4  292, 297-298 (C.D. Cal. 1992); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D.
5  Cal. 2012). In section 1983 cases, with mixed state and federal claims, although
6  federal law is binding, state privilege law which is consistent with its federal
7  equivalent significantly assists in applying privilege law to discovery disputes.
8  *Brooks v. County of San Joaquin*, 275 F.R.D 528, 530 (E.D. Cal. 2011). The Court
9  in *Brooks* acknowledged that while other courts, disagree (*see e.g. Jackson v.*
10 *County of Sacramento,* 175 F.R.D 653, 655 (E.D. Cal. 1997), these other Courts
11 seemingly have overlooked binding precedent. The Ninth Circuit continues to hold
12 that "[i]n determining the federal law of privilege in a federal question case, absent
13 controlling statute, a federal court may consider state privilege law."  *Brooks,* 132
14 F.R.D at 530, citing *Lewis v. United States,* 517 F.2d 236, 237 (9th Cir. 1975).
15        The *Brooks* court stated that the federal privilege applicable to the government
16 interest in preserving confidentiality of law enforcement records has various names:
17 (1) the "official information privilege," (2) the "law enforcement privilege," and (3)
18 a type of "executive privilege." The Court went on to state that this federal
19 "qualified" privilege is consistent with California statutes affording a qualified
20 privilege to peace officer personnel records, i.e. California Penal Code section
21 832.7. Disclosure requires "good cause" (Cal. Evid. Code § 1043), relevance and
22 unavailability by other means (Cal. Evid. Code § 1045). *Brooks,* 132 F.R.D at 533.
23 Further, even where a claim is based on federal law rather than state law, federal
24 courts may defer to state law privilege as a matter of comity (i.e., not as a matter of
25 obligation, but out of deference and mutual respect.) *Pearson v. Miller,* 211 F.3d
26 57, 67 (3rd Cir. 2000).
27        With limited exceptions, California Penal Code section 832.7 provides for the
28 confidentiality of peace officer personnel records. This includes personnel records

defined under Penal Code section 832.8, and records maintained pursuant to Penal Code section 832.5. Penal Code section 832.8 defines personnel records as

… any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:

(1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information.

(2) Medical history.

(3) Election of employee benefits.

(4) Employee advancement, appraisal, or discipline.

(5) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.

(6) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy.

*Cal. Pen. Code* § 832.8(a).

Penal Code section 832.5 applies to procedures for investigating citizen complaints against law enforcement personnel, *i.e.*, an internal affairs investigation. Evidence Code section 1040 is a privilege relating to official information acquired in confidence from a public employee in the course of his or her duty and not open or officially disclosed to the public prior to the time the claim of privilege is made. A public entity has a confidential privilege to refuse to disclose official information and to prevent another person from disclosing such information if: (1) the privilege is claimed by a person authorized by the public entity to do so; and (2) disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. *Shepherd v. Superior Court,* 17 Cal.3d 107, 124 (1976), *overruled on other grounds*, *People v. Holloway*, 33 Cal.4th 296 (2004). Thus, plaintiff should not be entitled to ask questions soliciting information

otherwise privileged because statutes which protect personnel records and information from such records also protect the identical information about personnel history which is within the officers' personal recollections. *City of San Diego v. Superior Court*, 136 Cal.App.3d 236, 239 (1981).

Further, only relevant evidence is admissible. Fed. R. Evid. Rule 402. Evidence is not relevant unless it tends to prove or disprove a fact of consequence. Fed. R. Evid. Rule 401. Evidence of other citizen complaints or internal affairs investigations would be irrelevant since they do not prove any fact of consequence in this matter. Moreover, such character evidence is not admissible to prove conduct of a defendant (Fed. R. Evid. Rule 404), and admission of any such evidence would be unduly prejudicial and subject to exclusion (Fed. R. Evid. Rule 403).

## CONCLUSION

Based on the foregoing, defendants respectfully request the Court to instruct plaintiffs and their attorneys (and through each of them, each of their witnesses and experts) not to mention, or in any other manner convey to the jury any testimony relating to personnel matters, prior complaints concerning job performance, or prior disciplinary issues regarding Defendant Bell. Further, defendants request that the Court preclude such questions and testimony regarding any officer who testifies in this matter.

Dated: September 10, 2024 _                    Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendants*
*State of California and Michael Bell*

# CERTIFICATE OF SERVICE

Case Name: **Edgar Solis v. County of Riverside, et al.**   No. **5:23-cv-00515-HDV-JPR**

I hereby certify that on September 10, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OFFICERS' PERSONNEL RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 10, 2024, at Los Angeles, California.

J. Sissov
Declarant

/s/ J. Sissov
Signature

SD2023800661