**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>      Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>      Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF OFFICERS' PERSONNEL RECORDS**<br><br>**Hearing on Motions *in Limine*:**<br>October 1, 2024 at 09:00 a.m.<br>**Final Pretrial Conference:**<br>October 8, 2024 at 10:00 a.m.<br>**Jury Trial**<br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable officer-involved shooting of Plaintiff Edgar Solis ("Solis") by Defendant State of California Highway Patrol ("CHP") Officer Michael Bell ("Bell"). Three officers rapidly approached Solis, followed by a series of tactical errors and unreasonably escalating the situation when Officer Bell reached into the vehicle and Deputy Waltermire struck the windshield with his baton. In fear, Solis drove slowly away from the officers' attack and then fled on foot. Then, while Solis was not an immediate threat of death or serious bodily injury, and while there were several reasonable alternatives available, Officer Bell unreasonably fired several rounds at Solis, including to his back. Injured and running for his life, Solis continued a short distance before Officer Bell fired a second volley of shots, impacting Solis and causing him to fall to the ground.

Defendants present Motion seeks to exclude "officers' personnel records." Yet, Plaintiff cannot determine from Defendants' motion what Defendants are referring to. Nevertheless, as Plaintiff mentioned in the Parties' conference of counsel, Plaintiff seeks to keep this trial focused on the conduct of Officer Bell and the information known to him when he used excessive and unreasonable force against Solis. Defendants will not agree to exclude irrelevant information unknown to Officer Bell and seek admission of Solis' past conduct that had nothing to do with this incident. Now Defendants want Officer Bell's (and some unknown other officers') past conduct to be hidden from the jury. Defendants informed Plaintiff, "Defendants will move to bar evidence or questioning regarding Officer Bell's or any other testifying officer's personnel records – including any citizen complaints, investigations, or disciplinary action." With no further detail. (Sincich Decl. ¶2.)

Without knowing what specifically Defendants seek to exclude, Plaintiff still informed Defendants that "Plaintiff does not plan to introduce evidence of Officer Bell's personnel records as described unless the door is opened by the defense.

Likewise, plaintiff requests that irrelevant, information unknown, prejudicial information and impermissible character evidence pertaining to plaintiff (subject to plaintiff's motions) should also be excluded and plaintiff seeks a joint agreement of such between the parties. Thus, plaintiff believes this motion is unnecessary and a stipulation is appropriate, but if filed, plaintiff will oppose to state plaintiff's position on the issues raised." (Sincich Decl. ¶3.)

Here Plaintiff reiterates, Plaintiff does not plan to introduce evidence of Officer Bell's personnel records. But this evidence, whatever it may be, is permissible if the door is opened by the defense.

Defendants are correct in their statement that this federal Court is not bound by state law on this matter. With Defendants' overbroad definition of "official information" there would be no discovery of police records at all. Under Defendants' theory, law enforcement, as the sword of the State, could act wrongfully in the dark, hidden from the public they are sworn to serve and protect. For instance, the government has no legitimate interest in preserving the confidentiality of violations of citizens' inalienable rights. On the other hand, the people, both in general and the victims of these violations, have a strong interest in discovering and shining light on these violations – so that they will not continue.

As to Defendants' claim for privilege. Defendants fail to state what information they claim is privileged. Further, Defendants fail to even identify what officer they claim is asserting a privilege under state law. Indeed, the Plaintiff cannot adequately oppose such an overbroad and unclear motion and Plaintiff contends that the Court does not have adequate information to grant such a motion. This Court addressed this exact situation in his Civil Trial Order, stating, "Motions *in limine* should address specific issues (e.g., not "to exclude all hearsay")." (Civil Trial Order at 8:10; https://www.cacd.uscourts.gov/honorable-hern%C3%A1n-d-vera.) Defendants' Motion request the court "to exclude all officers' personnel records." For this reason alone, the Court should deny Defendants' Motion.

