# "EXHIBIT A"

**ROB BONTA**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

600 W. BROADWAY, SUITE 1800
SAN DIEGO, CA 92101

Public: (213) 269-6000
Telephone: (619) 738-9733
Facsimile: (916) 731-2120
E-Mail: David.Klehm@doj.ca.gov

August 29, 2024

**VIA EMAIL ONLY**
Dale K. Galipo, Esq.
Marcel Sincich, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367-6479

RE:   *Solis v. State of California, et al.*
      United States District Court, Central District of California, Case No. 5:23-cv-00515 HDV (JPRx)

Dear Counsel:

Defendants, State of California and Michael Bell intend to file the following motions in limine:

**(1) Motion in Limine No. 1 – To Exclude Gruesome Photographs** – Defendants will move to bar the introduction of gruesome photographs, including bloody body parts and scene photographs, on the grounds that the items lack probative value, are highly inflammatory and substantially more prejudicial than probative, and would mislead the jury. Fed. R. Evid. 401, 402, and 403.

**(2) Motion in Limine No. 2 – To Exclude Evidence and Questions Regarding Officers' Personnel Records** – Defendants will move to bar evidence or questioning regarding Officer Bell's or any other testifying officer's personnel records – including any citizen complaints, investigations, or disciplinary action – on the ground that such evidence is protected by the official information privilege and the officers' right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California*, 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977)); see also, Cal. Const., art. I, § 1, Cal. Penal Code §§ 832.7, 832.8, Cal. Evid. Code §§ 1040, 1043, 1045; Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations; s*ee also Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656. In addition, the evidence is improper character evidence, is

Dale K. Galipo, Esq.
Rahnee Lee, Esq.
October 12, 2022
Page 2

> irrelevant, and is unduly prejudicial and misleading.  Fed. R. Evid. 401, 402, 403, and 404.
>
> **(3) <u>Motion in Limine No. 3 – To Exclude Improper Opinions of Plaintiffs' Expert Roger Clark</u>** – Defendants will move to bar evidence or questioning regarding improper expert testimony, hearsay, and speculation by Roger Clark. Fed. R. Evid. 602, 702, 703, 801 and 802.  Specifically, defendants object to opinions offered by Mr. Clark in areas in which he has no expertise such as forensic audio/video analysis or ballistics, opinions that are improper legal conclusions, opinions that are contrary to the law, and opinions that are not supported by any analysis.
>
> **(4) <u>Motion in Limine No. 4 - To Bifurcate the Issue of Punitive Damages</u>** – Defendants will move to bar evidence or questioning regarding Officer Bell's financial information until plaintiff has first proved a prima facie case of liability for punitive damages.  See *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.* (D. Kan. 1990) 130 FRD 149, 152.

Please let me know your availability to meet and confer regarding defendants' proposed motions in limine pursuant to Local Rule 7-3 on or before September 3, 2024.

                Sincerely,

                DAVID KLEHM
                Deputy Attorney General

For    ROB BONTA
       Attorney General