1 | **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
2 | dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
3 | msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
4 | Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118
5 |
**LAW OFFICES OF GRECH & PACKER**
6 | Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7 | 7095 Indiana Ave Ste 200
Riverside, CA 92506
8 | Phone: (951) 682-9311

9 | *Attorneys for Plaintiff* EDGAR SOLIS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS, | Case No.: 5:23−cv−00515−HDV−JPR |
| Plaintiff, | [*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth |
| vs. | **COMPETING VERDICT FORMS** |
| STATE OF CALIFORNIA; MICHAEL BELL; and DOES 1-10, inclusive, | **Final Pretrial Conference:**<br>Date:    October 8, 2024<br>Time:    10:00 a.m. |
| Defendants. | **Trial:**<br>Date:    October 29, 2024<br>Time:    09:00 a.m.<br>Place:    Courtroom 10D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

By and through their attorneys of record in this action, Plaintiff Edgar Solis and Defendants State of California and Michael Bell hereby submit the following Competing Verdict Forms as follows:

| Attachment | Title | Page |
|:---:|:---|:---:|
| A | Plaintiff's Proposed Verdict Form | 2 |
| B | Defendants' Proposed Verdict Form | 8 |
| C | Redline Verdict Form of Disputed Language | 15 |
| D | Plaintiff's Position | 22 |
| E | Defendants' Position | 24 |

Plaintiff reserves the right to amend this and any other [Proposed] Special Verdict Form, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Respectfully Submitted,

DATED:  September 24, 2024      **LAW OFFICES OF DALE K. GALIPO**
                                **LAW OFFICES OF GRECH & PACKER**


                                By: _____/s/_____ *Marcel F. Sincich*_____
                                Dale K. Galipo
                                Marcel F. Sincich
                                Trent C. Packer
                                *Attorney for Plaintiff*

DATED:  September 24, 2024      ROB BONTA
                                Attorney General of California
                                RHONDA L. MALLORY
                                Supervising Deputy Attorney General


                                By: _____/s/_____ *David Klehm*_____
                                DAVID KLEHM
                                Deputy Attorney General
                                *Attorneys for Defendant* State of California (by and through the California Highway Patrol) and Michael Bell

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT A
## Plaintiff's Proposed Verdict Form

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12

13  EDGAR SOLIS,

14         Plaintiff,

15      v.

16  STATE OF CALIFORNIA; and
    MICHAEL BELL,
17

18        Defendants.

Case No.: 5:23−cv−00515−HDV−JPR

[*Honorable Hernán D. Vera*]

**VERDICT FORM**

19
20
21
22
23
24
25
26
27
28

# JOINT AGREED UPON VERDICT FORM

We, the jury in the above-entitled action, find the following:

## PART I: DEFENDANT OFFICER MICHAEL BELL LIABILITY

## FOURTH AMENDMENT EXCESSIVE FORCE & BATTERY CLAIMS

**Question No. 1: Did Officer Michael Bell use excessive or unreasonable force against Edgar Solis?**

_____ YES          _____ NO

*If you answered "Yes" to Question No. 1, please answer Question No. 2.*

*If you answered "No" to Question No. 1, please answer Question No. 3.*

**Question No. 2: Was Officer Michael Bell's use of force a cause of injury, damage, or harm to Edgar Solis?**

_____ YES          _____ NO

*Please answer Question No. 3.*

## NEGLIGENCE CLAIM

**Question No. 3: Was Officer Michael Bell negligent in his conduct against Edgar Solis?**

_____ YES          _____ NO

*If you answered "Yes" to Question No. 3, please answer Question No. 4.*

*If you answered "No" to Question No. 3, but "Yes" as to Question No. 2, please proceed to answer Question No. 8.*

*If you answered "No" in Question No. 2, and Question No. 3, please sign and date the verdict form and return it to the Court.*

**Question No. 4: Was Officer Michael Bell's negligence a cause of injury, damage, or harm to Edgar Solis?**

_____ YES          _____ NO

*If you answered "Yes" in Question No. 4, please answer Question No. 5.*

*If you answered "No" to Question No. 4, but "Yes" as to Question No. 2, please proceed to answer Question No. 8.*

