1

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)

2

dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)

3

msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310

4

Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

5

**LAW OFFICES OF GRECH & PACKER**

6

Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com

7

7095 Indiana Ave Ste 200
Riverside, CA 92506

8

Phone: (951) 682-9311

9

*Attorneys for Plaintiff* EDGAR SOLIS

10

ROB BONTA
Attorney General of California

11

RHONDA L. MALLORY
Supervising Deputy Attorney General

12

DAVID KLEHM
Deputy Attorney General

13

  600 West Broadway, Suite 1800
  San Diego, CA 92101

14

  P.O. Box 85266
  San Diego, CA 92186-5266

15

  Telephone: (619) 738-9567
  Fax: (619) 645-2581

16

  E-mail: David.Klehm@doj.ca.gov

17

*Attorneys for Defendant* STATE OF CALIFORNIA and MICHAEL BELL

18

**UNITED STATES DISTRICT COURT**

19

**CENTRAL DISTRICT OF CALIFORNIA**

| EDGAR SOLIS, | Case No.: 5:23−cv−00515−HDV−JPR |
|---|---|
| Plaintiff, | [*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth |
| vs. | **[PROPOSED] JOINT AGREED UPON JURY INSTRUCTIONS (clean)** |
| STATE OF CALIFORNIA; MICHAEL BELL; and DOES 1-10, inclusive, | |
| Defendants. | **Final Pretrial Conference:**<br>Date:  October 8, 2024<br>Time:  10:00 a.m.<br>**Trial:**<br>Date:  October 29, 2024<br>Time:  09:00 a.m.<br>Place:  Courtroom 10D |

20

21

22

23

24

25

26

27

28

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

By and through their attorneys of record in this action, Plaintiff Edgar Solis and Defendants State of California and Michael Bell hereby submit the following [Proposed] Joint Agreed Upon Jury Instructions (redline) to be provided to the jury at trial, pursuant to Federal Rules of Civil Procedure 16 and 51; United States District Court, Central District of California Local Rules 16-2, 16-3, 16-4, 16-5, 16-6, 16-7, 16-8, 51-1, 51-2, 51-3 and 51-4 (as applicable); and the applicable Orders of the Court.

The Parties reserve the right to amend these [Proposed] Joint Agreed Upon Jury Instructions, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Respectfully Submitted,

DATED:  September 24, 2024      **LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: _____ */s/* _____ *Marcel F. Sincich* _____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorney for Plaintiff*

DATED:  September 24, 2024      ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General

By: _____ */s/* _____ *David Klehm* _____
DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendant* State of California (by and through the California Highway Patrol) and Michael Bell

# INDEX OF INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Duty of Jury | 9th Cir. 1.2; 1.4 | 1 |
| 2. | Claims and Defenses [DISPUTED – RESERVED] | 9th Cir. 1.5 | 3 |
| 3. | Burden of Proof—Preponderance of the Evidence | 9th Cir. 1.6 | 4 |
| 4. | What is Evidence | 9th Cir. 1.9 | 5 |
| 5. | What is Not Evidence | 9th Cir. 1.10 | 6 |
| 6. | Evidence for a Limited Purpose | 9th Cir. 1.11 | 7 |
| 7. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 8 |
| 8. | Ruling on Objections | 9th Cir. 1.13 | 9 |
| 9. | Credibility of Witnesses | 9th Cir. 1.14 | 10 |
| 10. | Conduct of the Jury | 9th Cir. 1.15 | 12 |
| 11. | Publicity During Trial | 9th Cir. 1.16 | 14 |
| 12. | No Transcript Available to Jury | 9th Cir. 1.17 | 15 |
| 13. | Taking Notes | 9th Cir. 1.18 | 16 |
| 14. | Bench Conferences and Recesses | 9th Cir. 1.20 | 17 |
| 15. | Outline of Trial | 9th Cir. 1.21 | 18 |
| 16. | Stipulations of Fact | 9th Cir. 2.2 | 19 |
| 17. | Transcript of Recording in English | 9th Cir. 2.5 | 20 |
| 18. | Use of Interrogatories | 9th Cir. 2.11 | 21 |
| 19. | Expert Opinion | 9th Cir. 2.13 | 22 |
| 20. | Evidence In Electronic Format | 9th Cir. 2.16 | 23 |
| 21. | Duty to Deliberate | 9th Cir. 3.1 | 25 |
| 22. | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 26 |

