**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

ROB BONTA
Attorney General of California
RHONDA L. MALLORY
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 738-9567
Fax: (619) 645-2581
E-mail: David.Klehm@doj.ca.gov

Attorneys for Defendant STATE OF CALIFORNIA and MICHAEL BELL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR SOLIS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA; MICHAEL BELL; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**[PROPOSED] DISPUTED JURY INSTRUCTION**<br><br>**Final Pretrial Conference:**<br>Date:　October 8, 2024<br>Time:　10:00 a.m.<br>**Trial:**<br>Date:　October 29, 2024<br>Time:　09:00 a.m.<br>Place:　Courtroom 10D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

By and through his attorneys of record in this action, Plaintiff Edgar Solis hereby submits the following Plaintiff's Disputed Jury Instruction to be provided to the jury at trial, pursuant to Federal Rules of Civil Procedure 16 and 51; United States District Court, Central District of California Local Rules 16-2, 16-3, 16-4, 16-5, 16-6, 16-7, 16-8, 51-1, 51-2, 51-3 and 51-4 (as applicable); and the applicable Orders of the Court.

Plaintiff reserves the right to amend his [Proposed] Jury Instructions, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Respectfully Submitted,

DATED: September 24, 2024

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By:  ____/s/_____Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorney for Plaintiff*

# INDEX OF INSTRUCTION(S)

| | PLAINTIFF'S PROPOSED JURY INSTRUCTION | | |
|---|---|---|---|
| No. | Title | Source | Page |
| 2. | Bane Act—Essential Factual Elements (Civ. Code § 52.1) | CACI 3066 | 3 |
| | Defendant's Objections | | 5 |
| | Plaintiff's Response | | 6 |

**PLAINTIFF'S PROPOSED DISPUTED INSTRUCTIONS**

**34.    BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE § 52.1)**

Edgar Solis claims that defendant Officer Michael Bell intentionally interfered with his civil rights by threats, intimidation, or coercion. To establish this claim, Edgar Solis must prove all of the following:

1. That defendant Michael Bell acted violently against Edgar Solis to prevent him from exercising his right to ~~vote~~ be free from excessive force ~~against Mr. Solis for having exercised his right~~;

2. That defendant Officer Michael Bell intended to deprive plaintiff Edgar Solis' of his ~~enjoyment of the interests protected by the~~ right to be free from excessive force ~~as guaranteed by the Fourth Amendment of the United States Constitution~~ by acting with a reckless disregard to those rights;

3. That Edgar Solis was harmed; and

4. That defendant Officer Bell's conduct was a substantial factor in causing Edgar Solis' harm.

Source: CACI No. 3066, (2024 Edition); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9th Cir. 2018) (holding that section 52.1 does not require a showing of threats, intimidation and coercion separate from an underlying constitutional violation); *see also Cornell v. City and County of San Francisco*, 225 Cal. Rptr. 3d at 382-83 (2017) (holding that "[n]othing in the text of the statute requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged" and "that the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1."); *Cornell*, 225 Cal. Rptr. 3d at 384 (holding that the Bane Act requires a specific intent to violate the

arrestee's right to freedom from unreasonable seizure); *Reese*, 888 F.3d at 1045 (holding that a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights).

**DEFENDANTS' OBJECTIONS**

Defendants objects to Plaintiff's modified proposed instruction NO. 34 Re Bane Act which is modified from the Ninth Circuit Model Jury Instructions and omits key elements from the model instruction. Defendants contend the proposed modified instruction is argumentative, is misleading and unfairly prejudicial. Fed. R. Evid. 403.

**PLAINTIFF'S STATEMENT IN SUPPORT**

Plaintiff contends that Plaintiff's proposed instruction accurately reflects the state of the law regarding the Bane Act. Specific intent may be shown by a reckless disregard for constitutional rights of an individual. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). Further, Plaintiff's proposed instruction is clear and avoids jury confusion.