**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

ROB BONTA
Attorney General of California
NORMAN MORRISON
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9567
  Fax: (619) 645-2581
  E-mail: David.Klehm@doj.ca.gov

*Attorneys for Defendant*s, STATE OF CALIFORNIA
and MICHAEL BELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>                Plaintiff,<br><br>        v.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL,<br><br>                Defendants. | Case No.: 5:23-cv-00515-HDV-JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>**Final Pretrial Conference:**<br>Date:    October 8, 2024<br>Time:    10:00 a.m.<br>**Trial:**<br>Date:    October 29, 2024<br>Time:    09:00 a.m.<br>Place:   Courtroom 10D |

-1-

# **TABLE OF CONTENTS**

1.    THE PARTIES AND PLEADINGS: ..................................................4

2.    JURISDICTION AND VENUE: ......................................................4

3.    TRIAL ESTIMATE: .......................................................................4

4.    JURY TRIAL: ................................................................................4

5.    ADMITTED FACTS: ......................................................................5

6.    STIPULATED FACTS: ..................................................................5

7.    THE PARTIES CLAIMS AND DEFENSES. ..................................6

Plaintiff plans to pursue the following claims against the following
    Defendants: ...................................................................................6

Claim 1:    FOURTH AMENDMENT: EXCESSIVE FORCE (42
    U.S.C. §1983) ................................................................................6

    (a)    *Description of Claim*: ...............................................6

    (b)    *The elements required to establish Plaintiff's claim are*:..............6

    (c)    *The key evidence the parties rely on includes*: ...........................7

Defendants' Position on Elements for Claim 1: ....................................7

Defendants agree with the statement of the elements at issue. ...............7

Claim 2:    BATTERY BY A PEACE OFFICER (Deadly Force) ................8

    (a)    *Description of Claim*: ...............................................8

    (b)    *The elements required to establish Plaintiff's claim are*:..............9

    (c)    *The key evidence the parties rely on includes*: ...........................10

Defendants' Contentions: ...................................................................10

*The key evidence in opposition to Plaintiffs' Claim No. 1 will be*:.......10

Claim 3:    NEGLIGENCE USE OF DEADLY FORCE BY A
    PEACE OFFICER ...........................................................................10

    (a)    *Description of Claim*: ...............................................10

    (b)    *The elements required to establish Plaintiff's claim are*:...........11

    (c)    *The key evidence the parties reply on includes*: ........................11

Defendants' Contentions: ...................................................................12

Claim 4:      STATE CIVIL RIGHTS VIOLATIONS: BANE ACT
(California Civil Code § 52.1) ............................................................. 12

    (a)      *Description of Claim*: ...................................................... 12

    (b)      *The elements required to establish Plaintiff's claim are*: ........... 13

    (c)      *The key evidence the parties rely on includes*: ........................... 13

    Defendants' Contentions: ................................................................. 14

Defendants' plan to pursue the following Affirmative Defenses: ................. 14

    (a)  Defendants have the following key affirmative defenses: ............. 14

    Plaintiff's Contentions: ................................................................. 20

8.      REMAINING ISSUES: ................................................................. 21

9.      DISCOVERY: ............................................................................ 21

10.    DISCLOSURES AND EXHIBIT LIST: ........................................ 22

11.    WITNESS LISTS: ....................................................................... 22

12.    MOTIONS *IN LIMINE*: ............................................................. 25

    Plaintiff's motions *in limine* include: ............................................. 25

    Defendant's motions *in limine* include: ......................................... 26

13.    BIFURCATION: .......................................................................... 26

14.    ADMISSIONS: ............................................................................ 27

IT IS SO ORDERED. ............................................................................ 27

Following pretrial proceedings, pursuant to Fed. R. Civ. P., Rule 16, and L.R. 16, IT IS HEREBY ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

**1.      THE PARTIES AND PLEADINGS:**

Plaintiff:              EDGAR SOLIS

Defendants:        STATE OF CALIFORNIA, by and through the
                          CALIFORNIA HIGHWAY PATROL, ("CHP") and CHP
                          Officer MICHAEL BELL

The pleadings which raise the issues are: Plaintiff's February 28, 2023 state court complaint (Doc. 1-1); Defendants' March 24, 2023 Notice of Removal (Doc. 1); Plaintiff's August 1, 2023 First Amended Complaint (Doc. 28); Defendant State of California's August 8, 2023, Answer (Doc. 33); Defendant Michael Bell's September 13, 2023, Answer (Doc. 38); and this [Proposed] Final Pretrial Conference Order (Doc. 76).

**2.      JURISDICTION AND VENUE:**

It is stipulated that subject-matter jurisdiction over this action exists under 28 U.S.C. §§1331, 1343(a), and 1367 and venue is appropriate under 28 U.S.C. §1391(b).

**3.      TRIAL ESTIMATE:**

The parties estimate 5-7 court days for this trial.

