ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9733
  Fax:  (619) 645-2581
  E-mail:  David.Klehm@doj.ca.gov

*Attorneys for Defendant State of California
(by and through the California Highway Patrol)
[erroneously sued as "State of California"]
and Michael Bell*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA –CENTRAL DIVISION

| | |
|---|---|
| **EDGAR SOLIS,**<br><br>              Plaintiff,<br><br>v.<br><br>**COUNTY OF RIVERSIDE;<br>STATE OF CALIFORNIA;<br>SALVADOR WALTERMIRE; and<br>DOES 1-10, inclusive,**<br><br>              Defendants. | Case No. 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE UNKNOWN TO DEFENDANT OFFICER BELL OF SOLIS' DRUG USE, CRIMINAL HISTORY, GANG AFFILIATION, AGENCY FINDINGS AND SUBJECTIVE INTENT**<br><br>Hearing on Motions *in Limine*:<br>October 1, 2024 at 09:00 a.m.<br>Final Pretrial Conference:<br>October 8, 2024 at 10:00 a.m.<br>Jury Trial<br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DRUGS, GANGS, CRIMINAL HISTORY**

**PLEASE TAKE NOTICE** that Defendants, State of California, by the through the California Highway Patrol, and Officer Michael Bell, hereby file their Opposition to Plaintiff, Edgar Solis' hereby Motion in Limine No. 1 to exclude any evidence, testimony, argument, or reference at trial of 5 categories of "Information Unknown" to Defendant, Officer Michael Bell. Preliminarily, Defendants object to Plaintiff's Motion in Limine No. 1 as it addresses more than one substantive issue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

As the Court is aware, this litigation arises from an Officer Involved Shooting during Plaintiff's arrest on 3 felony warrants for carjacking, robbery and drug possession pursuant to a "Be On the Look Out" for Plaintiff, Edgar Solis, who at the time was on parole from a prior felony and who was deemed "armed and dangerous".

Relevant here, Plaintiff's Motion in Limine No. 1 ("MIL 1") seeks to exclude: Plaintiff's (a) substance abuse history; (b) criminal history; (c) prior bad acts; (d) after acquired Investigatory reports and information; and (e) plaintiff's subjective intent.

Prior to Defendant Officer Bell's first contact with Plaintiff on the date of the incident, Defendant Bell was aware of Plaintiff's criminal conduct by way of three felony arrest warrants in the "Be On the Look Out" ("BOLO") for Plaintiff.  It is also indisputable that Plaintiff was prosecuted, convicted, and incarcerated for the felony carjacking with a firearm warrant listed on the "BOLO" which initiated Defendant Bell's arrest of Plaintiff during the underlying incident. After the incident at issue in this case, Plaintiff was also criminally charged for being a felon in possession of a firearm *during his arrest by Defendant*.  Plaintiff's instant lawsuit seeks to impose liability upon Defendants and also to recover damages for "emotional distress."  His prior criminal conduct speaks to the central liability question in this case, and his conviction and subsequent incarceration arising from Defendant Bell's arrest of plaintiff is an obvious (and judicially recognized) source of the "emotional distress"

2

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DRUGS, GANGS, CRIMINAL HISTORY**

Solis incurred after this incident.

## II. EVIDENCE OF SOLIS' CRIMINAL HISTORY AND DRUG USE ARE RELEVANT TO CORROBORATE DEFENDANTS' VERSION OF THE FACTS

"Evidence is relevant if it has '*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (quoting Fed. R. Evid. 401, emphasis added by the Ninth Circuit). Here, there are two separate, although intimately related, issues for the jury to decide in this action. First, "whether [Defendants'] actions [were] 'objectively reasonable' in light of the facts and circumstances confronting [them]." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

Second, what were those "facts and circumstances" that defendant, Officer Bell faced? The second question is for the jury to decide. The evidence at issue is relevant because the facts leading up to the shooting are contested by the parties.

