1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  DAVID KLEHM
   Deputy Attorney General
4  State Bar No. 165302
    600 West Broadway, Suite 1800
5   San Diego, CA 92101
    P.O. Box 85266
6   San Diego, CA 92186-5266
    Telephone:  (619) 738-9733
7   Fax:  (619) 645-2581
    E-mail:  David.Klehm@doj.ca.gov
8
   *Attorneys for Defendant State of California*
9  *(by and through the California Highway Patrol)*
   *[erroneously sued as "State of California"]*
10 *and Michael Bell*

11

12                    UNITED STATES DISTRICT COURT

13         CENTRAL DISTRICT COURT OF CALIFORNIA –CENTRAL DIVISION

14

| | |
|---|---|
| **EDGAR SOLIS,** | Case No. 5:23−cv−00515−HDV−JPR |
| Plaintiff, | [*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION** |
| **COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE; and DOES 1-10, inclusive,** | Hearing on Motions *in Limine*:<br>October 1, 2024 at 09:00 a.m.<br>Final Pretrial Conference:<br>October 8, 2024 at 10:00 a.m.<br>Jury Trial<br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |
| Defendants. | |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, State of California, by the through the California Highway Patrol, and Officer Michael Bell, hereby file their Opposition

1

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**

to Plaintiff, Edgar Solis's Motion in Limine No. 2 to exclude any evidence of "speculative or prejudicial" information. Defendants object to plaintiff's Motion in Limine No. 2 as it addresses more than one substantive issue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PRELIMINARY STATEMENT

Plaintiff's Motion in Limine No. 2 ("MIL 2") seeks to exclude evidence of speculative or prejudicial information, specifically 4 separate categories-(a) that plaintiff shot at Defendant Bell; (b) Defendant's expert Parris Ward's opinion that his analysis of the audio files show plaintiff may have shot at Officer Bell; (c) mention of the "Gang Task Force" Defendant Bell was assigned to at the time of his arrest of plaintiff; (d) unrelated use of force incidents where Officers were shot.

As the Court is aware, this litigation arises from an Officer Involved Shooting during plaintiff's arrest on 3 felony warrants for carjacking, robbery and drug possession pursuant to a "Be On the Look Out ("BOLO") for Plaintiff, Edgar Solis, who at the time was on parole from a prior felony and who was deemed "armed and dangerous".

Prior to Defendant Bell's first contact with Plaintiff on the date of the incident, Defendant Bell was aware of Edgar Solis's criminal conduct by way of three felony arrest warrants in the "BOLO" for Plaintiff. It is also indisputable that Plaintiff was prosecuted, convicted, and incarcerated for the felony carjacking with a firearm warrant listed on the "BOLO" which initiated Defendant Bell's arrest of Plaintiff during the underlying incident. After the incident at issue in this case, Plaintiff was also criminally charged for being a felon in possession of a firearm *during his arrest by Defendant.*

///

///

2

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION

II. **EVIDENCE OF THE EXPENDED SHELL CASING IN PLAINTIFF'S REVOLVER AND RELATED TESTIMONY BY DEFENDANTS' AUDIO EXPERT PARRIS WARD IS A MATTER OF WEIGHT FOR THE JURY TO DECIDE**

Plaintiff argues that evidence of the possibility that Plaintiff fired one round during the pursuit by Defendant Bell is prejudicial and speculative.

Expert testimony is permitted only where such testimony: (1) will be helpful to the trier of fact; (2) is based on sufficient facts or data; (3) is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The trial court has the task of ensuring that an expert's testimony: (1) rests upon a reliable foundation, and (2) is relevant to the issue at hand. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993); *Kumho Tire Co . v. Carmichael*, 526 U.S. 137, 149 (1999).

In the instant case, Mr. Ward's opinion is based on the reliable foundation of his analysis of the audio captured from the incident. Certainly, his opinion is relevant to the issue of the reasonableness of Defendant Bell's use of force during the pursuit of Plaintiff for three active felony warrants.

Relevant evidence may be excluded under Rule 403 only if its probative value is "substantially" outweighed by an articulated danger or concern within the rule. This requires the court to compare the probative value of the evidence against the articulated reasons for its exclusion, "and permits exclusion only if one or more of those reasons 'substantially outweigh' the probative value." *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000).

Use of Rule 403 to exclude evidence should be done sparingly and cautiously. *Hankey,* 203 F.3d at 1172.  Evidence must concededly be relevant for the rule to even apply. *United States v. Madruga,* 897 F.2d 1099, 1117 (11th Cir. 1990).  All relevant evidence is inherently prejudicial, but it is only "unfair" prejudice that can tip the

3

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**

scales to provide a basis for exclusion. *Hankey,* 203 F.3d at 1172. The balance under the rule should be struck in favor of admissibility. *Blancha v. RaymarkIndustries,* 972 F.2d at 507, 516 (3rd Cir. 1992). Accordingly, if the evidence's probative value, and the danger of its use, are of relatively equal weight, the evidence should be admitted. *Id*.

