1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  DAVID KLEHM
   Deputy Attorney General
4  State Bar No. 165302
    600 West Broadway, Suite 1800
5   San Diego, CA 92101
    P.O. Box 85266
6   San Diego, CA 92186-5266
    Telephone: (619) 738-9733
7   Fax: (619) 645-2581
    E-mail: David.Klehm@doj.ca.gov
8
9  *Attorneys for Defendant State of California
   (by and through the California Highway Patrol)
   [erroneously sued as "State of California"]*
10 *and Michael Bell*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT OF CALIFORNIA –CENTRAL DIVISION

| | |
|---|---|
| **EDGAR SOLIS,**<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>**COUNTY OF RIVERSIDE;<br>STATE OF CALIFORNIA;<br>SALVADOR WALTERMIRE; and<br>DOES 1-10, inclusive,**<br><br>　　　　　　　Defendants. | Case No. 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF SUBJECTIVE FEARS OF DEFENDANT OFFICER BELL**<br><br>Hearing on Motions *in Limine*:<br>October 1, 2024 at 09:00 a.m.<br>Final Pretrial Conference:<br>October 8, 2024 at 10:00 a.m.<br>Jury Trial<br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, State of California, by the through the California Highway Patrol, and Officer Michael Bell, hereby file their Opposition

**1**

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3**

to Plaintiff, Edgar Solis' hereby Motion in Limine No. 3 to exclude any evidence, testimony, argument, or reference at trial of the "subjective fears" of Defendant, Officer Michael Bell.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

As the Court is aware, this litigation arises from an Officer Involved Shooting during plaintiff's arrest on 3 felony warrants for carjacking, robbery and drug possession pursuant to a "Be On the Look Out" for plaintiff, Edgar Solis, who at the time was on parole from a prior felony and who was deemed "armed and dangerous".

Relevant here, Plaintiff's Motion in Limine No. 3 ("MIL 3") seeks to exclude evidence that (1) Plaintiff had ever engaged in a felony that involved the infliction or threatened infliction of death or serious bodily injury; and (2) any subjective fears that some unknown person may possibly be harmed in some unknown way, by Plaintiff, at some unknown time, in some unknown location and some unknown manner.

Prior to Defendant Officer Bell's first contact with plaintiff, Edgar Solis, on the date of the incident, Defendant about Bell was aware of Edgar Solis' criminal conduct by way of three felony arrest warrants in the "Be On the Look Out" ("BOLO") for Plaintiff. It is also indisputable that Plaintiff was prosecuted, convicted, and incarcerated for the felony carjacking with a firearm warrant listed on the "BOLO" which initiated Defendant Bell's arrest of Plaintiff during the underlying incident. After the incident at issue in this case, Plaintiff was also criminally charged for being a felon in possession of a firearm *during his arrest by Defendant.*

### II. EVIDENCE OF SOLIS' VIOLENT FELONIES FOR CARJACKING AND ROBBERY STATED IN THE "BOLO" ARE RELEVANT FOR THE JURY'S CONSIDERATION OF THE REASONABLENESS OF DEFENDANT BELL'S USE OF FORCE

Plaintiff's MIL No. 3 seeks to sanitize the "BOLO" for Plaintiff's arrest on

2

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3

felony charges for carjacking and robbery as not being "evidence" that Plaintiff had ever engaged in a felony that involved the infliction or threatened infliction of death or serious bodily injury.

In the present case, Solis' felony arrest warrants for carjacking and robbery were factored into Defendant Bell's use of force while Plaintiff was evading arrest. The felonies of Carjacking (Calif. Penal Code §215) and Robbery (Calif. Penal Code §211) both include the "taking of personal property in the possession of another… by means of force or fear". Therefore, even though Plaintiff was not yet convicted of these felonies, Defendant Bell's knowledge that Plaintiff had arrest warrants for these felonies, is a piece of relevant evidence for the jury consideration of the *Graham* factors. Defendant Bell was aware of Plaintiff's propensity for violence and the risks involved in arresting him on the felony warrants and adjusted his actions accordingly based on that knowledge.

