1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  DAVID KLEHM
   Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA  92101
5   P.O. Box 85266
    Telephone: (619) 738-9567
6   Fax: (619) 645-2581
    E-mail:  David.Klehm@doj.ca.gov
7  *Attorneys for Defendants STATE OF CALIFORNIA
   and MICHAEL BELL*

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14  **EDGAR SOLIS,**                          5:23-cv-00515-HDV-JPR

                                    Plaintiff, *Honorable Hernán D. Vera*
15                                             Magistrate Judge Jean P. Rosenbluth

16          **v.**                             **DEFENDANT'S OPPOSITION TO
                                               PLAINTIFFS' MOTION IN
17  **COUNTY OF RIVERSIDE; STATE               LIMINE NO. 4 – TO EXCLUDE
    OF CALIFORNIA; SALVADOR                    DEFENDANTS' TOXICOLOGY
18  WALTERMIRE; and DOES 1-10,                 EXPERT DR. RITTER**
    inclusive,**

19
                                    Defendants,
20                                             **Hearing on Motions *in Limine*:**
                                               October 1, 2024 at 09:00 a.m.
21
                                               **Final Pretrial Conference:**
22                                             October 8, 2024 at 10:00 a.m.

23                                             **Jury Trial**
                                               October 29, 2024 at 09:00 a.m.
24                                              Ctrm: 10D

25

26

27

28

                            1

1    **TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR**

2    **ATTORNEYS OF RECORD:**

3         **PLEASE TAKE NOTICE** that Defendants, State of California, by the

4    through the California Highway Patrol, and Officer Michael Bell, hereby file their

5    Opposition Plaintiff, Edgar Solis' hereby Motion in Limine No. 4 to exclude the

6    testimony of Dr. Michale Ritter.

7

8                              **INTRODUCTION**

9         Plaintiff motion instant motion in limine No. 4 seeks to exclude testimony

10   from Defendants' Expert, Dr. Michael Ritter by arguing that his opinions as an

11   Emergency Room physician are irrelevant, confusing, and include information

12   unknown to Officer Bell at the time of the incident. Plaintiff also attempts to

13   disqualify Dr. Ritter as an expert based on his methodology and claims that his

14   opinions are speculative. Dr. Ritter, who is a board-certified emergency physician

15   with 30 years of experience, was retained by Defendants to opine on Plaintiff's

16   drug intoxication when he presented to the Emergency Room on the date of the

17   incident, as well as how this intoxication effected his behavior during the incident.

18        The presence of PCP and methamphetamine in Plaintiff's system is relevant to

19   liability and damages. Whether or not Plaintiff was on PCP and/or

20   methamphetamine is relevant to his state of mind and would have influenced his

21   conduct during his encounter with Officer Bell. Furthermore, Dr. Ritter's

22   background and experience as a board-certified emergency room physician

23   qualifies him to opine on the levels of PCP and methamphetamine found in

24   Plaintiff's system once he presented to the emergency room, as well as the effect it

25   had on his state of mind and/or physical abilities and response to pain stimuli such

26   as a gunshot, during the shooting. Accordingly, Plaintiff's motion in limine No. 4

27   should be denied.

28

**LEGAL STANDARD**

Pursuant to the Federal Rules of Evidence, expert testimony is permitted only where such testimony: (1) will be helpful to the trier of fact; (2) is based on sufficient facts or data; (3) is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The trial court has the task of ensuring that an expert's testimony: (1) rests upon a reliable foundation, and (2) is relevant to the issue at hand. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993); *Kumho Tire Co . v. Carmichael*, 526 U.S. 137, 149 (1999). Under the Federal Rules, the trial judge serves as an "independent gatekeeper" who has the responsibility of assessing the admissibility of expert testimony, and who must make gateway determinations regarding both the reliability and relevancy of the proposed expert testimony before it is admitted. *Estate of Barabin v. AstenJohnson, Inc.,* 740 F3d 457, 463, 467 (9th Cir. 2014) (overruled on other grounds by *United States v. Bacon*, 979 F3d 766, 768-770 (9th Cir. 2020)). This gatekeeping function includes not only expert testimony based upon "scientific knowledge," but also to any testimony based upon 'technical' and/or 'other specialized knowledge.' *Kumho Tire*, 526 U.S. at 147-148.

