1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  DAVID KLEHM
   Deputy Attorney General
4  State Bar No. 165302
    600 West Broadway, Suite 1800
5   San Diego, CA 92101
    P.O. Box 85266
6   San Diego, CA 92186-5266
    Telephone: (619) 738-9733
7   Fax: (619) 645-2581
    E-mail: David.Klehm@doj.ca.gov
8
   *Attorneys for Defendant State of California*
9  *(by and through the California Highway Patrol)*
   *[erroneously sued as "State of California"]*
10 *and Michael Bell*

11

12                UNITED STATES DISTRICT COURT

13     CENTRAL DISTRICT COURT OF CALIFORNIA –CENTRAL DIVISION

14

15 **EDGAR SOLIS,**                    Case No. 5:23−cv−00515−HDV−JPR

16                         Plaintiff,  [*Honorable Hernán D. Vera*]
                                       Magistrate Judge Jean P. Rosenbluth
17       v.
                                       **DEFENDANTS' OPPOSITION TO
18                                     PLAINTIFFS' MOTION IN LIMINE
   **COUNTY OF RIVERSIDE;**            NO. 5 TO EXCLUDE OPINIONS OF
19 **STATE OF CALIFORNIA;**            DEFENDANTS' POLICE
   **SALVADOR WALTERMIRE; and**        PRACTICES EXPERT GREG
20 **DOES 1-10, inclusive,**           MEYER**

21                         Defendants. **Hearing on Motions** *in Limine*:
                                       October 1, 2024 at 09:00 a.m.
22                                     **Final Pretrial Conference:**
                                       October 8, 2024 at 10:00 a.m.
23                                     **Jury Trial**
                                       October 29, 2024 at 09:00 a.m.
24                                     Ctrm: 10D

25

26       **TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR**

27  **ATTORNEYS OF RECORD:**

28
                                        1
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL
                        INFORMATION**

**PLEASE TAKE NOTICE** that Defendants, State of California, by the through the California Highway Patrol, and Officer Michael Bell, hereby file their Opposition to Plaintiff, Edgar Solis's Motion in Limine No. 5 to exclude testimony of Defendants' police practices expert, Greg Meyer.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Plaintiff's Motion in Limine No. 5 ("MIL 5") seeks to exclude evidence of 8 opinions of Defendants' police practices expert, Greg Meyer.

As the Court is aware, this litigation arises from an Officer Involved Shooting during plaintiff's arrest on 3 felony warrants for carjacking, robbery and drug possession pursuant to a "Be On the Look Out ("BOLO") for Plaintiff, Edgar Solis, who at the time was on parole from a prior felony and who was deemed "armed and dangerous".

Prior to Defendant Officer Bell's first contact with plaintiff. Edgar Solis on the date of the incident, Defendant Bell was aware of Edgar Solis's criminal conduct by way of three felony arrest warrants in the "BOLO" for Plaintiff. It is also indisputable that Plaintiff was prosecuted, convicted, and incarcerated for the felony carjacking with a firearm warrant listed on the "BOLO" which initiated Defendant Bell's arrest of Plaintiff during the underlying incident. After the incident at issue in this case, Plaintiff was also criminally charged for being a felon in possession of a firearm *during his arrest by Defendant.*

### ARGUMENT

### I. LEGAL STANDARD

The gatekeeping requirement of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) is to ensure the reliability and relevance of expert testimony: "it

2

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**

is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). The Court must assess (1) the expert's qualification to present the opinions offered, (2) "whether the reasoning or methodology underlying the testimony is scientifically valid," and (3) "whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. In analyzing whether an expert's testimony is admissible, courts consider whether the expert's testimony is relevant (helpful to the jury) and reliable. *Daubert*, 509 U.S. at 589, 591-92. When assessing an expert's qualifications to present the opinions offered, courts look to Federal Rules of Evidence, Rules 702 and 703. *Daubert*, 509 U.S. at 592 explained the application of Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 703, provides, in relevant part:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

