1 | **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
2 | dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
3 | msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
4 | Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118
5 |
6 | **LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
7 | tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
8 | Riverside, CA 92506
Phone: (951) 682-9311
9 |
*Attorneys for Plaintiff* EDGAR SOLIS
10 |
11 | **UNITED STATES DISTRICT COURT**
12 | **CENTRAL DISTRICT OF CALIFORNIA**
13 |

| EDGAR SOLIS, | Case No.: 5:23-cv-00515-HDV-JPR |
|---|---|
| Plaintiff, | [*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth |
| v. | |
| STATE OF CALIFORNIA; and<br>MICHAEL BELL, | **PLAINTIFF'S OPPOSITION TO<br>DEFENDANTS' MOTION *IN LIMINE*<br>NO. 2 TO EXCLUDE PLAINTIFF'S<br>TESTIMONY AT TRIAL ABOUT<br>TOPICS ON WHICH PLAINTIFF<br>INVOKED THE 5TH AMENDMENT<br>DURING HIS DEPOSITION** |
| Defendants. | |
| | **Hearing on Motions *in Limine***:<br>October 1, 2024 at 09:00 a.m.<br>**Final Pretrial Conference**:<br>October 8, 2024 at 10:00 a.m.<br>**Jury Trial**<br>October 29, 2024 at 09:00 a.m.<br>Ctrm: 10D |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This civil rights and state tort case arose from the use of excessive and unreasonable officer-involved shooting of Plaintiff Edgar Solis ("Solis") by Defendant State of California Highway Patrol ("CHP") Officer Michael Bell ("Bell"). On March 2, 2022, three officers rapidly approached Solis, followed by a series of tactical errors and unjustified escalation of the situation when Officer Bell reached into the vehicle and Deputy Waltermire struck the windshield with his baton. In fear, Solis drove slowly away from the officers' attack and then fled on foot. There is no surprise to Defendants given that Plaintiff provided the following verified Interrogatory Response (Sincich Decl. ¶2, emphasis added.):

> [O]n March 2, 2022, Defendant Michael Bell used deadly force against Plaintiff. At the time and immediately prior to Defendant Bell using deadly force against Plaintiff, Defendant Bell did not issue Plaintiff a verbal warning that deadly force was going to be used despite it being feasible to do so; there were less-intrusive options available and reasonable to Defendant Bell that he did not attempt to employ or exhaust; **Plaintiff was not pointing, and had not pointed a weapon at Defendant Bell or any other person**; **Plaintiff was not and had not shot at Defendant Bell or any other person**; Plaintiff did not verbally threaten to harm Defendant Bell or any other person; **Plaintiff was not attempting to harm or threaten Defendant Bell or any other person**; Plaintiff was not an immediate threat of death or serious bodily injury to Defendant Bell or any other person; **no person or officer was about to be injured or harmed based on Plaintiff's conduct**.

After Defendant Bell unreasonably fired several rounds at Solis, including to his back, the injured Plaintiff ran for his life a short distance before Defendant Bell fired a second volley of shots, impacting Solis and causing him to fall to the ground. Plaintiff was immediately arrested and taken into custody.

On December 28, 2022, Plaintiff signed a Plea Agreement related to all charges that were levied against him at the time. Believing his pending criminal

matters were satisfied, on January 30, 2023, Plaintiff filed his original complaint in state court, which was removed to this Court on March 24, 2023. (Doc. 1.) During the process of discovery, for a deposition *noticed by the County*, the parties scheduled Plaintiff for deposition on January 31, 2024. (Doc. 39.) On December 26, 2023, the day after Christmas, and with only a few weeks prior to Plaintiff's scheduled deposition, the *County prosecutor* filed a Felony Complaint against Plaintiff based on the declaration of a *County Investigator*, for alleged crimes related to this civil action. Plaintiff was not served with that Felony Complaint prior to his deposition. As of the morning of his deposition, these criminal charges were unbeknownst to Plaintiff, unbeknownst to Plaintiff's civil counsel, and unbeknownst to Plaintiff's criminal counsel. The coincidental timing seemed very suspicious to say the least. But for the diligence of Plaintiff's counsel, Trent Packer, performing a quick criminal records search just prior to the deposition to check his prior criminal history; Plaintiff's testimony would assuredly have been used against him in the newly developed criminal matter, without his knowledge. Based on the assertion that Plaintiff would exercise his Fifth Amendment rights related to these pending charges, the deposition was postponed. The parties agreed that it was in the best interest of all parties to continue the dates and filed their joint stipulation on March 7, 2024. (Doc. 42.) The parties' request was denied. (Doc. 44.)

