# EXHIBIT A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:  (818) 347-3333
Fax:  (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:  (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE; MICHAEL BELL; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 23−cv−00515−HDV−JPR<br><br>[*Honorable Honorable Hernan D. Vera*<br>Magistrate Judge Jean P. Rosenbluth]<br><br>**PLAINTIFF EDGAR SOLIS'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BELL'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     Defendant, MICHAEL BELL

PLAINTIFFS:     Plaintiff, EDGAR SOLIS

SET NUMBER:     One (1)

## III. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BELL'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state all material facts on which YOU base YOUR contention on pages 6 -7, paragraph 23, of YOUR FIRST AMENDED COMPLAINT that Defendant Michael Bell used deadly force on YOU on March 2, 2022 at a time when YOU were not an immediate threat of death or serious bodily injury to any person. [For purposes of this entire set of interrogatories, "YOU" and "YOUR" refer to Plaintiff Edgar Solis. For purpose of this entire set of interrogatories, "FIRST AMENDED COMPLAINT" refers to the First Amended Complaint (ECF No. 28) filed by YOUR counsel on YOUR behalf on August 1, 2023 in this action. A copy of the FIRST AMENDED COMPLAINT is attached as Exhibit A to these interrogatories.].

**RESPONSE TO INTERROGATORY NO. 1:**

Objections: Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Pursuant to FRCP 26, this request not proportional to the needs of the case. Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of

facts – some of which is outside of Responding Party's personal knowledge at this time and some of which Requesting Party has greater access to. Responding Party objects that responsive information to this Request is equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access and documents which were requested by Responding Party and to which Defendants have failed to produce. This contention interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is

required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

Without waiving and subject to the aforementioned objections, Responding Party responds as follows:

1. The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Thus, Responding Party specifies the following records for Requesting Party to review which are in Requesting Party's custody and control: documents produced by Defendant County of Riverside within COR 1-1077; documents produced by Defendant California Highway Patrol within AGO 1-1499; relevant documents requested but not produced to Plaintiff; relevant portions of Defendants' written responses to Plaintiff's discovery requests; relevant portions of Plaintiff's First Amended Complaint; and relevant portions of Plaintiff's written responses to Defendants' discovery requests and Plaintiff's records produced in response to Defendants' discovery requests. Additionally, and nevertheless, on March 2, 2022, Defendant Michael Bell used deadly force against Plaintiff. At the time and immediately prior to Defendant Bell using deadly force against Plaintiff, Defendant Bell did not issue Plaintiff a verbal warning that deadly force was going to be used despite it being feasible to do so; there were less-intrusive options available and reasonable to Defendant Bell that he did not attempt to employ or exhaust; Plaintiff was not pointing, and had not pointed a weapon at Defendant Bell or any other person; Plaintiff was not and had not shot at Defendant Bell or any other person; Plaintiff did not verbally threaten to harm Defendant Bell or any other person; Plaintiff was not attempting to harm or threaten Defendant Bell or any other person; Plaintiff was not an immediate threat of death or serious bodily injury to Defendant Bell or any other person; no person or officer was about to be injured or harmed based on Plaintiff's conduct.

narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond. Pursuant to FRCP 26, this request not proportional to the needs of the case. Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party further objects on the grounds that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects that this Interrogatory is calls for an invasion of privacy, privilege, and is overbroad. Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that these interrogatories call for speculation, lacks foundation, calls for the entire universe of facts related to damages – some of which is outside of Responding Party's personal knowledge at this time.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows regarding unprivileged information:

25. Responding Party was never shot repeatedly by any person or officer prior to Defendants Bell and Waltermire unreasonably shooting Responding Party and has never felt pain remotely similar in nature before. However, Responding Party had tooth pain that was treated and rib pain that was resolved.

DATED: January 4, 2024　　　　　　**LAW OFFICES OF DALE K. GALIPO**
　　　　　　　　　　　　　　　　　　　**LAW OFFICES OF GRECH & PACKER**

　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　　　　　　Trenton C. Packer
　　　　　　　　　　　　　　　　　　　　　Marcel F. Sincich, *Attorneys for Plaintiff*

48
PLAINTIFF EDGAR SOLIS'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BELL'S FIRST SET OF INTERROGATORIES

# PROOF OF SERVICE

STATE OF CALIFORNIA, CITY OF LOS ANGELES

I, Alejandro Monguia, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On January 4, 2023, I served the foregoing document described as: **PLAINTIFF EDGAR SOLIS'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BELL'S FIRST SET OF INTERROGATORIES** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

## METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 4, 2023, at Woodland Hills, California.

_____
Alejandro Monguia

---

49

PLAINTIFF EDGAR SOLIS'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BELL'S FIRST SET OF INTERROGATORIES

# SERVICE LIST

Tony M. Sain
Tony.Sain@lewisbrisbois.com
Tori L.N. Bakken
Tori.Bakken@lewisbrisbois.com
Abigail McLaughlin
Abigail.McLaughlin@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071

*Attorneys for Defendants*, County of Riverside and Salvador Waltermire

Rob Bonta
Attorney General of California
Rhonda L. Mallory
Supervising Deputy Attorney General
Douglas E. Baxter
Deputy Attorney General
State Bar No. 201351
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  E-mail: Douglas.Baxter@doj.ca.gov

*Attorneys for Defendants*, State of California and Michael Bell

LAW OFFICES OF GRECH & PACKER
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com; kppham@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506

*Attorneys for Plaintiff*

# **VERIFICATION**

***Solis v. County of Riverside, et al.***
USDC – Central District of California
Case No. 5:23−cv−00515−HDV−JPR

I, the undersigned, hereby declare:

I am the Plaintiff in the above-referenced matter. I have read **PLAINTIFF EDGAR SOLIS'S RESPONSES AND OBJECTIONS TO DEFENDANT MICHAEL BELL'S FIRST SET OF INTERROGATORIES**; and know their content, and the same is true to my knowledge, or on my information and belief.

I declare under penalty of perjury under the laws of the United States of America that the above-referenced responses are true and correct.

Executed this 6th day of December 2023.

_____
Edgar Solis