# EXHIBIT B

| | |
|---|---|
| **From:** | Alejandro Monguia |
| **To:** | David Klehm |
| **Cc:** | Dilnia Jabari; Trenton Packer; Christina Ramirez; Kayla Peña-Pham; Marcel Sincich; dalekgalipo@yahoo.com |
| **Subject:** | Solis v. State of California |
| **Date:** | Tuesday, September 3, 2024 15:01:02 |
| **Attachments:** | 2024.09.03 - P Proposed Joint Agreed Upon Jury Instructions [DRAFT].doc |
| | 2024.09.03 - P Proposed Verdict Form [DRAFT].doc |
| | 2024.09.03 - P Proposed Verdict Form (Punitive Amount) [DRAFT].doc |
| | 2024.09.03 - Objections to Exhibits re. Joint Exhibit List [DRAFT].doc |
| | 2024.09.03 - Plaintiff"s Witness List [DRAFT].docx |

Good afternoon Mr. Klehm,

Please find attached the pretrial documents in the *Solis* matter as discussed during the parties' LR 16-2 meeting.

LR 16-2 meeting summary:

- **Joint Jury Instructions**: plaintiff's proposed instructions attached here; defendants' objections to instructions should be served on or about 9/10 with any additional instructions (redlined if altered); the parties should meet and confer regarding instructions on or about 9/17; agreed upon and disputed instructions are filed on 9/24.
- **Joint Verdict Form**: same as with instructions.
- **Witness Lists**: plaintiff's draft list with direct exam times so that defendants can provide the time estimate for cross by 9/9, attached here; witness lists are filed on 9/10 – please send your witness list with direct exam times with sufficient time for plaintiff to provide our cross times.
- **Joint Exhibit List**: plaintiff's draft exhibit list with bates numbers for identification attached here; defendants' objections to exhibits and any additional defense exhibits (also with bates nos) should be served on or about 9/6 so that plaintiff can make objections if necessary; joint exhibit list is filed on 9/10.
- **Defendants' MILs**: plaintiff's counsel is available to confer further anytime today and if the parties require further discussion beyond that, will make themselves available between 9/4 and 9/6.
    - 1) Plaintiff does not plan to admit gruesome photographs. However, photographs of the scene are permissible, screenshots from videos are permissible, and photographs of plaintiff in the hospital showing his injuries are permissible. The photographs plaintiff plans to introduce at this time are listed on plaintiff's attached exhibit list. Plaintiff does not believe any of these photographs are gruesome such that they should be excluded. Please let us know which of those photographs, if any, are subject to your motion. Thus, plaintiff believes this motion is unnecessary, but if filed, plaintiff will oppose.
    - 2) Plaintiff does not plan to introduce evidence of Officer Bell's personnel

  records as described unless the door is opened by the defense. Likewise, plaintiff requests that irrelevant, information unknown, prejudicial information and impermissible character evidence pertaining to plaintiff (subject to plaintiff's motions) should also be excluded and plaintiff seeks a joint agreement of such between the parties. Thus, plaintiff believes this motion is unnecessary and a stipulation is appropriate, but if filed, plaintiff will oppose to state plaintiff's position on the issues raised.
    - 3) Generally, plaintiff plans to provide all of Mr. Clarks opinions, expressed in his report and at deposition, to the jury and does not agree to exclude any of them. The defendants' letter does not provide enough information for plaintiff to fully consider the items defendants wish to exclude. Nevertheless, plaintiff agrees that both parties' experts should not provide legal conclusions nor make credibility determinations. Without further detail, plaintiff must oppose.
    - 4) Plaintiff agrees to bifurcate the amount of punitive damages into phase two with the predicate question asked in phase one. Thus, plaintiff believes this motion is unnecessary and a stipulation is appropriate (agreement will also be reflected in the parties' MCFLs and PPTCO).
- **Plaintiff's MILs**: Please let us know if you will be presenting any or all the information identified in plaintiff's motions; whether you agree to exclude any or all the information identified; whether defendant will be opposing plaintiff's motions; or whether you are free to discuss further if necessary.

