ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9733
 Fax: (619) 645-2581
 E-mail: David.Klehm@doj.ca.gov

*Attorneys for Defendant State of California
(by and through the California Highway Patrol)
[erroneously sued as "State of California"]
and Michael Bell*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDGAR SOLIS,**<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE; and DOES 1-10, inclusive,**<br><br>Defendants. | 5:23-cv-00515-HDV-JPR<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY ON TOPICS WHICH PLAINTIFF PLED 5TH AMENDMENT DURING DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID KLEHM IN SUPPORT THEREOF;**<br><br>Date:        October 1, 2024<br>Time:        9:00 a.m.<br>Courtroom: 10D<br>Judge:       *Honorable Hernán D. Vera*<br>Trial Date:  October 29, 2024<br>Action Filed: 2/02/2023 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** Defendants, State of California (by and through the California Highway Patrol) *and* Michael Bell hereby file their REPLY to Plaintiff's Opposition to Defendants' Motion in limine No. 2 precluding Plaintiff from testifying about any topic on which he previously has refused to testify by invoking his 5th Amendment rights during his deposition and to exclude Plaintiff's experts from expressing or basing any of their opinions on Plaintiff's previously undisclosed information. Fed. R. Evid. 403.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

**I   PLAINTIFF'S COUNSEL DID NOT ADVISE THAT PLAINTIFF DECIDED TO WAIVE THE 5TH AMENDMENT UNTIL SEPTEMBER 12, 2024, AFTER THE MOTION IN LIMINE DEADLINE PASSED.**

This issue was a topic of discussion between counsel during the week prior to the deadline for filing Motions in Limine but Plaintiff's counsel first informed Defendants' counsel on September 12, 2024, that Plaintiff decided to waive the Fifth Amendment which he invoked extensively during his deposition. (Declaration of Deputy Attorney General David Klehm (Decl. Klehm), ¶¶ 2-6.)

**II.   PLAINTIFF'S "CONCERN" ABOUT THE DISTRICT ATTORNEY BEING NOTIFIED OF PLAINTIFF'S DECISION TO WAIVE THE 5TH AMENDMENT IS UNWARRANTED**

The District Attorney prosecuting the pending felony charges against Plaintiff for being a felon in possession of a firearm during the Officer Involved shooting at issue in the instant case is entitled to know about Plaintiff's decision to waive the 5th Amendment because Plaintiff's unrestricted testimony about being in possession of a firearm during the shooting in the instant case would be admissible testimony in the criminal case, and relates directly to the charges at issue. Plaintiff

2

fails to cite, and Defendants are unaware of the existence of, any authority providing that a criminal defendant can selectively waive their Fifth Amendment rights by testifying in one lawsuit, but invoking his right against testimony in another. Additionally, Plaintiff's argument ignores the simple fact that any testimony or information provided by Plaintiff at trial in this proceeding is admissible against him in the criminal case under the applicable evidentiary and legal precedents.

Further, Plaintiff's counsel's concern about Plaintiff's decision to waive the 5th Amendment in the instant case impacting Plaintiff in his criminal case raises the question regarding whether Plaintiff's criminal defense counsel has been advised or is otherwise aware of Plaintiff's decision to waive the 5th Amendment in this case.

## III. PLAINTIFF'S ARGUMENT THAT DEFENDANTS SHOULD HAVE PROPHYLACTICALLY FILED A MOTION IN LIMINE ON THIS ISSUE BEFORE THE ISSUE WAS RIPE IS UNPERSUASIVE

Plaintiff argues Defendants should have filed the instant Motion in Limine to preclude Plaintiff from waiving his existing and ongoing invocation of his Fifth Amendment rights and refusal to testify on the September 10, 2024, deadline, even though <u>Plaintiff had not yet decided to waive the 5th Amendment at trial or advised Defendant's counsel of his intention to do so</u>. Plaintiff's reliance on the description of Plaintiff's testimony listed in Plaintiff's Witness List emailed on September 3, 2024, is misplaced because the Witness List fails to provide sufficient notice that Plaintiff decided to waive his Constitutional rights under the 5th Amendment. After Plaintiff served his Witness List, Plaintiff's and Defendants' counsel engaged in an extended meet and confer on this topic throughout the following week but by the September 10th deadline to file Motions in Limine, Plaintiff's counsel's stated position was that he was still "waiting" to find out "whether our client will take the 5th at trial"  Plaintiff's counsel's stated position as of September 10th in no way

suggested or inferred that Plaintiff "most likely" would waive the 5th Amendment at trial. Declaration of Deputy Attorney General David Klehm, ¶¶2-6, Exhibit "A".

