ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9733
  Fax:  (619) 645-2581
  E-mail:  David.Klehm@doj.ca.gov

*Attorneys for Defendant State of California
(by and through the California Highway Patrol)
[erroneously sued as "State of California"]
and Michael Bell*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDGAR SOLIS,** | 5:23-cv-00515-HDV-JPR |
| Plaintiff, | **DECLARATION OF DAVID KLEHM IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 2 TO EXCLUDE PLAINTIFF'S TESTIMONY AT TRIAL ABOUT TOPICS ON WHICH PLAINTIFF INVOKED THE 5TH AMENDMENT DURING HIS DEPOSITION** |
| v. | |
| **COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE; and DOES 1-10, inclusive,** | |
| Defendants. | |
| | Date:        October 1, 2024 |
| | Time:        9:00 a.m. |
| | Courtroom:  10D |
| | Judge:        *Honorable Hernán D. Vera*] |
| | Trial Date:  October 29, 2024 |
| | Action Filed: 2/02/2023 |

1

## DECLARATION OF DAVID KLEHM

I, David Klehm, declare as follows:

1. I am a duly appointed Deputy Attorney General and am assigned to represent defendants in the above-captioned action. I make this declaration in support of the attached motion. The facts set forth herein are within my personal knowledge.

2. During his deposition, Plaintiff, Edgar Solis, and his counsel, Marcel Sincich, advised Plaintiff was invoking his Fifth Amendment rights and refused to testify or provide information regarding the underlying incident. This position remained unchanged until September 12, 2024, after the close of discovery in this case and after the deadline for filing pretrial documents including motions in limine. On September 12, 2024, I was first advised by Mr. Sincich, that Plaintiff had decided to waive his invocation and assertion of his Fifth Amendment rights and now intended to testify at trial.

3. I do not recall receiving any notice or advisement from Plaintiff's counsel that Plaintiff, Edgar Solis, had changed his mind and would be waiving his prior invocations of the Fifth Amendment, prior to September 12, 2024. I also do not recall any prior notice or advisement from Plaintiff's counsel that Plaintiff would "most likely" be waiving his Fifth Amendment privilege at trial.

4. I have reviewed the e-mails and correspondence received from Plaintiff's counsel in this case and I did not receive any email or other correspondence from Plaintiff's counsel prior to September 12, 2024, indicating or advising that Plaintiff intended to waive, or "most likely" would be waiving, his Fifth Amendment rights.

5. Throughout the meet and confer process on the Motions in Limine, the issue of whether Plaintiff would waive the 5th Amendment at trial was not resolved, as indicated in the September 10th email exchange between counsel, a true and correct copy of which is attached as Exhibit "A".

6.   Prior to Plaintiff's counsel first notifying me on September 12, 2024, of Mr. Solis' decision to waive his rights and testify at trial, (after the deadline for filing motions in limine), Defendants were previously unaware of the existence of this issue and thus did not prepare and file a motion in limine prior to the deadline. After being notified, Defendants immediately prepared and filed the underlying motion in limine so this motion in limine could be timely reviewed and decided by this Court at the hearing on October 1, 2024.

7. My clients will not have sufficient time to process the deposition video or deposition transcript of Plaintiff's second deposition to impeach Plaintiff at trial. My clients will not be able to conduct the necessary discovery into issues and matters Plaintiff previously refused to testify about, but which Plaintiff now wants to testify on.  For instance, if Plaintiff testifies that the handgun he was in possession of during the incident arrest had been obtained from someone else, or that it had been manipulated after his arrest, such as having the serial numbers partially filed off, then my clients will need to conduct additional discovery. Moreover, Plaintiff's second deposition testimony could require the need to conduct additional forensic discovery and testing on other issues which arise due to Plaintiff's unencumbered testimony in his second deposition. It would be logistically impossible to accomplish the aforementioned analysis by my clients and their experts and conduct the follow up discovery after Plaintiff's second deposition in time to sufficiently prepare for October 29, 2024, trial date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2024, at San Diego, California.

/s/ David Klehm

David Klehm

SD2023800661
84745150.docx

3

# EXHIBIT "A"

| | |
|---|---|
| **From:** | David Klehm |
| **To:** | Marcel Sincich; Alejandro Monguia |
| **Cc:** | Trenton Packer; Christina Ramirez; Kayla Peña-Pham; dalekgalipo@yahoo.com; Ashley Reyes; Norman Morrison; Christine Henson; David Klehm |
| **Subject:** | RE: Solis v. State of California |
| **Date:** | Tuesday, September 10, 2024 9:10:12 AM |
| **Attachments:** | 2024.09.09 - Joint Report re Settlement DRAFT dk.docx |
| | 2024.09.03 - Plaintiff's Witness List DRAFT Deft times.doc.docx |

Marcel,

Thank you for the update.

