**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STATE OF CALIFORNIA; MICHAEL BELL; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.: 5:23−cv−00515−HDV−JPR<br><br>[*Honorable Hernán D. Vera*]<br><br>**PLAINTIFF'S [PROPOSED] AMENDED DISPUTED JURY INSTRUCTION**<br><br>**Final Pretrial Conference:**<br>Date:    February 4, 2025<br>Time:    10:00 a.m.<br>**Trial:**<br>Date:    February 18, 2025<br>Time:    09:00 a.m.<br>Place:   Courtroom 10D |

1    **TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR**

2    **ATTORNEYS OF RECORD:**

3         By and through his attorneys of record in this action, Plaintiff Edgar Solis

4    hereby submits the following Plaintiff's Disputed Jury Instruction to be provided to

5    the jury at trial, pursuant to Federal Rules of Civil Procedure 16 and 51; United

6    States District Court, Central District of California Local Rules 16-2, 16-3, 16-4, 16-

7    5, 16-6, 16-7, 16-8, 51-1, 51-2, 51-3 and 51-4 (as applicable); and the applicable

8    Orders of the Court.

9         Plaintiff reserves the right to amend his [Proposed] Jury Instructions, subject

10   to any objections, motions *in limine*, and applicable Orders of the Court.

11

12   Respectfully Submitted,

13   DATED:  February 4, 2025          **LAW OFFICES OF DALE K. GALIPO**
                                       **LAW OFFICES OF GRECH & PACKER**
14

15                                     By: _____/s/_____ *Marcel F. Sincich*_____
                                       Dale K. Galipo
16                                     Marcel F. Sincich
                                       Trent C. Packer
17                                     *Attorney for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

# INDEX OF INSTRUCTIONS

| PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTION | | | |
|---|---|---|---|
| No. | Title | Source | Page |
| 34. | Bane Act—Essential Factual Elements (Civ. Code § 52.1) | CACI 3066 | 3 |
| | Defendant's Objections | | 5 |
| | Plaintiff's Response | | 6 |
| 41. | Alternative Cause | CACI 434 | 7 |
| | Defendant's Objections | | 8 |
| | Plaintiff's Response | | 9 |
| 42. | Integral Participation | 9th Cir. 9.2; *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019) | 10 |
| | Defendant's Objections | | 11 |
| | Plaintiff's Response | | 12 |
| 43. | Weapon in Hand Not Enough | *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013) | 13 |
| | Defendant's Objections | | 14 |
| | Plaintiff's Response | | 15 |
| 44. | Subsequent Medical Treatment | CACI 3929 | 16 |
| | Defendant's Objections | | 17 |
| | Plaintiff's Response | | 18 |

PLAINTIFF'S [PROPOSED] AMENDED DISPUTED JURY INSTRUCTIONS

1  **PLAINTIFF'S PROPOSED DISPUTED INSTRUCTIONS**

2  **34.    BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE §**

3  **52.1)**

4  Edgar Solis claims that defendant Officer Michael Bell ~~intentionally~~

5  ~~interfered with his civil rights by threats, intimidation, or coercion~~violated the Bane

6  Act. To establish this claim, Edgar Solis must prove all of the following:

7

8  1.    That defendant Michael Bell ~~acted violently against Edgar Solis to~~

9  ~~prevent him from exercising his right to vote be free from~~ used

10  excessive force against Mr. Solis ~~for having exercised his right~~;

11  2.    That defendant Officer Michael Bell intended to deprive plaintiff Edgar

12  Solis' of his ~~enjoyment of the interests protected by the~~ right to be free

13  from excessive force ~~as guaranteed by the Fourth Amendment of the~~

14  ~~United States Constitution~~by acting with a reckless disregard to those

15  rights;

16  3.    That Edgar Solis was harmed; and

17  4.    That defendant Officer Bell's conduct was a substantial factor in

18  causing Edgar Solis' harm.

19

20  Source: CACI No. 3066, (2024 Edition); *Reese v. Cty. of Sacramento*, 888 F.3d

21  1030, 1042 (9th Cir. 2018) (holding that section 52.1 does not require a showing of

22  threats, intimidation and coercion separate from an underlying constitutional

23  violation); *see also Cornell v. City and County of San Francisco*, 225 Cal. Rptr. 3d

24  at 382-83 (2017) (holding that "[n]othing in the text of the statute requires that the

25  offending 'threat, intimidation or coercion' be 'independent' from the constitutional

26  violation alleged" and "that the use of excessive force can be enough to satisfy the

27  'threat, intimidation or coercion' element of Section 52.1."); *Cornell*, 225 Cal. Rptr.

28  3d at 384 (holding that the Bane Act requires a specific intent to violate the

-3-    Case No.: 5:23-cv-00515-HDV-JPR

1   arrestee's right to freedom from unreasonable seizure); *Reese*, 888 F.3d at 1045

2   (holding that a reckless disregard for a person's constitutional rights is evidence of a

3   specific intent to deprive that person of those rights).

