# LIST OF EXHIBITS AND WITNESSES

| Case Number | ED23-515-HDV-JPRx | Title | EDGAR SOLIS VS. STATE OF CALIFORNIA; AND MICHAEL BELL |
|---|---|---|---|
| Judge | Hernán D. Vera, U.S. District Judge | | |
| Dates of Trial or Hearing | 02/18/25; 02/19/25; 02/20/25; 02/24/25; 02/25/25; 02/26/25; 02/27/25; 02/28/25 | | |
| Court Reporters or Tape No. | Maria Bustillos | | |
| Deputy Clerks | Wendy Hernandez | | |

**FILED**
CLERK, U.S. DISTRICT COURT
02/28/25
CENTRAL DISTRICT OF CALIFORNIA
BY: ____WH____ DEPUTY

| Attorney(s) for Plaintiff(s) / Petitioner(s) | Attorney(s) for Defendant(s) / Respondent(s) |
|---|---|
| Dale Galipo | DAG David Klehm |
| Marcel Sincich | DAG Tammy Kim |
| Trenton Packer | |
| | |
| | |

| Plaintiff(s) or Petitioner(s) | | | Defendant(s) or Respondent(s) | | | EXHIBIT DESCRIPTION / WITNESS | Called By |
|---|---|---|---|---|---|---|---|
| Ex. No. | Id. | Ev. | Ex. No. | Id. | Ev | | |
| 12 | 02/18/25 | | | | | Portions of deposition of Deft Bell read into the record | Plaintiff |
| 90-2 | 02/18/25 | | | | | Statement discussed with Deft Bell | |
| | | | | | | | |
| | | | | | | Portions of Deposition of Witness Marlene Sue Biggs | Defendants |
| | | | | | | into the record- pages 6-8 | |
| | | | | | | | |
| | | | | | | six-second camera video of deputy played by plaintiff | Plaintiff |
| | | | | | | on 02/19/25 - no exhibit # provided | |
| | | | | | | | |
| | | | | | | Plaintiff's deposition read into the record | Pltf & Defts |
| | | | | | | pages 45,191, 193 | |
| | | | | | | | |
| | | | 220 | 02/25/25 | 02/25/25 | 1 page physical photograph of video exh 120 | Deft |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (SBN 144074)
   dalekgalipo@yahoo.com
2  Marcel F. Sincich, Esq. (SBN 319508)
   msincich@galipolaw.com
3  21800 Burbank Boulevard, Suite 310
   Woodland Hills, CA 91367
4  Phone: (818) 347-3333 | Fax: (818) 347-4118

5  **LAW OFFICES OF GRECH & PACKER**
   Trenton C. Packer (SBN 241057)
6  tpacker@grechpackerlaw.com
   7095 Indiana Ave Ste 200
7  Riverside, CA 92506
   Phone: (951) 682-9311
8
   *Attorneys for Plaintiff* EDGAR SOLIS
9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  EDGAR SOLIS,                         Case No.: 5:23-cv-00515-HDV-JPR

14                    Plaintiff,         *[Honorable Hernán D. Vera]*

15         v.                            **PLAINTIFF'S SECOND AMENDED WITNESS LIST**

16  STATE OF CALIFORNIA; and MICHAEL BELL,   **Final Pretrial Conference:**
17                                       Date:    October 8, 2024
                    Defendant.           Time:    10:00 a.m.
18                                       **Trial:**
                                         Date:    October 29, 2024
19                                       Time:    09:00 a.m.
                                         Place:   Courtroom 10D
20

21

                                         1

**TO ALL PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD:**

Plaintiff Edgar Solis hereby serves the following list of witnesses which he may call during trial, as Plaintiff's

Second Amended Witness List. Plaintiff reserves the right to supplement and/or amend this list.

Below reflects approximate times for examination.

Respectfully Submitted,

DATED: January 27, 2025          **LAW OFFICES OF DALE K. GALIPO**
                                 **LAW OFFICES OF GRECH & PACKER**

                                 By:  ___/s/___ _Marcel F. Sincich_
                                      Dale K. Galipo
                                      Marcel F. Sincich
                                      Trent C. Packer
                                      _Attorney for Plaintiff_

## Plaintiff's Witness List

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Edgar Solis<br><br>Plaintiff | Mr. Solis will testify as to his perception of the events leading up to the shooting incident, the shooting incident, and his damages. His testify is unique as a personal account that he was not an immediate threat to any person. | 45 min – 1 hr. | 2 hours | 2/24/25 |
| Michael Bell<br><br>Defendant, Officer, California Highway Patrol | Officer Bell is likely to testify as to his perception of the incident, information known, tactics used, the deadly force used against plaintiff, and plaintiff's damages, including punitive damages. Officer Bell's testimony is unique as the defendant who used force against plaintiff. | 1 hr. 15 min – 1 hr. 30 min | 1 hr. 30 min. | 2/18/25, 2/19/25 |
| Patrick Sobaszek<br><br>Detective, City of Hemet Police Department | Detective Sobaszek is likely to testify as to his perception of the incident, tactics used before and after the use of deadly force, and plaintiff's damages. Detective Sobaszek's testimony is unique as an eyewitness to defendant's second volley of shots, and who took the same path as defendant and plaintiff prior to the shots. | 45 min | 45 min. | |
| Arthur Paez<br><br>Sergeant, City of Hemet Police Department | Sergeant Paez is likely to testify as to his perception of the incident, the tactics before and after the use of deadly force, and plaintiff's damages. Sgt. Paez's testimony is unique as the leader of the team, who sent the information about plaintiff to the team, and who witnessed the shooting of plaintiff by Deputy Waltermire. | 30 – 45 min | 45 min. | |
| Salvador Waltermire | Deputy Waltermire is likely to testify as to his perception of the incident, the tactics used before and | 45 min | 30 min | |

3

**PLAINTIFF'S SECOND AMENDED WITNESS LIST**

Case 5:23-cv-00515-HDV-JPR    Document 99    Filed 01/27/25    Page 4 of 8    Page ID
#:1536