As to relevance, Plaintiff bears the burden of proving his claims. In doing so the jury may have to decide which testimony to believe including taking into account "whether other evidence contradicted the witness's testimony." Ninth Circuit Model Jury Instructions, No. 1.14. Further, the jury will consider whether Officer Bell intended to deprive Plaintiff of his enjoyment of his interests in protected rights (CACI No. 3066); the jury will consider what a reasonably carful officer would have done in the situation (CACI No. 401); and the jury will consider whether Officer Bell's conduct was malicious, oppressive or in reckless disregard of Plaintiff's rights (9th Cir. Jury Instruction No. 5.5). Evidence is relevant if it has any tendency to may a fact of consequence more or less probable than it would without the evidence. Fed. R. Evid. 401; *see, e.g.*, O'Neill *v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (no error in admitting prior act of excessive force by officer, which was relevant to show intent). Relevant evidence is otherwise admissible. Fed. R. Evid 402.

Defendants scant comment as to Rules 403 and 404 are inadequate for a ruling. Nevertheless, Defendants have failed to show that they will suffer any prejudice and failed to describe any character evidence they seek to exclude. *But see Kopf v. Skyrm*, 993 F.2d 374, 381 (4th Cir. 1993) (admitting evidence of prior shooting as evidence that might have convinced the jury of the officer's intent and lack of mistake under Rule 404(b)); *see also United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) ("'[u]nfair prejudice' under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence. Indeed, our adversarial system depends on opposing parties offering evidence that will strengthen their respective positions and damage that of their opponents."); *see Taylor v. The Los Angeles Police Department*, 1999 WL 33101661, 4-7 (C.D. Cal. 1999) (prior complaints "may show, among other things, a proclivity of such officers toward violent behavior or possible bias"); *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (internal affairs history may be relevant to issues of credibility and the motive of the officers, and may demonstrate a continuing course of conduct

reflecting malicious intent); *Porter v. Osborn*, 2009 WL 5068632 (D. Alaska, Dec. 17, 2009) ("Certainly, evidence of prior acts of violence that are of the same or similar nature to the incident in question might be admissible to show Osborn's intent as to the claim alleged, given that the question on remand is whether Osborn had a "purpose to harm" Casey, which Osborn denies.").

Plaintiff sought an agreement from Defendants to exclude all character evidence. But Defendants insist on making a significant portion of this case about Plaintiff's pre-incident conduct, even unknown to Defendant Bell, as opposed to what Defendant Bell and Plaintiff Solis did during the incident. Defendants intend to paint Solis as a dangerous career criminal and meth and PCP addict in order to inflame the passions of the jury such that they would not find liability in his favor or would award him nominal damages as punishment for his unrelated prior acts. The threat of undue prejudice *to Plaintiff* is compounded when juxtaposed to Defendants intent to paint Defendant Bell as a man who follows every policy and training technique perfectly to justify shooting Solis while Solis the criminal was not complying with commands.

Plaintiff submits that if Defendants present evidence or testimony at trial that, for example, implies that Defendant Bell has an otherwise clean record, is a decorated and respected peace officer, has a gentle and benevolent character, is one of the State's finest, or testimony to that effect – then Defendants will have opened the door to the admission of any and all of his prior bad acts as rebuttal and/or impeachment evidence. Fed. R. Evid. 607; *United States v. Ziska*, 267 F. App'x 717, 718 (9th Cir. 2008) (testimony of defense witnesses opened the door to rebuttal evidence). In other words, evidence of testifying police officers' prior bad acts, while of limited relevance with respect to the shooting itself, may acquire forceful relevance as rebuttal or impeachment evidence if Defendants open the door at trial.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion *in Limine* No. 1 in its entirety.

Respectfully submitted,

DATED: September 24, 2024,   **LAW OFFICES OF DALE K. GALIPO**
　　　　　　　　　　　　　　　**LAW OFFICES OF GRECH & PACKER**

　　　　　　　　　　　　　　　　/s/　　　*Marcel F. Sincich*
　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　Trenton C. Packer
　　　　　　　　　　　　　　　Marcel F. Sincich, *Attorney for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff certifies that this brief contains 1,382 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 24, 2024

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By:  /s/      Marcel F. Sincich
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*