*If you answered "No" in Question No. 2, and Question No. 4, please sign and date the verdict form and return it to the Court.*

**Question No. 5: Was Edgar Solis negligent?**

_____ YES          _____ NO

*If you answered "Yes" to Question No. 5, please answer Question No. 6.*

*If you answered "No" to Question No. 5, please answer Question No. 8.*

**Question No. 6: Was Edgar Solis' negligence a cause of his own injuries?**

_____ YES          _____ NO

*Please answer Question No. 7.*

**Question No. 7: What percentage of responsibility for Edgar Solis' injury or harm do you assign to the negligent conduct, if any, of the following?**

Officer Michael Bell           _____ %

Edgar Solis           _____ %

(Total must equal 100 %)

*If you answered "Yes" to Question No. 2, please answer Question No. 8.*

## THE BANE ACT CLAIM

**Question No. 8: Did Officer Michael Bell violate the Bane Act?**

_____ YES           _____ NO

*Please proceed to Part II on the next page and answer Question No. 9.*

## PART II: PLAINTIFF EDGAR SOLIS' DAMAGES

**Question No. 9: What are Edgar Solis' damages for the following:**

Past physical pain and suffering:    $ _____

Future physical pain and suffering:    $ _____

Past mental pain and suffering:    $ _____

Future mental pain and suffering:    $ _____

*Please answer Question No. 10.*

1   **Question No. 10: Did Officer Michael Bell act with malice, oppression, or in**

2          **reckless disregard of Edgar Solis' rights?**

3

4         _____ YES        _____ NO

5

6

7

8

9        *Please sign and date the verdict form and return it to the Court.*

10

11

12   Date: _____     _____

13                      Jury Foreperson

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT B
## Defendants' Proposed Verdict Form

1

2

3

4

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **CENTRAL DISTRICT OF CALIFORNIA**

13

14 EDGAR SOLIS,                              Case No.: 5:23−cv−00515−HDV−JPR

15          Plaintiff,                      [*Honorable Hernán D. Vera*]

16      v.

17 STATE OF CALIFORNIA; and                 **VERDICT FORM**
   MICHAEL BELL,
18

19          Defendants.

20

21

22

23

24

25

26

27

28

1                    **<u>JOINT AGREED UPON VERDICT FORM</u>**

2          We, the jury in the above-entitled action, find the following:

3

4          **PART I: DEFENDANT OFFICER MICHAEL BELL LIABILITY**

5             **<u>FOURTH AMENDMENT EXCESSIVE FORCE CLAIM</u>**

6 **Question No. 1: Did the acts of Officer Bell deprive Edgar Solis of his rights**

7         **under the United States Constitution prohibiting an unreasonable**

8         **seizure?**

9

10            _____ YES        _____ NO

11

12      *If you answered "Yes" to Question No. 1, please answer Question No. 2.*

13      *If you answered "No" to Question No. 1, please answer Question No. 3.*

14

15 **Question No. 2: Was Officer Michael Bell's use of excessive force a cause of**

16         **injury, damage, or harm to Edgar Solis?**

17

18            _____ YES        _____ NO

19

20        **PART II: DEFENDANT OFFICER MICHAEL BELL LIABILITY**

21         **<u>BATTERY BY A POLICE OFFICER CLAIM</u>**

22 **Question No. 3: Was Officer Bell's use of deadly force necessary to defend**

23         **human life?**

24

25            _____ YES        _____ NO

26

27 *If you answered "Yes" to Question No. 3, please answer Question No. 5 .*

28 *If you answered "No" to Question No. 3, please answer Question No. 4*

**Question No. 4: Was Officer Bell's use of deadly force a substantial factor in causing Edgar Solis's injuries.**

_____ YES          _____ NO

*Please answer Question No. 5.*

## NEGLIGENCE CLAIM

**Question No. 5: Was Officer Michael Bell negligent in his pre-shooting conduct against Edgar Solis?**

_____ YES          _____ NO

*If you answered "Yes" to Question No. 3, please answer Question No. 6.*

*If you answered "No" to Question No. 5, but "Yes" as to Question No. 2, please proceed to answer Question No. 14.*

*If you answered "No" in Question No. 2, and "Yes" to Question No. 3 and "No" to Question No. 5, please sign and date the verdict form and return it to the Court.*