| 23. | Communication with the Court | 9th Cir. 3.3 | 28 |
|---|---|---|---|
| 24. | Readback or Playback | 9th Cir. 3.4 | 29 |
| 25. | Return of Verdict | 9th Cir. 3.5 | 31 |
| 26. | Vicarious Liability—Legal Relationship Not Disputed | CACI 3700, 3703 | 32 |
| 27. | Section 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 33 |
| 28. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 34 |
| 29. | Particular Rights—Fourth Amendment— Unreasonable Seizure of Person— Excessive Force | 9th Cir. 9.25 | 35 |
| 30. | Battery By a Peace Officer (Deadly Force) | CACI 1305B | 38 |
| 31. | Negligence—Basic Standard of Care | CACI 401 | 40 |
| 32. | Negligent Use of Deadly Force By Peace Officer—Essential Factual Elements | CACI 441 | 41 |
| 33. | Negligence— Comparative Fault of Plaintiff | CACI 405 | 43 |
| 34. | Bane Act—Essential Factual Elements (Civ. Code § 52.1) | CACI 3066 | 44 |
| 35. | Causation: Substantial Factor | CACI 430; 9th Cir. 9.2; *Stevenson v. Koskey*, 877 F.2d 1435 (9th Cir. 1989) | 46 |
| 36. | Causation: Multiple Causes | CACI 431 | 47 |
| 37. | Plaintiff's Damages | 9th Cir. 5.1, 5.2; CACI | 48 |

| | | 3900, 3902, 3903A, 3905, 3921, 3922. | |
|---|---|---|---|
| 38. | Predicate Question for Punitive Damages | 9th Cir. 5.5 | 50 |
| 39. | Punitive Damages – Calculation | 9th Cir. 5.5 | 52 |
| 40. | Introduction to Special Verdict Form | CACI 5012 | 54 |

1. **DUTY OF JURY**

[To be read at the beginning of trial]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.2.

[To be read at the end of trial]

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

1    A copy of these instructions will be sent to the jury room for you to consult

2 during your deliberations.

3    It is your duty to find the facts from all the evidence in the case. To those

4 facts you will apply the law as I give it to you. You must follow the law as I give it

5 to you whether you agree with it or not. And you must not be influenced by any

6 personal likes or dislikes, opinions, prejudices, or sympathy. That means that you

7 must decide the case solely on the evidence before you. You will recall that you

8 took an oath to do so.

9    Please do not read into these instructions or anything that I may say or do or

10 have said or done that I have an opinion regarding the evidence or what your verdict

11 should be.

12

13 Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

14 *Updated June 2024*), Instruction 1.4.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.      CLAIMS AND DEFENSES**

[DISPUTED – RESERVED]


<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.5.

**3.      BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.6.

**4.    WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.9.

**5.    WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.10.

## 6.    EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.]

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.11.

## 7.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.12.

## 8.    RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.13.

## 9.    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1    The weight of the evidence as to a fact does not necessarily depend on the

2 number of witnesses who testify. What is important is how believable the witnesses

3 were, and how much weight you think their testimony deserves.

4

5 <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

6 *Updated June 2024*), Instruction 1.14.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**10.    CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with

it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.15.

**11.    PUBLICITY DURING TRIAL**

      If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.16.

**12.    NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.17.

1

**13.    TAKING NOTES**

2    If you wish, you may take notes to help you remember the evidence. If you do

3  take notes, please keep them to yourself until you go to the jury room to decide the

4  case. Do not let notetaking distract you. When you leave, your notes should be left

5  in the [courtroom] [jury room] [envelope in the jury room]. No one will read your

6  notes.