**4.      JURY TRIAL:**

This trial is to be a jury trial.

The parties' jury instructions and verdict forms have been previously filed under separate cover as required by the Court's Scheduling Order. Attached as Exhibit A are the parties agreed upon proposed jury instructions; Exhibit B the parties disputed proposed jury instructions; Exhibit C Plaintiff's proposed verdict form; and Exhibit D Defendants' proposed verdict form.

The parties have also complied with this Court's Scheduling and the Court's Civil Trial Order regarding exhibit list, witness lists, and proposed *voir dire*.

**5.    ADMITTED FACTS:**

The following facts are admitted and require no proof:

1.    This incident occurred on March 2, 2022, at approximately 4:10 p.m. in the City of Hemet

2.    Officer Michael Bell was an is an employee of the State of California, with the California Highway Patrol.

3.    Officer Michael Bell was acting under the color of state law during the incident.

4.    Officer Michael Bell was acting within the course and scope of his employment during the incident.

5.    Mr. Solis was shot multiple times during the incident.

**6.    STIPULATED FACTS:**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1.    Officer Michael Bell was and is an employee of the State of California, with the California Highway Patrol.

2.    Mr. Solis was driving a 2005 green Ford Mustang.

3.    Detective Sobaszek drove an unmarked City of Hemet Ford Explorer patrol vehicle, with Officer Bell as his partner.

**7.    THE PARTIES CLAIMS AND DEFENSES.**

Plaintiff plans to pursue the following claims against the following Defendants:

**Claim 1:    FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983)**

(a)    *Description of Claim*:

Plaintiff contends that Defendant Officer Bell used excessive force when he shot Mr. Solis including in the back while Mr. Solis was not an immediate threat of death or serious bodily injury to any person, and no reasonable alternatives were attempted despite it being reasonable to do so. Mr. Solis had not verbally threatened any officer or person and was not threatening to harm any person at the time he was shot. There was no reason to believe that if Mr. Solis was not immediately apprehended, he would cause death or serious bodily injury to any person. Defendant Officer Bell acted under the color of state law and within the course and scope of his employment during the incident. Further, Officer Bell was an integral participator and failed to intervene in the use of excessive and unreasonable force against Mr. Solis by Deputy Waltermire. Plaintiff contends that but for Officer Bell's use of excessive and unreasonable force, including his failure to use proper tactics, communication, and alternatives, Deputy Waltermire engaged in contagious fire, for which Officer Bell is a substantial factor in causing.

Plaintiff seeks compensatory damages for the nature and extent of his injuries, disability, impairment, disfigurement, loss of enjoyment of life, physical and mental pain and suffering, inconvenience, grief, anxiety, and humiliation. Plaintiff seeks damages for future medical care, treatment, and services. Plaintiff seeks the future value of household help and services. Plaintiff seeks punitive damages, costs, and reasonable attorneys' fees under this claim.

(b)    *The elements required to establish Plaintiff's claim are*:

1.    Defendant Bell acted under color of state law. (STIPULATED)

2.      Defendant Bell used excessive force against Edgar Solis.

3.      The excessive force was a cause of harm, injury, or damage to Edgar Solis.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, *Last Updated June 2024*), Nos. 9.1, 9.3, 9.25 (*modified*); *Mattos v. Agarano*, 661 F.3d 433, 441-42 (9th Cir. 2011) (prioritizing the factors of *Graham v. Connor*, 490 U.S. 386 (1989)).

(c)     *The key evidence the parties rely on includes*:

<u>Testimony including</u>: Edgar Solis; Michael Bell; Patrick Sobaszek; Arthur Paez; Salvador Waltermire; Gary Adams; Roger Clark; Dr. Ryan O'Connor; medical treating providers; Marlene Sue Biggs; and Richard Contla.

<u>Documents including</u>: relevant portions of videos and stills of videos of the incident, including BWCs and surveillance videos; scene photographs; photographs of involved officers; relevant portions of Plaintiff's medical and billing records; photographs of Plaintiff; investigation photographs; and demonstrative exhibits of experts.

<u>Defendants' Position on Elements for Claim 1</u>:

Defendants agree with the statement of the elements at issue.

*The key evidence in opposition to Plaintiffs' Claim No. 1 will be*:

1.      The prior statements and testimony of Officer Bell evidencing his observation of plaintiff "hunkering" down behind a fence in an ambush position facing Officer Bell with the gun in front of him pointed at Officer Bell.

Testimony by eyewitnesses who heard Officer Bell yell, "Drop the gun or I'll shoot!" before any gunshots were fired.

3.      Evidence gathered of the incident, including but not limited to, photographs, witness statements, dispatch recordings and logs, videos, and the

7

reports and testimony of law enforcement investigators and forensic specialists regarding the evidence including multiple residential doorbell surveillance videos which recorded Officer Bell running in pursuit of plaintiff while yelling, "Drop the gun or I'll shoot!" and plaintiff's .38 caliber revolver with one spent shell casing in the cylinder.