A peace officer is permitted to introduce evidence of facts that were unknown to him at the time of the incident where such facts corroborate or increase the likelihood of the existence of facts that were observed and relied upon by the officer in the officer's decision to use force during the incident. *Boyd v. City and County of San Francisco,* 576 F.3d 938 (9th Cir. 2009); *see also*, *Graham, v. Connor,* 490 U.S. 385, 399, n. 2 (1980); 399, n. 12 (factfinder may consider outside evidence "in assessing the credibility of an officer's account of the circumstances that prompted the use of force"); *Estate of Chum v. City of Los* 585 Fed.Appx. 435,436 (9th Cir. 2014), citing *Boyd,* 576 F3d at 943-945 ("Because the challenged testimony made [defendant's] account more probable, the testimony was relevant, and the district court did not abuse its discretion by admitting it").

Thus, in an excessive force case, "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Boyd,* 576 F.3d at 944.  In *Boyd,* the Ninth Circuit upheld the trial court's ruling that allowed evidence that a decedent had been on drugs at the time of a police shooting because the evidence was "highly probative of decedent's conduct, particularly in light of [the decedent's] erratic behavior." *Id.* at 949.  Thus, facts unknown to the officer were relevant because they helped the jury decide what actually happened by giving insight into the decedent's intent, which would corroborate either the plaintiff's or the officer's version of events.

Plaintiff does not cite, let alone distinguish, the Ninth Circuit's decision in *Boyd*.  Plaintiff cites *Graham*, 490 U.S. at 396, which plaintiff argues stands for the proposition that "the fact finder may only consider 'the circumstances of which [the officers] were aware . . . when analyzing the objective reasonableness of the officers' conduct under *Graham*.'"  To be sure, <u>facts unknown to the officer are irrelevant to strictly considering the issue of the reasonableness of the use of force itself.  But as in *Boyd*, such facts are admissible to allow the jury to consider the separate issue of the underlying facts to which the *Graham* objective reasonableness analysis should be applied.</u>  Indeed, *Graham* acknowledged that evidence that did not bear on the Fourth Amendment analysis may be considered by the jury in weighing which version of events is correct.  *Graham*, 490 U.S. at 399 n. 12 ("*Of course, in assessing the credibility of an officer's account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored ill-will toward the citizen*.").  italics added.

In the present case, Plaintiff's criminal histories are highly probative of his erratic behavior on March 2, 2022.  Defendants contend Plaintiff's injuries were caused by Plaintiff attempting to flee from the officers when the officer tried to arrest Plaintiff on three felony arrest warrants- for carjacking, robbery and drugs- and by

Plaintiff pointing his .38 caliber snub-nosed revolver directly toward Officer Bell when he was pursuing plaintiff on foot.

Evidence that supports Defendants' contentions or explains why Plaintiff would attempt to evade the officers is relevant and should therefore be admitted. A "guilty conscience" plan to escape will likely be far more determined and pose a more significant threat to officers than a plan to escape based on a general desire to avoid interaction with law enforcement – especially where the escapee may be facing enhanced prison time. Corroborating evidence that Plaintiff had prior criminal convictions at the time of the incident and that Plaintiff was later convicted of carjacking with a firearm and sentenced to 13 years in prison for 1 of the 3 felony warrants for which Defendant was attempting to arrest plaintiff on the date of the incident bears on Plaintiff's determination to evade arrest. Plaintiff should not be permitted to shield the jury from evidence admissible under *Boyd* as corroborating Defendants' observations.

### III. EVIDENCE OF SOLIS' CRIMINAL HISTORY, GANG AFFILIATION AND DRUG USE ARE ALSO RELEVANT TO PLAINTIFFS' DAMAGES CLAIMS

Plaintiff's periods of prior incarceration are relevant to Plaintiff's damages because incarceration would reduce the amount of "loss of household services" Plaintiff is seeking. *Peraza v. Dalmeter*, 722 F.2d 1455, 1457 (9th Cir. 1984); *Castro v. Cty. of Los Angeles*, No. 2:13-cv-06631, 2015 WL 4694070, at *4 (C.D. Cal. 2015).

Moreover, Plaintiff's prior criminal record will impact his criminal prosecution of his conduct during his arrest in this case because Plaintiff will be sentenced for this Third major felony.