In the present case, Plaintiff will have the opportunity to cross-examine Defendants' audio expert, Mr. Ward, about the basis of his opinion that the audio recordings ***may*** indicate Plaintiff fired his weapon. Since Mr. Ward's opinion is not unequivocal, there is little risk of undue prejudice to Plaintiff, as the jury will decide how much weight to afford Mr. Ward's opinion.

### III. EVIDENCE THAT DEFENDANT OFFICER BELL WAS WORKING WITH THE REGIONAL "GANG TASK FORCE" WHEN HE WAS INFORMED OF PLAINTIFF'S 3 FELONY WARRANTS IS RELEVANT FOR THE JURY TO CONSIDER THE REASONABLENESS OF DEFENDANT'S USE OF FORCE

Plaintiff also seeks to exclude testimony that Defendant Bell was assigned to the "Regional Gang Task Force" at the time Defendant Bell received the "Be On the Look Out" for Plaintiff, Edgar Solis, on three felony arrest warrants for carjacking, robbery and drug possession and who was suspected of being armed and dangerous. Furthermore, other Officers from the Riverside County Sheriff Department and the Hemet Police Department who were also involved in the pursuit of Plaintiff and who will be testifying at Trial were members of the Regional Gang Task Force.

The risk of undue prejudice to Plaintiff is not outweighed by the probative value of this information as it relates directly to Defendant Bell's training and the reasonableness of his use of force during the pursuit and arrest of Plaintiff for 3 active felony warrants. The Regional Gang Task Force is comprised of more experienced

4

police Officers from multiple law enforcement agencies. Defendant Bell testified that the Regional Gang Task Force also conducted its own "extra" training.

> ·Q.· · Okay.· How often did you train together as a team?
> ·A.· · I don't recall.· There would be like formal,
>  ·formal and informal.· And it was irregular.· It wasn't a
> ·regular training schedule for us.· It was like extra for
>  ·the most part actually.

Declaration of David Klehm, Ex. "A", Deposition of Michael Bell, pg. 33, lines 20-25.

Additionally, the Regional Gang Task Force is the official name of the unit Defendant Bell was assigned to on the date he arrested Plaintiff. Klehm Decl. ¶3.

Moreover, Plaintiff will have the opportunity on cross-examination to address any factual issues regarding the "Gang Task Force" name in order to eliminate the risk of undue prejudice to Plaintiff.

## IV. EVIDENCE OF UNRELATED USE OF FORCE INCIDENTS IS HIGHLY PROBATIVE OF DEFENDANT BELL'S TRAINING AND EXPERIENCE AS A LAW ENFORCEMENT OFFICER

Plaintiff's motion in limine No. 2 also argues that "unrelated use of force incidents" are unduly prejudicial to Plaintiff. However, the jury determination of the reasonableness of Defendant Bell's use of force is to a large degree dependent on Defendant Bell's training and experience as a Law Enforcement Officer. Defendant Bell's training and experience, in turn, includes "unrelated use of force incidents" which he learned of during his training and also in his experience as a Law Enforcement Officer.

Federal Rules of Evidence, Rule 403 requires that the exclusion of evidence be done sparingly and cautiously. *Hankey,* 203 F.3d at 1172. Evidence must concededly

5

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**

be relevant for the rule to even apply. *United States v. Madruga,* 897 F.2d 1099, 1117 (11th Cir. 1990). All relevant evidence is inherently prejudicial, but it is only "unfair" prejudice that can tip the scales to provide a basis for exclusion. *Hankey,* 203 F.3d at 1172. The balance under the rule should be struck in favor of admissibility. *Blancha v. RaymarkIndustries,* 972 F.2d at 507, 516 (3rd Cir. 1992). Accordingly, if the evidence's probative value, and the danger of its use, are of relatively equal weight, the evidence should be admitted. *Id*.

Therefore, the probative value of this relevant evidence regarding Defendant Bell's training and experience as a Law Enforcement Officer is not "substantially" outweighed by the risk of prejudice to Plaintiff.

## V.     CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiffs' Motion in Limine No. 2 to Exclude Evidence of Speculative or Prejudicial Information-(a) that plaintiff shot at Defendant Officer Bell; (b) defendant's expert Parris Ward's opinion that his analysis of the audio files show plaintiff may have shot at Officer Bell; (c) mention of the "Gang Task Force" defendant Officer Bell was assigned to at the time of his arrest of plaintiff; (d) unrelated use of force incidents where Officers were shot.

DATED: September 23, 2024        Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN MORRISON
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendants*
*State of California Michael Bell*

6

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**