"Evidence is relevant if it has '*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (quoting Fed. R. Evid. 401, emphasis added by the Ninth Circuit). Here, there are two separate, although intimately related, issues for the jury to decide in this action. First, "whether [defendants'] actions [were] 'objectively reasonable' in light of the facts and circumstances confronting [them]." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

The "facts and circumstances" that defendant, Officer Bell faced is the second question for the jury to decide. The evidence of Plaintiff's arrest warrants for violent felonies of carjacking and robbery stated on the BOLO is relevant because this information was known to Defendant Bell and thus forms part of the basis for the jury's analysis of the reasonableness of Defendant Bell's use of force during the arrest of Plaintiff. Certainly, Defendant Bell's presumption that Plaintiff who at the time was

3
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3

wanted on felony arrest warrants for carjacking and robbery, and as noted in BOLO may be "armed and dangerous", might pose more of a threat to the arresting Officers and nearby civilians than a person wanted for felony tax evasion is relevant evidence.

A peace officer is permitted to introduce evidence of facts that were unknown to him at the time of the incident where such facts corroborate or increase the likelihood of the existence of facts that were observed and relied upon by the officer in the officer's decision to use force during the incident. *Boyd v. City and County of San Francisco,* 576 F.3d 938 (9th Cir. 2009); *see also*, *Graham, v. Connor,* 490 U.S. 385, 399, n. 2 (1980); 399, n. 12 (factfinder may consider outside evidence "in assessing the credibility of an officer's account of the circumstances that prompted the use of force"); *Estate of Chum v. City of Los* 585 Fed.Appx. 435,436 (9th Cir. 2014), citing *Boyd,* 576 F3d at 943-945 ("Because the challenged testimony made [defendant's] account more probable, the testimony was relevant, and the district court did not abuse its discretion by admitting it").

Thus, in an excessive force case, "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Boyd,* 576 F.3d at 944. In *Boyd,* the Ninth Circuit upheld the trial court's ruling that allowed evidence that a decedent had been on drugs at the time of a police shooting because the evidence was "highly probative of decedent's conduct, particularly in light of [the decedent's] erratic behavior." *Id.* at 949. Thus, facts unknown to the officer were relevant because they helped the jury decide what actually happened by giving insight into the decedent's intent, which would corroborate either the plaintiff's or the officer's version of events.

Plaintiff does not cite, let alone distinguish, the Ninth Circuit's decision in *Boyd*. Plaintiff cites *Graham*, 490 U.S. at 396, which plaintiff argues stands for the proposition that "the fact finder may only consider 'the circumstances of which [the officers] were aware . . . when analyzing the objective reasonableness of the officers'

**4**

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3**

conduct under *Graham*.'" To be sure, <u>facts unknown to the officer are irrelevant to strictly considering the issue of the reasonableness of the use of force itself. But as in *Boyd*, such facts are admissible to allow the jury to consider the separate issue of the underlying facts to which the *Graham* objective reasonableness analysis should be applied.</u> Indeed, *Graham* acknowledged that evidence that did not bear on the Fourth Amendment analysis may be considered by the jury in weighing which version of events is correct. *Graham*, 490 U.S. at 399 n. 12 ("*Of course, in assessing the credibility of an officer's account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored ill-will toward the citizen*."). italics added.

### III. <u>EVIDENCE THAT DEFENDANT BELL WAS CONCERNED PLAINTIFF WHO WAS WANTED ON FELONY ARREST WARRANTS FOR CARJACKING AND ROBBERY MIGHT HARM AN UNKNOWN RESIDENT IN THE RESIDENTIAL NEIGHBORHOOD DURING THE PURSUIT IS RELEVANT EVIDENCE FOR THE REASONABLENESS OF DEFENDANT'S USE OF FORCE</u>

Plaintiff's instant MIL No. 3 also seeks to exclude evidence of Defendant Bell's "subjective fears that some unknown person may possibly be harmed in some unknown way, by Plaintiff, at some unknown time, in some unknown location and some unknown manner." However, Defendant Bell's concern about the safety of other people inside the houses where the pursuit occurred is a valid concern and a factor of the objective reasonableness of his actions.