**ARGUMENT**

**I.    DR. RITTER'S INADVERTENT FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 26 DOES NOT WARRANT EXCLUSION**

Plaintiff first contends that Dr. Ritter should be excluded from testifying because he failed to provide his fee schedule as part of his Rule 26 Report. He further attempts to exclude Dr. Ritter's testimony because Dr. Ritter failed to list all documents he relied upon when forming his opinions in his Rule 26 Report. Not only did Dr. Ritter testify that his report should have contained his fee schedule, but he also offered to provide it to opposing counsel during his deposition. (Declaration

of David Klehm, Exhibit "A", Deposition of Dr. Michael Ritter, pg. 11:2-5). Dr.

Ritter also provided testimony regarding his fee schedule, including what he

charges for depositions, trial testimony, evaluation and expert reports. (Klehm Decl.

Ex. "A", Ritter Depo., pg. 11:2-19.) Furthermore, it is clear from Dr. Ritter's

testimony that the documents he relied upon when forming his opinions in this

matter were not only identified in his Rule 26 Report, but also described during his

deposition. (Klehm Decl. Ex. "A", Ritter Depo., pg. 13:10-12; pg. 14:10-13; pg.

15:13-15.) Thus, Plaintiff's arguments lack merit and do not warrant exclusion of

Dr. Ritter's testimony.

## II.   DR RITTER'S OPINIONS ARE BASED ON SUFFICIENT FACTS AND DATA AND HIS METHODOLOGY IS RELIABLE

Plaintiff makes multiple arguments claiming that Dr. Ritter's methodology is

unreliable for reasons not relevant to Dr. Ritter's background and training as an

emergency room physician. For example, Plaintiff claims that Dr. Ritter's

methodology is unreliable because: (1) the Ring video that he reviewed did not

depict the Plaintiff; (2) Dr. Ritter has never been retained in an officer-involved

shooting case; and (3) Dr. Ritter has never been retained to opine on the effects of

PCP or methamphetamine in a case involving law enforcement before. Dr. Ritter

has not been retained to opine on liability; rather, he has been retained by

Defendants to opine on the effects of the drugs that were present in Plaintiff's

system when he presented to the emergency room, and how this intoxication played

a role in Plaintiff's behavior prior to and during the shooting.

### A. Dr. Ritter's Opinions on Plaintiff's Drug Intoxication Are Specific to Plaintiff's Time Spent in the Emergency Room

Plaintiff contends that Dr. Ritter's opinions are not based on sufficient facts

and data because he only reviewed 2,673 pages of the 8,878 pages of medical

records produced during discovery. (Plaintiff's MIL No. 4, pg. 5.) Again, Dr. Ritter,

1  an emergency room physician, was retained to opine only on Plaintiff's drug

2  intoxication when he presented to the Emergency Room on the date of the incident.

3  Thus, the review of the entirety of Plaintiff's medical records, most of which deal

4  with his post-emergency room care, was not necessary.

5      Plaintiff further contends that Dr. Ritter's opinions should be excluded

6  because he failed to review the deposition of Plaintiff.  Arguably, since Plaintiff

7  invoked his Fifth Amendment Right during the entirety of his deposition, there was

8  nothing of value for Dr. Ritter to review that would have changed his opinions.

**B. Dr. Ritter's Opinions are Based on His Years of Training and
Experience as an Emergency Room Physician**

9

10

11      In exercising its gatekeeper function, the trial court must examine the

12  expert's conclusions and opinions to determine whether they could reliably flow

13  from the facts known to the expert and the methodology used. *Oddi v. Ford Motor*

14  *Co.,* 234 F.3d 136, 146 (3rd Cir. 2000); *Koken v. Black & Veatch Const., Inc.,* 426

15  F.3d 39, 47 (1st Cir. 2005). Plaintiff argues that Defendants are only using Dr.

16  Ritter to exaggerate Plaintiff's level of intoxication, and attacks Dr. Ritter's

17  methodology claiming it is unreliable for the following reasons: (1)  Dr. Ritter is

18  unable to opine on the specific level of drugs that were present in Plaintiff's system