But the trial court's gatekeeping function is not intended to serve as a replacement for the adversary system. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595; *see also Humetrix v. Gemplus*, 268 F.3d 910, 919 (9th Cir. 2001) (Plaintiffs' "recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of [their] own expert witnesses."). The "judge

is a gatekeeper, not a factfinder", and the gate cannot be closed to "relevant opinion offered with sufficient foundation by one qualified to give it." *Primiano v. Cook*, 598 F.3d 558, 568 (9th Cir. 2010). Thus, plaintiffs cannot exclude an expert's opinions just because they disagree with the expert or the expert's opinions are unfavorable to their position. *See In re Viagra Products Liability Litigation*, 572 F. Supp. 2d 1071, 1078 (D. Minn. 2008) ("only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.").

## II. MR. MEYER IS AN EXPERIENCED AND WELL QUALIFIED POLICE PROCEDURES EXPERT WITH SPECIALIZED TRAINING IN THE HUMAN FACTORS INVOLVED IN POLICE DEADLY FORCE INCIDENTS

Plaintiffs argue that because Mr. Meyer is not a "human factors" expert he cannot offer opinions in this case regarding the physiological and cognitive limitations to an officer's performance during a deadly force encounter. As is obvious from Mr. Meyer' deposition testimony and his Rule 26 Report including his Curriculum Vitae, Mr. Meyer is a qualified and experienced police procedures expert who is a certified force analyst. Declaration of Deputy Attorney General David Klehm (Klehm Decl.), ¶ 2, Exs. "A" (pgs. 62-63), and "B" Rule 26 Report including his Curriculum Vitae.

It is an abuse of discretion to exclude an expert's testimony simply because he may not be the "best" qualified person; the degree of expertise or knowledge goes to the weight of the testimony, not its admissibility. *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) ("Disputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility ..."), quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2nd Cir. 1995). It is not required that experts be "'blue ribbon practitioners' with optimal qualifications." *Primiano*, 598 F.3d at 563. A professional degree in the subject matter is not required. *See, e.g., Carnegie Mellon Univ. v. Marell Tech. Group, Ltd.*, 807 F.3d 1283, 1302-1303 (Fed Cir 2015) (Ph.D. and academic appointment not required for witness to qualify as expert); *Asplundh*

4

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**

*Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harboer Engineering*, 57 F.3d 1190, 1213 (3rd Cir. 1995) (expert qualification is not an issue "of possessing a sheepskin"). Mr. Meyer has specialized knowledge and training in the area of perception response time of police officers. Other experts may have more education, training, and experience in this area than Mr. Meyer, but that fact does not warrant exclusion of his testimony.

**Meyer's Opinion On Topic 1- Plaintiff's Positive Toxicology Tests for Methamphetamine and PCP and the Expended Casing In Plaintiff's Revolver**

These topics are discussed in Defendants' Oppositions to Plaintiff's Motions in Limine Nos. 1 and 2. Mr. Meyer's opinions about the positive Toxicology results and the expended shell casing in Plaintiff's .38 caliber revolver are based on the investigation conducted by the Riverside County Sheriff Department, parts of which Plaintiff has also listed on his Exhibit List. Therefore, these documents are official business records. Consequently, Mr. Meyer's opinion based on these records is not speculative. Also, Plaintiff's counsel will be able to cross-examine Mr. Meyer about the basis for his opinions incorporating these records so there is little risk of undue prejudice to plaintiff.

**Meyer's Opinion on Topic 2-"Had Mr. Solis merely obeyed the law and surrendered when Officer Bell attempted to detain and arrest him, the shooting incident would not have occurred."**

This is not a speculative opinion, it is an expert opinion based on Mr. Meyer's training and experience and old-fashioned common sense. Plaintiff's MIL 5 does not produce any evidence that Defendant Bell would have shot Plaintiff even if Plaintiff had obeyed the law and surrendered when Officer Bell initially attempted to arrest Plaintiff on the three felony warrants.

**Meyers' Opinion on Topic 3 that Plaintiff may have shot at Defendant Bell.**

Plaintiff's MIL 5 does not dispute that Plaintiff's revolver had one expended

5

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION

shell in the cylinder. Meyer's reasonable inference opinion is based on this fact.