The concern continues with Defendants' counsel informing the Assistant District Attorney prosecuting Plaintiff of his decision to waive his Fifth Amendment rights for his testimony at trial, which is completely unnecessary.

Defendants' Motion should be denied because it is untimely and procedurally deficient; Plaintiff had an undeniable right to exercise his Fifth Amendment rights and to now waive those rights; and Defendants will not suffer prejudice. This Motion and the requested relief only cause undue prejudice to Plaintiff.

/ / /

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF'S
TESTIMONY AT TRIAL ABOUT TOPICS ON WHICH PLAINTIFF INVOKED THE 5TH AMENDMENT

A.    **Defendants' Motion is Procedurally Improper, Untimely, and Should Be Denied on That Basis Alone**

Defendants' present motion *in limine* ("Motion") exceeds the 10-page limit for motions *in limine*, in violation of this Court's Civil Trial Order at 8:7 (https://www.cacd.uscourts.gov/honorable-hern%C3%A1n-d-vera). Defendants also failed to comply with Local Rule 11-6.2 regarding a Certificate of Compliance. It is the Court's discretion to deny this motion on these bases alone. (L.R. 11-9.)

Defendants' present Motion is also untimely and should be denied on that basis alone. The Court Ordered that "Motions shall be filed in accordance with Local Rules 6 and 7." (Doc. 27, Civil Standing Order, at 6:18-19.) Pursuant to Local Rule 6-1, unless otherwise provided by the Court, a motion must be filed no later than twenty-eight days before the date set for hearing. Defendants violated the Rule. They did not file this Motion as an *ex parte* application, and there is no basis for an *ex parte* application. Defendants did not notice a hearing 28 days from their Motion, but merely assume that a late motion will have an abbreviated briefing schedule without making the request to the Court. Nonetheless, the Court gave guidance. The Court Ordered that "Motions in limine shall be noticed for hearing no later than four (4) weeks before the Final Pretrial Conference date." (Doc. 27, at 9:3-4.)

It was more than feasible for Defendants to comply with this Court's orders in this case. Defendants' current counsel knew that Plaintiff's Fifth Amendment rights were at issue in this matter ever since he was first assigned to this matter in March. (Docs. 42-44.) Thus, Defendants should have anticipated the possibility of Plaintiff either exercising those rights at trial or waiving them. Despite his deposition in May, Defendants knew that Plaintiff was planning to testify at trial on September 3, 2024, when Plaintiff provided Defendants with his Witness List, listing Edgar Solis first, and providing a summary of testimony that includes: "Mr. Solis will testify as to his perception of the events leading up to the shooting incident, the shooting incident, and his damages. His [testimony] is unique as a personal account that he was not an

-3-    Case No.: 5:23−cv−00515−HDV−JPR

immediate threat to any person." (Sincich Decl. ¶3.) Further, on <u>September 5, 2024</u>, Plaintiff's counsel specifically told Defendants' counsel, during the parties' conference of counsel on motions *in limine*, that Plaintiff will most likely be waiving his Fifth Amendment rights as it relates to this matter for his trial testimony, and that Plaintiff would inform Defendants of his final decision as soon as Plaintiff and his attorneys were able to consult with one another (i.e., including Mr. Solis, Mr. Galipo, Mr. Packer, and Mr. Sincich). (Sincich Decl. ¶4.) During this time, Mr. Galipo, Plaintiff's lead trial counsel, had a trial readiness conference on September 6, 2024, and started trial on September 9, 2024, in the County of Tulare, California. (Sincich Decl. ¶5.) Despite Mr. Galipo's busy schedule and the difficulty consulting with a client who is incarcerated, the next week, Plaintiff made his decision to waive his Fifth Amendment rights regarding information relevant to this incident for his testimony at trial and immediately communicated it to Defendants on <u>September 12, 2024</u>. Additionally in that communication, Plaintiff offered a second deposition to Defendants and sought their availability. (See Defendants' Exh. A.) Nevertheless, Defendants waited until September 23, 2024, to file the present motion. Defendants have not communicated to Plaintiff any steps toward taking that deposition. Defendants' Motion is improperly noticed and should be denied on that basis alone. Defendants filed their motion on September 23, 2024, and noticed the hearing on the motion on October 1, 2024, just eight days later, in violation of the Local Rules and this Court's Order; Defendants failed to provide the Plaintiff with sufficient time to oppose; and failed to provide the Court with sufficient time to consider the motion.