**Best Regards,**

**Alejandro E. Monguia, Paralegal** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: amonguia@galipolaw.com

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT AND MAY CONTAIN CONFIDENTIAL, AND PRIVILEGED INFORMATION.  ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS PROHIBITED.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

| | |
|---|---|
| 1 | **LAW OFFICES OF DALE K. GALIPO**<br>Dale K. Galipo, Esq. (SBN 144074) |
| 2 | dalekgalipo@yahoo.com<br>Marcel F. Sincich, Esq. (SBN 319508) |
| 3 | msincich@galipolaw.com<br>21800 Burbank Boulevard, Suite 310 |
| 4 | Woodland Hills, CA 91367<br>Phone: (818) 347-3333 \| Fax: (818) 347-4118 |
| 5 | **LAW OFFICES OF GRECH & PACKER**<br>Trenton C. Packer (SBN 241057) |
| 6 | tpacker@grechpackerlaw.com<br>7095 Indiana Ave Ste 200 |
| 7 | Riverside, CA 92506<br>Phone: (951) 682-9311 |
| 8 | *Attorneys for Plaintiff* EDGAR SOLIS |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDGAR SOLIS**,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**STATE OF CALIFORNIA; and MICHAEL BELL**,<br><br>　　　　　　Defendant. | Case No.: 5:23-cv-00515-HDV-JPR<br><br>[*Honorable Hernán D. Vera*]<br><br>**PLAINTIFF'S WITNESS LIST**<br><br>**Final Pretrial Conference:**<br>Date:　October 8, 2024<br>Time:　10:00 a.m.<br>**Trial:**<br>Date:　October 29, 2024<br>Time:　09:00 a.m.<br>Place:　Courtroom 10D |

|   |   |
|---|---|
| 1 | **TO ALL PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD:** |
| 2 | Plaintiff Edgar Solis hereby serves the following list of witnesses which he may call during trial, and as a draft of |
| 3 | the Plaintiff's Witness List. Plaintiff reserves the right to supplement and/or amend this list. |
| 4 | Below reflects approximate times for examination. |

Respectfully Submitted,
DATED:  September 26, 2024

**LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICES OF GRECH & PACKER**

By: _____/s/____Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorney for Plaintiff*

**Plaintiff's Witness List**

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Edgar Solis<br><br>Plaintiff | Mr. Solis will testify as to his perception of the events leading up to the shooting incident, the shooting incident, and his damages. His testify is unique as a personal account that he was not an immediate threat to any person. | 45 min – 1 hr. | | |
| Michael Bell<br><br>Defendant, Officer, California Highway Patrol | Officer Bell is likely to testify as to his perception of the incident, information known, tactics used, the deadly force used against plaintiff, and plaintiff's damages, including punitive damages. Officer Bell's testimony is unique as the defendant who used force against plaintiff. | 1 hr. 15 min – 1 hr. 30 min | | |
| Patrick Sobaszek<br><br>Detective, City of Hemet Police Department | Detective Sobaszek is likely to testify as to his perception of the incident, tactics used before and after the use of deadly force, and plaintiff's damages. Detective Sobaszek's testimony is unique as an eyewitness to defendant's second volley of shots, and who took the same path as defendant and plaintiff prior to the shots. | 45 min | | |
| Arthur Paez<br><br>Sergeant, City of Hemet Police Department | Sergeant Paez is likely to testify as to his perception of the incident, the tactics before and after the use of deadly force, and plaintiff's damages. Sgt. Paez's testimony is unique as the leader of the team, who sent the information about plaintiff to the team, and who witnessed the shooting of plaintiff by Deputy Waltermire. | 30 – 45 min | | |
| Salvador Waltermire | Deputy Waltermire is likely to testify as to his perception of the incident, the tactics used before and | 45 min | | |