## IV. ONE OF THREE PLAINTIFF'S COUNSELS' BUSY TRIAL SCHEDULE IS NOT A SUFFICIENT REASON TO DELAY UNTIL SEPT. 12TH PROVIDING PLAINTIFF'S DECISION TO WAIVE THE 5TH AMENDMENT AT THE TRIAL STARTING ON OCTOBER 29TH

Although Mr. Galipo is referred in the Opposition as "lead trial counsel" Plaintiff is represented by two other capable counsel. Mr. Sincich represented Plaintiff during his deposition and invoked the 5th Amendment numerous times on behalf of his client. (Decl of D. Klehm, Ex. "B" filed in support of Defendants' MIL NO. 2). Mr. Sincich was the only Plaintiff's counsel representing Plaintiff during his deposition and thus is the only Plaintiff's counsel who is most familiar with Plaintiff's invocation of the 5th Amendment. Plaintiff and his multiple counsel have had ample time since the felony criminal complaint was filed on December 26, 2023, and well before Mr. Galipo's currently busy trial schedule, to discuss whether he should waive the 5th Amendment at trial. Plaintiff's counsel's decision to wait until the eve of trial to discuss this critical issue with their client and the wait to inform Defendants' counsel of their client's decision, is more consistent with an intentional trial tactic strategy than a scheduling snafu.

## V. PLAINTIFF'S RIGHT TO INVOKE THE 5TH IS NOT IN DISPUTE BUT HE DOES NOT HAVE THE RIGHT TO USE THE 5TH AS A SWORD AND A SHIELD IN THE CIVIL LITIGATION HE INITIATED

Plaintiff's Opposition fails to completely analyze and perceive the common legal thread running through all of the cases Defendants' cited. This legal thread is laid bare by the Ninth Circuit in *Lyons v. Johnson*, 415 F.2d 540 (1969), ("*Lyons*"). Plaintiff argues that *Lyons* requires a plaintiff invoking the 5th Amendment to refuse to participate in <u>any</u> discovery before the Court can properly dismiss the plaintiff's

case. However, that argument is incongruous with the rationale of *Lyons* and that result is not what Defendants' instant Motion in Limine seeks.

> The 9th Circuit's rationale in *Lyons* was based on the premise that, "The scales of justice would hardly remain equal in these respects, if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim. If any prejudice is to come from such a situation, it must, as a matter of basic fairness in the purposes and concepts on which the right of litigation rests, be to the party asserting the claim and not to the one who has been subjected to its assertion. It is the former who has made the election to create an imbalance in the pans of the scales." *Id*. at 541-542

Certainly, the Plaintiff in *Lyons* refused to participate in all discovery, but the Court also dismissed Plaintiff's <u>entire</u> case which is not what Defendants seek by the instant Motion in Limine. The rationale of *Lyons,* when properly applied in a measured proportion to Plaintiff's use of the 5th Amendment in the instant case, would prevent Plaintiff from using the 5th Amendment as a shield during his deposition and then attempting "create an imbalance in the pans of the scales" by waiving the 5th Amendment weeks before trial. *Id.*

## VI. DEFENDANTS WOULD INCUR UNDER PREJUDICE BY DEPOSING PLAINTIFF A SECOND TIME ON THE EVE OF TRIAL WITHOUT THE ABILITY TO CONDUCT ANY DISCOVERY AS TO THE VERACITY OF PLAINTIFF'S TESTIMONY

Unlike depositions of experts which are sometimes conducted on the eve of trial, deposing a felon plaintiff on the eve of trial is much more likely to require additional discovery to verify the credibility of deponent's testimony. This potential is magnified when the deponent, such as the Plaintiff in this case, is facing pending felony charges as a third strike felon.