Without Dale's input on the "relevant portions" of plaintiff's proffered videos, it is impossible to for my client to evaluate responsive objections. Your application of "work product" to Ring doorbell, dash cam and body cam videos is certainly a creative use of this privilege.

Attached please find defendant's proposed deletions in red font and additions in green font to the Joint Settlement Report. Also, attached is the list of expected cross exam times for plaintiff's witnesses. Notably, plaintiff has listed far too many treating medical providers for the estimated length of this trial. This kitchen sink approach to drafting Trial documents is quite inefficient for both of us. The remaining Trial documents will be sent later today for your review and input.

Since Dale cannot weigh in on plaintiff's expected trial testimony in regard to taking the 5th, the MIL Stipulation will have to be put on hold at this time.

Please feel free to contact me if you wish to discuss any of the aforementioned topics in further detail.

Thank you,
David Klehm
**Deputy Attorney General IV**
**California Department of Justice**
Torts & Condemnation
600 W. Broadway, Suite 1800
San Diego, CA 92101
Office Direct: (619) 738-9733
Email: David.Klehm@doj.ca.gov



**From:** Marcel Sincich <msincich@galipolaw.com>
**Sent:** Monday, September 9, 2024 1:17 PM

**To:** David Klehm <David.Klehm@doj.ca.gov>; Alejandro Monguia <amonguia@galipolaw.com>
**Cc:** Trenton Packer <tpacker@grechpackerlaw.com>; Christina Ramirez
<Christina.Ramirez@doj.ca.gov>; Kayla Peña-Pham <kppham@grechpackerlaw.com>;
dalekgalipo@yahoo.com; Ashley Reyes <Ashley.Reyes@doj.ca.gov>; Norman Morrison
<Norman.Morrison@doj.ca.gov>; Christine Henson <Christine.Henson@doj.ca.gov>
**Subject:** RE: Solis v. State of California

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that
appear suspicious.

Hi David,

1.  The relevant portions of the any exhibit will be determined by Mr. Galipo, as with
    any screenshots used from any videos. Typically, only the portion of the video or
    document that is played/shown to the jury will go to the jury during deliberations.
    There may be portions of an exhibit that we object to even though other portions are
    shown to the jury. Those portions will be decided by Mr. Galipo, who is currently
    engaged in trial. Nevertheless, the exact portions may be work product at this point.

2.  Regarding whether our client will take the 5th at trial, Mr. Galipo is in trial right
    now. We will attempt to get an update from him as soon as possible. I'm not sure
    how that impacts the stipulation re MILs – please explain. It was my understanding
    that we had an agreement on all subjects short of No. 8, which I addressed in an
    earlier email. If we cannot reach an agreement on No. 8, I will remove it form the
    stipulation and file with your authorization. Let me know your thoughts.

3.  We have not received the Defendants witness list with times for direct so that we can
    inform you of our times for cross; nor have we received Defendants objections to
    Plaintiff's exhibits so that Plaintiff can respond or a list of any of Defendants'
    exhibits so that Plaintiff can object if necessary. These two documents are due
    tomorrow along with motions in limine and the MCFL. We would appreciate if you
    could forward your portion of those documents to us as soon as possible.

4.  Regarding MILs, Plaintiff is contemplating filing as exhibits relevant portions of two
    documents that Defendants have marked as CONFIDENTIAL: (1) Officer Bell's
    statement to investigators, AGO 68-161; and (2) the Blood Alcohol/Toxicology
    Report, AGO 392. In order to avoid having to request these documents to be filed
    under seal, which Plaintiff would oppose, (A) will you withdraw the confidential
    designation, or if not (B) what portions of the documents need to be
    excluded/redacted in order to withdraw the confidential designation.

5.  Attached is a draft Joint Status Report re. Settlement (also due tomorrow). Please let
    me know if you have any modifications or I we have you permission to file.

I am available to discuss the above today or tomorrow at your convenience. Thank you.

Very Respectfully,

**Marcel F. Sincich, Esq.**

**Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: msincich@galipolaw.com

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT AND MAY CONTAIN CONFIDENTIAL, AND PRIVILEGED INFORMATION.  ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS PROHIBITED.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

---

**From:** David Klehm <David.Klehm@doj.ca.gov>
**Sent:** Friday, September 6, 2024 14:24
**To:** Alejandro Monguia <amonguia@galipolaw.com>
**Cc:** Trenton Packer <tpacker@grechpackerlaw.com>; Christina Ramirez <Christina.Ramirez@doj.ca.gov>; Kayla Peña-Pham <kppham@grechpackerlaw.com>; Marcel Sincich <msincich@galipolaw.com>; dalekgalipo@yahoo.com; Ashley Reyes <Ashley.Reyes@doj.ca.gov>; Norman Morrison <Norman.Morrison@doj.ca.gov>; Christine Henson <Christine.Henson@doj.ca.gov>; David Klehm <David.Klehm@doj.ca.gov>
**Subject:** RE: Solis v. State of California

Good afternoon, Marcel,

Many of the videos listed by plaintiff on the Joint Exhibit List state "relevant portions of AGO ###" but your office has not produced the "relevant portions" of these videos. Consequently, it is impossible for my client to determine if, or what, might be objectionable in the "relevant portions" of these videos.