PLAINTIFF'S [PROPOSED] AMENDED DISPUTED JURY INSTRUCTIONS

# DEFENDANTS' OBJECTIONS

Defendants objects to Plaintiff's modified proposed instruction NO. 34 Re Bane Act which is modified from the Ninth Circuit Model Jury Instructions and omits key elements from the model instruction. CACI 2024 does not include this language; if judicial council intended to add it, it could have done so. This language is legally incorrect and confusing - how does a jury know what it means to intentionally violate the Bane Act? – and there is no such claim - it is a violation of civil rights, not the Bane Act itself, that forms the basis of the cause of action. Maybe the instruction could be revised to state "intentionally violated his right to be free from excessive force as guaranteed by the Fourth Amendment of the United States Constitution."

Defendants contend the proposed modified instruction is argumentative, is misleading and unfairly prejudicial. Fed. R. Evid. 403.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S STATEMENT IN SUPPORT**

Plaintiff contends that Plaintiff's proposed instruction accurately reflects the state of the law regarding the Bane Act. Specific intent may be shown by a reckless disregard for constitutional rights of an individual. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). Further, Plaintiff's proposed instruction is clear and avoids jury confusion.

**41.    ALTERNATIVE CAUSE**

You may decide that more than one of the ~~defendants~~ involved officers ~~was~~ used unreasonable force~~negligent~~, but that the ~~negligence~~ unreasonable force of only one of them could have actually caused a portion of [*name of plaintiff*]Edgar Solis's harm. If you cannot decide which ~~defendant~~ officer caused any portion of [*name of plaintiff*]Mr. Solis's harm, you must decide that each ~~defendant~~ officer is responsible for th~~at~~e harm.

However, if ~~a~~ the defendant proves that [he~~/she/*nonbinary pronoun*/it~~] did not cause a portion of [*name of plaintiff*]Mr. Solis's harm, then you must conclude that defendant is not responsible.

<u>Source</u>: CACI No. 434, (2024 Edition).

1    **DEFENDANTS' OBJECTIONS**

2    This language is not in the CACI instruction, which is meant for a

3    *Summers v. Tice* type of situation which is not present here. It overemphasizes

4    plaintiff's theory of the case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S STATEMENT IN SUPPORT

Plaintiff anticipates that Defendants will argue that Officer Bell did not cause Plaintiff's damages.  However, where two persons are engaged in the use of firearms and unreasonably injured another, both are liable for the injury suffered by the third person. *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948).  "*Summers* applies to multiple *tortfeasors* not to multiple *defendants*, and it is immaterial in this case that the matter went to trial only as against respondent, for A, B, and/or C was also a tortfeasor." *Vahey v. Sacia*, 126 Cal.App.3d 171, 177 (1981) (original italics, footnote omitted).  This concept has been recognized in Section 1983 cases.  *See, e.g.*, *J.J.D. v. City of Torrance*, No. CV-1407463-BRO-MRWx, 2016 WL 6674995, at *5 (C.D. Cal. June 23, 2016); *Mendez v. Cnty. of Los Angeles*, No. CV 11-04771-MWF PJWx, 2013 WL 4202240, at *34 (C.D. Cal. Aug. 13, 2013); *Richman v. Sheahan,* 512 F.3d 876, 884 (7th Cir. 2008); *Fillmore v. Page*, 358 F.3d 496, 507 (7th Cir. 2004); *Manelski v. Tinicum Twp.*, No. CIV A 07-1487, 2008 WL 5250691, at *2 (E.D. Pa. Dec. 17, 2008).

## 42.    INTEGRAL PARTICIPATION

As it relates to any harm that you find was from shots fired by Deputy Salvador Waltermire, Defendant Officer Bell may be held liable if you find that he was an "integral participant" in the unlawful act.

A person deprives another of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.  The requisite causation can be established either by some kind of direct personal participation in the deprivation or by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.  Thus, an officer could be held liable where he is just one participant in a sequence of events that gives rise to the alleged constitutional violation.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, Last Updated June 2024), Instruction 9.2. Modified by *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007); *Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1073, fn. 1 (9th Cir. 2018); *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022); *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir. 2020).

1

## DEFENDANTS' OBJECTIONS

2          Under Ninth Circuit cases, an official whose individual actions do not rise

3  to the level of a constitutional violation "may be held liable under section 1983 only

4  if the official is an 'integral participant' in the unlawful act." *Peck v. Montoya,* 51

5  F.4th 877, 889 (9th Cir. 2022) (quoting *Reynaga Hernandez v. Skinner,* 969 F.3d

6  930, 941 (9th Cir. 2020)).  An official may be deemed an "integral participant" in a

7  constitutional violation, "only if (1) the defendant knew about and acquiesced in the

8  constitutionally defective conduct as part of a common plan with those whose

9  conduct constituted the violation, or (2) the defendant set in motion a series of acts

10  by others which the defendant knew or reasonably should have known would cause

11  others to inflict the constitutional injury." Id. at 891; see *Spencer v. Pew*, 117 F.4th

12  1130, 1144-45 (9th Cir. 2024) (rejecting plaintiff's claim that two officers were

13  integral participants in a third officer's use of excessive force because plaintiff did

14  not present evidence that two of the officers knowingly acquiesced in a third

15  officer's unlawful conduct as a part of a common plan with him or evidence  that the

16  two officers' conduct  set in motion acts that they reasonably should have known

17  would cause the third officer to engage in unlawful conduct).