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Deputy, County of Riverside Sheriff's Department | after the use of deadly force, and plaintiff's damages. Deputy Waltermire's testimony is unique as an officer who used force against plaintiff prior to his flight and used deadly force against plaintiff after Defendant used deadly force against plaintiff. | | | |
| Gary Adams GLA Investigations, Plaintiff's Expert | Mr. Adams is plaintiff's investigation expert who will testify as to his scene assessment and photographs taken; observations on scene; what can and cannot be seen as demonstrated with assistant and dummy gun. | 30 – 40 min | 45 min | 2/19/25; 2/20/25 |
| Roger Clark Police Procedures Consultant, Inc., Plaintiff's Expert | Roger Clark is Plaintiff's single police practices expert who will testify as to his opinions rendered in this case based on his knowledge and experience in law enforcement and his review of materials in this case. Mr. Clark's testimony is unique as plaintiff's only witness to explain basic law enforcement training and the POST standards as it relates to this case, including vehicle and patrol operations, de-escalation, tactics, and the use of force and deadly force. Mr. Clark will opine on the use of deadly force standards, and the appropriateness of the use of deadly force under the circumstances of this case; hypothetical questions based on the evidence of the case; and his understanding of the forensic and physical evidence presented in this case. | 1 hr. | 1 hr. 30 min | 2/20/25; 2/24/25 |
| Dr. Ryan O'Connor Emergency Medical Physician, Plaintiff's Expert | Dr. O'Connor is plaintiff's sole medical expert in this case who will testify as to plaintiff's injuries, treatment, damages, pain and suffering, summary of nearly nine thousand pages of medical records, and care likely to be required in the future. | 45 min – 1 hr. | 45 min | 2/24/25 |

PLAINTIFF'S SECOND AMENDED WITNESS LIST

4

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Brett Fisher<br><br>AMR crew member and paramedic | Mr. Fisher was the primary care crew member on the ambulance that treated Mr. Solis on scene and provided care during emergency transport to the hospital, and has information related to Mr. Solis' injuries, complaints, vital signs, symptoms, treatment and cost. | 30 min | 45 min | 2/24/25 |
| Balaji, Anupama, P&S<br><br>non-retained expert provider | Dr. Balaji will testify includes knowledge of and interaction with Plaintiff as treating physician, including but not limited to the evaluation, signs and symptoms, treatment and procedures including why such were performed, diagnosis, prognosis, treatment plan, and cost of care for Plaintiff regarding Plaintiff's gunshot wounds. | 30 min | 30 min | |
| Agapian, John, MD<br><br>non-retained expert provider | Dr. Agapian will testify includes knowledge of and interaction with Plaintiff as attending Emergency Room physician, including but not limited to the evaluation, signs and symptoms, treatment and procedures including why such were performed, diagnosis, prognosis, treatment plan, and cost of care for Plaintiff regarding Plaintiff's gunshot wounds. | 30 min | 30 min | |
| Downing, Stephanie, MD<br><br>non-retained expert provider | Dr. Downing will testify includes knowledge of and interaction with Plaintiff as attending Emergency Room physician, including but not limited to the evaluation, signs and symptoms, treatment and procedures including why such were performed, diagnosis, prognosis, treatment plan, and cost of care for Plaintiff regarding Plaintiff's gunshot wounds. | 30 min | 30 min | 2/24/25 |

PLAINTIFF'S SECOND AMENDED WITNESS LIST

Case No.: 5:23-cv-00515-HDV-JPR

Case 5:23-cv-00515-HDV-JPR    Document 99    Filed 01/27/25    Page 6 of 8    Page ID #:1538

| # | Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|---|
| 1 2 | **Jaden Schlig** Eyewitness | Mr. Schlig will testify as to his observations on scene as an eyewitness to portions of the incident from 633 Hillmer Dr. | 20 min | 20 min | 2/19/25 |
| 3 4 5 6 | **Marlene Sue Biggs** Eyewitness | Ms. Biggs will testify as to his observations on scene as an eyewitness to portions of the incident from 634 Hillmer Dr. | 20 min | 20 min | 2/19/25 |
| 7 8 | **Richard Contla** Eyewitness | Mr. Contla will testify as to his observations on scene as an eyewitness to portions of the incident from 622 Taschner Dr. | 20 min | 30 min | |
| 9 | | | | | |
| 10 11 12 13 14 | **\*Olin, Nicholas, MD** non-retained expert provider | Dr. Olin will testify includes knowledge of and interaction with Plaintiff as attending Emergency Room physician, including but not limited to the evaluation, signs and symptoms, treatment and procedures including why such were performed, diagnosis, prognosis, treatment plan, and cost of care for Plaintiff regarding Plaintiff's gunshot wounds. | 30 min | 30 min | |
| 15 16 17 18 19 | **\*Park, Heesung, MD** non-retained expert provider | Dr. Olin will testify includes knowledge of and interaction with Plaintiff as attending Emergency Room physician, including but not limited to the evaluation, signs and symptoms, treatment and procedures including why such were performed, diagnosis, prognosis, treatment plan, and cost of care for Plaintiff regarding Plaintiff's gunshot wounds. | 30 min | 30 min | |
| 20 21 | **\*Powers, Bret, DO** non-retained expert provider | Dr. Powers will testify includes knowledge of and interaction with Plaintiff as attending Emergency Room physician, including but not limited to the | 30 min | 30 min | |

6

Case 5:23-cv-00515-HDV-JPR    Document 99    Filed 01/27/25    Page 7 of 8    Page ID #:1539

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | evaluation, signs and symptoms, treatment and procedures including why such were performed, diagnosis, prognosis, treatment plan, and cost of care for Plaintiff regarding Plaintiff's gunshot wounds. | | | |
| *Stout, Benton, PA non-retained expert provider | Dr. Stout will testify includes knowledge of and interaction with Plaintiff as treating physician, including but not limited to the evaluation, signs and symptoms, treatment and procedures including why such were performed, diagnosis, prognosis, treatment plan, and cost of care for Plaintiff regarding Plaintiff's gunshot wounds. | 30 min | 30 min | |
| *Jennifer Jernegan | Lead Forensic Evidence Supervisor, Riverside County Sheriff's Department. Involved prepared a scaled 3D diagram and incident investigation and collection of evidence. | 20 min | 20 min | |
| *Ashley Cary | Forensic Technician II, Riverside County Sheriff's Department. Involved in charting of officers; photographs of Solis at hospital; scene investigation, and evidence photographs. | 20 min | 20 min | |
| *Vanderfeer | Forensic Technician II, Riverside County Sheriff's Department. Photographed scene on Taschner. | 20 min | 20 min | |
| *Yesika Alvarado | Forensic Evidence Technician, Riverside County Sheriff's Department. Went to scene with Investigators Medoza and Cline; photographed 604 Hillmer; photographed cul-de-sac; completed Faro Laser Scanner scans of scene; collected evidence assisted by Torres; prepared a scaled 3D diagram. | 20 min | 20 min | |