**Question No. 6: Was Officer Michael Bell's pre-shooting negligence a cause of injury, damage, or harm to Edgar Solis?**

_____ YES          _____ NO

*If you answered "Yes" in Question No. 6, please answer Question No. 7.*

**Question No. 7: Did Officer Bell act in self-defense?**

_____ YES _____ NO

**Question No. 8: Did Edgar Solis lawfully resist arrest?**

_____ YES _____ NO

**Question No. 9: Was Edgar Solis negligent?**

_____ YES            _____ NO

*If you answered "Yes" to Question No. 9, please answer Question No. 10.*

*If you answered "No" to Question No. 9, please answer Question No. 11.*

**Question No. 10: Was Edgar Solis' negligence a cause of his own injuries?**

_____ YES            _____ NO

**Question No. 11: What percentage of responsibility for Edgar Solis' injury or**
**harm do you assign to the negligent conduct, if any, of the following?**

Officer Michael Bell            _____ %

Edgar Solis            _____ %

Deputy Salvator Waltermire    _____%

Others (Insert name(s)_____%

(Total must equal 100 %)

## THE BANE ACT CLAIM

**Question No. 13: Did the acts of Officer Bell deprive Edgar Solis of his rights prohibiting the use of excessive force by a law enforcement Officer?**

_____ YES          _____ NO

## PART II: PLAINTIFF EDGAR SOLIS' DAMAGES

**Question No. 13: What are Edgar Solis' damages for the following:**

Past physical pain and suffering:          $ _____

Future physical pain and suffering:          $ _____

Past mental pain and suffering:          $ _____

Future mental pain and suffering:          $ _____

*If your answer to Question 12 was "Yes," please answer Question 14.  If you answered "No" to Question 12, please skip to the end, and sign and date the verdict form.*

**Question No. 14: Did Officer Michael Bell act with malice, oppression, or in reckless disregard of Edgar Solis' rights?**

_____ YES          _____ NO

*Please sign and date the verdict form and return it to the Court.*

-13-          Case No.: 5:23−cv−00515−HDV−JPR
COMPETING VERDICT FORMS

1  Date: _____      _____

2                                        Jury Foreperson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT C
## Redline Verdict Form of Disputed Language

1

2

3

4

5

6

7

8

9

10         **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA**

12

13    EDGAR SOLIS,                          Case No.: 5:23−cv−00515−HDV−JPR

14              Plaintiff,                   [*Honorable Hernán D. Vera*]

15         v.

16    STATE OF CALIFORNIA; and             **VERDICT FORM**
       MICHAEL BELL,
17

18              Defendants.

19

20

21

22

23

24

25

26

27

28

1    **JOINT AGREED UPON VERDICT FORM**

2    We, the jury in the above-entitled action, find the following:

3

4    **PART I: DEFENDANT OFFICER MICHAEL BELL LIABILITY**

5    **FOURTH AMENDMENT EXCESSIVE FORCE** ~~& BATTERY~~ **CLAIMS**

6    **Question No. 1:** **Did the acts of Officer Bell deprive Edgar Solis of his rights**

7    **under the United States Constitution prohibiting an unreasonable**

8    **seizure**~~Did Officer Michael Bell use excessive or unreasonable force~~

9    ~~against Edgar Solis~~**?**

10

11    _____ YES         _____ NO

12

13    *If you answered "Yes" to Question No. 1, please answer Question No. 2.*

14    *If you answered "No" to Question No. 1, please answer Question No. 3.*

15

16    **Question No. 2: Was Officer Michael Bell's use of force a cause of injury,**

17    **damage, or harm to Edgar Solis?**

18

19    _____ YES         _____ NO

20

21    *Please answer Question No. 3.*

22

23    **PART II: DEFENDANT OFFICER MICHAEL BELL LIABILITY**

24    **BATTERY BY A POLICE OFFICER CLAIM**

25    **Question No. 3: Was Officer Bell's use of deadly force necessary to defend**

26    **human life?**

27

28    _____ YES     _____ NO

1

2      *If you answered "Yes" to Question No. 3, please answer Question No. 5.*

3      *If you answered "No" to Question No. 3, please answer Question No. 4*

4

5      **Question No. 4: Was Officer Bell's use of deadly force a substantial factor in**