7    Whether or not you take notes, you should rely on your own memory of the

8  evidence. Notes are only to assist your memory. You should not be overly

9  influenced by your notes or those of other jurors.

10

11  <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

12  *Updated June 2024*), Instruction 1.18.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 14.    BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 1.20.

1  **15.    OUTLINE OF TRIAL**

2      Trials proceed in the following way: First, each side may make an opening

3  statement. An opening statement is not evidence. It is simply an outline to help you

4  understand what that party expects the evidence will show. A party is not required to

5  make an opening statement.

6      The plaintiff will then present evidence, and counsel for the defendant may

7  cross-examine. Then the defendant may present evidence, and counsel for the

8  plaintiff may cross-examine.

9      After the evidence has been presented, I will instruct you on the law that

10  applies to the case and the attorneys will make closing arguments.

11      After that, you will go to the jury room to deliberate on your verdict.

12

13  <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

14  *Updated June 2024*), Instruction 1.21.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**16.    STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1.    The incident occurred on March 2, 2022, at approximately 4:10 p.m., in the City of Hemet.

2.    Officer Michael Bell was acting under the color of state law during the incident.

3.    Officer Michael Bell was acting within the course and scope of their employment during the incident.

4.    Mr. Solis was shot multiple times during the incident.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 2.2.

## 17.    TRANSCRIPT OF RECORDING IN ENGLISH

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 2.5.

**18.    USE OF INTERROGATORIES**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 2.11.

**19.   EXPERT OPINION**

You [have heard] [are about to hear] testimony from experts who [testified] [will testify] about [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 2.13.

## 20.    EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer

1   provides or allows access to such materials, you must inform the court immediately

2   and refrain from viewing such materials. Do not remove the computer or any

3   electronic data [disk] from the jury room, and do not copy any such data.

4

5   <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

6   *Updated June 2024*), Instruction 2.16.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**21.    DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 3.1.

## 22.    CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or

1    hear anything touching on this case in the media, turn away and report it to

2    me as soon as possible.

3

4         These rules protect each party's right to have this case decided only on

5    evidence that has been presented here in court. Witnesses here in court take an oath

6    to tell the truth, and the accuracy of their testimony is tested through the trial

7    process. If you do any research or investigation outside the courtroom, or gain any

8    information through improper communications, then your verdict may be influenced

9    by inaccurate, incomplete, or misleading information that has not been tested by the

10   trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if

11   you decide the case based on information not presented in court, you will have

12   denied the parties a fair trial. Remember, you have taken an oath to follow the rules,

13   and it is very important that you follow these rules.

14        A juror who violates these restrictions jeopardizes the fairness of these

15   proceedings [, and a mistrial could result that would require the entire trial process

16   to start over]. If any juror is exposed to any outside information, please notify the

17   court immediately.

18

19   Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

20   *Updated March 2024*), Instruction 3.2.

21

22

23

24

25

26

27

28

## 23.    COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 3.3.

## 24.    READBACK OR PLAYBACK

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

> Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above. *See United States v. Newhoff*, 627 F.3d 1163, 1167 (9th Cir. 2010); see also JURY INSTRUCTIONS

1  COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL

2  PROCEDURES § 5.1.C (2013).

3

4  <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

5  *Updated June 2024*), Instruction 3.4.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**25.    RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 3.5.

**26.    VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT
DISPUTED**

In this case defendant Officer Michael Bell was the employee of defendant State of California.

Officer Michael Bell was acting within the scope of his employment when the incident occurred, and defendant State of California is responsible for any harm caused by Officer Michael Bell's wrongful conduct.

An employee is always responsible for harm caused by his own wrongful conduct, whether or not the employer is also liable.

The parties have stipulated that defendant Officer Bell was acting within the scope of his employment during this incident.

Source: Judicial Council of Cal., Civil Jury Instructions ("CACI") Nos. 3700, 3703, (2024 Edition, as adopted by the Judicial Council December 2023) (*modified*).

## 27.    SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff brings claims under the federal statute, 42 U.S.C. §1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 9.1.