4.    Decedent's prior criminal records Proving his intent to evade arrest because of his prior prison incarceration and awareness that he would be charged with additional felonies for the drugs and drug paraphernalia in his green Mustang and the loaded revolver in his hand during the pursuit.

5.    Expert testimony by Greg Meyer regarding police procedures, including all the underlying evidence he relied on in reaching his conclusions.

6.    Expert testimony by Michael Ritter, M.D. regarding the effects of methamphetamine and phencyclidine (PCP) in causing plaintiff's injuries, including all the underlying evidence he relied on in reaching his conclusions.

7.    Expert testimony by Parris Ward regarding the forensic analysis of audio and video evidence of Officer Bell's pursuit of plaintiff and the number of shots fired, including all the underlying evidence he relied on in reaching his conclusions.

**Claim 2:**    **BATTERY BY A PEACE OFFICER (Deadly Force)**

(a)    *Description of Claim*:

Plaintiff contends that Defendant Bell, while acting in the course and scope of his employment as a State of California employee, used unreasonable force against Plaintiff when he shot Mr. Solis including in the back. At all times relevant, Mr. Solis was not an immediate threat of death or serious bodily injury to any officer or person, the use of deadly force was not necessary to defend human life, and there were reasonable less-intrusive alternatives available and reasonably safe and feasible to employ but where were not attempted. State law battery claims that

police officers used excessive force in the course of an arrest, investigatory stop or other "seizure" of a free citizen, are analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009); CACI 1305B (Battery by Peace Officer). Defendant Bell was acting in the course and scope of his employment during this incident. "'[A]n employer's liability extends to torts of an employee committed within the scope of his employment.'" *John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438, 447 (1998) (internal citations omitted). The State is vicariously liable pursuant to Cal. Gov. Code §§815.2(a); 820(a).

Plaintiff seeks compensatory damages under this claim as described above. Where California and federal law conflict and where California law is more prohibitive of recovery, federal law governs given the remedial purposes of civil rights claims.

 

(b)    *The elements required to establish Plaintiff's claim are*:

      1.    Defendant Bell intentionally shot Mr. Solis. (UNDISPUTED)

      2.    Defendant Bell used deadly force on Edgar Solis. (UNDISPUTED)

      3.    Edgar Solis was harmed. (UNDISPUTED)

      4.    Defendant Bell's use of deadly force was not necessary to defend human life.

      5.    Defendant Bell's use of deadly force was a substantial factor in causing Mr. Solis' harm, injury, or damages.

Source: CACI No. 1305B, (2024 Edition) (*to be modified without undisputed elements*).

(c)    *The key evidence the parties rely on includes*:

<u>Testimony including</u>: Edgar Solis; Michael Bell; Patrick Sobaszek; Arthur Paez; Salvador Waltermire; Gary Adams; Roger Clark; Dr. Ryan O'Connor; medical treating providers; Marlene Sue Biggs; and Richard Contla.

<u>Documents including</u>: relevant portions of videos and stills of videos of the incident, including BWCs and surveillance videos; scene photographs; photographs of involved officers; relevant portions of Plaintiff's medical and billing records; photographs of Plaintiff; investigation photographs; and demonstrative exhibits of experts.

<u>Defendants' Contentions</u>:

Defendants agree with the statement of the elements at issue in Claim No. 2.

*The key evidence in opposition to Plaintiffs' Claim No. 1 will be*:

Defendants intend to rely on the same evidence described above for their response to Plaintiff's Claim No. 1.

**<u>Claim 3</u>:** **NEGLIGENCE USE OF DEADLY FORCE BY A PEACE OFFICER**

(a)    *Description of Claim*:

Plaintiff contends that Defendant Bell, while acting in the course and scope of his employment as a State of California police officer, was negligent in his pre-shooting tactics and in using deadly force. Under California negligence law, police officers have a duty to act reasonably when using force. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013); *Munoz v. Olin*, 24 Cal.3d 629, 634 (1979); *Grundt v. City of Los Angeles*, 2 Cal.3d 575, 587 (1970). Plaintiff's negligence claim comprehends Defendant Bell's negligent pre-shooting tactics including his failure to have an adequate tactical plan; failure to communicate with

Mr. Solis properly; failure to communicate with other officers properly; failure to de-escalate the situation; and failure to attempt less intrusive alternatives without unnecessarily escalating to deadly force.

The State is vicariously liable pursuant to Cal. Gov. Code §815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

Plaintiff seeks compensatory damages under this claim.

(b)   *The elements required to establish Plaintiff's claim are*:

1.   Defendant Bell was a peace officer. (UNDISPUTED)
2.   Defendant Bell used deadly force on Edgar Solis. (UNDISPUTED)
3.   Edgar Solis was harmed. (UNDISPUTED)
4.   Defendant Bell's use of deadly force was not necessary to defend human life.
5.   Defendant Bell's use of deadly force was a substantial factor in causing Mr. Solis' harm, injury, or damages.