Additionally, evidence of Plaintiff's criminal history is directly relevant to his claim for "emotional distress" damages. "The case law is clear that once a plaintiff makes claims of emotional distress, the defendant is allowed to explore ***any***

alternative or contributing causes to that emotional distress." *Kakeh v. United Planning Org.*, 587 F.Supp.2d 125, 128 (D.D.C. 2008); *see*, *Rettiger v. IBP, Inc.*, 1999 WL 318153, at *2 (D. Kan. 1999) ("The case law recognizes that a plaintiff claiming emotional distress opens the door to evidence of other probable causes of her distress.").

Arrests and criminal convictions have been repeatedly recognized as a potential alternative source for claimed "emotional distress" at trial. *See, Morris v. Long*, 2012 WL 3276938, at *2 (E.D. Cal. 2012), *aff'd*, 592 F. App'x 579 (9th Cir. 2015) (Admitting trial "evidence of [Plaintiff's] prior arrests unrelated to the subject incident [and] evidence of confrontations with police officers unrelated to the subject incident…"; Court "find[s] such evidence…relevant and admissible on the issues of…emotional distress damages."); *see also*, *Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001) (affirming trial court finding that plaintiff's arrest was admissible: " [T]he [arrest] evidence was specially relevant to a contested issue in the case, namely, the extent of damages attributable to emotional distress."). Having asserted claims for "emotional distress" damages, this Court should not prohibit Defendants from fairly defending themselves against Plaintiff's damages assertions. *See*, *Fritsch*, *supra*, 196 F.R.D. at 569 ("Plaintiff elected to seek monetary relief from the defendants to compensate her for emotional pain, suffering, loss of self-esteem, and mental anguish, consequently, [Plaintiff] is relying on her emotional state to make her case… But to insure a fair trial, particularly on the element of causation, the court concludes that defendants should have access to evidence that [Plaintiff's] emotional state was caused by something else. Defendants must be free to test the truth of [Plaintiff's] contention that she is emotionally upset because of the defendant's conduct.").

## IV.   EVIDENCE OF SOLIS' CRIMINAL HISTORY, DRUG USE AND GANG AFFILIATION SHOULD NOT BE EXCLUDED AS CHARACTER EVIDENCE

Defendants do not seek to have the evidence admitted as character evidence, but rather to explain Plaintiff's conduct evading arrest and appearing to crouch behind a fence with a firearm to ambush defendant Officer Bell, to corroborate defendants' account of the incident, and to counter plains' damages claims. While evidence of crimes, wrongdoings, or prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith," (Fed. R. Evid. 404(b)), such evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident …." *Id*. "Unless the evidence of other crimes tends to only prove propensity, it is admissible. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996), internal quotation marks omitted. The intent behind the character evidence rule is not to "flatly prohibit the introduction of such evidence," but to limit the purpose for which it may be introduced. *Huddleston v. United States*, 485 U.S. 681, 687 (1988).

Here, Plaintiff's criminal histories provide a motive for Plaintiff, a felon on probation/parole, to flee from law enforcement officers and for Plaintiff to drive his car away from Officer Bell and, after he crashed into a carport, to evade Officer Bell on foot while carrying a loaded .38 caliber revolver in order to try to escape being arrested for three active felony warrants. Plaintiff faced certain prison time. In fact, Plaintiff was convicted on one of the felony warrants for which Defendant Officer Bell arrested him and Plaintiff was sentenced to 13 years in prison. Thus, this evidence is relevant to show Plaintiff's motive and intent and to corroborate Defendants' version of the events.

Additionally, this evidence is relevant to Plaintiff's damages claim being made in this case. Such evidence is therefore not being offered to prove Plaintiff's particular character trait during the incident.

V. **EVIDENCE OF SOLIS' CRIMINAL HISTORIES SHOULD NOT BE EXCLUDED UNDER RULE 403**

7

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DRUGS, GANGS, CRIMINAL HISTORY**

Relevant evidence may be excluded under Rule 403 only if its probative value is "substantially" outweighed by an articulated danger or concern within the rule. This requires the court to compare the probative value of the evidence against the articulated reasons for its exclusion, "and permits exclusion only if one or more of those reasons 'substantially outweigh' the probative value." *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000).