The Ninth Circuit has repeatedly emphasized that the most important factor is "whether the suspect posed an immediate threat to the safety of the officers or others." *See, e.g.*, *S.B. v. Cty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017) (internal quotation marks omitted); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020); *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019). It is well-established

5
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3**

1  that where a suspect threatens an officer with a weapon or where the officer has
2  probable cause to believe that the suspect poses a threat of death or serious physical
3  harm to the officer or others, the officer is justified in using deadly force. *Tennessee*
4  *v. Garner*, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres,* 610 F.3d 546, 546 (9th Cir.
5  2010). Thus, the issue is for the jury to decide if Defendant Bell's concern about the
6  safety of "unknown" people being in their homes during the day in a neighborhood
7  with many retired people was reasonable as a factor in his use of force while Plaintiff
8  was evading arrest on felony warrants for carjacking and robbery.

9        Ironically, Plaintiff's police practices expert, Roger Clark, testified that he was
10 critical of Defendant Bell for discharging his weapon in a residential neighborhood
11 because of the risk of injuring someone inside their home. Plaintiff's argument on this
12 point thus seems a bit duplicitous because Plaintiff's expert did not know if anyone
13 was inside any of these houses at the time of the pursuit.

14       First, Plaintiff's repeated use of the word "unknown" in this context is insulting
15 to the facts and does not accurately portray Defendant Bell's testimony. As noted in
16 Defendant Bell's deposition excerpts attached as Exhibit "A" to Mr. Sincich's
17 Declaration in support of the instant MIL No. 3, Defendant Bell know Plaintiff was
18 wanted for felony carjacking and robbery and also observed Plaintiff carrying a
19 handgun during the pursuit in the vicinity of at least three homes. Sincich Decl. Ex.
20 "A", Bell Depo. Pg. 99, lines 23-25. Therefore, Plaintiff's repeated use of "unknown"
21 belies the fact that Defendant Bell testified that his concern was that Plaintiff, who
22 Defendant knew had active felony warrants for carjacking and robbery, might use the
23 handgun to harm or take a civilian hostage in the neighborhood during the pursuit.

24       Relevant evidence may be excluded under Rule 403 only if its probative value
25 is "substantially" outweighed by an articulated danger or concern within the rule. This
26 requires the court to compare the probative value of the evidence against the
27 articulated reasons for its exclusion, "and permits exclusion only if one or more of
28

6

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3**

those reasons 'substantially outweigh' the probative value." *United States v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000).

Use of Rule 403 to exclude evidence should be done sparingly and cautiously. *Hankey,* 203 F.3d at 1172. Evidence must concededly be relevant for the rule to even apply. *United States v. Madruga,* 897 F.2d 1099, 1117 (11th Cir. 1990). All relevant evidence is inherently prejudicial, but it is only "unfair" prejudice that can tip the scales to provide a basis for exclusion. *Hankey,* 203 F.3d at 1172. The balance under the rule should be struck in favor of admissibility. *Blancha v. Raymark Industries,* 972 F.2d 507, 516 (3rd Cir. 1992). Accordingly, if the evidence's probative value, and the danger of its use, are of relatively equal weight, the evidence should be admitted. *Id*.

When all of the factors are weighed, Defendant Bell's testimony regarding his knowledge of the felony warrants in the BOLO for Plaintiff, and that Plaintiff might be armed and dangerous, and that Plaintiff, while evading arrest on said felony warrants, might harm a civilian in one of the homes in which the pursuit was occurring, it is clear the probative value of this evidence far exceeds any potential risk of prejudice to Plaintiff.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court deny Plaintiff's Motion in Limine No. 3 to Exclude Evidence that (1) Plaintiff had ever engaged in a felony that involved the infliction or threatened infliction of death or serious bodily injury; and (2) any subjective fears that some unknown person may possibly be harmed in some unknown way, by Plaintiff, at some unknown time, in some unknown location and some unknown manner.

/ / /

/ / /

/ / /

/ / /

7

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3**

1
2   DATED: September 23, 2024            Respectfully submitted,
3                                        Rob Bonta
                                         Attorney General of California
4                                        Norman Morrison
                                         Supervising Deputy Attorney General
5
                                         **/s/ David Klehm**
6                                        David Klehm
                                         Deputy Attorney General
7                                        *Attorneys for Defendants*
                                         *State of California Michael Bell*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
**8**
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3**