19  at the time he presented to the emergency room; (2) Dr. Ritter cannot conclude that

20  the blood draw occurred after the blood transfusion occurred; and (3) Dr. Ritter

21  cannot conclude whether Plaintiff's blood samples that were sent to BioTox

22  Laboratories were dilated in any way.

23      In his Rule 26 Report, Dr. Ritter opines that the BioTox lab analysis yielded

24  a lower level that was in the Plaintiff's system at the time of the shooting due to

25  blood serum dilution. Since Plaintiff had lost a large volume of blood, with

26  approximately 60-70% of his blood total blood volume being replaced prior to the

27  test same being taken, the true value of the PCP and methamphetamine would have

28

been double to triple of what is shown on the lab analysis. (Klehm Decl. Ex. "A", Dr. Ritter's Rule 26 Report, pg. 9.) However, Dr. Ritter explained during his deposition that the BioTox lab analysis provides a timestamp saying the specimen was collected at 15:05, which was impossible because Plaintiff had not even presented to the emergency room at that time. (Klehm Decl. Ex. "A", Ritter Depo, pg. 54:23-55:4.) Dr. Ritter then acknowledged that the blood draw would have had to occur prior to the blood transfusion because it would mess up any future blood typing that needed to be done. (Klehm Decl. Ex. "A", Ritter Depo., pg. 55:16-56:6.) Nonetheless, even if the blood draw occurred prior to the blood transfusion, Plaintiff's blood was still diluted from the IV fluids that were provided prior to the blood draw. (Klehm Decl. Ex. "A", Ritter Depo., pg. 56:7-23.) Since Plaintiff's blood was diluted at the time of the blood draw, his blood toxicology results were altered, meaning the levels of PCP and methamphetamine were higher than what was recorded by the BioTox laboratory analysis. (Klehm Decl. Ex. "A", Ritter Depo., 56:24-58:7.) Although Dr. Ritter was unable to provide an exact number as to how much of Plaintiff's blood was diluted, there is evidence that it was diluted, and therefore had an effect on the drug toxicology results. (Klehm Decl. Ex. "A", Ritter Depo., 58:8-22.)

### III. DR. RITTER'S OPINIONS ARE RELIABLE AND HELPFUL TO THE TRIER OF FACT

Finally, Plaintiff argues that Dr. Ritter should be excluded because his opinions are not reliable or helpful to the trier of fact. Specifically, he argues that Dr. Ritter cannot testify as to whether Plaintiff felt pain when being shot and immediately thereafter, because he did not hear such testimony from Plaintiff himself, or review videos that were produced, that show him in pain. (Plaintiff's MIL No. 4., pg. 9.) Plaintiff's arguments lack merit for several reasons.

First, Dr. Ritter's opinions on the pain perceptions while on these drugs are specific to the effect that PCP and methamphetamine have on its users – namely the

1  fact that these substances have an additive effect on inhibiting pain perception.

2  (Klehm Decl. Ex. "A", Ritter Depo., pg. 59:12-60:9.) Second, since Plaintiff

3  invoked his Fifth Amendment Right during his deposition, there is no testimony

4  related to the pain he felt during and after the shooting for Dr. Ritter to have

5  reviewed. Finally, the fact that Dr. Ritter's Rule 26 Report does not have an opinion

6  as to how much pain Plaintiff was in during and after the incident does not warrant

7  exclusion as Plaintiff's counsel explored this opinion from Dr. Ritter during Dr.

8  Ritter's deposition. Consequently, there would be no "surprise" at trial since

9  counsel elicited testimony from Dr. Ritter specifically about his opinion on this

10  topic.

**CONCLUSION**

12      For the foregoing reasons, Defendants respectfully request that Plaintiff's

13  Motion in Limine No. 4 be denied.

16  Dated:  September 24, 2024               Respectfully submitted,

17                          ROB BONTA
                        Attorney General of California

18                          NORMAN D. MORRISON
                        Supervising Deputy Attorney General

21                          DAVID KLEHM
                        Deputy Attorney General

22                          *Attorneys for Defendants, STATE OF
CALIFORNIA and OFFICER*

23                          *MICHAEL BELL*

24  SD2023800