***Meyers' Opinion on Topic 4 that Defendant Bell had an auditory exclusion.***

Defendant Bell testified in his deposition that he had an "auditory exclusion" which prevented him from hearing his own gunshots, and would have also prevented him from hearing Plaintiff's gunshot, during the incident pursuit. Please see Marcel Sincich Declaration in Support of Plaintiff's Motions in Limine, Ex. "A" Deposition of Michael Bell, page 81, lines 3-25. Therefore, Mr. Meyer can reiterate Defendant Bell's testimony and incorporate it into his opinion.

***Meyers' Opinion on Topic 5 on the effect of Methamphetamine and PCP.***

Mr. Meyer testified that his training and experience allowed him to opine on the general effects of Methamphetamine and PCP which is sufficient for him to express his expert opinion on the topic. Certainly, Mr. Meyer could not be expected to have knowledge on how these drugs affected Plaintiff specifically but his general knowledge of the effects of these drugs would assist the jury's understanding.

> FURTHER EXAMINATION BY MR. SINCICH:
> Do you hold yourself out to be a toxicology expert?
> A-No.
> Q-Is it fair to say that everybody reacts to being under the influence of either amphetamine, methamphetamine or PCP differently?
> A-Well, there are some general ways that they act out based on my own training and experience but, sure, I mean human beings tend to do everything a little bit differently, nobody does something identical to you and me.

Please see Marcel Sincich Declaration in Support of Plaintiff's Motions in Limine, Ex. "K" Deposition of Greg Meyer, page 82, lines 9-16.

***Meyers' Opinion on Topics 6 & 7 that Solis was fleeing from a felony that threatened death or serious bodily injury or was a threat to some unknown***

6

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**

*bystander which was sufficient justification to use deadly force.*

Plaintiff was a fleeing felon evading arrest on felony warrants for carjacking and robbery during the pursuit by Defendant Bell. Additionally, Mr. Meyer testified as to the basis of his opinion on Topics 6 & 7 as follows:

··BY MR. SINCICH:

· Q··Whose life is imminently threatened in that hypothetical by a person running away with a gun in their hand?

MR. KLEHM:· Objection:· Incomplete hypothetical, vague and ambiguous.

·THE WITNESS:· First and foremost, Officer Bell himself, and secondarily as the foot pursuit continues and as he is approaching a residence, officers coming from the other side and any residents inside the house if he managed to get inside the house, take a hostage, hurt somebody, et cetera.  Primarily, at the outset, certainly Officer Bell from the first time he started chasing him and, yelling at him, drop the gun or I'll shoot, or whatever the exact words were.

··BY MR. SINCICH:

· · · · Q··By running away with a gun in your hand, how does that constitute an imminent threat with nothing more to Officer Bell?

·THE WITNESS:· Because a suspect with a semi -- sorry, a suspect with a hand gun in their hand can point the gun and shoot at the officer in a quarter second or less, even while they're running and that's proven by empirical research over and over again, and that's faster than any officer can react to the deadly threat,  therefore, it's an imminent deadly threat presented by the suspect that needs to be countered immediately.

Decl. of Klehm, Ex. "A" Meyer's deposition pgs.,.(pgs. 52-54) and pgs. 59-60.

**Meyers' Opinion on Topic 8 about Perception /Reaction time.**

Mr. Meyer's testified in his deposition that his qualifications as an expert on Perception and Reaction time included being a certified force analyst by the Force

7

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**

Science Institute for 14 years and also attending a weeklong training seminar on the topic. Decl. of Klehm, Ex. "A" Meyer's deposition pgs., 62-63.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Limit Testimony of Greg Meyer. If this court is inclined to grant Plaintiffs' motion, defendant respectfully requests that this court hold a *Daubert* hearing to evaluate Mr. Meyer's qualifications and opinions in this regard.

DATED: September 23, 2024    Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN MORRISON
Supervising Deputy Attorney General

/s/ David Klehm

DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendants*
*State of California Michael Bell*

8

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF SPECULATIVE OR PREJUDICIAL INFORMATION**