Defendants' Motion is procedurally improper, untimely, and therefore unfairly prejudicial to Plaintiff. Thus, Plaintiff respectfully requests it be denied in full.

## B.    Plaintiff Had an Absolute Right to Invoke The Fifth Amendment and Defendants Suffer No Undue Prejudice

After Defendants violated Plaintiff's Fourth Amendment civil rights, they now seek to penalize Plaintiff for rightfully exercising his Fifth Amendment rights.

Plaintiff has an undeniable right to exercise his Fifth Amendment rights at deposition and/or trial. The privilege against self-incrimination may be asserted in a civil proceeding. *Kastigar v. United States*, 406 U.S. 441, 444 (1972). The privilege applies when the person reasonably believes that disclosures could be used in a criminal prosecution or could lead to other evidence that could be used in a criminal prosecution. *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). The privilege does not depend upon the likelihood, but upon the possibility of prosecution.'" *Id*. The privilege is proper when it is not *perfectly clear* that the answer *cannot possibly* incriminate. *Hoffman v. United States*, 341 U.S. 479, 488 (1951). If the answer could possibly provide a link in a chain of evidence, assertion of the privilege is proper. *In re Master Key Litig.*, 507 F.2d 292, 294 (9th Cir. 1974). To sustain the privilege, it need only be evident from the implications from the question, in the setting in which it is asked, that a responsive answer to the question or an explanation why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman*, 341 U.S. at 486-87. "It is not necessary, of course, that the person to whom the question has been put establish the precise manner in which he will incriminate himself by responding. This would make the privilege useless." *Brunswick Corp. v. Doff*, 638 F.2d 108, 110 (9th Cir. 1981).

Defendants' reliance on *Lyons v. Johnson*, 415 F.2d 540 (9th Cir. 1969) is misplaced. Plaintiff was not admonished by the court, Plaintiff never refused to participate in discovery, and Plaintiff never refused to answer "any question whatsoever" related to his claims. Instead, Plaintiff responded to Requests for Production, responded to Interrogatories, and sat through a 3-hour deposition where the majority of questions were answered. Further, there is no unequal protection or prejudice in the evidence of this matter. Review of the parties' exhibit list and witness lists is illuminating. Every exhibit, besides Plaintiff's medical records, photographs, and expert materials, was in Defendants' possession long before Defendants produced them to Plaintiff. Defendants' witness list (which appears

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF'S
TESTIMONY AT TRIAL ABOUT TOPICS ON WHICH PLAINTIFF INVOKED THE 5TH AMENDMENT

1   more like a Rule 26 disclosure identifying everyone with potentially discoverable

2   information for their defenses) does not include Mr. Solis. Additionally, unlike

3   *Lyons*, Plaintiff has offered *a second* deposition to Defendants.

4          Defendants' reliance on *Plymale v. Dyer*, 837 F. Supp. 2d 1077 (E.D. Cal.

5   2011) is equally misplaced. Nevertheless, the *Plymale* court is correct in its assertion

6   that Plaintiff "should suffer no penalty of the assertion of a constitutional right." *Id.*

7   at 1091. Yet, unlike *Plymale*, Defendants, the State of California and CHP Officer

8   Bell, have a strong interest in the criminal prosecution – seeking to place Plaintiff at

9   a disadvantage in this civil matter. The "plaintiff" in the Criminal Action is "The

10  People of the State of California." The criminal prosecution is reliant solely on the

11  testimony and statements of Defendant Bell as cause to prosecute. Further,

12  Defendants encourage criminal prosecution, which they intend to use in this civil

13  matter. Nevertheless, *Plymale* is out of circuit, not binding, does not rely on binding

14  authority (there, Fifth Circuit opinion), or based on *Lyons*, which again stands for the

15  proposition that a plaintiff cannot block <u>all</u> discovery attempts. *Id.*

16         Defendants then move to unreported and non-binding authority, that is also

17  unpersuasive. Unlike *Glob. Dev. & Env't Res., Inc. v. Panella*, No. SA-cv-0700179-

18  JVS-MLGx, 2008 WL 11343388, at *2 (C.D. Cal. Apr. 14, 2008) and *Gutierrez-*

19  *Rodriguez v. Cartagena*, 882 F.2d 553, 576-578 (1st Cir. 1989), Plaintiff has offered

20  a second deposition and stands by today ready and willing to provide that testimony.