Plaintiff's final argument posits that Defendants would not suffer any prejudice by deposing Plaintiff a second time without Plaintiff invoking the 5th Amendment weeks before trial. This argument fails to consider the substantial ripple effects Plaintiff's unencumbered testimony would have on the experts

retained by Defendants as well as Plaintiff. For example, the experts will need to analyze Plaintiff's testimony from his second deposition after the transcript is prepared and after Plaintiff has reviewed and corrected his deposition transcript. This process would require at least 3 weeks. Additionally, Defendants will not have sufficient time to process the deposition video or deposition transcript in order to impeach Plaintiff at trial. Defendants will not be able to conduct any discovery into issues and matters Plaintiff previously refused to testify on, but which Plaintiff now wants to testify.  For instance, if Plaintiff testifies that the handgun he was in possession of during the incident arrest had been obtained from someone else, or that it had been manipulated after his arrest, such as having the serial numbers partially filed off, then Defendants will need to conduct additional discovery. Moreover, Plaintiff's second deposition testimony could require the need to conduct additional forensic discovery and testing. It would be logistically impossible to accomplish the aforementioned analysis and discovery after Plaintiff's second deposition is conducted on the eve of trial. Decl. of D. Klehm, ¶ 7.

**VII. PLAINTIFF'S ARGUMENT THAT PLAINTIFF'S TESTIMONY SHOULD BE EXCLUDED AS TO ONLY THE QUESTIONS ASKED DURING HIS DEPOSITION IS UNDULY PREJUDICIAL BECAUSE COUNSEL STATED ON THE RECORD THAT THE 5TH AMENDMENT WOULD APPLY TO ALL QUESTIONS INVOLVING THE SHOOTING AND PLAINTIFF'S PRIOR INTERROGATORY RESPONSES**

After plaintiff and/or his counsel invoked the 5th Amendment thirty-three (33) times during his deposition, in order to prevent further wasting of time during the deposition, Plaintiff's counsel was asked to put on the record the scope of topics his client would continue to invoke the 5th Amendment on during the remainder of the deposition. As set forth in the Declaration of D. Klehm, Ex. "B" filed with the

moving Motion in Limine No. 2, Plaintiff's counsel, Mr. Sincich defined the extremely broad scope of testimony which would be covered by Plaintiff's invocation of the 5th Amendment as follows:

> Q Okay. There was a line of questions that your attorney instructed you not to answer, so I just want to make sure that we're not wasting anyone's time here any further.
>
> MR. KLEHM: Mr. Sincich, can you put on the record the scope of what your instruction for your client not to answer based on his Fifth Amendment rights would be so that I don't waste any time asking him a whole series of questions that are just going to result in an instruction not to answer from you?
>
> MR. SINCICH: Certainly. So the instructions not to answer will be based off of the Fifth Amendment privilege and, generally speaking, would be under the scope of criminal history, any kind of drug use, and essentially the facts related to the incident considering that the current active criminal case relates directly to the incident itself.
>
> MR. KLEHM: Okay. Thank you. And would your instruction to your client not to answer based on the Fifth Amendment privilege also include his interrogatory responses that directly place him at the scene of the shooting and, otherwise, indicate that he was shot on May [sic] 2, 2022, during a pursuit?
>
> MR. SINCICH: With regard to placing him at the scene and facts related to the incident, yes, it would encompass those interrogatory responses. For the record, they were made prior to the charges being filed against Mr. Solis. But I do believe there were interrogatory responses related to injuries, damages, and that's essentially -- I would not instruct him not to answer those kind of injury or damages questions.
>
> (Motion in Limine No. 2, Decl. Klehm, Exhibit "B".)

Therefore, based on Plaintiff counsel's own representation, the instant Motion in Limine should apply to all topics on which Plaintiff or his counsel invoked the 5th Amendment, and also on topics which Plaintiff's counsel represented would be covered by the 5th Amendment.

# CONCLUSION

Based on the foregoing, Defendants respectfully request the Court to prohibit Plaintiff Edgar Solis from testifying on any topics on which he and/or his counsel asserted the Fifth Amendment during his May 3, 2024, deposition, and to additionally prevent Plaintiff's experts and other witnesses from testifying as to any opinions, facts, or information or obtained from, or provided by, Mr. Solis relating to matters upon which he invoked his Fifth Amendment rights and refused to testify or produce discovery regarding.

Dated: September 27, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ David Klehm*
DAVID KLEHM
Deputy Attorney General
*Attorneys for Defendants
State of California by and through the California Highway Patrol and Officer Michael Bell*