Please provide the "relevant portions" of all videos which plaintiff intends to offer at trial.

Thank you,

David Klehm
**Deputy Attorney General IV**
**California Department of Justice**
Torts & Condemnation
600 W. Broadway, Suite 1800
San Diego, CA 92101
Office Direct: (619) 738-9733
Email: David.Klehm@doj.ca.gov



**From:** Alejandro Monguia <amonguia@galipolaw.com>
**Sent:** Tuesday, September 3, 2024 3:01 PM
**To:** David Klehm <David.Klehm@doj.ca.gov>
**Cc:** Dilnia Jabari <Dilnia.Jabari@doj.ca.gov>; Trenton Packer <tpacker@grechpackerlaw.com>; Christina Ramirez <Christina.Ramirez@doj.ca.gov>; Kayla Peña-Pham <kppham@grechpackerlaw.com>; Marcel Sincich <msincich@galipolaw.com>; dalekgalipo@yahoo.com
**Subject:** Solis v. State of California

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good afternoon Mr. Klehm,

Please find attached the pretrial documents in the *Solis* matter as discussed during the parties' LR 16-2 meeting.

LR 16-2 meeting summary:
- **Joint Jury Instructions**: plaintiff's proposed instructions attached here; defendants' objections to instructions should be served on or about 9/10 with any additional instructions (redlined if altered); the parties should meet and confer regarding instructions on or about 9/17; agreed upon and disputed instructions are filed on 9/24.
- **Joint Verdict Form**: same as with instructions.
- **Witness Lists**: plaintiff's draft list with direct exam times so that defendants can provide the time estimate for cross by 9/9, attached here; witness lists are filed on 9/10 – please send your witness list with direct exam times with sufficient time for plaintiff to provide our cross times.
- **Joint Exhibit List**: plaintiff's draft exhibit list with bates numbers for identification attached here; defendants' objections to exhibits and any additional defense exhibits (also with bates nos) should be served on or about 9/6 so that plaintiff can make objections if necessary; joint exhibit list is filed on 9/10.
- **Defendants' MILs**: plaintiff's counsel is available to confer further anytime today and if the parties require further discussion beyond that, will make themselves available between 9/4 and 9/6.
  - 1) Plaintiff does not plan to admit gruesome photographs. However,

photographs of the scene are permissible, screenshots from videos are permissible, and photographs of plaintiff in the hospital showing his injuries are permissible. The photographs plaintiff plans to introduce at this time are listed on plaintiff's attached exhibit list. Plaintiff does not believe any of these photographs are gruesome such that they should be excluded. Please let us know which of those photographs, if any, are subject to your motion. Thus, plaintiff believes this motion is unnecessary, but if filed, plaintiff will oppose.

- 2) Plaintiff does not plan to introduce evidence of Officer Bell's personnel records as described unless the door is opened by the defense. Likewise, plaintiff requests that irrelevant, information unknown, prejudicial information and impermissible character evidence pertaining to plaintiff (subject to plaintiff's motions) should also be excluded and plaintiff seeks a joint agreement of such between the parties. Thus, plaintiff believes this motion is unnecessary and a stipulation is appropriate, but if filed, plaintiff will oppose to state plaintiff's position on the issues raised.
- 3) Generally, plaintiff plans to provide all of Mr. Clarks opinions, expressed in his report and at deposition, to the jury and does not agree to exclude any of them. The defendants' letter does not provide enough information for plaintiff to fully consider the items defendants wish to exclude. Nevertheless, plaintiff agrees that both parties' experts should not provide legal conclusions nor make credibility determinations. Without further detail, plaintiff must oppose.
- 4) Plaintiff agrees to bifurcate the amount of punitive damages into phase two with the predicate question asked in phase one. Thus, plaintiff believes this motion is unnecessary and a stipulation is appropriate (agreement will also be reflected in the parties' MCFLs and PPTCO).

- **Plaintiff's MILs**: Please let us know if you will be presenting any or all the information identified in plaintiff's motions; whether you agree to exclude any or all the information identified; whether defendant will be opposing plaintiff's motions; or whether you are free to discuss further if necessary.

Best Regards,

Alejandro E. Monguia, Paralegal | Law Offices of Dale K. Galipo | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118 | Email: amonguia@galipolaw.com

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT AND MAY CONTAIN CONFIDENTIAL, AND PRIVILEGED INFORMATION.  ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE OR DISTRIBUTION IS PROHIBITED.  IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.