18

19

20

21

22

23

24

25

26

27

28

1    **PLAINTIFF'S STATEMENT IN SUPPORT**

2         A police officer's liability under section 1983 may be predicated on his

3    integral participation in the alleged violation. *Nicholson v. City of Los Angeles*, 935

4    F.3d 685, 691 (9th Cir. 2019) (quoting *Blankenhorn v. City of Orange*, 485 F.3d

5    463, 481 n.12 (9th Cir. 2007)). An "officer could be held liable where he is just one

6    participant in a sequence of events that gives rise to [the alleged] constitutional

7    violation." *Nicholson*, 935 F.3d at 692. Specifically, "integral participation" does

8    not require that each officer's actions themselves rise to the level of a constitutional

9    violation. *Boyd v. Benton Cnty.*, 374 F.3d 773, 780 (9th Cir. 2004).

10        An officer is an "integral participant" where he or she has some fundamental

11   involvement in the conduct that allegedly caused the violation. *See Blankenhorn v.*

12   *City of Orange*, 485 F.3d 463, 481, fn. 12 (9th Cir. 2007); *Mendez v. Cnty. of Los*

13   *Angeles*, 897 F.3d 1067, 1073, fn. 1 (9th Cir. 2018); *Reynaga Hernandez v. Skinner*,

14   969 F.3d 930, 941 (9th Cir. 2020); *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th

15   Cir. 2009). More than a mere bystander. *See Bravo v. City of Santa Maria*, 665

16   F.3d 1076, 1090 (9th Cir. 2011).

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S [PROPOSED] AMENDED DISPUTED JURY INSTRUCTIONS

**43.    WEAPON IN HAND IS NOT ENOUGH**

The mere fact that a suspect possesses a weapon does not justify deadly force.

<u>Source</u>: *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013) (citation omitted); *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *Glenn v. Washington County*, 673 F.3d 864, 872-73 (9th Cir. 2011); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991); *Lopez v. Gelhaus*, 871 F.3d 998, 1008-1010 (9th Cir. 2017).

1   **DEFENDANTS' OBJECTIONS**

2        This instruction is already subsumed in Ninth Cir. Mode Instr. No. 9.25,

3   and it overemphasizes plaintiff's theory of the case.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PLAINTIFF'S STATEMENT IN SUPPORT

Plaintiff contends that it must be made clear to the jury that officers cannot use deadly force against a person merely for having a gun in their hand or in their possession.  "[T]he mere fact that a suspect possesses a weapon does not justify deadly force." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013) (citation omitted).  The fact that a suspect has a deadly weapon does not render the use of deadly force reasonable.  *See George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *Glenn v. Washington County*, 673 F.3d 864, 872-73 (9th Cir. 2011); *see also Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997) ("Law enforcement officials may not kill suspects who do not pose an immediate threat to their safety or to the safety of others simply because they are armed."); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991) (holding that deadly force was unreasonable where, according to the plaintiff's version of facts, the decedent possessed a gun but was not pointing it at the officers and was not facing the officers when they shot him); *Lopez v. Gelhaus*, 871 F.3d 998, 1008-1010 (9th Cir. 2017) (finding the armed subject's position and movement immediately prior to the shooting did not support a reasonable belief of a threat).

PLAINTIFF'S [PROPOSED] AMENDED DISPUTED JURY INSTRUCTIONS

**44.   SUBSEQUENT MEDICAL TREATMENT**

If you decide that ~~[name of defendant]~~Defendant Officer Bell is legally responsible for ~~[name of plaintiff]~~Edgar Solis's harm, [he~~/she/nonbinary pronoun/it~~] is also responsible for any additional harm resulting from the acts of others in providing medical treatment or other aid that ~~[name of plaintiff]~~Mr. Solis's~~s~~ injury reasonably required, even if those acts were negligently performed.

<u>Source</u>: CACI No. 3029, (2024 Edition).

1    **DEFENDANTS' OBJECTIONS**

2          If this is included, the verdict form needs to allocate fault to the "others"

3    referred to in this instruction (i,e, other police officers, medical providers, former

4    Defendants, etc..). Also, the correct CACI is 3929, not 3029.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S STATEMENT IN SUPPORT**

This instruction is proposed in anticipation of the Defendants' arguing that a provider's negligence was the cause of Plaintiff's damages.  If the argument is not made and there is no evidence of a provider's potential wrongdoing, this instruction may not be necessary.  It has long been the rule that a tortfeasor responsible for the original accident is also liable for injuries or death occurring during the course of medical treatment to treat injuries suffered in that accident.  *See Ash v. Mortensen*, 24 Cal.2d 654 (1944); *see also Anaya v. Superior Court*, 78 Cal.App.4th 971, 974 (2000); *Hastie v. Handeland*, 274 Cal.App.2d 599, 604-605 (1969); *see also Henry v. Superior Court*, 160 Cal. App. 4th 440, 449-452 (2008) (citing cases).