PLAINTIFF'S SECOND AMENDED WITNESS LIST                    Case No.: 5:23-cv-00515-HDV-JPR

Case 5:23-cv-00515-HDV-JPR    Document 99    Filed 01/27/25    Page 8 of 8    Page ID
#:1540

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| *Monique Torres | Forensic Technician II; went to scene with Investigators Medoza and Cline to collect and chart evidence; prepared a scaled 3D diagram | 20 min | 20 min | |
| *Sienna Knoll | Forensic Technician II; photographed and processed the Mustang | 20 min | 20 min | |
| *Daniel Cline | Deputy, Riverside County Sheriff's Department. Involved in evidence collection, numbering, and description; photographed 604 Hillmer; photographed cul-de-sac; and scanner data. | 20 min | 20 min | |
| *Daniel Moody | Detective, Riverside County Sheriff's Department. Involved in scene evidence collection and photography. | 20 min | 20 min | |
| *D. Sandoval | Investigator; Riverside County Sheriff's Department. Involved in area canvass and investigation. | 20 min | 20 min | |
| *S. Anderson | Investigator; Riverside County Sheriff's Department. Involved in area canvass and investigation. | 20 min | 20 min | |
| *Custodians of Records | Custodians of records regarding Plaintiff's medical records and bills may be called as necessary to lay any foundation required. | | | |

*Indicates that a witness will be called only if the need arises.

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
State Bar No. 165302
TAMMY KIM
Deputy Attorney General
State Bar No. 262510
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9733
  Fax: (619) 645-2581
  E-mail: David.Klehm@doj.ca.gov
*Attorneys for Defendant State of California,
acting by and through the California Highway
Patrol (erroneously sued as "State of California")
and Michael Bell*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDGAR SOLIS,** | 5:23-cv-00515-HDV-JPR |
| Plaintiff, | **DEFENDANTS' SIXTH AMENDED WITNESS LIST** |
| v. | Date: February 18, 2025 |
| **COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; SALVADOR WALTERMIRE; and DOES 1-10, inclusive,** | Time: 9:00 a.m. |
| | Courtroom: 10D |
| | Judge: The Honorable Hernan D. Vera |
| Defendants. | Trial Date: February 18, 2025 |
| | Action Filed: 2/02/2023 |

1

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants State of California, acting by and through the California Highway Patrol, and Michael Bell hereby serve the following list of witnesses who may be called during trial. Defendants reserve the right to supplement or amend this list.

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Michael Bell, Defendant, CHP Officer | Officer Bell is the defendant and will testify about his interactions with Plaintiff, training and experience with the CHP. | 1.25 | | |
| Patrick Sobaszek, Detective, Hemet Police Department | Detective Sobaszek will testify about his interactions with and observations of Plaintiff and incident, police tactics used, training and experience as a law enforcement officer, including in SWAT and on the Gang Task Force. Sobaszek is unique in that he was an eyewitness to various portions of the incident and heard and observed events, including from different angles or perspectives, that others may not have similarly observed. | 45 mins | 45 mins | 2/25/25 |
| Salvador Waltermire, Deputy, Riverside County Sheriff's Department | Deputy Waltermire will testify about his interactions with and observations of Plaintiff and incident, including the third volley of shots, police tactics used, and his training and experience as a law enforcement officer. | 45 mins | 30 mins | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | Waltermire is unique in that he was an eyewitness to various portions of the incident and heard and observed events, including from different angles or perspectives, that others may not have similarly observed. | | | |
| Arthur Paez, Sergeant, Hemet Police Department | Sergeant Paez will testify about his knowledge of Plaintiff, communications with the Gang Task Force concerning Plaintiff, and observations of Plaintiff and the incident, including the third volley of shots, police tactics used, as well as experience as a law enforcement officer. Paez is unique in that he was an eyewitness to various portions of the incident and heard and observed events, including from different angles or perspectives, that others may not have similarly observed. | 30-45 min. | 45 min. | 2/25/25 |
| M. Vargas, Lieutenant, CHP San Gorgonio Pass | Stationed at San Gorgonio Pass Area Office, Field Operations. Involved in post-shooting investigation and knowledge of Defendant Bell's tactical training. | 45 minutes | 45 min | |
| D. Harris, Sergeant, CHP San Gorgonio Pass | Stationed at San Gorgonio Pass Area Office, Field Sergeant and knowledge of Defendant Bell's | 45 minutes | 45 min | 2/25/25 |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | tactical training. | | | |
| C. Hamilton, Lieutenant, CHP Border Division CIIT | CHP Critical Incident Investigation Team, Leader. Involved in CHP critical incident investigation of the incident involving use of force on Plaintiff. | 1 hour | 1 hr | |
| J. Kawanaka, Sergeant, CHP Border Division CIIT | CHP Critical Incident Investigation Team, Lead Administrative Investigator. Involved in CHP critical incident investigation of the incident involving use of force on Plaintiff. | 45 minutes | 45 min | 2/26/25 |
| Daniel Moody, Detective | Riverside County Sheriff Department involved in the subsequent scene control or incident investigation and plaintiff's blood sample. | 45 minutes | 45 min | |
| J. Manjarrez, Detective | Riverside County Sheriff Department officials. Collected white bag of powdery substance from plaintiff's car suspected fentanyl and blood sample. | 30 minutes | 30 min | |
| A. Ditfurth, Deputy | Riverside County Sheriff Department official involved in the incident investigation. Surveillance video from 642 Taschner Drive and plaintiff's firearm forensic analysis. | 30 minutes. | 30 min | |
| Daniel Cline, Deputy | Riverside County Sheriff Department official involved in the incident investigation, | 20 minutes | 20 min | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | obtained pictures, DNA swab, and Scanner data. | | | |
| D. Sandoval, Investigator | Riverside County official involved in the incident investigation, involved in area canvass and investigation. | 20 min. | 20 min. | |
| S. Anderson, Investigator | Riverside County official involved in the incident investigation, involved in area canvass and investigation. | 20 min. | 20 min. | |
| Jennifer Jernegan, Lead Forensic Evidence Supervisor | Riverside County Sheriff Department official involved in the incident investigation. | 20 minutes | 20 min | |
| Yesika Alvarado, Forensic Evidence Technician | Riverside County Sheriff Department official involved in the incident investigation. Captured pictures of scene, bullet holes and charted plaintiff's firearm. | 40 minutes | 40 min | 2/25/25 |
| A. Carey, Forensic Services Bureau Technician | Riverside County Sheriff Department official involved in the incident investigation. Obtained pictures of scene and plaintiff in hospital and first aid supplies and clothing. | 20 minutes | 20 min | |
| Venderfees, Forensic Services Bureau Technician | Riverside County Sheriff Department official involved in the incident investigation. Obtained pictures of pursuit termination at 632 Taschner Drive | 20 minutes | 20 min | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | and point of rest of plaintiff's car and carport damage. | | | |
| Monique Torres, Forensic Services Bureau Technician | Riverside County Sheriff Department official involved in the incident investigation. Went to scene to collect and chart evidence; prepared a scaled 3D diagram. | 20 min | 20 min | |
| Sienna Knoll, Forensic Services Bureau Technician | Riverside County Sheriff Department official involved in the incident investigation. Photographed and processed the Mustang. | 20 min. | 20 min. | |
| Esteban Carranza, Investigator | Riverside County District Attorney's Investigator involved in the criminal investigation of the incident. | 30 minutes | 30 min | |
| J. Gonzalez, Lieutenant | Hemet Police Department Officer responded to the area where Plaintiff fled and where shots were fired and involved in the subsequent scene control or incident investigation. | 30 minutes | 30 min | |
| D. Maddox, Sergeant | Hemet Police Department Officer responded to the area where Plaintiff fled and where shots were fired and involved in the subsequent incident investigation. | 30 minutes | 30 min | |
| G. Gomez, Detective | Hemet Police Department Officer involved in the incident investigation. | 20 minutes | 20 min | |
| Amy Lim | Riverside University Health System hospital laboratory | 15 minutes | 15 minutes | |