6          **causing Edgar Solis's injuries.**

7

8                          _____ YES          _____ NO

9

10

11      *Please answer Question No. 5.*

12

13                          **<u>NEGLIGENCE CLAIM</u>**

14      **Question No. ~~3~~5: <u>Was Officer Michael Bell negligent in his pre-shooting</u>**

15          **<u>conduct against Edgar Solis</u>~~Was Officer Michael Bell negligent in his~~**

16          **~~conduct against Edgar Solis~~?**

17

18                          _____ YES          _____ NO

19

20      *If you answered "Yes" to Question No. 3, please answer Question No. ~~4~~6.*

21      *If you answered "No" to Question No. 3, but "Yes" as to Question No. 2,*

22      *please proceed to answer Question No. ~~8~~14.*

23      *If you answered "No" in Question No. 2, and "Yes" to Question No. 3 and*

24      *"No" to Question No. 5, please sign and date the verdict form and return it to the*

25      *Court~~If you answered "No" in Question No. 2, and Question No. 3, please sign and~~*

26      *~~date the verdict form and return it to the Court~~.*

27

28

                                        -18-        Case No.: 5:23−cv−00515−HDV−JPR

1  **Question No. 46: <u>Was Officer Michael Bell's pre-shooting negligence a cause of</u>**

2  **<u>injury, damage, or harm to Edgar Solis</u>~~Was Officer Michael Bell's~~**

3  **~~negligence a cause of injury, damage, or harm to Edgar Solis~~?**

4

5  _____ YES          _____ NO

6

7  *<u>If you answered "Yes" in Question No. 6, please answer Question No. 7.</u>*

8  *~~If you answered "Yes" in Question No. 4, please answer Question No. 5.~~*

9  *~~If you answered "No" to Question No. 4, but "Yes" as to Question No. 2,~~*

10 *~~please proceed to answer Question No. 8.~~*

11 *~~If you answered "No" in Question No. 2, and Question No. 4, please sign and~~*

12 *~~date the verdict form and return it to the Court~~.*

13

14 **<u>Question No. 7: Did Officer Bell act in self-defense?</u>**

15 _____YES _____NO

16

17 **<u>Question No. 8: Did Edgar Solis lawfully resist arrest?</u>**

18

19 _____YES _____NO

20

21 **Question No. ~~5~~<u>9</u>: Was Edgar Solis negligent?**

22

23 _____ YES          _____ NO

24

25 *If you answered "Yes" to Question No. ~~5~~<u>9</u>, please answer Question No. ~~6~~<u>10</u>.*

26 *If you answered "No" to Question No. ~~5~~<u>9</u>, please answer Question No. ~~8~~<u>11</u>.*

27

28 **Question No. ~~6~~<u>10</u>: Was Edgar Solis' negligence a cause of his own injuries?**

1

2             _____ YES          _____ NO

3

4       *Please answer Question No. 7.*

5 **Question No. ~~7~~11: What percentage of responsibility for Edgar Solis' injury or**

6       **harm do you assign to the negligent conduct, if any, of the following?**

7

8       Officer Michael Bell         _____ %

9       Edgar Solis                 _____ %

10       <span style="color:red">Deputy Salvator Waltermire _____%</span>

11       <span style="color:red">Others (Insert name(s)_____%</span>

12                 (Total must equal 100 %)

13

14       *If you answered "Yes" to Question No. 2, please answer Question No. 8.*

15

16                 **THE BANE ACT CLAIM**

17 **Question No. ~~8~~13: Did the acts of Officer Bell deprive Edgar Solis of his rights**

18       **prohibiting the use of excessive force by a law enforcement Officer~~Did~~**

19       **~~Officer Michael Bell violate the Bane Act~~?**

20

21             _____ YES          _____ NO

22

23       *Please proceed to Part II on the next page and answer Question No. 9.*

24

25           **PART II: PLAINTIFF EDGAR SOLIS' DAMAGES**

26 **Question No. ~~9~~13: What are Edgar Solis' damages for the following:**

27

28       Past physical pain and suffering:     $ _____

Future physical pain and suffering:        $ _____

Past mental pain and suffering:            $ _____

Future mental pain and suffering:          $ _____

*If your answer to Question 12 was "Yes," please answer Question 14.  If you answered "No" to Question 12, please skip to the end, and sign and date the verdict form*~~Please answer Question No. 10~~.