**28.    SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL
CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on a §1983 claim against the defendant Officer Michael
Bell, the plaintiff must prove each of the following elements by a preponderance of
the evidence:

1.    defendant Officer Bell acted under color of state law; and

2.    the acts or failure to act of the defendant deprived the plaintiff of
particular rights under the United States Constitution as explained in later
instructions.

3.    The defendant's conduct was an actual cause of the claimed
injury.

A person acts "under color of state law" when the person acts or purports to
act in the performance of official duties under any state, county, or municipal law,
ordinance or regulation. The parties have stipulated that defendant Officer Michael
Bell acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the
injury would not have occurred 'but for' that conduct, and the conduct has a
sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that
the plaintiff has proved all the elements the plaintiff is required to prove under
Instruction 29, your verdict should be for the plaintiff on that claim. If, on the other
hand, the plaintiff has failed to prove any one or more of these elements, your
verdict should be for the defendant on that claim.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last
Updated June 2024*), Instruction 9.3.

**29.   PARTICULAR RIGHTS—FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Officer Bell used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)   the nature of the crime or other circumstances known to the officer at the time force was applied;

(2)   whether the plaintiff posed immediate threat of death or serious bodily injury to the officers or to others;

(3)   whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4)   the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5)   the relationship between the need for the use of force and the amount of force used;

(6)    the extent of the plaintiff's injury;

(7)    any effort made by the officer to temper or to limit the amount of force;

(8)    the severity of the security problem at issue;

(9)    the availability of alternative methods;

(10)   the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

(11)   whether it was practical for Officer Bell to give warning of the imminent use of force, and whether such warning was given;

(12)   whether a reasonable officer would have or should have accurately perceived a mistaken fact;

(13)   whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and

(14)   how quickly the officer used deadly force after encountering the individual.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

The most important factor is whether the plaintiff posed an immediate threat of death or serious bodily injury to the officers or to others.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 9.25 (*modified by 9th Cir. Comment*); *Mattos v. Agarano*, 661 F.3d 433, 441-42 (9th Cir. 2011) (prioritizing the factors of *Graham v. Connor*, 490 U.S. 386 (1989)); *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2011); *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Gonzalez v.*

1    *County of Los Angeles*, No. 2:18-CV-09117-ODW-ASX, 2021 WL 2224262, at *12

2    (C.D. Cal. June 2, 2021).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**30.    BATTERY BY A PEACE OFFICER (DEADLY FORCE)—ESSENTIAL
FACTUAL ELEMENTS**

A peace officer may use deadly force only when necessary in defense of
human life. Edgar Solis claims that defendant Officer Michael Bell unnecessarily
used deadly force on him. To establish this claim, Edgar Solis must prove all of the
following:

1.    That defendant Officer Bell intentionally shot Edgar Solis;

2.    That defendant Officer Bell used deadly force on Edgar Solis;

3.    That defendant Officer Bell's use of deadly force was not necessary to
defend human life;

4.    That Edgar Solis was harmed; and

5.    That defendant Officer Bell's use of deadly force was a substantial
factor in causing Edgar Solis' harm.

Defendant Officer Bell's use of deadly force was necessary to defend human
life only if a reasonable officer in the same situation would have believed, based on
the totality of the circumstances known to or perceived by defendant Officer Bell at
the time, that deadly force was necessary to defend against an imminent threat of
death or serious bodily harm to defendant Officer Bell or another person.

"Deadly force" means any use of force that creates a substantial risk of
causing death or serious bodily injury, including, but not limited to, the discharge of
a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the
totality of the circumstances, a reasonable officer in the same situation would
believe that a person has the present ability, opportunity, and apparent intent to
immediately cause death or serious bodily injury to the peace officer or another
person. An imminent harm is not merely a fear of future harm, no matter how great

the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the officer at the time, including the conduct of the defendant Officer Bell and Edgar Solis leading up to the use of deadly force. In determining whether defendant Officer Bell's use of deadly force was necessary in defense of human life, you must consider defendant Officer Bell's tactical conduct and decisions before using deadly force on Edgar Solis and whether defendant Officer Bell used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source: CACI No. 1305B, (2024 Edition).