<u>Source</u>: CACI No. 441, (2024 Edition) (*to be modified without undisputed elements*).

(c)   *The key evidence the parties reply on includes*:

<u>Testimony including</u>: Edgar Solis; Michael Bell; Patrick Sobaszek; Arthur Paez; Salvador Waltermire; Gary Adams; Roger Clark; Dr. Ryan O'Connor; medical treating providers; Marlene Sue Biggs; and Richard Contla.

<u>Documents including</u>: relevant portions of videos and stills of videos of the incident, including BWCs and surveillance videos; scene photographs; photographs of involved officers; relevant portions of Plaintiff's medical and billing

records; photographs of Plaintiff; investigation photographs; and demonstrative exhibits of experts.

        Defendants' Contentions:

        Defendants agree with the statement of the elements at issue in Claim No. 3. *The key evidence in opposition to Plaintiffs' Claim No. 3 will be*:

Defendants intend to rely on the same evidence described above for their response to Plaintiff's Claim No. 1.

**Claim 4:        STATE CIVIL RIGHTS VIOLATIONS: BANE ACT (California Civil Code § 52.1)**

        (a)        *Description of Claim*:

        Plaintiff contends that Defendant Bell deprived Mr. Solis of his constitutional rights when he used excessive force. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014) cert. denied sub nom; *City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013); *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 977 (2013); *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009). The State is vicariously liable pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

        The California Court of Appeals has held that intentional conduct that is separate and independent from an arrest gives rise to a Bane Act claim. *Simmons v. Superior Court*, 7 Cal. App. 5th 1113, 1125-27 (2017). The Ninth Circuit in *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) stated, "it is not necessary for

the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993). Here, there are a number of facts that establish that Defendant Bell acted with reckless disregard for Mr. Solis' constitutional rights. Defendant Bell used deadly force against Mr. Solis while less-lethal force was safe and available to employ, and when Mr. Solis was moving away from officers with no other person around and was not an immediate threat of death or serious bodily injury to any person. Defendant Bell had time to deliberate, plan, analyze, and determine the appropriate level of force to use, if any, and intentionally decided to shoot Mr. Solis including to the back.

Plaintiff seeks compensatory damages, costs, and attorneys' fees under this claim, including treble damages or a multiplier.

(b)    *The elements required to establish Plaintiff's claim are*:

    1.    Defendant Bell used excessive force against Mr. Solis.

    2.    Defendant Bell intended to violate Mr. Solis' right to be free from excessive force by acting with a reckless disregard for Mr. Solis' constitutional right to be free from excessive force.

    3.    Edgar Solis was harmed. (UNDISPUTED)

    4.    Defendant Bell's use of excessive force was a substantial factor in causing Mr. Solis' harm, injury, or damages.

Source: CACI No. 3066 (2024 Edition) (*modified*); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9th Cir. 2018); *see also Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 798-99 (2017), *as modified* (Nov. 17, 2017).

(c)    *The key evidence the parties rely on includes*:

1    <u>Testimony including</u>: Edgar Solis; Michael Bell; Patrick Sobaszek;

2  Arthur Paez; Salvador Waltermire; Gary Adams; Roger Clark; Dr. Ryan O'Connor;

3  medical treating providers; Marlene Sue Biggs; and Richard Contla.

4    <u>Documents including</u>: relevant portions of videos and stills of videos of

5  the incident, including BWCs and surveillance videos; scene photographs;

6  photographs of involved officers; relevant portions of Plaintiff's medical and billing

7  records; photographs of Plaintiff; investigation photographs; and demonstrative

8  exhibits of experts.

9

10    <u>Defendants' Contentions</u>:

11  Defendants agree with the statement of the elements at issue in Claim No. 4.

12  *The key evidence in opposition to Plaintiffs' Claim No. 4 will be*:

13  Defendants intend to rely on the same evidence described above for their response

14  to Plaintiff's Claim No. 1.

15

16

17  **<u>Defendants' plan to pursue the following Affirmative Defenses:</u>**

18    **(a)  Defendants have the following key affirmative defenses:**

19  <u>Affirmative Defense 1</u>:  Qualified immunity against the 42 U.S.C. § 1983 claim.

20  <u>Affirmative Defense 2</u>: Self-defense and defense of others against the state law

21  negligence and battery claims.

22  <u>Affirmative Defense 3</u>: Comparative fault of Plaintiff.

23  <u>Affirmative Defense 4</u>: Immunity under California Government Code § 820.2.

24    (Except as otherwise provided by statute, a public employee is not liable for

25  an injury resulting from his act or omission where the act or omission was the result

26  of the exercise of the discretion vested in him, whether or not such discretion be

27  abused.)

28  <u>Affirmative Defense 5</u>: Immunity under California Government Code § 820.4.