Use of Rule 403 to exclude evidence should be done sparingly and cautiously. *Hankey,* 203 F.3d at 1172. Evidence must concededly be relevant for the rule to even apply. *United States v. Madruga,* 897 F.2d 1099, 1117 (11th Cir. 1990). All relevant evidence is inherently prejudicial, but it is only "unfair" prejudice that can tip the scales to provide a basis for exclusion. *Hankey,* 203 F.3d at 1172. The balance under the rule should be struck in favor of admissibility. *Blancha v. Raymark lndustries,* 972 F.2d at 507, 516 (3rd Cir. 1992). Accordingly, if the evidence's probative value, and the danger of its use, are of relatively equal weight, the evidence should be admitted. *Id*.

Plaintiff argues that evidence of his criminal history is likely to confuse the jury or cause undue delay and waste of time by causing litigation of collateral issues. On the contrary, this evidence is being offered on the central issue of liability in this case: Plaintiff's behavior when he encountered the officers and the officers' account of that behavior. The prejudice claimed by Plaintiff is not duly unfair because it is evidence of his behavior and mental state at the time of the shooting which corroborates Defendants' account and helps to explain Plaintiff 's behavior, which Defendants contend led to the use of reasonable force. In addition, the evidence is being offered with respect to Plaintiff's damages claims.

## VI. THE EVIDENCE TO BE OFFERED ON THESE ISSUES IS NOT SUBJECT TO EXCLUSION BASED ON HEARSAY

Plaintiff erroneously contends that Defendants will be unable to provide

sufficient evidence regarding his criminal history because any such records are subject to exclusion based on hearsay.  Defendants will seek judicial notice of the certified court records.  Fed. R. Evid. 201(d); *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund* (9th Cir. 2014) 754 F3d 754, 756, fn. 1 (judicial notice of California state court proceedings); *Asdar Group v. Pillsbury, Madison & Sutro* (9th Cir. 1996) 99 F.3d 289, 290, fn. 1.  These records are not hearsay because they are not offered to prove the truth of the matters asserted therein but instead to prove that Plaintiff had prior convictions that included time spent in prison and that Plaintiff was convicted of the crime for which the officers stopped him in this case.  Even if the court determines the records are hearsay, they are still admissible because they fit within the hearsay exceptions for public records (Fed. R. Evid. 803(8) and 803(6)).

## VII. EVIDENCE OF THE INVESTIGATION BY THE RIVERSIDE COUNTY DISTRICT ATTORNEY IS RELEVANT AND PROBATIVE TO THE JURY'S EVALUATION OF PLAINTIFFS' CLAIMS

Defendants recognize that the conclusions of the Riverside County District Attorney's office and decision to not charge Officer Bell may have a limited application in this trial.  But Defendants do not believe that wholesale exclusion of any mention of District Attorney review of the shooting is warranted.  Indeed, Defendants do not agree to exclude the fact that the District Attorney investigated the incident because if the jury does not hear that the District Attorney conducted an investigation, the jury may conclude that investigations were conducted only by CHP and the Riverside County Sheriff Department and that such investigations were therefore biased and self-serving.  Omission of the fact of this investigation would therefore be misleading and unduly prejudicial to defendants.

If mention or introduction of evidence related to the District Attorney's or Riverside County Sheriff's investigations are limited as referenced here, Plaintiffs'

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DRUGS, GANGS, CRIMINAL HISTORY**

concerns about prejudice and confusion of the jury are eliminated, and exclusion is not warranted.