21  In fact, Plaintiff did much more. Plaintiff made effort in anticipation of this motion

22  to make himself available at any time for a second deposition so that Defendants

23  cannot argue surprise at trial. To date, Defendants have not scheduled Plaintiff's

24  deposition. Plaintiff contends that as an employee of the State, in the Attorney

25  General's Office, Defendants' counsel could easily schedule the deposition for an

26  earlier date than upon Plaintiff's request. Based on this case and other cases, counsel

27  for the State has been able to expedite clearance for scheduling. Plaintiff is in the

28  custody of the State, which currently dictates his schedule, and Plaintiff and

Plaintiff's counsel have offered to make themselves available anytime Defendants' counsel is ready. As Defendants admit, Plaintiff has even secured five approved dates from the facility in October for this deposition. (*See* Def. Exh. C.) Defendants have not informed the Court or Plaintiff of any effort to schedule a deposition. The fact that the deposition has not already taken place rests solely on the shoulders of Defendants.

Further, Plaintiff did not withhold the decision *until the eve* of trial. Defendants were put on notice of this circumstance 56 days prior to trial. Prior to then, Plaintiff has diligently been trying to resolve the criminal matter to not interfere with the present litigation. Due to forces out of his control a decision was made as early as possible and communicated to the Defendants immediately.

Defendants' contention that experts based their opinions and gave testimony upon Plaintiff's refusal to testify is at least an exaggeration. Defendants' experts purport to have based their opinions off evidence received and their training and experience, not evidence that was not reviewed. Not one of Defendants' experts has an opinion that they lack sufficient evidence to form an opinion because they need Plaintiff's testimony. Defendants' experts formed their opinions believing they had sufficient facts and data. If they admittedly did not – they should all be disqualified.

Next, Defendants' assertion that it would be necessary to conduct follow-up discovery based on Plaintiff's testimony is illogical. Defendants created their own time constraint. Plaintiff's deposition took place on May 3, 2024, when the discovery cut-off was May 10, 2024. (Doc. 25.) Defendants waited until the eve of the cut-off to take Plaintiff's deposition, not knowing until questions were asked whether Plaintiff would answer or invoke his rights. Defendants had no time to conduct *further* discovery; there are no additional exhibits Defendants have sought to add; and there are no additional defenses identified over a year after Defendants Answered the Complaint. Moreover, as explained above, Plaintiff provided verified

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF'S TESTIMONY AT TRIAL ABOUT TOPICS ON WHICH PLAINTIFF INVOKED THE 5TH AMENDMENT

1  interrogatory responses in which he explained his role in the incident. Defendants
2  speculate in an erroneous attempt to continue the trial.

3        Plaintiff has specifically sought to avoid an accusation of surprise at trial by
4  offering deposition dates and availability. But Defendants have not taken advantage
5  of that opportunity.

6        Next, Defendants argue for lack of information related to information "about
7  the handgun," and "use of methamphetamine and PCP prior to the incident." (Doc.
8  71, Def. Mot. at 15:16-19.) This is irrelevant, inadmissible, and information
9  unknown to Officer Bell. (*See* Doc. 53, P's MIL No. 1.) After that, Defendants claim
10 that "without [Plaintiff's] testimony, Defendants cannot determine which bullet
11 holes were due to the 8 shots fired by Defendant Bell and which holes were due to
12 the 11 shots fired by former co-defendant, Deputy Waltermire." (Doc. 71, Def. Mot.
13 at 15:16-17:1.) Again, Defendants' argument is unpersuasive, first because the only
14 person who could have shot Plaintiff in the back was the Defendant and second,
15 because Plaintiff answered Defendants' questions of this kind – e.g.:

16     Q    Okay. Do you recall where the first – where on your body the first
17          bullet hit you?
    MR. SINCICH:    Vague. Calls for speculation.
18     BY MR. KLEHM:  Q If you recall.
19     …
20     A    I want to say my back, but I'm not 100 percent sure.
    Q    Okay. Where on your back? Like --
21     A    Center mass. (Sincich Decl. ¶6; Exh. C, Solis Depo at 34:19-35:4.)
22     Q    Okay. … Are you able to recall … any of the sequence of being
23          struck by bullets?
24     MR. SINCICH:    Calls for speculation.
    THE WITNESS:    No, I'm not sure. I don't know the exact sequences
25          of which bullet hit where first.
26     BY MR. KLEHM: Q … So you don't know what bullet hit you first or
27          what bullet hit you second or what bullet hit you third, correct?
    A    No, I don't. (Exh. C, Solis Depo at 37:3-17.)
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF'S
TESTIMONY AT TRIAL ABOUT TOPICS ON WHICH PLAINTIFF INVOKED THE 5TH AMENDMENT

Finally, Plaintiff's expert, Roger Clark, has not obtained any additional information about the shooting after Plaintiff decided to waive his Fifth Amendment rights. Even if he did, such information could not be the basis for forming his opinions or testimony months earlier. (Sincich Decl. ¶7.)

All of Defendants' arguments fail and Defendants' request to prohibit Plaintiff from testifying at trial on topics he is willing to be deposed about should be denied.

### C.    Plaintiff Should Not be Penalized or Prejudiced by the Exercise of His Constitutional Rights

The following would be a reasonable resolution to this situation: (a) Plaintiff shall sit for a deposition, limited to 2 hours, limited to questions previously unanswered by invoking 5th Amendment rights, to take place prior to October _, 2024; (b) the rush transcript shall be completed by October _, 2024; (c); experts may submit a limited supplemental report by October __, 2024; (d); experts may be deposed, if necessary, limited to 1 hour, limited to changes of opinion based on review of the deposition, prior to October __, 2024. Continuation of the trial is not necessary. Any attempt by Defendants to run the clock then claim a lack of time should be considered against Defendants. If the Court is considering Defendants' request that Plaintiff be prohibited "from testifying on any topics on which he and/or his counsel asserted the Fifth Amendment," it should not be granted as phrased, being overbroad and improper. Any such order should be limited to prohibiting only that testimony on questions asked and not answered pursuant to the Fifth Amendment. Plaintiff should not be penalized for Defendants' decision to not ask questions at deposition.

Defendants inferred alternative to continue the trial is not inexplicable, but obviously prejudicial. Indeed, continuation of trial would prejudice Plaintiff and the Court. *See United States v. Schumer*, 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997); *ESG Capital Partners LP v. Stratos*, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014) (Courts uniformly recognize that a "civil

plaintiff has an interest in having her case resolved quickly"); *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp.805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end"); *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1980) (court "ha[s] an interest in clearing its docket"); *see*, *e.g.*, *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995) (public has an interest in the "speedy resolution" of this action).

Finally, Defendants should not be permitted to make any comment about Plaintiff's prior exercise of his Fifth Amendment rights. As under California law, neither the court nor counsel should be permitted comment on Plaintiff's privilege, and the trier of fact should not be permitted to draw any inference therefrom as to the credibility or as to any matter at issue. *See* Cal. Evid. Code, §913(a); *People v. Doolin*, 45 Cal.4th 390, 441-42 (2009). Considering that 3/4 of Plaintiff's claims for relief are under California law, that law is highly persuasive on this matter. "California law [] makes no distinction between civil and criminal litigation concerning adverse inferences from a witness's invocation of the privilege against self-incrimination; …juries are forbidden to make such inferences in both types of cases." *People v. Holloway*, 33 Cal. 4th 96, 131 (2004) (internal citations omitted).

## II.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion *in Limine* No. 2 in its entirety.

Respectfully submitted,

DATED: September 26, 2024,          **LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

/s/        *Marcel F. Sincich*
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich, *Attorney for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record for Plaintiff certifies that this brief contains 3,321 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 26, 2024          **LAW OFFICES OF DALE K. GALIPO**
                                                              **LAW OFFICES OF GRECH & PACKER**


                                                              By:   _/s/_         _Marcel F. Sincich_
                                                                      Dale K. Galipo
                                                                      Trenton C. Packer
                                                                      Marcel F. Sincich
                                                                      *Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF'S TESTIMONY AT TRIAL ABOUT TOPICS ON WHICH PLAINTIFF INVOKED THE 5TH AMENDMENT