6

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
|  | sample collection of blood and urine from Plaintiff at hospital on date of incident. |  |  |  |
| RN Joeallen* | Riverside University Health System concerning collection of blood and/or urine samples from Plaintiff at hospital on date of incident. | 15 min. | 15 min. |  |
| Valenzuela, Paola RN* | Riverside University Health System concerning collection of blood and/or urine samples from Plaintiff at hospital on date of incident. | 15 min. | 15 min. |  |
| Otteson, Lisa Christine RN* | Riverside University Health System concerning collection of blood and/or urine samples from Plaintiff at hospital on date of incident. | 15 min. | 15 min. |  |
| McGuire, Bailey RN* | Riverside University Health System concerning collection of blood and/or urine samples from Plaintiff at hospital on date of incident. | 15 min. | 15 min. |  |
| Wilson, Stephen* | Riverside University Health System concerning collection of blood and/or urine samples from Plaintiff at hospital on date of incident. | 15 min. | 15 min. |  |
| Richard Doria, Nurse* | Riverside University Health System hospital nurse regarding sample collection of blood and urine from plaintiff at hospital on date of incident. | 15 min. | 15 min. |  |
| Rogers, Shana Lee NP* | Riverside University Health System hospital nurse | 15 min. | 15 min. |  |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | regarding sample collection of blood and urine from plaintiff at hospital on date of incident. | | | |
| Wallace, Bradley MD* | Riverside University Health System hospital provider regarding blood samples, and urine sample drug abuse screen of plaintiff at hospital on date of incident. | 15 min. | 15 min. | |
| Gonzalez, Reyna Teresa MD* | Riverside University Health System hospital provider regarding blood samples, and urine sample drug abuse screen of plaintiff at hospital on date of incident. | 15 min. | 15 min. | |
| Downing, Stephanie Rae, MD* | Riverside University Health System hospital provider regarding urine sample drug abuse screen of plaintiff at hospital on date of incident. | 20 mins. | 20 mins. | |
| Albini, Paul Thomas, MD* | Riverside University Health System hospital provider regarding blood samples of plaintiff at hospital on date of incident. | 20 mins. | 20 mins. | |
| Custodian of Records* | Riverside University Health System hospital witness concerning the urine sample and blood samples collected from plaintiff on date of incident. | 20 mins. | 20 mins. | |
| Kristen Steward, M.S., D-ABFT-FT | Bio-Tox Laboratories Personnel involved in the testing and analysis of blood | 30 minutes | 30 min | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | obtained from Plaintiff. | | | |
| Ola Bawardi, M.S. | Bio-Tox Laboratories Personnel involved in blood sample testing obtained from Plaintiff. | 30 minutes | 30 minutes | |
| A. Beckham* | Bio-Tox Laboratories Personnel involved in the testing and analysis of blood obtained from Plaintiff. | 15 minutes | 15 minutes | |
| Greg Meyer, Captain (Ret.) | Police Practices Expert will explain POST standards from basic law enforcement training and use of force tactics applicable to facts of this case. | 2 hours | 1 hr, 15 min – 1 hr 30 min | 2/26/25 |
| Parris Ward, Forensic Video Analyst | Forensic video/audio analyst. Will testify regarding his assessment of BWC footage and security cameras near the shooting location and information that can be derived in relation to incident shooting. | 1 hour | 45 min | 2/25/25 |
| Ronald Kvitne, M.D. | Board certified orthopedic surgeon medical expert will testify about his review and analysis of plaintiff's medical records as they pertain to Plaintiff's injuries including further treatment. | 45 minutes | 30-40 min | |
| Michael Ritter, M.D. | Emergency Medicine expert will testify about his review and analysis of plaintiff's Toxicology drug results positive for methamphetamine and PCP and other medical records | 1 hour | 45 min | 2/25/25 |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | pertaining to Plaintiff's injuries. | | | |
| Leslie Martinez | Resident of the property where the incident occurred who heard yelling and gunshots. | 20 minutes | 20 min | |
| Marlene Sue Biggs | Resident who observed 2-3 officers chase a male adult and heard gunshots | 20 minutes | 20 min | |
| Jose Jesus Rodriguez | Resident who heard gunshots and heard suspect run through property perimeter and the officer chasing after him. Heard shouting and the words "He's got a gun" followed by numerous gunshots | 20 minutes | 20 min | |
| Ana Rodriguez | Resident who heard gunshots and heard suspect run through property perimeter and the officer chasing after him. Heard shouting and the words "He's got a gun" followed by numerous gunshots | 20 minutes | 20 min | |
| Liliana Rodriguez | Resident who heard gunshots and heard suspect run through property perimeter and the officer chasing after him. Heard shouting and the words "He's got a gun" followed by numerous gunshots | 20 minutes | 20 min | |
| Pearo Rodriguez | Resident who provided surveillance video from camera mounted to front of residence | 20 minutes | 20 min | |
| Florina Maria Mandujano | Resident who provided surveillance video from camera | 20 minutes | 20 min | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony/Why Testimony is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
|  | mounted to front of residence |  |  |  |
| Thomas Jordan | Resident who provided surveillance video from camera mounted to front of residence | 15 minutes | 15 min |  |
| Nidia Santana | Resident who provided surveillance video from camera mounted to front of residence | 15 minutes | 15 min |  |
| Richard Contla | Resident who heard a crashing sound and observed the suspect jump over an east wall. Then heard one of the officers yell, "He's got a gun" followed by numerous gunshots and shouting. Mr. Contla recognized suspect, having seen him in the area before the incident. | 30 minutes | 30 min |  |
| Kathy Lynn Cassel | Resident of the area where the suspect collided with the Kia Sorrento causing damage to the Kia, support post for the parking stall awning and block wall | 20 minutes | 20 min |  |
| Jaden Schlig | Resident and eyewitness to portions of incident from 633 Hillmer Drive. | 20 min | 20 min |  |
| Trinidad Rueta | Resident and eyewitness to portions of incident from 603 Hillmer Drive. | 20 min | 20 min | 2/25/25 |