**Question No. 10: Did Officer Michael Bell act with malice, oppression, or in reckless disregard of Edgar Solis' rights?**

_____ YES           _____ NO

*Please sign and date the verdict form and return it to the Court.*

Date: _____        _____
                                            Jury Foreperson

# ATTACHMENT D
## Plaintiff's Position

Plaintiff's well thought out proposed verdict form is far better suited for this matter as it uses clear language, avoids confusion, and avoids an inconsistent verdict. Plaintiff contends that there should be only one question on the verdict form for the Excessive Force and Battery Claims, in order to avoid an inconsistent verdict. "Claims of excessive force under California law are analyzed under the same standard of objective reasonableness used in Fourth Amendment claims." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013) (citing *In re Joseph F.*, 85 Cal.App.4th 975, 989 (2000); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1274 (1998) (noting that 42 U.S.C. §1983 is "the federal counterpart of state battery"); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 n. 11 (2009) ("Because federal civil rights claims of excessive use of force are the federal counterpart to state battery and wrongful death claims, federal cases are instructive in this area.").) But negligence claims apply a similar but more forgiving standard that considers defendants' conduct leading up to the use of force. *Hayes v. County of San Diego*, 57 Cal.4th 622, 639 (2013). In other words, pre-shooting circumstances might show that an otherwise reasonable use of deadly force was in fact unreasonable." *Id.* at 629-30; *see also Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021) ("the officer's pre-shooting decisions can render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of the shooting might be reasonable in isolation.").

Plaintiff version of question one is also more appropriate as it uses the language of "excessive force" with reference to the §1983 claim and "unreasonable force" as used in the Battery instruction.

Plaintiff objects to Defendants proposed battery questions as it implies and incomplete statement of the law. Battery requires immediacy in addition to being necessary to defend human life.

1        Plaintiff objects to Defendants proposed negligence question as it is an

2  attempt to limit Plaintiff's theory of negligence to only pre-shooting conduct.

3  Rather, here, Defendant Bell is negligent for his unreasonable use of deadly force as

4  explained in CACI 441. Additionally, Defendant Bell could be also or alternatively

5  found negligent for his pre-shooting conduct.

6        Plaintiff objects to Defendants proposed Questions 7 and 8, which correspond

7  to no model instructions, but only to Defendants' unfairly prejudicial alternative

8  instructions. These are prejudicial and improper questions for the verdict form.

9        Plaintiff objects to Defendants proposed Question 11 with the addition of the

10  negligent conduct of Deputy Waltermire and some unidentified "Others" for the

11  distribution of responsibility. This matter is only about Defendants' wrongful

12  conduct. Further, there is no apportionment of damages related to Plaintiff's claims

13  for Excessive Force, Battery, or violation of the Bane Act, and damages on the

14  verdict form are not being proposed as separate claim for relief. Apportionment, in

15  general, is unnecessary, especially as to the conduct of non-partes. This is a

16  distraction to the jury from the main issues in this matter and risks several mini trials

17  within this trial that will consume unnecessary time and resources, confuse the

18  issues, and mislead the jury. Fed. R. Evid. 403.

19        Finally, Plaintiff proposed Bane Act question is clear and avoids confusion.

# ATTACHMENT E
## Defendants' Position

**1. Question No. 1: Did Officer Michael Bell use excessive or unreasonable force against Edgar Solis?**

This question conflates the elements of two separate Federal and State causes of action.

**2. Question No. 3: Was Officer Michael Bell negligent in his conduct against Edgar Solis?**

This question does not restrict the scope of Officer Bell's negligence to pre-shooting conduct.

**3. Question No. 7: What percentage of responsibility for Edgar Solis' injury or harm do you assign to the negligent conduct, if any, of the following?**

Officer Michael Bell        _____ %

Edgar Solis        _____ %

(Total must equal 100 %)

This question does not allow the jury to find that any third party was also responsible for plaintiff's harm.