1  **31.    NEGLIGENCE—BASIC STANDARD OF CARE**

2      Negligence is the failure to use reasonable care to prevent harm to oneself or

3  to others.

4      A person can be negligent by acting or by failing to act. A person is negligent

5  if that person does something that a reasonably careful person would not do in the

6  same situation or fails to do something that a reasonably careful person would do in

7  the same situation.

8      You must decide how a reasonably careful person would have acted in

9  defendant Officer Bell's situation and/or in plaintiff Edgar Solis' situation.

10

11  Source: CACI No. 401, (2024 Edition).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**32.    NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—
ESSENTIAL FACTUAL ELEMENTS**

A police officer may use deadly force only when necessary in defense of
human life. Edgar Solis claims that defendant Officer Bell was negligent in using
deadly force. To establish this claim, Edgar Solis must prove all of the following:

1.    That defendant Officer Bell was a peace officer;

2.    That defendant Officer Bell used deadly force on Edgar Solis;

3.    That defendant Officer Bell's use of deadly force was not necessary to
defend human life;

4.    That Edgar Solis was harmed; and

5.    That defendant Officer Bell's use of deadly force was a substantial
factor in causing Edgar Solis' harm.

Defendant's use of deadly force was necessary to defend human life only if a
reasonable officer in the same situation would have believed, based on the totality of
the circumstances known to or perceived by defendant Officer Bell at the time, that
deadly force was necessary to defend against an imminent threat of death or serious
bodily injury to defendant Officer Bell or another person.

"Deadly force" is force that creates a substantial risk of causing death or
serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the
totality of the circumstances, a reasonable officer in the same situation would
believe that a person has the present ability, opportunity, and apparent intent to
immediately cause death or serious bodily injury to the peace officer or to another
person. An imminent harm is not merely a fear of future harm, no matter how great
the fear and no matter how great the likelihood of the harm, but is one that, from
appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of defendant Officer Bell and Edgar Solis leading up to the use of deadly force. In determining whether defendant Officer Bell's use of deadly force was necessary in defense of human life, you must consider defendant Officer Bell's tactical conduct and decisions before using deadly force on Edgar Solis and whether defendant Officer Bell used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to prevent escape.

Source: CACI No. 441, (2024 Edition).

**33.  NEGLIGENCE— COMPARATIVE FAULT OF PLAINTIFF**

Defendant Officer Bell claims that Edgar Solis' own negligence contributed to his harm. To succeed on this claim, defendant Officer Bell must prove both of the following:

1.  That Edgar Solis was negligent; and

2.  That Edgar Solis' negligence was a substantial factor in causing his harm.

If defendant Officer Bell proves the above, Edgar Solis' damages are reduced by your determination of the percentage of Edgar Solis' responsibility. I will calculate the reduction.

Source: CACI No. 405, (2024 Edition).

**34.    BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE §
52.1)**

Edgar Solis claims that defendant Officer Michael Bell intentionally
interfered with his civil rights by threats, intimidation, or coercion. To establish this
claim, Edgar Solis must prove all of the following:

1.    That defendant Michael Bell acted violently against Edgar Solis to
prevent him from exercising his right to vote be free from excessive
force ;

2.    That defendant Officer Michael Bell intended to deprive plaintiff Edgar
Solis' of his right to be free from excessive force by acting with a
reckless disregard to those rights;

3.    That Edgar Solis was harmed; and

4.    That defendant Officer Bell's conduct was a substantial factor in
causing Edgar Solis' harm.

<u>Source</u>: CACI No. 3066, (2024 Edition); *Reese v. Cty. of Sacramento*, 888 F.3d
1030, 1042 (9th Cir. 2018) (holding that section 52.1 does not require a showing of
threats, intimidation and coercion separate from an underlying constitutional
violation); *see also Cornell v. City and County of San Francisco*, 225 Cal. Rptr. 3d
at 382-83 (2017) (holding that "[n]othing in the text of the statute requires that the
offending 'threat, intimidation or coercion' be 'independent' from the constitutional
violation alleged" and "that the use of excessive force can be enough to satisfy the
'threat, intimidation or coercion' element of Section 52.1."); *Cornell*, 225 Cal. Rptr.
3d at 384 (holding that the Bane Act requires a specific intent to violate the
arrestee's right to freedom from unreasonable seizure); *Reese*, 888 F.3d at 1045
(holding that a reckless disregard for a person's constitutional rights is evidence of a
specific intent to deprive that person of those rights).