1  (A public employee is not liable for his act or omission, exercising due care,

2  in the execution or enforcement of any law)

3  <u>Affirmative Defense 6</u>: Immunity under California Penal Code §§ 835, 835a.

4  <u>Affirmative Defense 7</u>: Immunity under California Government Code § 845.8(b)(3).

5  (Neither a public entity nor a public employee is liable for:

6  b: an injury caused by (3) a person resisting arrest.)

7  <u>Affirmative Defense 8</u>: Immunity under California Penal Code § 196(b).

8  <u>Affirmative Defense 9</u>: Immunity under California Government Code § 815.2(b)

9  **Elements of Affirmative Defenses**

10  <u>Affirmative Defense 1:</u> Qualified immunity is a legal defense for the Court to

11  decide when raised by a non-suit or post-verdict motion. *Ortiz v. Jordan*, 562 U.S.

12  180, 191 (2011) (holding qualified immunity must be raised by a Rule 50 motion

13  following trial where disputed facts precluded resolution on summary judgment).

14  Defendants' contend they can still raise qualified immunity at trial for the

15  federal claim depending on the state of the evidence that comes out at trial.  The

16  doctrine of qualified immunity shields a government official from liability for

17  monetary damages unless the plaintiff establishes "(1) that the official violated a

18  statutory or constitutional right, and (2) that the right was 'clearly established' at the

19  time of the challenged conduct."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)

20  (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)).

21  Defendants argue that no clearly established law shows, beyond debate, that

22  Officer Michael Bell acted in an objectively unreasonable manner in the manner in

23  which Plaintiff, Edgar Solis, who at the time was a known felon and suspected of

24  being armed and dangerous, was arrested on three felony warrants for carjacking,

25  robbery and drug possession.

26  **Authority:**

27  The defense of qualified immunity remains available at trial.  *Lampkins v.*

28  *Thompson*, 337 F.3d 1009, 1014 (8th Cir. 2003); *Hill v. Mckinley*, 311 F.3d 899,

15

902 (8th Cir. 2002); *Goff v. Bise*, 173 F.3d 1068, 1072 (8th Cir. 1999). Most likely this defense will be raised in the instant case through Rule 50(a) and (b) motions. However, depending on the outcome of evidence, special interrogatories to the jury may also be proposed to assist the Court in making the determination as to qualified immunity.

Although qualified immunity is categorized as an affirmative defense, Plaintiff has the burden to demonstrate the second tier of the analysis – i.e., infringement of a "clearly established" right; if plaintiff fails to do so, defendant prevails. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002) ("The plaintiff bears the burden of showing that the right at issue was clearly established under this second prong."); *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) ("[Plaintiff] bears the burden of showing that the right at issue was clearly established.").

In order to violate clearly established law, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). While this does not require a case directly on point, "existing precedent must have placed the statutory or constitutional question **beyond debate.**" *Ashcroft v. al-Kidd*, 563 U.S. at 741 (emphasis added). Clearly established law must come from clear "'controlling authority' or a 'robust consensus of cases of persuasive authority.'" *Plumhoff v. Rickard*, 572 U.S. 765, 780 (2014) (internal quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. at 741-742). Also, the inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Courts have the discretion to decide which prong of this analysis to address first under the circumstances of a particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). A decision in the defendant's favor on either prong establishes qualified immunity, even without consideration of the other prong. *See Reichle v.*

1  *Howard*, 566 U.S. 658, 663 (2012); *C.F. ex rel. Farnan v. Capistrano Unified Sch.*

2  *Dist.*, 654 F.3d 975, 986 (9th Cir. 2011).

3

4      Affirmative Defense 2: The elements of self-defense are:

5      1. Officer Bell reasonably believed Plaintiff was going to harm him; and

6      2. Officer Bell only used the amount of force necessary to protect himself.

7      CACI 1304 - Self-Defense/Defense of Others.

8      Affirmative Defense 3: The elements of comparative fault are:

9      1. Edgar Solis was negligent; and

10      2. Edgar Solis's negligence was a substantial factor in causing his own harm.

11  CACI 406, Comparative Fault.

12      Affirmative Defense 4: Immunity under California Government Code §

13  820.2. The elements for this affirmative defense are:

14      The elements for this affirmative defense are:

15      1.    Defendant Officer Bell exercised discretion in using force on Plaintiff,

16  who was suspected of being armed and dangerous, to effect Plaintiff's arrest on

17  three felony warrants for carjacking, robbery and drug possession.

18      2.    The discretion was vested in defendant pursuant to his duties as peace

19  officers.

20      **Authority:** This is based on statute.  "Except as otherwise provided by

21  statute, a public employee is not liable for an injury resulting for his act or omission

22  where the act or omission was the result of the exercise of the discretion vested in

23  him, whether or not such discretion be abused."  Cal. Gov't Code § 820.2.