## VIII. EVIDENCE OF THE FINDINGS OF CHP AND RCSD IS RELEVANT AND PROBATIVE TO THE JURY'S EVALUATION OF PLAINTIFFS' CLAIMS IF PLAINTIFF IS PERMITTED TO INTRODUCE EVIDENCE OF LAW ENFORCEMENT POLICIES

Defendants recognize that the conclusions of the Hemet Police Department and Riverside County Sheriff Department and decision by the Riverside County District Attorney not to not press charges against Defendant Bell may have a limited application in this trial. But Defendants do not believe that wholesale exclusion of any mention of various Police Departments' findings regarding the shooting and the Riverside District Attorney's decision not to press charges is warranted. Defendants do not agree to exclude the fact that the Riverside County District Attorney decided not to press charges against Defendant Bell. If the jury does not hear that an investigation was conducted by the Police Department and the results thereof, the jury may conclude that investigation was conducted only by CHP and that such investigation was therefore biased and self-serving since Officer Bell is employed by the CHP. Omission of the fact of investigations by other Police Departments and the results thereof would therefore be misleading and unduly prejudicial to Defendants.

If mention or introduction of evidence related to the Hemet Police Department's investigation is limited as referenced here, Plaintiff's concerns about prejudice and confusion of the jury are eliminated, and exclusion is not warranted.

In addition, evidence obtained by investigations conducted by third party Police Departments will be relied on by both sides and admitted at trial. During its investigation, among other things, the Riverside County Sheriff's Department obtained statements by Plaintiff, Defendant Bell, former Defendant Deputy Waltermire and other witnesses, as well as surveillance videos, which are indisputably

10

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DRUGS, GANGS, CRIMINAL HISTORY**

relevant to the issues in this case because these RCSD investigatory documents are listed <u>on Plaintiff's Exhibit List.</u> It is not practical to avoid mentioning the RCSD investigation when the evidence obtained from the RCSD investigation is being introduced at trial. Omission of the results of this investigation – and the evidence discovered as a result thereof – would be misleading to the jury and unduly prejudicial to Defendants.

Defendants assert that evidence of the conclusions of CHP showing Defendant Bell's compliance with CHP's policies should be admitted to show that Defendant Bell's own employers disagree with Plaintiffs' expert on this issue. *See, e.g., Phillips v. Bratton*, 2008 WL 11409876, at *10 (Case No. CV 07-873 CAS (VBKX), C.D. Cal. Jan. 28, 2008).

Such evidence is also relevant to any potential award of punitive damages against the officers. In determining the amount of an award of punitive damages, the jury must consider "the degree of reprehensibility of the defendant's conduct" (9th Cir. Model Civil Jury Instr. 5.5). The fact that Defendants' employers found Officer Bell's actions to be within policy is relevant to that inquiry.

## IX. <u>EVIDENCE OF THE FINDINGS OF CHP AND THE RIVERSIDE COUNTY DISTRICT ATTORNEY ARE NOT INADMISSIBLE HEARSAY</u>

Federal Rule of Evidence 803(8) sets forth the public records exception to the hearsay rule. The findings of CHP and the Riverside County District Attorney qualify under this exception. They are contained in reports from a public office that states the activities of the office in the investigation. Fed. R. Evid. 803(8)(A)(i) and (iii). Under Fed. R. Evid. 902, the reports are self-authenticating.

Federal Rule of Evidence 803(6) sets forth the business records exception to the hearsay rule, which is broader than the public records exception. The findings of CHP and the Riverside County District Attorney qualify as business records because they

are contained in a report made at or near in time to when investigative information was transmitted to CHP and the Riverside County District Attorney for review, written by a knowledgeable person, kept in the course of a regularly conducted business activity, and was part of CHP's and the Riverside County District Attorney's regular practice. Fed. R. Evid. 803(6). CHP and the Riverside County District Attorney also qualify under the broad definition of a "business" because they are "organizations," "occupations," or "callings." Fed. R. Evid. 803(6)(B).

## X. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion in Limine No. 1 to Exclude Evidence of Mr. Solis' Criminal History, Drug Use, Gang Affiliation, and Investigative Agency Information and Findings.

DATED: September 22, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN MORRISON
Supervising Deputy Attorney General

**/s/ David Klehm**
DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendants*
*State of California Michael Bell*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DRUGS, GANGS, CRIMINAL HISTORY**