11

1    Dated:  February 14, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
TAMMY KIM
Deputy Attorney General

*/s/ Tammy Kim*

*Attorneys for Defendants State of California, acting by and through the California Highway Patrol (erroneously sued as "State of California") and Michael Bell*

11   *Indicates that witness will be called only if the need arises.

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* EDGAR SOLIS

ROB BONTA
Attorney General of California
DONNA DEAN
Supervising Deputy Attorney General
DAVID KLEHM
Deputy Attorney General
TAMMY KIM
Deputy Attorney General
  600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 738-9567
Fax: (619) 645-2581
E-mail: David.Klehm@doj.ca.gov; Tammy.Kim@doj.ca.gov

*Attorneys for Defendant* STATE OF CALIFORNIA and MICHAEL BELL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SOLIS,<br><br>       Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; and MICHAEL BELL.<br><br>       Defendants. | Case No.: 5:23-cv-00515-HDV-JPR<br><br>[*Honorable Hernán D. Vera*]<br>Magistrate Judge Jean P. Rosenbluth<br><br>**SECOND AMENDED JOINT EXHIBIT LIST**<br><br><u>**Trial:**</u><br>Date:   February 18, 2025<br>Time:   09:00 a.m.<br>Place:  Courtroom 10D |

1    **TO ALL PARTIES, BY AND THROUGH THEIR ATTORNEYS OF**

2    **RECORD:**

3        Plaintiff Edgar Solis and Defendants State of California and Michael Bell

4    hereby submit the following objections to exhibits which they may utilize during

5    trial. The parties reserve the right to supplement and/or amend these objections to

6    exhibits.

7

8    Respectfully Submitted,

9    DATED:  February 18, 2025        **LAW OFFICES OF DALE K. GALIPO**
                                      **LAW OFFICES OF GRECH & PACKER**

10

11                                       By:          */s/*    *Marcel F. Sincich*
                                      Dale K. Galipo

12                                       Marcel F. Sincich
                                    Trent C. Packer

13                                       *Attorney for Plaintiff* Edgar Solis

14

15   DATED:  February 18, 2025        ROB BONTA
                                    Attorney General of California

16                                       NORMAN MORRISON
                                    Supervising Deputy Attorney General

17

18                                       By:          */s/*    *Tammy Kim*

19                                       ~~DAVID KLEHM, Deputy Attorney General~~
                                    TAMMY KIM, Deputy Attorney General

20                                       *Attorneys for Defendants* State of California (by
                                    and through the California Highway Patrol) and

21                                       Michael Bell

22

23

24

25

26

27

28

## OBJECTIONS TO EXHIBIT RE. JOINT EXHIBIT LIST

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| **Photographs** | | | | |
| 1. | Sgt. Paez Deposition Exhibit 1 | Objection. This is not an accurate depiction of the scene at the time of the incident and is a demonstrative exhibit not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation. | FRE 801, Not hearsay; impeachment of Defendant; relevant to position of parties at the time of the shots fired; based on person knowledge of deponent. | 1-4 2/19/25 ✓ all 2/24/25 |
| 2. | Sgt. Paez Deposition Exhibit 2 | Objection. This is not an accurate depiction of the scene at the time of the incident and is a demonstrative exhibit not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE | FRE 801, Not hearsay; impeachment of Defendant; relevant to position of parties at the time of the shots fired; based on person knowledge of deponent. | 2/19/25 all ✓ |

[1] Plaintiff and Defendants reserve the right to object portion of documents listed in the following joint exhibit list that are objectionable pursuant to FRE 401, 403, 404, and 801.