## 35.   CAUSATION: SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Source: CACI No. 430, (2024 Edition); Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 9.2; *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) (noting that federal courts turn to common law of torts for causation in civil rights cases).

## 36.    CAUSATION: MULTIPLE CAUSES

A person's conduct may combine with another factor to cause harm. If you find that defendant Officer Bell's conduct was a substantial factor in causing Edgar Solis' harm, then the defendant Officer Bell is responsible for the harm.

Defendant Officer Bell cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing the Edgar Solis' harm.

<u>Source</u>: CACI No. 431, (2024 Edition); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 9.2; *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) (noting that federal courts turn to common law of torts for causation in civil rights cases); *Jones v. Williams*, 297 F.3d 930, 937 n.6 (9th Cir. 2002) (regarding concurrent cause).

**37.    PLAINTIFFS' DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1.    The nature and extent of Edgar Solis' injuries;

2.    Edgar Solis' disability, physical impairment, disfigurement, loss of enjoyment of life experienced, and that with reasonable probability will be experienced in the future;

3.    Edgar Solis' mental, physical, emotional pain and suffering experienced, and that with reasonable probability will be experienced in the future;

4.    Edgar Solis' past and future inconvenience, grief, anxiety, humiliation and emotional distress.

It is for you to determine what damages, if any, have been proved.

The plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

1 <u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

2 *Updated June 2024*), Instruction 5.1 and 5.2; CACI 3900, 3902, 3903, 3903A,

3 3903E, 3905, 3905A (2024 Edition).

1    **38.    PREDICATE QUESTION FOR PUNITIVE DAMAGES:**

2    If you find for a plaintiff, you may, but are not required to, award punitive

3    damages. The purposes of punitive damages are to punish defendant Officer Bell

4    and to deter similar acts in the future. Punitive damages may not be awarded to

5    compensate the plaintiff.

6    The plaintiff has the burden of proving by a preponderance of the evidence

7    that punitive damages should be awarded.

8    You may award punitive damages only if you find that the defendant Officer

9    Bell's conduct that harmed the plaintiff was malicious, oppressive or in reckless

10    disregard of a plaintiff's rights.

11    Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the

12    purpose of injuring a plaintiff.

13    Conduct is in reckless disregard of the plaintiff's rights if, under the

14    circumstances, it reflects complete indifference to the plaintiff's safety or rights, or

15    if the defendant acts in the face of a perceived risk that his or her actions will violate

16    the plaintiff's rights under federal law.

17    An act or omission is oppressive if the defendant injures or damages or

18    otherwise violates the rights of the plaintiff with unnecessary harshness or severity,

19    such as by misusing or abusing authority or power or by taking advantage of some

20    weakness or disability or misfortune of the plaintiff.

21

22    Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last*

23    *Updated June 2024*), Instruction 5.5 (*modified*).

24

25

26

27

28

**39.    PUNITIVE DAMAGES – CALCULATION:**

You have found for the plaintiff that the defendant Officer Michael Bell's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights and to award punitive damages. You must now determine the amount of punitive damages to award plaintiff. The purposes of punitive damages are to punish a defendant Michel Bell and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence the amount of any such damages.

You must use reason in setting the amount of punitive damages. Punitive damages should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct , including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against the State of California.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Instruction 5.5 (*modified*).

**40.    INTRODUCTION TO SPECIAL VERDICT FORM:**

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. After you answer a question, the form tells you what to do next.

Source: CACI No. 5012 (2024 Edition) (*modified*).