24      Affirmative Defense 5: Immunity under California Government Code §

25  820.4. The elements for this affirmative defense are:

26      1.    Officer Bell was exercising due care;

27      2.    Officer Bell was enforcing the law.

28

<u>Affirmative Defense 6</u>: Immunity under California Penal Code §§ 835, 835a. The elements for this affirmative defense are:

1.  Officer Bell had reasonable cause to believe Edgar Solis committed a public offense;

2.   The force used was reasonable to overcome Edgar Solis's resistance and in protection of the life and safety of Officer Bell;

3.   Edgar Solis was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Bell.

California Penal Code § 835 provides: "An arrest is made by an actual restraint of the person, or by submission to the custody of an officer.  The person arrested may be subjected to such restraint as is reasonable for his arrest and detention."  California Penal Code § 835a(b) provides: "Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use objectively reasonable force to effect the arrest, to prevent escape, or to overcome resistance."   These are arguably not affirmative defenses in that Plaintiff actually bears the burden of showing the force used in his arrest was unreasonable.  However, these issues are noted here as defense issues giving rise to the right to use reasonable force to arrest a plaintiff.

<u>Affirmative Defense 7</u>: Immunity under California Government Code § 845.8(b)(3). The element for this affirmative defense is:

Plaintiff was resisting arrest at the time he was injured.

<u>Affirmative Defense 8</u>: Immunity under California Penal Code § 196(b). The elements for this affirmative defense are:

Officer Bell is not liable for injuries to Edgar Solis so long as:

1.    Officer Bell had reasonable cause to believe Edgar Solis committed a public offense;

2.    The force used was reasonable to overcome Edgar Solis's resistance and in protection for the life and safety of Officer Bell and the public; and

3.    Edgar Solis was subject to restraint reasonable to overcome his resistance and in protection of the life and safety of Officer Bell and the public.

Affirmative Defense 9: Immunity under California Government Code § 815.2(b). Defendant State of California is not "liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

**Defendants' Evidence in Support of Affirmative Defenses**

Defendants' evidence in support of their affirmative defenses include:

1.    The prior statements and testimony of Officer Bell evidencing his observation of plaintiff "hunkering" down behind a fence in an ambush position facing Officer Bell with the gun in front of him pointed at Officer Bell

2.    Testimony by eyewitnesses who heard Officer Bell yell, "Drop the gun or I'll shoot!" before any gunshots were fired.

3.    Evidence gathered of the incident, including but not limited to, bullet casings, bullet holes in the fence and nearby structures, photographs, witness statements, statements, dispatch recordings and logs, videos, and the reports and testimony of law enforcement investigators and forensic specialists regarding the evidence.

4.    Expert testimony by Greg Meyer regarding police procedures, including all the underlying evidence he relied on in reaching his conclusions.

5.    Expert testimony by Michael Ritter, M.D. regarding the effects of methamphetamine and phencyclidine (PCP) in causing plaintiff's injuries, including all the underlying evidence he relied on in reaching his conclusions.

6.    Expert testimony by Parris Ward regarding the forensic analysis of video evidence, including all the underlying evidence he relied on in reaching his conclusions.

**Plaintiff's Contentions:**

Affirmative Defense No. 1: Plaintiff contends that Defendants are not entitled to qualified immunity for his federal claim for excessive force because the use of force was excessive in violation of his Fourth Amendment rights. Nevertheless, there are disputed issues of fact Further, Plaintiff contends that the law was clearly established long before this incident that an officer cannot use force as applied in this case under the facts and circumstances of this incident. Namely, officers knew that they cannot shot a man, including to the back, who was not an immediate threat of death or serious bodily injury. Plaintiff also contends that qualified immunity does not apply to state law claim, and Defendants are not entitled to any state law immunities.

Affirmative Defense No. 2: Plaintiff contends this is an improper instruction and defense for an officer involved shooting case and that Defendants are not entitled a defense of self-defense because the use of deadly force against Plaintiff was clearly excessive and unreasonable, and not immediately necessary in defense of human life.

Affirmative Defense No. 3: Plaintiff contends that he was not comparatively at fault given that Plaintiff did not cause any of this harm, injuries, or damages, but that Defendant Bell caused all of Plaintiff's harm, injuries, or damages alleged herein from his negligent preshooting tactics and excessive and unreasonable use of deadly force.

Affirmative Defense No. 4: Plaintiff contends that this immunity does not apply to police shooting cases and Defendants are not entitled to immunity under California Government Code § 820.2 as Defendant Bell had no authority to exercise discretion to use excessive or unreasonable force against Plaintiff.

Affirmative Defense No. 5: Plaintiff contends that this immunity does not apply to police shooting cases and Defendants are not entitled to immunity under California Government Code § 820.4 as this was not a false arrest matter.

   <u>Affirmative Defense No. 6</u>: this alleged immunity does not apply to police shooting cases and not an appropriate affirmative defense.

   <u>Affirmative Defense No. 7</u>: this alleged immunity does not apply to police shooting cases and not an appropriate affirmative defense.