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | | 602 & 611 speculation, lacks foundation. | | |
| 3. | Det. Sobaszek Deposition Exhibit 3 | Objection. This is not an accurate depiction of the scene at the time of the incident and is a demonstrative exhibit not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation. | FRE 801, Not hearsay; relevant to position of parties at the time of the shots fired; based on person knowledge of deponent. | |
| 4. | Det. Sobaszek Deposition Exhibit 4 | Objection. This is not an accurate depiction of the scene at the time of the incident and is a demonstrative exhibit not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation. | FRE 801, Not hearsay; relevant to position of parties at the time of the shots fired; based on person knowledge of deponent. | |
| 5. | Photographs of Off. Bell | Objection to the first two | Accurately depicts Defendant Officer | 5-3 2/8/25 ✓ |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | (AGO 727, 729, 731) | paragraphs, AGO 727, AGO 729. FRE 403, unduly prejudicial, cumulative. | Bell and what he was wearing at the time of the incident. | |
| 6. | Photograph of Off. Bell Gun (AGO 687) | | | 2/25/25 ✓ |
| 7. | Maps Marked by Officer Bell (AGO 335-336) | Objection. These markings on maps are demonstrative exhibits not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation. | FRE 801(d)(2)(a), Party opponent admission. Relevant to Defendant's testimony and claimed description of the incident. | 7-1 2/19/25 ✓ 7-2 2/19/25 ✓ |
| 8. | Det. Sobaszek Deposition Exhibit 8 | | | |
| 9. | Photographs of Sgt. Paez (AGO 630, 750) | | | |
| 10. | Photographs of Det. Sobaszek (AGO 643, 645) | | | |
| 11. | Photographs of Dep. Waltermire (AGO 693, 698) | | | |
| 12. | Photographs of Dep. Waltermire Gun (AGO 684) | | | |
| 13. | Photographs of Stealth Explorer (AGO 530) | | | 2/18/25 13-1 ✓ |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| 14. | Photographs of Green Mustang (AGO 547-48, 550, 552, 595) | | | 14-**1** 2/18/25 ✓ |
| 15. | Photographs of 633 Hillmer (AGO 658, 666) | | | |
| 16. | Scene and Evidence Photographs (AGO 799, 800, 802, 805, 813, 816-17, 820, 852-53, 855, 857, 869, 874-75, 877, 881, 887-89, 891-92, 896, 901, 950, 953, 955-57, 960, 963, 965, 967-68, 970, 974-75, 978-79, 981, 986-87, 989, 991, 993-96, 1001, 1003-05, 1012, 1015, 1020, 1022, 1027-30, 1032, 1034-36, 1038, 1042-43, 1047-49, 1067, 1069, 1071, 1082-88, 1092-96, 1098, 1100-01, 1103-04, 1106, 1110, 1113, 1117-24, 1126, 1129-33, 1135, 1137, 1139, 1142-44, 1146, 1148, 1161, 1163, 1165-66, 1173-82, 1185-88, 1190-91, 1195, 1197-99, 1203-05, 1207-19) | note: 16-20 ✓ bg 16-22 ✓ crd 16-28 ✓ 16-45 ✓ {all be Admitted 16-49 ✓ on 2/25/25 16-52 ✓ | 1' | 16-21 ✓ 2/18/25 16-20 ✓ 2/18/25 16-22 ✓ 2/19/25 16-28 ✓ 2/19/25 16-30 ✓ 2/19/25 16-45 ✓ 16-46 ✓ 16-47 ✓ 16-48 ✓ 2/19/25 16-49 ✓ 16-52 ✓ 16-51 ✓ 16-27 ✓ 16-26 ✓ 2/19/25 1623 ✓ 16-24 ✓ 2/19/25 16-74 ✓ ✓16-02 2/20/25 ✓16-68 2/20/25 ✓16-52 2/25/25 ✓16-10 2/25/25 ✓16-31 2/25/25 |
| 17. | (Reserved) | | | |
| 18. | Photos of Plaintiff in Hospital | | | 18-3 2/24/25 ✓ |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | (AGO 765-66, 1221-33) | | | |
| 19. | Photographs of Plaintiff's Injuries (P 144, 416-20, 456, 478-79, 512, 2456-60, 5462, 5501-03, 5541-43) | | | ✓19-1  2/26/24 ✓19-11 } 2/24/25 ✓19-14 ✓19-15 } 2/24/25 ✓19-7 |
| 20. | Photographs of Edgar Solis (P 4064-4084)  ✗20-18 NOT ADMITTED | FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation. | Relevant to damages, not outweighed by prejudice; foundation to be given by Plaintiff. | 20-6 20-13 } 2/24/25 20-18 20-8  2/24/25 |
| 21. | (Reserved) | | | |
| 22. | (Reserved) | | | |
| 23. | GLA Investigation Scene Photographs (produced in Expert Disclosures) | Objection to term Scene Assessment as these were not taken at the scene on the date of the incident. These are demonstrative exhibits not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation; FRE 701-704. | Relevant as accurate description of scene not provided by investigators reports; relevant and not hearsay as impeachment of Defendant Bell's testimony; no hearsay included; foundation given by Plaintiff's investigator who conducted the scene assessment. | 23-1 ✓ 23-8 ✓ 23-13 ✓ 23-3 ✓ 23-15 ✓ 23-16 23-29 } 2/19/25 23-34 23-35 23-36 23-32 23-33 23-9 2/19/25 |
| **Videos** | | | | |
| 24. | 603 Hillmer Front Yard Video | Defendants reserve their right to object | Plaintiff reserves the right to | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | (relevant portions of AGO 504) | to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | respond. Plaintiff only plans to admit relevant portions of videos as necessary based on testimony given. | |
| 25. | Screenshots from 603 Hillmer Video | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | 25-1 2/25/25 |
| 26. | 614 Hillmer Front Yard Video 1 (relevant portions of AGO 514) | Defendants reserve their right to object to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit relevant portions of videos as necessary based on testimony given. | 26-30 all 26 2/26/25 |
| 27. | Screenshots from 614 Hillmer Front Yard Video 1 | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | 27-3 2/19/25 |
| 28. | 614 Hillmer Back Yard Video 1 (relevant portions of AGO 524) | Defendants reserve their right to object to this exhibit because plaintiff has not provided | Plaintiff reserves the right to respond. Plaintiff only plans to admit relevant | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | | the "relevant portions" of this exhibit. | portions of videos as necessary based on testimony given. | |
| 29. | Screenshots from 614 Hillmer Back Yard Video 1 | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | 29-1 2/19/25 |
| 30. | Deputy Waltermire BWC Video (relevant portions of AGO 506) | Defendants reserve their right to object to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit relevant portions of videos as necessary based on testimony given. | 2/20/25 |
| 31. | Deputy Waltermire Video 00:00-00:15 | | | |
| 32. | Deputy Waltermire Video 01:05-01:40 | | | |
| 33. | Deputy Waltermire Video 01:40-12:58 | | | |
| 34. | Screenshots from Deputy Waltermire BWC Video | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | |
| 35. | Sergeant Paez BWC Video (relevant | Defendants reserve their right to object | Plaintiff reserves the right to | Pg 3 only 2/18/25 All g 35 2/20/25 |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | portions of AGO 507) | to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | respond. Plaintiff only plans to admit relevant portions of videos as necessary based on testimony given. | |
| 36. | Sergeant Paez Video 01:20-02:00 | | | |
| 37. | Sergeant Paez Video 02:00-06:13 | | | |
| 38. | Screenshots from Sergeant Paez BWC Video | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | 38-4 2/19/25  38-5 2/20/25 |
| 39. | 614 Hillmer Front Yard Video 2 (relevant portions of AGO 518) | Defendants reserve their right to object to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit relevant portions of videos as necessary based on testimony given. | |
| 40. | Screenshots from 614 Hillmer Front Yard Video 2 | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | |
| 41. | 614 Hillmer Front | Defendants reserve | Plaintiff reserves | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | Yard Video 3 (relevant portions of AGO 512) | their right to object to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | the right to respond. Plaintiff only plans to admit relevant portions of videos as necessary based on testimony given. | |
| 42. | Screenshots from 614 Hillmer Front Yard Video 3 | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | |
| 43. | 614 Hillmer Back Yard Video 2 (relevant portions of AGO 519) | Defendants reserve their right to object to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit relevant portions of videos as necessary based on testimony given. | |
| 44. | Screenshots from 614 Hillmer Back Yard Video 2 | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | |
| 45. | 614 Hillmer Back Yard Video 3 (relevant portions of AGO 521) | Defendants reserve their right to object to this exhibit because plaintiff | Plaintiff reserves the right to respond. Plaintiff only plans to | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | | has not provided the "relevant portions" of this exhibit. | admit relevant portions of videos as necessary based on testimony given. | |
| 46. | Screenshots from 614 Hillmer Back Yard Video 3 | Defendants reserve their right to object to this exhibit because plaintiff has not produced or identified the screenshots that comprise this exhibit. | Plaintiff reserves the right to respond. Plaintiff only plans to admit screenshots as necessary based on testimony given. | |
| **Plaintiff's Medical Records** | | | | |
| 47. | RUHS Medical Records (P 2,7-16, 18-35, 43-44, 67-81, 98-109, 117-26, 135-37, 144, 334-77, 408-11, 416-20, 438-41, 451-54, 456, 460-63, 467-70, 478-79, 483-86, 489-92, 496-99, 512, 517-19, 523, 529-32, 551-52. 609-11, 623, 625-62, 725, 728, 822, 936-37, 939, 2437, 2456-60, 2463, 2465, 2502, 2507, 2510, 2593, 2596, 2597) | | 47-33 Identified only 2/24/25 | |
| 48. | Riverside Medical Records (P 2622, 2705, 2714-2718, 2738) | | | |
| 49. | (Reserved) | | | |
| 50. | High Desert Medical Records | | | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | (P 2884) | | | |
| 51. | CDCR Medical Records (P 4531, 4562, 4569, 5162-5164, 5210-12, 5215-16, 5225-26, 5228-5229, 5240-41, 5265, 5406-5409, 5431, 5444, 5450, 5362, 5501-03, 5541-43, 6567, 6591, 8896-8899) | | | |
| 52. | AMR Records (selected from P 8890-8903) | FRE 403 FRE 403 unduly prejudicial. Plaintiff just produced these on September 20. Defendants have not had an opportunity to depose the third parties referenced in these records. | Plaintiff produced these records shortly after they were received. Defendants were on notice that there was emergency medical case, there is no prejudice suffered, yet highly relevant to damages. | 2/24/25 all |
| 53. | High Desert Imaging (P 4085) | | | |
| 54. | RUHS Imaging (P 4086) | 54-10+ (Denti-fied) (Identi fied) only ✓ | 54-6 ADM 2/24/25 ✓  54-12 ADM 2/24/25 ✓ | 54-1 ✓ 2/24/25  54-2 ✓ 2/24/25 |
| | **For Impeachment / Refresh Recollection / Demonstrative *** | | | |
| 55. | RCSD Report by Deputy Cline re 614 N. Hillmer Dr. (relevant portions of COR 1008-1031) | Defendants reserve their right to object to this exhibit because plaintiff has not provided the "relevant portions" of this exhibit. | For impeachment or to refresh recollection as indicated; relevant portions to be used as necessary based on testimony given. | |
| 56. | Officer Bell CIIT | Objection. | For impeachment | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | Statement (relevant portions of AGO 497) | Confidential compelled statement of a Law Enforcement Officer. | or to refresh recollection as indicated; does not qualify for a confidential designation. | |
| 57. | Transcript of Officer Bell CIIT Statement (relevant portions AGO 68-161) *Identified only m 2/19/25* | Objection. Confidential compelled statement of a Law Enforcement Officer. | For impeachment or to refresh recollection as indicated; does not qualify for a confidential designation. | |
| 58. | Officer Bell CHP Statement (relevant portions of AGO 500) | Objection. Confidential compelled statement of a Law Enforcement Officer. | For impeachment or to refresh recollection as indicated; does not qualify for a confidential designation. | |
| 59. | Transcript of Officer Bell CHP Statement (relevant portions AGO 162-192) *2/26/25 59-22 identified only* | Objection. Confidential compelled statement of a Law Enforcement Officer. | For impeachment or to refresh recollection as indicated; does not qualify for a confidential designation. | |
| 60. | Deputy Waltermire Statement (relevant portions of AGO 499) | Objection. Hearsay. Plaintiff has not shown the witness is unavailable to testify. FRE 801 hearsay. | For impeachment or to refresh recollection as indicated. | |
| 61. | Transcript of Deputy Waltermire Statement (relevant portions of AGO 193-248) | Objection. Hearsay. Plaintiff has not shown the witness is unavailable to testify. FRE 801 hearsay. | For impeachment or to refresh recollection as indicated. | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| 62. | Officer Sobaszek Statement (relevant portion AGO 501) | Objection. Hearsay. Plaintiff has not shown the witness is unavailable to testify. FRE 801 hearsay. | For impeachment or to refresh recollection as indicated. | |
| 63. | Transcript of Officer Sobaszek Statement (relevant portions of AGO 294-300) | Objection. Hearsay. Plaintiff has not shown the witness is unavailable to testify. FRE 801 hearsay. | For impeachment or to refresh recollection as indicated. | |
| 64. | Sgt. Paez Statement (relevant portions of AGO 502) | Objection. Hearsay. Plaintiff has not shown the witness is unavailable to testify. FRE 801 hearsay. | For impeachment or to refresh recollection as indicated. | |
| 65. | Transcript of Sgt. Paez Statement (relevant portions of AGO 301-334) | Objection. Hearsay. Plaintiff has not shown the witness is unavailable to testify. FRE 801 hearsay. | For impeachment or to refresh recollection as indicated. | |
| 66. | Demonstrative Yellow Dummy Gun | Objection This is a demonstrative exhibit not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation. | Listed as demonstrative. Not hearsay. Not testimonial. | |
| 67. | Demonstrative Fence | Objection. This is inflammatory and | Listed as demonstrative. | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | | inaccurate. Objection This is a demonstrative exhibit not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation. | Not hearsay. Not testimonial. | |
| 68. | Demonstrative Scene Assessment Measurements (produced in Expert Disclosures) | Objection to term Scene Assessment as these were not taken at the scene on the date of the incident. These are demonstrative exhibits not evidence. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation; FRE 701-704. | Relevant as accurate description of scene not provided by investigators reports; relevant and not hearsay as impeachment of Defendant Bell's testimony; foundation given by Plaintiff's investigator who conducted the scene assessment. | |
| 69. | Demonstrative Maps | Untimely disclosure. These are demonstratives, which were untimely disclosed, | Defendants are not unduly prejudiced by Google maps images accurately depicting the | |