   <u>Affirmative Defense No. 8</u>: this alleged immunity does not apply to police shooting cases and not an appropriate affirmative defense.

   <u>Affirmative Defense No. 9</u>: this alleged immunity does not apply to police shooting cases and not an appropriate affirmative defense.

## 8. **REMAINING ISSUES:**

In view of the admitted facts and the elements required to establish the claims, and affirmative defenses, the following issues remain to be tried:

1. Whether Defendant Bell used excessive or unreasonable force, ultimately, was Mr. Solis an immediate threat of death or serious bodily injury when deadly force was used (Fourth Amendment Excessive Force, Battery).

2. Whether, in using unreasonable force, the Defendant Bell acted with deliberate indifference or reckless disregard for Mr. Solis' constitutional rights (Bane Act).

3. Whether Defendant Bell was negligent in his use of deadly force and pre-shooting tactics.

4. Whether Mr. Solis was comparatively negligent.

5. Whether Defendant Bell's conduct was malicious, oppressive, or in reckless disregard for the rights of Mr. Solis.

6. The amount of compensatory damages for Mr. Solis.

7. The amount of punitive damages for which Defendant Bell is liable.

## 9. **DISCOVERY:**

All discovery is not complete.

Plaintiff's counsel informed Defendants on September 12, 2024, that Plaintiff has now decided to waive the Fifth Amendment which he had invoked extensively during his deposition on May 3, 2024. Plaintiff's counsel offered deposition dates for Plaintiff starting on October 14. 2024. This issue is the subject of Defendants' Motion in Limine No. 2.

Plaintiff contends that Defendants were informed of the his intention to waive his Fifth Amendment rights related to this matter for testimony at trial on September 5, 2024, during the parties conference of counsel related to motions in limine. Plaintiff will oppose said late-filed motion.

## 10.    **DISCLOSURES AND EXHIBIT LIST:**

All disclosures pursuant to Fed. R. Civ. P. 26(a)(3) have been made.

The parties' joint exhibit list has been previously filed under separate cover as required by L.R. 16-6.1 and the Court's Scheduling Order ("Joint Exhibit List"). In view of the volume of exhibits marked by each party, the parties incorporated in the attached Joint Exhibit List all agreements regarding admitted exhibits, and all objections, including the grounds, therefore. The parties agree that an Amended Joint Exhibit List will be filed, if necessary, as soon as practicable.

## 11.    **WITNESS LISTS:**

The parties' Witness Lists have been previously filed under separate cover as required by the Court's Scheduling Order. The following table incorporates those witnesses that the parties intend to call at trial:

| Plaintiff's Witnesses | | Defendants' Witnesses | |
|---|---|---|---|
| 1. | Edgar Solis (plaintiff) | 1. | M. Vargas (investigator) |
| 2. | Michael Bell (defendant) | 2. | D. Harris (training officer) |
| 3. | Patrick Sobaszek (officer witness) | 3. | C. Hamilton (investigator) |

| | | | | |
|---|---|---|---|---|
| 4. | Arthur Paez (officer witness) | 4. | J. Kawanaka (investigator) |
| 5. | Salvador Waltermire (officer witness) | 5. | Daniel Moody (investigator) |
| 6. | Gary Adams (P expert investigator) | 6. | J. Manjarrez (investigator) |
| 7. | Roger Clark (P police practices expert) | 7. | A. Ditfurth (investigator) |
| 8. | Dr. Ryan O'Connor (P medical expert) | 8. | Daniel Cline (investigator) |
| 9. | Brett Fisher (paramedic, AMR) | 9. | Jennifer Jernegan (investigator) |
| 10. | Dr. Anupama Balaji (treating provider, non-retained expert) | 10. | Yesika Alvarado (investigator) |
| 11. | Dr. John Agapian (treating provider, non-retained expert) | 11. | A. Carey (investigator) |
| 12. | Dr. Stephanie Downing (treating provider, non-retained expert) | 12. | Venderfees (investigator) |
| 13. | Jaden Schlig (eyewitness) | 13. | Esteban Carranza (investigator) |
| 14. | Marlene Sue Biggs (eyewitness) | 14. | J. Gonzalez (investigator) |
| 15. | Richard Contla (eyewitness) | 15. | D. Maddox (investigator) |
| | | 16. | G. Gomez (investigator) |
| 16. | *Dr. Nicholas Olin (treating provider, non-retained expert) | | |
| 17. | *Dr. Heesung Park (treating provider, non-retained expert) | 17. | Kristen Steward (BioTox Labs) |
| 18. | *Dr. Bret Powers (treating provider, non-retained expert) | 18. | Greg Meyer (D police practices expert) |
| 19. | *Dr. Benton Stout (treating provider, non-retained expert) | 19. | Parris Ward (D forensic video analyst) |

| | |
|---|---|
| *Indicates that a witness will be called only if the need arises. | 20. Dr. Ronald Kvitne (D medical expert) |
| | 21. Dr. Michael Ritter (D Emergency Medicine expert) |
| | 22. Leslie Martinez (witness) |
| | 23. Marlene Sue Biggs (eyewitness) |
| | 24. Jose Jesus Rodriguez (witness) |
| | 25. Ana Rodriguez (witness) |
| | 26. Liliana Rodriguez (witness) |
| | 27. Pearo Rodriguez (foundation witness) |
| | 28. Florina Maria Mandujano (foundation witness) |
| | 29. Thomas Jordan (foundation witness) |
| | 30. Richard Contla (eyewitness) |
| | 31. Kathy Lynn Cassel (witness) |