| Ex. # | Description | Objection[1] | Response to Objection | Date Admitted |
|---|---|---|---|---|
| | | and not evidence.<br><br>L.R. 16-3; FRCP 26; FRE 403 cumulative; FRE 611 speculation, lacks foundation. | scene as demonstrative evidence to orient the jury to the location of the incident. | |

## DEFENDANTS' ADDITIONAL EXHIBITS

| No. | Description | Objection | Response | Ruling |
|---|---|---|---|---|
| 100. | Composite Video 1 of Multiple individual homeowner videos and BWC videos | FRE 401, 403, 801; untimely, FRCP 26. | Timely disclosed in Parris Ward's expert report; no prejudice to Plaintiff; relevant; helpful to jury. This exhibit is simply a composite of the videos listed by Plaintiff and Defendants as separate exhibits. | |
| 101. | Composite Video 2 of Multiple individual homeowner videos and BWC videos | FRE 401, 403, 801; untimely, FRCP 26. | Timely disclosed in Parris Ward's expert report; no prejudice to Plaintiff; relevant; helpful to jury. This exhibit is simply a composite of the videos listed by Plaintiff and Defendants as separate exhibits. | 2/25/25 ✓ |
| 102. | Critical Incident Investigation - C22-601-001 [AGO 1-7] | P MILs 1-4. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 404 impermissible character evidence; FRE 602 & 611 speculation, lacks foundation; FRE 701 & 702 improper opinion. | Official Record. FRE 803(8)(A)(i) and (iii). Business Record. FRE 803(6)(B). Findings which dispute Plaintiff's expert's opinion that Officer Bell did not comply with CHP's Policies. *Phillips v. Bratton*, 2008 WL | |

| No. | Description | Objection | Response | Ruling |
|-----|-------------|-----------|----------|--------|
|  |  |  | 11409876, at *10 (Case No. CV 07-873 CAS (VBKX), C.D. Cal. Jan. 28, 2008). Corroborates defendant Officer Bell's observations that plaintiff was actively resisting and evading arrest because plaintiff was aware that he would be sent back to prison due to being a felon in possession of a firearm and narcotics. |  |
| 103. | Summary of Incident [AGO 10-13] | P MILs 1-4. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 404 impermissible character evidence; FRE 602 & 611 speculation, lacks foundation; FRE 701 & 702 improper opinion. | Official Record. FRE 803(8)(A)(i) and (iii). Business Record. FRE 803(6)(B). Findings which dispute Plaintiff's expert's opinion that Officer Bell did not comply with CHP's Policies. *Phillips v. Bratton*, 2008 WL 11409876, at *10 (Case No. CV 07-873 CAS (VBKX), C.D. Cal. Jan. 28, 2008). Corroborates |  |

| No. | Description | Objection | Response | Ruling |
|-----|-------------|-----------|----------|--------|
|     |             |           | defendant Officer Bell's observations that plaintiff was actively resisting and evading arrest because plaintiff was aware that he would be sent back to prison due to being a felon in possession of a firearm and narcotics. | |
| 104. | Scene Description [AGO 14] | P MILs 1-4. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 404 impermissible character evidence; FRE 602 & 611 speculation, lacks foundation; FRE 701 & 702 improper opinion. | Official Record. FRE 803(8)(A)(i) and (iii). Business Record. FRE 803(6)(B). Findings which dispute Plaintiff's expert's opinion that Officer Bell did not comply with CHP's Policies. *Phillips v. Bratton*, 2008 WL 11409876, at *10 (Case No. CV 07-873 CAS (VBKX), C.D. Cal. Jan. 28, 2008). | |
| 105. | Plaintiff's October 23, 2024, Deposition Exhibit 6-1. | | | 2/24/25 / |
| 106. | Crime Scene Evidence Collection | P MIL 1. FRE 801 hearsay. | Official Record. FRE 803(8)(A)(i) | |

| No. | Description | Objection | Response | Ruling |
|-----|-------------|-----------|----------|--------|
|  | & Storage [AGO 43] | FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation; FRE 701 & 702 improper opinion. | and (iii). Business Record. FRE 803(6)(B). Corroborates defendant Officer Bell's observations that plaintiff was actively resisting and evading arrest because plaintiff was aware that he would be sent back to prison due to being a felon in possession of a firearm and narcotics. | |
| 107. | Injury Descriptions [AGO 44] | P MIL 1. FRE 801 hearsay. FRE 401 irrelevant info. unknown; FRE 403 unduly prejudicial, cumulative; FRE 602 & 611 speculation, lacks foundation; FRE 701 & 702 improper opinion. | Official Record. FRE 803(8)(A)(i) and (iii). Business Record. FRE 803(6)(B). | |
| 108. | Plaintiff's October 23, 2024, Deposition Exhibit 2 | Plaintiff restates and incorporates by reference all objections made therein. FRE 403. | Relevant and admissible as statement by party opponent, prior statement, and/or for impeachment. FRCP 33(c); FRE 801(d). | |
| 109. | Maps [AGO 335-336] | FRE 801 hearsay. | Official Record. FRE 803(8)(A)(i) and (iii). | |