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7. The parties do not foresee that they will present evidence by way of deposition testimony, other than for impeachment or to refresh recollection. For this purpose, the following deposition shall be lodged with the Clerk as required by L.R. 32-1:

Deposition of Arthur Paez

Deposition of Dr. Michael Ritter

Deposition of Dr. Ronald Kvitne

1    Deposition of Dr. Ryan O'Connor

2    Deposition of Edgar Solis

3    Deposition of Gary Adams

4    Deposition of Greg Meyer

5    Deposition of Michael Bell

6    Deposition of Patrick Sobaszek

7    Deposition of Roger Clark

8    Deposition of Salvador Waltermire

9

10   **12.    <u>MOTIONS *IN LIMINE*</u>:**

11   The parties' motions *in limine* have been previously filed under separate

12   cover as required by the Court's Scheduling Order. The parties have met and

13   conferred on these initial motions. Motions *in Limine* were filed with the Court on

14   September 10, 2024. The following motions *in limine*, and no others, are still

15   pending and at issue:

16

17   **<u>Plaintiff's motions *in limine* include</u>:**

18       1.    <u>Information Unknown to Defendant Officer Michael Bell</u>.

19           a)    Substance Use History (unknown)

20           b)    Criminal History (unknown)

21           c)    Other Wrongs or "Bad Acts" character evidence

22           d)    After-Acquired Investigatory Reports and Information

23           e)    Speculative Statements of Plaintiff's Intent and Thoughts

24       2.    <u>Speculative and Prejudicial Information</u>.

25           a)    Any inference that Plaintiff shot at Defendant Bell

26           b)    Defense expert, Parris Ward's, opinion that "It is possible that he

27   may have fired one of the shots heard in the synchronized videos"

28           c)    Gang Task Force Information

d)    Unrelated use of force incidents where officers were shot.

3.    Speculative Beliefs and Unreasonable Subjective Fears.

a)    Whether Plaintiff was fleeing from a felony that threatened death or serious bodily injury

b)    Whether some unknown bystander in some unknown location would potentially be threatened at some unknown time in the future

4.    Defendants retained Toxicology expert Michael Ritter, M.D. for failing to comply with Rule 26; and for providing opinions with an Unreliable Methodology, Speculative Opinions, Confusing and Misleading Opinions, Not Helpful to the Jury, and Not Based on Sufficient Facts and Data.

5.    Defendants' retained police practices expert Greg Meyer for providing opinions with No and an Unreliable Methodology, Speculative Opinion, Opinion Inconsistent with the Law, and Opinions that are not Helpful and Not Based on Sufficient Facts and Data.

It is Plaintiff's position that any of this evidence is information unknown to the Defendant Bell is therefore inapplicable and irrelevant to the analysis, and nevertheless, unduly prejudicial, improper character evidence, and hearsay. Thus, they should be excluded from trial.

**Defendant's motions _in limine_ include:**

1)    To exclude Evidence of Officers' Personnel Records.

2)    To exclude testimony about topics on which Plaintiff invoked the Fifth Amendment during his May 3, 2024, deposition.

**13.    BIFURCATION:**

The Court has not ordered bifurcation of any issues at this time.

The parties agree the trial should be bifurcated. The parties agree that officer liability, damages, and the predicate question for punitive damages should be tried in the first phase and the amount of punitive damages in the second phase.

**14.    ADMISSIONS:**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____, 2024    _____

                                  Honorable Hernán D. Vera
                                  United States District Court
                                  Central District of California

Approved as to form and content:

Respectfully Submitted,

DATED:  September 24, 2024    **LAW OFFICES OF DALE K. GALIPO**
                              **LAW OFFICES OF GRECH & PACKER**

                              By: _____ */s/     Marcel F. Sincich*
                              Dale K. Galipo
                              Marcel F. Sincich
                              Trent C. Packer
                              *Attorney for Plaintiff*

DATED:  September 24, 2024    ROB BONTA
                              Attorney General of California
                              NORMAN MORRISON
                              Supervising Deputy Attorney General

1

2

By: _____/s/_____David Klehm____

3  DAVID KLEHM
   Deputy Attorney General

4  *Attorneys for Defendant* State of California (by
   and through the California Highway Patrol)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28